# UNITED STATES DISTRICT COURT

for the

MIDDLE District of TENNESSEE

NASHVILLE Division

RECEIVED

SEP 17 2024

US DISTRICT COURT
MID DIST TENN

| | |
|---|---|
| ROBERT C. GORDON | ) Case No. _____ |
| _____ | ) |
| *Plaintiff(s)* | ) *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| **-v-** | ) |
| | ) |
| | ) |
| | ) |
| SEE ATTACHED | ) |
| _____ | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names. Do not include addresses here.)* | ) |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Case 3:24-cv-01121    Document 1    Filed 09/17/24    Page 1 of 36 PageID #: 1

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: ROBERT C. GORDON

All other names by which you have been known:

ID Number: # 65920

Current Institution: WILLIAMSON COUNTY JAIL

Address: 408 CENTURY CT

FRANKLIN     TN     37064
City     State     Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: WILLIAMSON COUNTY SHERIFFS OFFICE

Job or Title (if known):

Shield Number:

Employer: STATE OF TENNESSEE

Address: 408 CENTURY CT

FRANKLIN     TN     37064
City     State     Zip Code

☐ Individual capacity    ☒ Official capacity

Defendant No. 2

Name: CAPTAIN CHAD YOUKER

Job or Title (if known): CAPTAIN

Shield Number: # 2236

Employer: WCSO

Address: 408 CENTURY CT

FRANKLIN     TN     37064
City     State     Zip Code

☒ Individual capacity    ☒ Official capacity

Defendant No. 3

Name ASHLEY LINDQUIST

Job or Title *(if known)* LT

Shield Number

Employer WILLIAMSON COUNTY SHERIFFS OFFICE

Address 408 CENTURY CT

FRANKLIN     TN     37064

*City*     *State*     *Zip Code*

☒ Individual capacity     ☒ Official capacity

Defendant No. 4

Name DEPUTY APER

Job or Title *(if known)* DEPUTY

Shield Number

Employer WILLIAMSON COUNTY SHERIFFS OFFICE

Address 408 CENTURY CT

FRANKLIN     TN     37064

*City*     *State*     *Zip Code*

☒ Individual capacity     ☒ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

MULTIPLE VIOLATION OF PRISON RAPE ELIMINATION ACT

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

DEFENDANT NO 5     CHRIS GRAY

SGT

WILLIAMSON COUNTY SHERIFFS OFFICE

408 CENTURY CT

FRANKLIN, TN 37064

✓ INDIVIDUAL     ✓ OFFICIAL


DEFENDANT NO 6     JEFF HUGHES

SHERIFF

WILLIAMSON COUNTY SHERIFF OFFICE

408 CENTURY CT

FRANKLIN, TN 37064

✓ INDIVIDUAL     ✓ OFFICIAL


DEFENDANT NO 7     LISA CARSON

ATTORNEY

WILLIAMSON COUNTY SHERIFFS OFFICE

4068 RURAL PLAINS CIRCLE #100

FRANKLIN, TN 37064

✓ INDIVIDUAL     ✓ OFFICIAL

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens,* explain how each defendant acted under color of federal law. Attach additional pages if needed.

SEE ATTACHED

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☒ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

(1) SEXUAL ABUSE, HARASSMENT, AND VOYEURISM BY DEPUTY APER

(2) RETALIATION & VIOLATION OF PREA STANDARDS BY YOUKER, LINDQUIST, GRAY, HUGHES, AND CARSON

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

WILLIAMSON COUNTY JAIL PODS 309 & 305

MAY 12TH — AUG 20TH 2024

C. What date and approximate time did the events giving rise to your claim(s) occur?

MAY 12, 2024 AT 10:30 A.M. - SEXUAL ABUSE / HARASSMENT

MAY 12, 2024 - AUG 20TH 2024 - RETALIATION

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

DEPUTY KOER DEMANDED I MASTURBATE FOR HIS SEXUAL GRATIFICATION WHILE I SHOWERED AND HE WATCHED. THE DEPUTY ADMITTED TO THIS AND RESIGNED. LINDQUIST, GRAY, YOUKER, HUGHES, AND CARSON WERE SPECIFICALLY AWARE OF SITUATION, CONCEALED & RETALIATED, BY ALSO STATING "IT ONLY HAPPENED ONCE"

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I RECIEVED NO MEDICAL OR MENTAL HEALTH CARE THOUGH I REQUESTED. SEVERE PTSD, ANXIETY, EMOTIONAL DISTRESS, THOUGHTS OF SUICIDE, AND DEPRESSION.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

AWARD $25,000,000.00 IN DAMAGES. I'M AN EXECUTIVE AT IBM AND HOLD GRADUATE DEGREES FROM STANFORD, YALE, MIT. I'M 40 YEARS OLD WITH NO CRIMINAL RECORD. MATHMATICALLY GIVEN I COULD WORK 30 MORE YEARS, PLUS MY SALARY, BENEFITS, COMPOUNDED INTEREST PLUS THE RATE OF INFLATION OVER 30 YEARS. THERE IS LIKELYHOOD I WILL NEVER RECOVER FROM THIS TRAUMA AND BE ABLE TO RETURN TO NORMAL WORKING ENVIRONMENT.

SEE ADDITIONAL ATTACHED.

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

WILLIAMSON    COUNTY    JAIL

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

PREA   VIOLATION,   RETALIATION

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

I FILED MULTIPLE GRIEVANCES & APPEALS FIRST ON MAY 12, 2024

2. What did you claim in your grievance?

I COMPLAINED OF SEXUAL HARASSMENT & ABUSE BY VOYEURISM. ALSO, OF RETALIATION AND LACK EFFORTS TO PROSECUTE.

3. What was the result, if any?

ALL GRIEVANCES WERE "UNSUBSTANTIATED" AND "NOT PREA RELATED" BECAUSE "IT ONLY HAPPENED ONE TIME"

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I APPEALED ALL DECISIONS TO THE HIGHEST EXTENT POSSIBLE AND ALL GRIEVANCE PROCESS ARE COMPLETE

Case 3:24-cv-01121    Document 1    Filed 09/17/24    Page 8 of 36 PageID #: 8

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:

2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

AFTER MY INTERNAL GRIEVENCES WERE DENIED, I CONTACTED THE COUNTY'S LEGAL COUNSEL WHERE THE DEPUTY COINCIDENTLY RESIGNED, BUT I WAS RETALLIATED AGAINST & PLACED IN SEGREGATION FOR OVER 100 DAYS WITH NO PRIVILEGES

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Page 8 of 11

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

   No

☐ Yes

☐ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s) _____

    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3.  Docket or index number

    _____

4.  Name of Judge assigned to your case

    _____

5.  Approximate date of filing lawsuit

    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

Case 3:24-cv-01121    Document 1    Filed 09/17/24    Page 11 of 36 PageID #: 11

UNITED STATES DISTRICT COURT FOR MIDDLE DISTRICT OF TENNESSEE

ROBERT GORDON

V.                                                    CASE #

WILLIAMSON COUNTY SHERIFF'S OFFICE

CAPTAIN CHAD YOUKER

LT.SGT ASHLEY LINDQUIST

DEPUTY APER

SGT CHRIS GRAY

SHERIFF JEFF HUGHES

LISA CARSON, ESQ "COMPLAINT FOR VIOLATION OF THE

PRISON RAPE ELIMINATION ACT 34 USC SECTIONS
30301 — 30309"

"JURISDICTION"

1) PLAINTIFF, ROBERT GORDON, IS A CITIZEN & RESIDENT OF FRANKLIN, TN LOCATED WITHIN WILLIAMSON COUNTY AND HAS BEEN FOR MORE THAN SIX MONTHS PRIOR TO FILING OF THIS COMPLAINT. THE ACTS COMPLAINED OF WERE COMMITTED IN FRANKLIN, TN WHILE THE PLAINTIFF WAS A BONA FIDE RESIDENT OF MIDDLE TENNESSEE.

2) THE CO-DEFENDANTS ARE ALL EMPLOYEES OF THE WILLIAMSON COUNTY SHERIFFS OFFICE AND RESIDENTS OF MIDDLE TENNESSEE.

3) PLAINTIFF IS A PRE-TRIAL DETAINEE WITH NO CRIMINAL RECORD EMPLOYED AS AN EXECUTIVE AT IBM LEADING NORTH & SOUTH AMERICA. PLAINTIFF IS A BOARD MEMBER OF GOLDEN GATE CAPITAL

Case 3:24-cv-01121   Document 1   Filed 09/17/24   Page 12 of 36 PageID #: 12

(1)

AND OWNER OF THE GORDON GROUP CONSULTING AGENCY. HE HOLDS MULTIPLE GRADUATE DEGREES FROM YALE, STANFORD, AND MIT.

"UNITED STATES STATUTES & CODE"

4) THE PRISON RAPE ELIMINATION ACT OF 2003 WAS ENACTED TO ESTABLISH A ZERO-TOLERANCE STANDARD FOR INCIDENCE OF PRISON RAPE & SEXUAL HARASSMENT BY MAKING THE PREVENTION OF PRISON RAPE A TOP PRIORITY IN EVERY PRISON AND DEVELOP, IMPLEMENT NATIONAL STANDARDS FOR DETECTION, PREVENTION, REDUCTION, AND PUNISHMENT OF PRISON RAPE AND SEXUAL HARASSMENT. THUS, INCREASING THE ACCOUNTABILITY OF PRISON OFFICIALS WHO FAIL TO DETECT, PREVENT, REDUCE, AND PUNISH VIOLATIONS BY PROTECTING THE EIGHTH AMENDMENT RIGHTS OF FEDERAL, STATE, AND LOCAL PRISONERS (34 USC 30302)

5) IN FARMER V BRENNAN, 511 U.S. 825 (1994), THE SUPREME COURT RULED THAT DELIBERATE INDIFFERENCE TO THE SUBSTANTIAL RISK OF SEXUAL ASSAULT VIOLATES PRISONERS RIGHTS UNDER THE CRUEL & UNUSUAL PUNISHMENTS CLAUSE OF THE EIGHTH AMENDMENT. PURSUANT TO THE POWER OF CONGRESS UNDER SECTION FIVE OF THE FOURTEENTH AMENDMENT, CONGRESS MAY TAKE ACTION TO ENFORCE THOSE RIGHTS IN STATES WHERE OFFICIALS HAVE DEMONSTRATED SUCH INDIFFERENCE. THUS, UNDERMINING THE EFFECTIVENESS & EFFICIENCY OF THE UNITED STATES GOVERNMENT EXPENDITURES THROUGH GRANT PROGRAMS, AND TAX PAYER DOLLARS TO STATE EMPLOYEES.

34 USC 30301 (6) "PRISON RAPE OFTEN GOES UNREPORTED, AND INMATE VICTIMS OFTEN RECEIVE INADEQUATE TREATMENT FOR THE SEVERE PHYSICAL & PSYCHOLOGICAL EFFECTS OF SEXUAL ASSAULT AND HARASSMENT - IF THEY RECEIVE TREATMENT AT ALL."

"PRISON RAPE ELIMINATION ACT NATIONAL STANDARDS"

6) PREA REGULATIONS CONTAIN STANDARDS TO PROVIDE "POLICIES TO ENSURE REFERRALS OF ALLEGATIONS FOR INVESTIGATION," 28 CFR 115.22, WITH THE GOAL OF ENSURING THAT AN ADMINISTRATIVE OR CRIMINAL INVESTIGATION IS COMPLETED FOR "ALL ALLEGATIONS OF SEXUAL ABUSE & SEXUAL HARASSMENT" 28 CFR 115.22 (a).

7) 28 CFR 115.6 STATES "SEXUAL HARASSMENT INCLUDES - (1) REPEATED AND UNWELCOME SEXUAL ADVANCES, REQUESTS FOR SEXUAL FAVORS, OR VERBAL COMMENTS, GESTURES, OR ACTIONS OF A DEROGATORY OR OFFENSIVE SEXUAL NATURE BY ONE INMATE, DETAINEE, OR STAFF DIRECTED TOWARD ANOTHER (2) REPEATED VERBAL COMMENTS OR GESTURES OF A SEXUAL NATURE TO AN INMATE, DETAINEE, OR RESIDENT BY A STAFF MEMBER, INCLUDING DEMEANING REFERENCES TO GENDER, SEXUALLY SUGGESTIVE OR DEROGATORY COMMENTS ABOUT BODY OR CLOTHING, OR OBSCENE LANGUAGE OR GESTURES.

"VOYEURISM BY A STAFF MEMBER MEANS AN INVASION OF PRIVACY OF AN INMATE, DETAINEE, OR RESIDENT BY STAFF

FOR REASONS UNRELATED TO OFFICIAL DUTIES, SUCH AS PEERING AT AN INMATE WHO IS USING A TOILET IN HIS CELL TO PERFORM BODILY FUNCTIONS, REQUIRING AN INMATE TO EXPOSE HIS BUTTOCKS, GENITALS, OR BREASTS, OR TAKING IMAGES OF ALL OR PART OF AN INMATE'S NAKED BODY OR OF AN INMATE PERFORMING BODILY FUNCTIONS.

8) 28 CFR 115.31 EMPLOYEE TRAINING (a) THE AGENCY SHALL TRAIN ALL EMPLOYEES WHO MAY HAVE CONTACT WITH INMATES ON : (1) ITS ZERO-TOLERANCE POLICY FOR SEXUAL ASSAULT & SEXUAL HARASSMENT (2) HOW TO FULFILL THEIR RESPONSIBILITIES UNDER AGENCY SEXUAL HARASSMENT PREVENTION, DETECTION, REPORTING, AND RESPONSE POLICIES AND PROCEDURES (3) INMATES RIGHT TO BE FREE FROM SEXUAL ABUSE & SEXUAL HARASSMENT (4) THE RIGHT OF INMATES TO BE FREE FROM RETALIATION FOR REPORTING SEXUAL HARASSMENT (5) THE DYNAMICS OF SEXUAL ABUSE & HARASSMENT IN CONFINEMENT (6) THE COMMON REACTIONS OF SEXUAL ABUSE & SEXUAL HARASSMENT VICTIMS (10) HOW TO COMPLY WITH RELEVANT LAWS RELATED TO MANDATORY REPORTING OF SEXUAL ABUSE TO OUTSIDE AUTHORITIES (D) THE AGENCY SHALL DOCUMENT, THROUGH EMPLOYEE SIGNATURE OR E-SIGNATURE, THAT EMPLOYEES UNDERSTAND THE TRAINING THEY HAVE RECEIVED.

(9)

9) 28 CFR 115.43 PROTECTIVE CUSTODY (a) INMATES AT HIGH RISK FOR SEXUAL VICTIMIZATION SHALL NOT BE PLACED IN INVOLUNTARY SEGREGATED HOUSING UNLESS AN ASSESSMENT OF ALL AVAILABLE ALTERNATIVES HAS BEEN MADE, AND A DETERMINATION HAS BEEN MADE THAT THERE IS NO AVAILABLE ALTERNATIVE MEANS OF SEPERATION FROM LIKELY ABUSERS. IF A FACILITY CANNOT CANNOT CONDUCT SUCH AS ASSESSMENT IMMEDIATELY, THE FACILITY MAY HOLD THE INMATE IN INMATE INVOLUNTARY SEGREGATED HOUSING FOR LESS THAN 24 HOURS WHILE COMPLETEING THE ASSESSMENT (B) INMATES PLACED IN SEGREGATED HOUSING FOR THIS PURPOSE SHALL HAVE ALLESS TO PROGRAMS, PRIVILEGES, EDUCATION, AND WORK OPPORTUNITIES TO THE EXTENT POSSIBLE. IF THE FACILITY RESTRICTS ACLESS TO PROGRAMS, PRIVILEGES, EDUCATION, OR WORK OPPORTUNITIES, THE FACILITY SHALL DOCUMENT (1) THE OPPORTUNITIES THAT HAVE BEEN LIMITED, (2) THE DURATION OF THE LIMITATION (3) THE REASONS FOR SUCH LIMITATIONS (C) THE FACILITY SHALL ASSIGN SUCH INMATES TO INVOLUNTARY SEGREGATED HOUSING ONLY UNTIL AN ALTERNATIVE MEANS OF SEPERATION FROM LIKELY ABUSERS CAN BE ARRANGED, AND SUCH AN ASSIGNMENT SHALL NOT ORDINARILY EXCEED A PERIOD OF 30 DAYS (D) IF AN INVOLUNTARY SEGREGATED HOUSING ASSIGNMENT IS MADE PURSUANT TO PARAGRAPH (a) OF THIS SECTION, THE FACILITY SHALL CLEARLY DOCUMENT: (1) THE BASIS FOR THE FACILITY'S CONCERN FOR THE INMATES SAFETY (2) THE REASON WHY NO ALTERNATIVE MEANS OF SEPERATION CAN BE ARRANGED (E) EVERY 30 DAYS

THE FACILITY SHALL AFFORD EACH SUCH INMATE A REVIEW TO DETERMINE WHETHER THERE IS A CONTINUING NEED FOR SEPERATION FROM THE GENERAL POPULATION.

10) 28 CFR 115.66 PRESERVATION OF ABILITY TO PROTECT INMATES FROM CONTACT WITH ABUSERS (A) NEITHER AGENCY NOR ANY GOVERNMENT ENTITY SHALL LIMIT THE AGENCY'S ABILITY TO REMOVE ALLEGED STAFF SEXUAL ABUSERS FROM CONTACT WITH ANY INMATES PENDING THE OUTCOME OF AN INVESTIGATION

11) 28 CFR 115.76 DISCIPLINARY SANCTIONS FOR STAFF (A) STAFF SHALL BE SUBJECT TO DISCIPLINARY SANCTION UP TO & INCLUDING TERMINATION FOR VIOLATING AGENCY SEXUAL ABUSE OR SEXUAL HARASSMENT POLICIES (D) ALL TERMINATIONS FOR VIOLATIONS OF AGENCY SEXUAL ABUSE OR SEXUAL HARASSMENT, OR RESIGNATIONS BY STAFF WHO WOULD HAVE BEEN TERMINATED IF NOT FOR THEIR RESIGNATION, SHALL BE REPORTED TO LAW ENFORCEMENT AGENCIES AND TO ANY RELEVANT LICENSING BODIES.

12) 28 CFR 115.81 MEDICAL & MENTAL HEALTH SCREENINGS (A) IF THE SCREENING PURSUANT TO 115.41 INDICATES THAT A PRISON INMATE HAS EXPERIENCED SEXUAL VICTIMIZATION STAFF SHALL ENSURE THAT THE INMATE IS OFFERED A FOLLOW-UP MEETING WITH A MEDICAL OR MENTAL HEALTH PRACTIONER WITHIN 14 DAYS OF INTAKE SCREENING.

13) 28 CFR 115.501 STATE DETERMINATION & CERTIFICATION OF FULL COMPLIANCE (A) IN DETERMINING PURSUANT TO 42 USC 15607(c)(2) WHETHER THE STATE IS IN FULL COMPLIANCE WITH THE PREA STANDARDS, THE GOVERNOR SHALL CONSIDER THE RESULTS OF THE MOST RECENT AGENCY RESULTS OF AUDITS (B) THE GOVERNOR'S CERTIFICATION SHALL APPLY TO ALL FACILITIES IN THE STATE UNDER THE OPERATIONAL CONTROL OF THE STATES EXECUTIVE BRANCH, INCLUDING FACILITIES OPERATED BY PRIVATE ENTITIES ON BEHALF OF THE STATES EXECUTIVE BRANCH

14) 34 USC SEC 30309 (11) SEXUAL FONDLING IS DEFINED AS THE TOUCHING OF PRIVATE BODY PARTS OF ANOTHER PERSON (INCLUDING THE GENITALIA, ANUS, GROIN, BREAST, INNER THIGH, OR BUTTOCKS) FOR THE PURPOSES OF SEXUAL GRATIFICATION. (9) RAPE DEFINED AS (A) THE CARNAL KNOWLEDGE, ORAL SODOMY, SEXUAL ASSAULT WITH AN OBJECT, OR SEXUAL FONDLING OF A PERSON, FORCIBLY OR AGAINST THAT PERSONS WILL (C) OR ACHIEVED THROUGH THE EXPLOITATION OF THE FEAR OR THREAT OF PHYSICAL VIOLENCE OR BODILY INJURY.

"PRISON LITIGATION REFORM ACT"

15) 42 USC 1997E(A) "NO ACTION SHALL BE BROUGHT WITH RESPECT TO PRISON CONDITIONS UNDER SECTION 1983 OF THIS TITLE, OR ANY OTHER FEDERAL LAW, BY A PRISONER CONFINED IN ANY JAIL, PRISON, OR OTHER CORRECTIONAL FACILITY UNTIL SUCH ADMINISTRATIVE REMEDIES AS ARE AVAILABLE ARE EXHAUSTED"

UNDER "PLRA" AN ITIAL REVIEW OF WHETHER THE COMPLAINT STATES A CLAIM UPON WHICH RELIEF MAY BE GRANTED ASKS WHETHER IT CONTAINS "SUFFICIENT FACTUAL MATTER, ACCEPTED AS TRUE, TO STATE A CLAIM TO RELIEF THAT IS PLAUSIBLE ON ITS FACE," SUCH THAT IT WOULD SURVIVE A MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) HILL V LAPPIN, 630 F 3d 468, 470-71 (6TH CIRCUIT 2010)(QUOTING ASHCROFT V IQBAL, 556 US 662, 678(2009).

"A CLAIM HAS FACIAL PLAUSIBILITY WHEN THE PLAINTIFF PLEADS FACTUAL CONTENT THAT ALLOWS THE COURT TO DRAW THE REASONABLE INFERENCE THAT THE DEFENDANT IS LIABLE FOR THE MISCONDUCT ALLEGED "(IQBAL, 556 US AT 678) APPLYING THIS STANDARD, THE COURT MUST VIEW THE COMPLAINT IN THE LIGHT MOST FAVORABLE TO PLAINTIFF AND MUST TAKE ALL WELL-PLEADED FACTUAL ALLEGATIONS AS TRUE (TACKETT V MG POLYMERS, USA, LLC, 561 F3d 478, 488 (6TH CIR 2009). FURTHERMORE, PRO SE PLEADINGS MUST BE LIBERALLY CONSTRUED AND "HELD TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS DRAFTED BY LAWYERS" (ERICKSON V PARDUS, 551 US 89, 94 (2007). HOWEVER, PRO SE LITIGANTS ARE NOT EXEMPT FROM FEDERAL RULES OF CIVIL PROCEDURE (WELLS V BROWN, 891 F2d 591, 594 (6TH CIR 1989).

16) SECTION 1983 OF FEDERAL LAWS CREATES A CAUSE OF ACTION AGAINST ANY PERSON WHO, ACTING UNDER COLOR OF STATE

STATE LAW, DEPRIVES AN INDIVIDUAL OF ANY RIGHT, PRIVILEGE, OR IMMUNITY SECURED BY THE CONSTITUTION OR FEDERAL LAWS (WURZELBACHER V JONES-KELLEY, 675 F3d 580, 583 6TH CIR 2012). TO STATE A SECTION 1983 CLAIM, PLAINTIFF MUST ALLEGE TWO ELEMENTS: (1) A DEPRIVATION OF RIGHTS SECURED BY THE CONSTITUTION OR LAWS OF THE UNITED STATES, AND (2) THAT THE DEPRIVATION WAS CAUSED BY A PERSON ACTING UNDER COLOR OF STATE LAW (CARL V MUSKEGON CTY, 763 F3d 592, 595 (6TH CIR 2014)

<u>ISSUES & FACTS</u>

17) ON OR ABOUT MAY 12TH 2024 AT 10:30AM PLAINTIFF WAS HOUSED IN POD 309 OF WILLIAMSON COUNTY JAIL. PLAINTIFF ENTERED THE COMMUNITY SHOWER AREA WHERE WCSO DEPUTY APER WAS ON DUTY OF FLOOR ONE. PLAINTIFF WAS UNDRESSED FULLY NUDE IN THE SHOWER WHEN DEPUTY APER APPROACHED THE SHOWER, WHERE DEPUTY APER DEMANDED & INSTRUCTED THE PLAINTIFF TO "GO FONDLE YOURSELF" AS HE STOOD GAZING AT THE PLAINTIFF LICKING HIS LIPS AND MAKING MOTIONS TO HIS GENITALS.

THE PLAINTIFF ASKED THE DEPUTY TO REPEAT HIMSELF. THE DEPUTY REPLIED TWICE INSTRUCTING THE PLAINTIFF LOUDLY FOR MULTIPLE WITNESS'S TO HEAR, "FONDLE YOURSELF" AS THE PLAINTIFF WAS NUDE IN THE SHOWER. THE EVENT IS ON VIDEO CAMERA.

PLAINTIFF FILED A WRITTEN & VERBAL "PREA" COMPLAINT WITH STAFF SUPERVISOR CORPORAL JOHNSON AT APPROXIMATELY 11:30 AM ON 5/12/24 AS THE KIOSK SYSTEM WAS OFF. ON 5/14/24 PLAINTIFF FILED A "PREA" KIOSK COMPLAINT FOR DOCUMENTATION. PLAINTIFF WAS TERRORFIED OF RETALIATION.

ON 5/14/24 STAFF SGT GRAY & LT LINDQUIST MET WITH PLAINTIFF IN PERSON AND FOUND THE COMPLAINT "NOT PREA RELATED" AND DOCUMENTED THEIR FINDINGS ON THE KIOSK AS "UNSUBSTANTIATED".

ON 5/15/24 PLAINTIFF EXHAUSTED ALL REMEDIES BY APPEALING THE COMPLAINT TO CAPTAIN CHAD YOUKER.

ON 5/21/24 AT 9:14 PM CAPTAIN YOUKER REPLIED TO THE APPEAL STATING "IT WAS NOT (SEXUAL) HARASSMENT BECAUSE IT ONLY WAS STATED ONE TIME AND NOT REPEATED"

ON OR ABOUT 5/30/24 PLAINTIFF CONTACTED WILLIAMSON COUNTY'S COUNSEL, LISA CARSON ESQ. PLAINTIFF EXPLAINED IN WRITING THE SITUATION WITH DEPUTY APER.

ON OR ABOUT 5/12/24 THROUGH 6/15/24 DEPUTY APER WORKED ON FLOOR ONE WITH CONTINUED THREAT OF SEXUAL ABUSE TO THE PLAINTIFF EACH DAY. THOUGH AWARE OF THE SEXUAL ABUSE WCSO FLAUNTED THE ABUSE EACH DAY. BEING HELD ISOLATED & CAPTIVE WITH THE ABUSER EACH DAY.

ON OR ABOUT 5/23/24 PLAINTIFF WAS PLACED ON INVOLUNTARY SEGREGATION FOR OVER 100 DAYS AFTER FILING THE PREA COMPLAINT, WHICH IS PROTECTED CONDUCT AGAINST RETALIATION. THE DEFENDANTS TOOK ADVERSE ACTION THAT IS CAPABLE OF DETERRING A PERSON OF 'ORDINARY FIRMNESS FROM CONTINUING TO ENGAGE IN THE CONDUCT' BY PLACING THE PLAINTIFF IN POD 305 ON 23 HOURS LOCKDOWN PER DAY WITH ALL SEXUAL OFFENDERS OF THE JAIL ¢ NOT ALLOWING PLAINTIFF ACCESS TO ANY PRIVILEGES INCLUDING RELIGIOUS, EDUCATION, AND REHABILITATIVE PROGRAMS. THE ADVERSE ACTION WAS MOTIVATED AT LEAST IN PART BY THE PROTECTED CONDUCT, WHICH IS DOCUMENTED ON KIOSK APPEALS ON 6/15/24 WHEN CAPTAIN YOUKER STATED "I'M PLACING YOU IN PC BECAUSE YOU STATED YOU ARE IN FEAR FOR YOUR SAFETY" (HILL V LAPPIN, 630 F3d 468 6ᵀᴴ CIR 2010). THUS MEETING ALL THREE PRONGS OF RETALIATION (QUOTING THADDEUS-X V BLATTER ON 175 F3d 378, 394, 398 (6ᵀᴴ CIR 1999).


ON OR ABOUT 6/15/24 CAPTAIN YOUKER STATED "DEPUTY APER ADMITTED" AND HE COINCIDENTLY "RESIGNED FOR PERSONAL REASONS" THE SAME DAY AS DOCUMENTED ON THE KIOSK.


ON OR ABOUT 6/16/24 PLAINTIFF FILED MULTIPLE REQUEST ¢ GRIEVANCES THROUGH 8/20/24 REQUESTING TO BE PLACED IN GENERAL POPULATION AWAY FROM THE SEXUAL PREDATOR ¢ CHILD MOLESTOR / SEX CRIME POD. SGT GRAY, CAPTAIN YOUKER, LT LINDQUIST ALL DENIED REQUEST.

ON OR ABOUT 6/2/24 PLAINTIFF REQUESTED ON THE KIOSK ASSISTANCE FOR MENTAL HEALTH ASSISTANCE AFTER THE TRAUMA OF BECOMING A VICTIM OF SEXUAL ABUSE. AS OF 9/10/24 NO MENTAL HEALTH ASSISTANCE HAS BEEN PROVIDED

ON 7/31/24 PLAINTIFF APPEALED HIS GRIEVENCE FOR DENIAL OF INMATE PRIVILEGES.

ON 8/20/24, OVER 100 DAYS AFTER THE FILING OF THE INITIAL COMPLAINT & MORE THAN 2 MONTHS AFTER THE RESIGNATION OF DEPUTY APER, THE PLAINTIFF WAS REMOVED FROM SOLITARY CONFINEMENT / INVOLUNTARY SEGREGATION AND PLACED IN GENERAL POPULATION

## ARGUEMENT

18) DEPUTY APER, BY HIS OWN ADMISSION, VIOLATED PREA NATIONAL STANDARDS BY APPROACHING THE PLAINTIFF WHILE FULLY NUDE IN THE SHOWER AND DEMANDING THE PLAINTIFF TO MASTURBATE MULTIPLE TIMES FOR THE DEPUTIES OWN SEXUAL GRATIFICATION. DEPUTY APER'S SEXUAL ABUSE CLEARLY VIOLATED THE PRISON RAPE ELIMINATION ACT, THE "CIVIL RIGHTS" ACT PER SE, AND WOULD BE MALICIOUS HARASSMENT BY VOYEURISM AND THE EXPLOITATION BY FEAR OR THREAT OF PHYSICAL VIOLENCE IF THE PLAINTIFF FAILED TO MASTURBATE AS THE DEPUTY WAS ACTING UNDER THE COLOR OF STATE LAW & DEPRIVING THE PLAINTIFF OF HIS RIGHTS TO EXCLUDE CRUEL & UNUSUAL PUNISHMENT.

THE DEFENDANT CAUSED EMOTIONAL DISTRESS AND MADE INTENTIONAL, CALCULATED, STRATEGIC CHOICES ACTING AS/UNDER THE COLOR OF LAW WITH MALICIOUS CONDUCT TO INTENTIONALLY INFLICT MENTAL ANGUISH.

19) "WE HAVE EMPHASIZED, MOREOVER, THAT THE OBJECTIVE SEVERITY OF HARASSMENT SHOULD BE JUDGED FROM THE PERSPECTIVE OF A REASONABLE PERSON IN THE PLAINTIFF POSITION, CONSIDERING "ALL THE CIRCUMSTANCES" (HARRIS, SUPRA, AT 23, 114 S. CT AT 371). IN SAME-SEX (AS IN ALL) HARASSMENT CASES, THAT INQUIRY REQUIRES CAREFUL CONSIDERATION OF THE SOCIAL CONTEXT IN WHICH PARTICULAR BEHAVIOR OCCURS AND IS EXPERIENCED BY ITS TARGET.

20) PER 34 USC 30301 "EXPERTS HAVE CONSERVATIVELY ESTIMATED THAT AT LEAST 13% OF THE INMATES IN THE US HAVE BEEN SEXUALLY ASSAULTED IN PRISON... NEARLY 200,000 INMATES NOW INCARCERATED HAVE BEEN OR WILL BE VICTIMS OF PRISON RAPE. THE TOTAL NUMBER OF INMATES WHO HAVE BEEN SEXUALLY ASSAULTED IN THE PAST 20 YEARS LIKELY EXCEEDS 1,000,000. PRISON RAPE UNDERMINES THE PUBLIC HEALTH BY CONTRIBUTING TO THE SPREAD OF THESE DISEASES (HIV / AIDS), AND OFTEN GIVING A POTENTIAL DEATH SENTENCE TO ITS VICTIMS. VICTIMS OF PRISON RAPE & ABUSE SUFFER SEVERE PHYSICAL & PSYCHOLOGICAL EFFECTS THAT HINDER THEIR ABILITY TO INTEGRATE INTO THE COMMUNITY AND MAINTAIN

STABLE EMPLOYEMENT UPON THEIR RELEASE FROM PRISON. THEY ARE THUS MORE LIKELY TO BECOME HOMELESS AND/OR REQUIRE GOVERNMENT ASSISTANCE. THE RATE OF POST-TRAUMATIC STRESS DISORDER, DEPRESSION, SUICIDE, AND THE EXACERBATION OF EXISTING MENTAL ILLNESSES AMONG CURRENT & FORMER INMATES, CONTRIBUTING TO INCREASED HEALTH & MEDICAL EXPENDITURES THROUGHOUT THE NATION AND THE RISK OF RECIDIVISM, CIVIL STRIFE, AND VIOLENT CRIME BY INDIVIDUALS WHO HAVE BEEN BRUTALIZED BY PRISON RAPE & ABUSE.

21) DEPUTY APER WAS TRAINED IN PREA NATIONAL STANDARDS TO PREVENT, DETECT, AND RESPOND TO PREA. THUS, IT CAN EASILY BE CONCLUDED THAT DEPUTY APERS DEMANDS FOR THE PLAINTIFF TO MASTERBATE FOR HIS SEXUAL GRATIFICATION, FROM THE PERSPECTIVE OF 'REASONABLE PERSON' IN THE SAME POSITION GIVEN THE HIGH LIKELYHOOD OF THE SOCIAL CONTEXT IN JAIL, IS THAT DEPUTY APER, ACTING UNDER THE COLOR OF LAW, WAS MAKING SEXUAL ADVANCES AND INVADING PRIVACY BY MULTIPLE DEMANDS WITH THE CARNAL KNOWLEDGE TO FORCIBLY DEMAND, AGAINST THE PLAINTIFFS WILL, ACHIEVED THROUGH THE PUBLIC EXPLOITATION BY FEAR AND PERCEIVED THREAT OF PHYSICAL VIOLENCE.

IN OTHER WORDS, THE PLAINTIFF & ANY REASONABLE PERSON WOULD BE IN FEAR OF BEING RAPED IN THAT SITUATION. THE TRAUMATIC EVENTS WILL FOREVER IMPACT THE PLAINTIFFS MENTAL HEALTH & WELL BEING.

22) CAPTAIN YOUKER, LT LINDQUIST, SGT GRAY, AND MS CARSON, ESQ ARE EQUALLY CULPABLE AS DEPUTY APER FOR THEIR GROSS NEGLIGENCE AND DELIBERATE INDIFFERENCE WHICH ESCALATED INTO A FULL BLOWN RETALIATORY ATTACK ON THE PLAINTIFF.

THE CO-DEFENDANTS WERE AWARE OF THE SEXUAL ABUSE, HARASSMENT, AND VOYEURISM AND MADE A DELIBERATE CHOICE TO CONCEAL THE VIOLATION ON EVERY FACET OF THE INTERNAL GRIEVANCE PROCESS. THIS IS THE EPITOME OF OFFICIAL MISCONDUCT AND COLLUSION.

NOT ONLY DID THE CO-DEFENDANTS ATTEMPT TO CONCEAL THE EGREGIOUS VIOLATIONS UNDER THE COLOR OF LAW, THEY FLAUNTED THEIR POWER BY STAFFING THE ABUSER DIRECTLY OVER HIS VICTIM IN CONFINED AREAS OF ISOLATION. THOUGH CAPTAIN YOUKER HAS DOCUMENTED HIS DEPUTIES ADMISSION OF GUILT, AND THE DEPUTY ULTIMATELY "RESIGNED FOR PERSONAL REASONS" COMPLETELY UNRELATED TO THE INCIDENT AS AN ODD COINCIDENCE, CAPTAIN YOUKER SHOULD BE HELD TO HIGHER STANDARD NOT ONLY AS THE HIGHEST RANKING OFFICIAL ON STAFF, BUT AS PERSON ON APPEALS THAT STATED "IT WAS NOT (SEXUAL) HARASSMENT BECAUSE IT ONLY WAS STATED ONE TIME & NOT REPEATED..."

IT APPEARS CAPTAIN YOUKERS NEGLECT & DELIBERATE INDIFFENCE WOULD BE MORE ALIGNED WITH CONSPIRACY TO COMMIT HEINOUS ACTS OF SEXUAL ABUSE & HARASSMENT BY HIS STAFF, THUS LEAVING THE CO-DEFENDANTS CRIMINALLY RESPONSIBLE AND FALLING UNDER TCA 39-16-402 OFFICIAL MISCONDUCT.

IT CAN BE REASONABLY BE CONSTRUED THAT DEPUTY APER'S ACTIONS AS BEING FOR THE PURPOSE OF SEXUAL AROUSAL & GRATIFICATION. THUS, IT CAN ALSO REASOBLY BE CONSTRUED THAT CAPTAIN YOUKER AND HIS STAFF WERE ATTEMPTING TO CONCEAL THE SEXUAL ABUSE AND RETALIATE AGAINST THE PLAINTIFF BY PLACING HIM IN SOLITARY CONFINEMENT BECAUSE THE PLAINTIFF WAS IN FEAR FOR HIS SAFETY.

FROM THE PERSPECTIVE OF WCSO OFFICIALS & THEIR AGENTS THEY OBVIOUSLY CONDONE RAPE, SEXUAL HARASSMENT, VOYEURISM, AND THE LIKES AS LONG AS IT ONLY HAPPENS ONE TIME. THE LEGAL DEFENSE OF "IT IS NOT RAPE BECAUSE IT ONLY HAPPENED ONLE" USUALLY DOES NOT WORK WELL, FROM THE PERSPECTIVE OF REASONABLE PERSON.

THE WCSO STAFF IS AUDITED & RECEIVES FUNDING FROM STATE & FEDERAL GRANTS AND ARE HIGHLY EDUCATED PER MANDATES OF EMPLOYEE TRAING FOR PREA 28 CFR 115.31.

THOUGH MANDATED TO NOT PLACE INMATES OF SEXUAL VICTIMIZATION IN INVOLUNTARY SEGREGATION PER 28 CFR 115.43, ESPECIALLY SEGREGATED HOUSING FOR MORE THAN 24 HOURS, SGT GRAY AND CAPTAIN YOUKER ARE ABOVE THE LAW. THE CO-DEFENDANTS PLACED THE PLAINTIFF IN SOLITARY CONFINEMENT FOR OVER 100 DAYS AFTER BEING SEXUALLY VICTIMIZED AS PUNISHMENT FOR FILING A GRIEVANCE, ALSO RESTRICTING ALL ACCESS TO FACILITY PROGRAMS, PRIVILEGES, AND EDUCATION. SEGREGATED HOUSING SHALL NOT EXCEED A PERIOD OF 30 DAYS.

PER 28 CFR 115.81, AS A VICTIM OF SEXUAL ABUSE & HARASSMENT THE PLAINTIFF IS AFFORDED MENTAL HEALTH SCREENINGS WITHIN 14 DAYS. HERE, THE PLAINTIFF HAS EXHAUSTED ALL REMEDIES TO REQUEST MEDICAL & MENTAL HEALTH AND OVER 120 DAYS HAVE PASSED WITH CONTINUED DENIAL. PER 28 CFR 115.76 DEPUTY KPER "SHALL BE REPORTED TO LAW ENFORCEMENT AGENCIES" AS HE RESIGNED BUT WOULD BE SUBJECT TO TERMINATION. THUS REQUIRING A POLICE REPORT AND PROSECUTION.

CAPTAIN YOUKER, SGT GRAY, LT LINDQUIST, SHERIFF HUGHES, AND LISA CARSON, ESQ ACTED WITH INTENT TO PROMOTE & ASSIST THE COMMISSION OF THE OFFENSE, OR TO BENEFIT OR RESULTS OF THE OFFENSE BY AIDING OR ATTEMPTING TO AIDE THE FURTHERANCE OF THE OFFENSE, BY ACTING WITH THE CULPABILITY REQUIRED OR AIDS A PERSON TO ENGAGE IN CONDUCT, BY HAVING DUTY IMPOSED BY LAW TO PREVENT COMMISSION OF THE OFFENSE AND ACTING

WITH INTENT OR FAILS TO MAKE A REASONABLE EFFORT TO PREVENT COMMISSION OF THE OFFENSE.

HERE, THE CO-DEFENDANTS ATTEMPTED TO FACILITATE TO FURTHER CRIMES BY ISOLATING THE PLAINTIFF AND MAKING COORDINATED EFFORTS TO CONCEAL THE ABUSE.

## DAMAGES

THE PLAINTIFF HAS BEEN SEXUALLY HARASSED, RETALIATED AGAINST, DIGNITY RUINED, AND EXTREME MENTAL HEALTH ISSUES NOW DUE TO PTSD WITH INTENTIONAL INFLICTION OF MENTAL ANGUISH WHILE SUFFERING IN INVOLUNTARY SEGREGRATION.

THE WCSO STAFF IS HIGHLY TRAINED IN PREA DETECTION, PREVENTION, REDUCTION, AND PUNISHMENT THOUGH MADE THE CONCERTED EFFORT TO DELIBERATE IGNORE THE LAWS. ALSO, FAILING TO REPORT ONE OF THEIR OWN.

THE NEVER ENDING FEAR OF FURTHER SEXUAL HARASSMENT & RETALIATION IS DEBILITATING. THE HIGH LEVEL OF ANXIETY & DEPRESSION CAUSED BY THE AGENTS OF WCSO AND THEIR CRUEL & UNUSUAL PUNISHMENT TACTICS WILL FOREVER NEGATIVELY IMPACT ALL FACETS OF LIFE. WCSO OFFICIALS OSTRACIZED A VICTIM OF SEXUAL ABUSE AND DEPRIVED THE PLAINTIFF OF CIVIL LIBERTIES.

DEPUTY BAKER PUT THE FEAR OF A POTENTIAL DEATH SENTENCE BY THE HIGH POSSIBILITY OF BEING RAPED AND CONTRACTING AIDS/HIV. THE PSYCHOLOGICAL EFFECTS ARE PROVEN BY EXPERTS TO HINDER THE ABILITY TO INTERGRATE INTO THE COMMUNITY OR MAINTAIN EMPLOYMENT, ALSO INCREASING THE LIKELYHOOD OF RECIDIVISM, ADDICTION, DEPRESSION, AND SUICIDE.

EVEN ONE TIME IS TOO MANY AND THE EFFECTS WILL LAST A LIFETIME. THE TORTURE IS EVER LASTING & OMNIPRESENT.

RESPECTFULLY,

<u>RELIEF</u>

1) THAT THIS COURT WILL AWARD $25,000,000 (USD) IN PUNITIVE DAMAGES

2) THAT THIS COURT WILL MANDATE A PUBLIC APOLOGY FROM WCSO

3) THAT THIS COURT APPOINT COUNSEL FOR PLAINTIFF & AWARD ALL ATTORNEYS' FEES, COURT COST, AND COST ASSOCIATED WITH APPEALS AS TAXED TO THE DEFENDANTS FOR THEIR VIOLATIONS & RETALIATION.

4) THAT THIS COURT WILL REFER THE VIOLATION & ATTEMPTED COVER UP TO THE DISTRICT ATTORNEYS OFFICE FOR PROSECUTION.

5) FOR ALL OTHER RELIEF DEEM PROPER INCLUDING BUT NOT LIMITED TO REGISTERING AS A SEX OFFENDER

RESPECTFULLY,

<u>VERIFICATION</u>

STATE OF TENNESSEE

COUNTY OF WILLIAMSON


ROBERT GORDON, AFTER FIRST BEING DULY SWORN, MAKES OATH THAT THE STATEMENTS CONTAINED IN HIS FOREGOING " COMPLAINT FOR ASSAULT, RETALIATION, AND VIOLATION OF P.R.E.A. BY AN AUTHORITY FIGURE " ARE TRUE TO THE BEST OF HIS KNOWLEDGE, INFORMATION, AND BELIEF AND THAT HE BRINGS THIS PETITION NOT OUT OF LEVITY OR BY COLLUSION WITH THE DEFENDANTS, BUT IN SINCERITY AND TRUTH, AND FOR THE CAUSES MENTIONED THEREIN


ROBERT GORDON


SWORN AND SUBSCRIBED BEFORE ME ON THIS 14 DAY OF May


NOTARY PUBLIC

MY COMMISSION EXPIRES 2|14|21

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  9/11/24

Signature of Plaintiff

Printed Name of Plaintiff    ROBERT  C.  GORDON

Prison Identification #    65920

Prison Address    408  CENTURY  CT

FRANKLIN    TN    37064
City    State    Zip Code

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

City    State    Zip Code

Telephone Number

E-mail Address

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the (pleading)_____
has been served on:

(Name) WILLIAMSON COUNTY SHERIFFS OFFICE
(Address) 408 CENTURY CT
(Address) FRANKLIN, TN 37064

(Name) CAPTAIN CHAD YOUKER
(Address) 408 CENTURY CT
(Address) FRANKLIN, TN 37064

(Name) LT ASHLEY LINDQUIST
(Address) 408 CENTURY CT
(Address) FRANKLIN, TN 37064

(Name) DEPUTY APER
(Address) 408 CENTURY CT
(Address) FRANKLIN, TN 37064

(Name) SGT CHRIS GRAY
(Address) 408 CENTURY CT
(Address) FRANKLIN, TN 37064

(Name) SHERIFF JEFF HUGHES
(Address) 408 CENTURY CT
(Address) FRANKLIN, TN 37064

(Name) ATTORNEY LISA CARSON
(Address) 4068 RURAL PLAINS CIRCLE #100
(Address) FRANKLIN, TN 37064

(Name) _____
(Address) _____
(Address) _____

(Name) _____
(Address) _____
(Address) _____

on the _____ day of _____, 20____.

_____
Signature

ROBERT GORDON
# 65920
408 CENTURY CT
FRANKLIN, TN 37064

RECEIVED

SEP 17 2024

US DISTRICT COURT
MID DIST TENN

UNITED STATES DISTRICT COURT

CLERKS OFFICE — MIDDLE DIVISION

719 CHURCH ST # 1300

NASHVILLE, TN 37103





This correspondence is from an inmate in a correctional institution. The Williamson County Sheriff's Office has neither censored nor inspected this item. Therefore this department does not assume responsibility for its contents.

Williamson County Sheriff's Office