# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **ROBERT C. GORDON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24:CV-1121** |
| | ) | |
| **WILLIAMSON COUNTY SHERIFF'S** | ) | **Judge Waverly D. Crenshaw, Jr.** |
| **OFFICE, CHAD YOUKER, ASHLEY** | ) | **Magistrate Judge Luke A. Evans** |
| **LINDQUIST, f/n/u APER, CHRIS GRAY,** | ) | |
| **JEFF HUGHES, and LISA CARSON,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

### <u>FIRST AMENDED ANSWER OF DEFENDANTS CHAD YOUKER, ASHLEY LINDQUIST, CHRIS GRAY AND JEFF HHUGHES</u>

Pursuant Rule 15(a)(1), F.R.C.P., and in response to the Plaintiff's Complaint filed against them, Defendants Capt. Chad Youker, Lt. Ashley Lindquist, Sgt. Chris Gray, and Sheriff Jeff Hughes ("Defendants"), hereby file their Amended Answer:

First, in response to the eleven (11) page form Prisoner Complaint, the Defendants aver the following as to the paragraphs numbered with Roman numerals:

I.      The Defendants admit the identities of the Plaintiff and themselves as alleged.

II.      The Defendants do not dispute the basis for jurisdiction as alleged, but they deny they did or failed to do anything that amounts to a violation of Plaintiff's rights.

III.      Admitted.

IV.      The Defendants admit that Plaintiff has alleged that certain events happened to him on dates while he was in Williamson County jail.[1]

V.      Denied.

---

[1] For context, the Defendants also provide Exhibits A-D, comprised of numerous grievances, incident reports, and generic requests frequently submitted by the Plaintiff, primarily in the years 2023-2024.

1

VI.     Denied.

VII.     To the extent that any of the information which Plaintiff provided in response to the inquiries set forth in sub-sections A through G of paragraph VII of the form Complaint only reference uncontested information regarding the process of handling administrative remedies at the Williamson County Jail, no response is needed from the Defendants.  Upon information and belief, the Defendants aver that nearly every[2] complaint or grievance which Plaintiff filed during the times relevant to his legal action was found to be unfounded, unsubstantiated, and/or not in violation of any State or Federal law.

VIII.     The Defendants lack knowledge or information sufficient to form a response as to the truth of Plaintiff's statements regarding previous lawsuits.[3]

## JURISDICTION

Now, in response to the handwritten allegations contained in the remaining pages of the Complaint (D.E. #1, Page ID 12-31) the Defendants respond as follows:

1.     Admitted, upon information and belief.

2.     These Defendants admit that Capt. Youker, Lt. Lindquist and Sgt. Gray are employees of Williamson County.  Sheriff Hughes is an elected official and not a County employee.

3.     The Defendants admit that Plaintiff, at times relevant to the events on which this action is based, was being held in the Williamson County Jail.  Otherwise, they lack knowledge or information sufficient to form a response as to the truth of the remaining allegations in Paragraph numbered 3.

---

[2] The Defendants are only aware of one substantiated Complaint that Plaintiff submitted. That circumstance involved another inmate, not jail or other County personnel.  (Exhibit A1, P. 7.)

[3] The Defendants note that Plaintiff is constantly attempting to initiate or initiating legal procedures as an inmate at the Williamson County Jail. (See, as non-exhaustive examples, Exhibits E-G.)

2

4. – 5. The allegations contained in Paragraphs numbered 4 and 5 contain citations and statements about legal standards to which no response is required of the Defendants. To the extent that there are any allegations in the same numbered Paragraphs which allege or infer any act or omission by the Defendants which violated Plaintiff's rights, the Defendants deny said allegations.

**PRISON RAPE ELIMINATION ACT NATIONAL STANDARDS**

6. – 14. The allegations contained in Paragraphs numbered 6 through 14 contain citations and statements about legal standards to which no response is required of the Defendants. To the extent that there is any allegation in the same numbered paragraphs which alleges or infers any act or omission by the Defendants which violated Plaintiff's rights, the Defendants deny said allegations.

**PRISON LITIGATION REFORM ACT**

15. – 16. The allegations contained in Paragraphs numbered 15 and 16 contain citations and statements about legal standards to which no response is required of the Defendants. To the extent that there are any allegations in the same numbered Paragraphs which allege or infer any act or omission by the Defendants which violated Plaintiff's rights, the Defendants deny said allegations.

**ISSUES & FACTS**

17. The allegations contained in Paragraph numbered 17 contain either eleven or twelve un-numbered paragraphs (D.E. #1, Page ID # 20-23) relating to alleged events involving Plaintiff. The Defendants admit that during the times relevant to his incarceration at the Williamson County Jail, Plaintiff voiced and/or documented various complaints and grievances, all of which Jail staff

investigated or to which staff responded.[4]  Upon information and belief, only one of the complaints

and/or grievances amounted to a potential violation of Plaintiff's rights.[5]  The Defendants further

aver that the written or electronic versions of any reports related to investigations of Plaintiff's

complaints and/or grievances document that the Defendants did not act in any way to have violated

Plaintiff's rights and should speak for themselves.[6]

## ARGUEMENT [sic]

18.     To the extent the allegations contained in Paragraph numbered 18 refer to another

Defendant, no response is required of these Defendants.  Otherwise, the allegations are denied.

19. – 20. The allegations contained in Paragraphs numbered 19 and 20 appear to be or

include citations to case law, to which no response is required.

21.     To the extent the allegations contained in Paragraph numbered 21 refer to another

Defendant, no response is required of these Defendants.  Otherwise, the allegations are denied.

22.     To the extent the allegations contained in Paragraph numbered 22 refer to other

Defendants, no response is required of these Defendants.  Otherwise, the allegations are denied.

23.     Any allegations not previously addressed above by the Defendants are hereby

denied.

## DAMAGES

The Defendants lack knowledge or information sufficient to form a response to the

allegations in the four un-numbered paragraphs on Page ID # 29 and 30. To the extent that there

---

[4] See Exhibits A-D.
[5] Exhibit A1, P. 7. This incident was reported to the Williamson County Sheriff's Office and Plaintiff was separated from the perpetrator.
[6] See Footnote 4. The Defendants note that Plaintiff is attempting to bring various other matters before this Court that are outside the scope of the Complaint. (DE 30, 34, 39, 43, and 46-1). The Defendants, however, represent to the Court that the Complaint's precursor is the May 12th, written grievance of the Plaintiff's that was investigated and deemed unsubstantiated. (See Exhibit B, P. 9-17, and Exhibit D). The Defendants anticipate that the Plaintiff will use the instant matter to regurgitate every unsubstantiated legal assertion he has made formally or otherwise over the past several years.

is any allegation in the same unnumbered paragraphs which alleges or infers any act or omission by the Defendants which violated Plaintiff's rights, the Defendants deny said allegations.

## RELIEF SOUGHT

Denied, to the extent that any of the allegations contained in Paragraphs numbered 1 - 5. under Plaintiff's Relief in the Complaint (on Page ID # 31) seek any form of compensation, damages, or any other relief from this Defendant.

## AFFIRMATIVE DEFENSES

1. To the extent that Plaintiff's Complaint in this action fails to state a cause of action or fails to adequately allege any claim for relief, even considering the *pro se* status of Plaintiff, against the Defendants, this Court should dismiss the Complaint in its entirety or Plaintiff's specific insufficient allegations. To be sure, there are no specific allegations contained in the Complaint which allege any act or omission by Sheriff Hughes, and Plaintiff appears to have sued the Sheriff, only because Jeff Hughes is, in fact, the Sheriff. As to the other Defendants, Capt. Youker, Lt. Lindquist and Sgt. Gray, while there are allegations in the complaint in Paragraph numbered 22, there is no legal basis upon which they can or should be held liable for any claim of gross negligence or deliberate indifference. Plaintiff has failed to allege facts sufficient for anything even close to the showing needed for such legal claims, and the claims should be dismissed in their entirety.

2. To the extent that Plaintiff has failed to exhaust any administrative remedy or other administrative or procedural requirement necessary and/or a prerequisite to the filing of this action, the Court should dismiss this action. And, pending further investigation and to avoid waiver of any available defenses, the Defendants rely upon and assert all available defenses pursuant to 42 U.S.C. Sec. 1997

5

3.  No action or inaction of the Defendants deprived Plaintiff of any interest protected by the Federal Constitution or any other applicable federal or state statutes or laws.

4.  In the alternative, if the Court finds the Defendants violated any right of the Plaintiff, the right was not clearly established under the circumstances at issue in this case.

5.  The Defendants affirmatively plead and rely upon the defense of qualified immunity, such that it should be clear that any reasonable public official considering the totality of the circumstances upon which this action is based would have acted as the Defendants did under the circumstances.

6.  The Defendants are not liable to Plaintiff for attorney's fees, costs, or any other form of damage or relief requested in this action.

7.  The Defendants demand a jury to try this action.

8.  The Defendants reserve the right to amend this pleading and plead further, including adding affirmative defenses, depending upon the facts as they are generated through the discovery process which may become available to him.

9.  The Defendants aver that they should be awarded attorney's fees and costs pursuant to 42 U.S.C. § 1988.

10. The Defendants deny that Plaintiff is entitled to any recovery of punitive damages against them under either federal or state law. In addition, before any such recovery can be had, the Defendants move the Court to bifurcate the proceeding, to the extent applicable, on the issue of punitive damages, pursuant to the holding of the Tennessee Supreme Court in *Hodges v. Toof*, 833 S.W.2d 896 (Tenn. 1992) and its progeny.

WHEREFORE, now having fully answered the Complaint, these Defendants pray that Plaintiff takes nothing by way of the filing of this action, that this Court dismiss Plaintiff's claims

6

with prejudice and that this Court assess all costs and discretionary costs against the Plaintiff and, to the extent permissible by law, this Court tax this Defendant's attorney's fees and costs against the Plaintiff pursuant to 42 U.S.C. §1988.

/s/ *Emmerson Y. Marlatt*
Robert M. Burns, #15383
Emmerson Y. Marlatt, #42797
HOWELL & FISHER, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
rburns@howell-fisher.com
(615) 244-3370
*Attorney for Williamson Co. Defendants*

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically on this the 16th day of March, 2026. Notice of this filing will be sent by USPS Mail, postage-prepaid to Plaintiff, and/or by operation of the Court's electronic filing system to:

| | |
|---|---|
| Robert C. Gordon<br>#65920<br>Williamson County Sheriff's Office<br>408 Century Court<br>Franklin, TN 37064 | Brian S. Spitler, #32649<br>April D. Romeo, #30966<br>COPELAND, STAIR, VALZ & LOVELL, LLP<br>735 Broad Street, Suite 1100<br>Chattanooga, TN 37402<br>Ph: (423) 777-4693<br>bspitler@csvl.law<br>aromeo@csvl.law<br>*Attorneys for Lisa Carson* |

/s/ *Emmerson Y. Marlatt*
Emmerson Y. Marlatt

7