## BUERGER, MOSELEY & CARSON, PLC

ATTORNEYS AT LAW
4068 RURAL PLAINS CIR STE. 100
FRANKLIN, TENNESSEE 37064

LISA M. CARSON
lcarson@buergerlaw.com

TELEPHONE 615-794-8850
TELEFAX 615-790-8861

Via U.S. MAIL

June 5, 2024

Robert Gordon
c/o Williamson County Jail
408 Century Court
Franklin, Tennessee 37064

        Re:    Mishkin v. Gordon
              July 10, 2024; Williamson Chancery Show Cause hearing

Dear Mr. Gordon,

Please find enclosed the following documents filed on behalf of non-party Williamson County in this matter:

- Notice of Appearance filed by Lisa Carson
- Response in Opposition to Motion for Show Cause
- Affidavit of Chad Youker with Exhibits 1 and 2
- Affidavit of Jakob Schwendimann with Exhibit 1


Thank you,

BUERGER, MOSELEY & CARSON, PLC

Olivia Huskey
Legal Assistant to Lisa M. Carson

ELECTRONICALLY FILED
2024 Jun 05 9:45 AM - 23CV-52319
Williamson County, Clerk & Master

## IN THE CHANCERY COURT FOR THE TWENTY-FIRST JUDICIAL DISTRICT OF TENNESSEE, AT FRANKLIN

| | |
|---|---|
| ERIN MISHKIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23CV-52319 |
| | ) |
| ROBERT GORDON | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF APPEARANCE

Comes now Lisa M. Carson of Buerger, Moseley & Carson, PLC, and gives notice of her representation of non-party Williamson County, Tennessee, on behalf of its Sheriff's Office and its Clerk & Master, in the above-referenced matter. Such Notice of Appearance is not intended to constitute a waiver of any objection to personal or subject matter jurisdiction, service of process, improper joinder or any other defense or objection in this matter, which defenses and objections are expressly reserved.

Respectfully submitted,

BUERGER, MOSELEY & CARSON, PLC

/s/ Lisa M. Carson
Lisa M. Carson, BPR #14782
*Attorney for Nonparty Respondent*
*Williamson County, Tennessee*
4068 Rural Plains Circle, Suite 100
Franklin, Tennessee 37064
(615) 794-8850
lcarson@buergerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, to Pro Se Defendant Robert Cole Gordon, 408 Century Court, Franklin, TN 37064, on this 5th day of June 2024. I further certify that a true and correct copy of the foregoing document has been electronically filed and delivered via electronic mail to Attorney for Plaintiff Jonathan W. Turner, jonathant.turner13@gmail.com, 1284 West Main Street, Suite 104, Franklin TN 37063, on this the 5th day of June 2024.

/s/ Lisa M. Carson

ELECTRONICALLY FILED
2024 Jun 05 2:28 PM - 23CV-52319
Williamson County, Clerk & Master

IN THE CHANCERY COURT FOR THE TWENTY-FIRST JUDICIAL DISTRICT OF
TENNESSEE, AT FRANKLIN

| | | |
|---|---|---|
| ERIN MISHKIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23CV-52319 |
| | ) | |
| ROBERT GORDON | ) | |
| | ) | |
| Defendant. | ) | |

---

## RESPONSE OF NON-PARTY WILLIAMSON COUNTY (ON BEHALF OF ITS SHERIFF'S OFFICE AND CLERK & MASTER) IN OPPOSITION TO DEFENDANT'S "MOTION TO SHOW CAUSE: TENNESSEE PUBLIC RECORDS ACT T.C.A. § 10-7-503, DENIAL OF ACCESS T.C.A. § 10-7-505, T.C.A. § 10-7-504(a)(16)(H)"

---

Comes now Williamson County, Tennessee, on behalf of its Sheriff's Office and its Clerk & Master[1] (hereinafter referred to collectively as the "County Records Custodians") and submits this Non-party Response to Defendant's "Motion to Show Cause: Tennessee Public Records Act T.C.A. § 10-7-503, Denial of Access T.C.A. § 10-7-505, T.C.A. § 10-7-504(a)(16)(H)." While neither the County nor the County Records Custodians have been properly served with the "Motion to Show Cause", they have been made aware of it and therefore, out of an abundance of caution, file this Response to outline their position for the Court.

---

[1] In the instant Motion, Defendant states that he sent a records request to the "Williamson County Clerk." (Mot. to Show Cause, p.1.) Williamson County, however, is unaware of any request for records Defendant made to the Williamson County Clerk as opposed to the Clerk & Master. Williamson County assumes that all references to the "Williamson County Clerk" were intended to refer to the Clerk & Master and responds accordingly.

Page 1 of 13

## FACTS AND PROCEDURE

On April 9, 2024, Captain Chad Youker of the Williamson County Sheriff's Office received a public records request from Defendant Robert Cole Gordon—an inmate confined in the Williamson County Jail. (Youker Aff. ¶ 3; Youker Aff. Ex. 1.) In his request, Defendant sought multiple records concerning Ms. Erin Mishkin, an individual who has an active Order of Protection against Defendant.[2] (Youker Aff. Ex. 1.) Specifically, Defendant requested:

1. "Arrest record with photos including any orders of protection from 2018 to present in Williamson County Tennessee";

2. "Employee record including any background check or documents submitted by [Ms. Mishkin] that would be notarized or considered legal court documents that could be forged from 2018 to present, i.e. example – dismissal forms, etc";

3. "All civil and criminal court matters in Williamson County Tennessee including pending, dismissed, open, and final matters";

4. "All child custody proceedings from 2018 to present that include [Ms. Mishkin] in any capacity, not limited to any restrictions and including all photos submitted for use as exhibits, including photos showing [Ms. Mishkin] endangering the welfare of children in case David Scott Mishkin v. Erin Kathryn Mishkin";[3]

---

[2] It is the County Records Custodians' understanding that the Court granted Ms. Mishkin's Order of Protection as part of the instant proceedings. As the Court already has a copy of this Order, the County Records Custodians have not reproduced it in the interests of protecting Ms. Mishkin's privacy.

[3] There are no photographic exhibits in the case file concerning *Mishkin v. Mishkin*, a fact Defendant was informed of. (Schwendimann Aff. ¶ 9.)

Page 2 of 13

5. "All police reports that involve [Ms. Mishkin's] name or address individually and officially including alias's [sic.]";[4]

6. "All records of communication with [Ms. Mishkin] including phone, text, email, email attachments, social media, letters, video, and audio[.]"

(Youker Aff. Ex. 1) (emphasis in original). Two days later on April 11, 2024, Captain Youker received an email from Ms. Mishkin. (Youker Aff. ¶ 4; Youker Aff. Ex. 2.) It stated, in relevant part, "Please do not provide any information personal or otherwise about me to Mr. Gordon as he only uses it to continue the obsessive behavior of harassment to myself and those closest to me (including my family, workplace and young children)[.]" (Youker Aff. Ex. 2.) That same day, Captain Youker received a copy of Ms. Mishkin's current and valid Order of Protection against Defendant.[5] (Youker Aff. ¶ 5.) After receiving this Order, Captain Youker granted Ms. Mishkin's request that her personal identifying information be treated as confidential, relying on an applicable exception to the Tennessee Public Records Act, as dismissed below.[6] (Id.)

Having granted Ms. Mishkin's request for confidentiality, Captain Youker denied Defendant's request for records in its entirety. (Id. ¶ 7) While the departments of the Williamson County Government ordinarily provide redacted copies of records when a request seeks records containing confidential information, after consultation with legal counsel it was determined that

---

[4] Defendant alleged in his records request that Ms. Mishkin also goes by "Jill Chasse – Attorney" and "Erica Lane – Minister from Holy Lutheran Trinity Church." (Youker Aff. Ex. 1.)

[5] Because Ms. Mishkin's Order of Protection was granted by the Williamson County Chancery Court, the Williamson County Government was already in possession of a copy of the Order at the time Ms. Mishkin emailed Captain Youker. (Schwendimann Aff. ¶ 3.)

[6] Captain Youker, who oversees the Detention Division of the Williamson County Sheriff's Office also suspended Defendant's non-privileged outgoing mail and other communications as he found Defendant was consistently using it to harass Ms. Mishkin and her associates. (Youker Aff. ¶¶ 2, 6.) Captain Youker did not suspend Defendant's right to submit correspondence to the Court, of course.

given (1) Defendant's penchant for harassing Ms. Mishkin, (2) his familiarity with Ms. Mishkin and her habits, and (3) the fact that he specifically requested records concerning Ms. Mishkin, there was no way to provide him with any of the records sought, even in redacted form, without also revealing Ms. Mishkin's confidential identifying information, which she had a right to protect pursuant to the Public Records Act exception related to Orders of Protection. (*Id.* ¶¶ 7–8.)

On April 19, 2024, the Clerk & Master of the Williamson County Chancery Court, received a records request from Defendant identical to the one Captain Youker denied. (Schwendimann Aff. ¶ 4; Schwendimann Aff. Ex. 1.) The County Attorney informed the Clerk & Master that Ms. Mishkin had already requested that her personal information be treated as confidential and that another department of the Williamson County Government, the Williamson County Sheriff's Office, had granted this request and denied Defendant's records request accordingly. (Schwendimann Aff. ¶¶ 5–6.) The Clerk & Master subsequently denied Defendant's records request under the same rationale relied upon by the Williamson County Sheriff's Office. (*Id.* ¶¶ 7–8.) After the County Records Custodians denied Defendant's requests for records,[7] Defendant filed the instant "Motion to Show Cause." (Mot. to Show Cause.)

---

[7] The Motion states that Defendant also sent records requests to the Franklin Police Department and the Franklin Special School District. (Mot. to Show Cause, p.1.) The County Records Custodians lack sufficient information to determine whether these requests were made as alleged and what the disposition of those requests, if they occurred, were.

## ARGUMENT

I. **Defendant's "Motion to Show Cause" is not properly before the Court, as Tennessee Code Section 10-7-505 does not allow a litigant to file a petition for access to records in an ongoing case to which the records custodian is not a party, and because Section 10-7-504(a)(H)(16) does not apply to civil proceedings.**

Tennessee Code Annotated Section 10-7-505(a) states that "[a]ny citizen of Tennessee who shall request the right of personal inspection of any state, county or municipal record...whose request has been in whole or in part denied...shall be entitled to petition for access to any such record and to obtain judicial review of the actions taken to deny the access." While this petition must "be filed in the chancery court or circuit court for the county in which the county or municipal records sought are situated," Tenn. Code Ann. § 10-7-505(b), nothing in the Tennessee Public Records Act states or even suggests that the petition may be filed in an ongoing proceeding where the records custodian is not a party. *See* Tenn. Code Ann. § 10-7-101 *et seq*. Furthermore, County Records Custodians are unaware of any case where a Tennessee court has held that it can consider a public records petition against a third party as part of ongoing litigation between two original parties, neither of which is a custodian of the records in question.

Defendant argues that Tenn. Code Ann. Section 10-7-504(a)(16)(H) affords him the right of access to the records of Ms. Mishkin that he has requested from the County Records Custodians, because he has a pending criminal case in another court. However, Section 10-7-504(a)(16)(H) states that "[n]othing in this subdivision (a)(16) shall prevent *the district attorney general* and counsel for the defendant from providing to each other *in a pending criminal case*...information which otherwise may be held confidential under this subdivision (a)(16)." (emphasis added). Defendant cannot rely on Section 10-7-504(a)(16)(H) to obtain the records he seeks because his

Page 5 of 13

request is not directed to either of the parties mentioned in that statute, and the instant litigation is not a criminal case.

Moreover, even if Defendant seeks the records for use in one of his criminal cases—of which there are several—the instant Motion would still be an improper vehicle for obtaining the records sought.

> There is a palpable difference between persons who seek governmental records to ensure governmental responsibility and public accountability and those who seek to avoid the requirements and limitations of the Tennessee Rules of Civil and Criminal Procedure by invoking the public records statutes to obtain information not otherwise available to them through discovery. Circumventing existing discovery rules was not what the General Assembly had in mind when it enacted the public records statutes in 1957.

*Swift v. Campbell*, 159 S.W.3d 565, 575–76 (Tenn. Ct. App. 2004). Defendant has multiple pending criminal cases.[8] If the records he seeks are relevant to his defense in any or all of these cases, he should request them from the district attorney general pursuant to Rule 16 of the Tennessee Rules of Criminal Procedure. *See id.*; *see also Tennessean v. Metro. Gov't of Nashville & Davidson Cnty.*, 485 S.W.3d 857, 870–71 (Tenn. 2016) (holding that Tenn. R. Crim. P. 16, as opposed to the Tennessee Public Records Act, governs disclosure of information during an ongoing criminal proceeding). If the district attorney general refuses to produce the requested records in its possession, then Defendant could ask the court in his criminal case(s) to compel

---

[8] In his correspondence with the County Records Custodians, Defendant has mentioned the following criminal case reference numbers: CR 230267 (wherein two counts of aggravated assault and one count of domestic assault are pending); CR 230248 (wherein one count of domestic assault is pending); CR 230266 (wherein one count of aggravated burglary (habitation), one count of aggravated assault, one count of robbery, and one count of domestic assault are pending) ; CR 230677 (wherein one count of forgery is pending); CR 230655 (wherein five counts of violation of a no contact order, one count of aggravated stalking, one count of coercion of a witness, and one count of violation of an order of protection are pending); CR 230249 (wherein one count of driving on a suspended license is pending); and CR 230678 (wherein one count of aggravated stalking is pending).

disclosure and the criminal court could assess the merits of such a request. Given its familiarity with the charges against Defendant, the criminal court would be in a far better position than this Court to determine what records, if any, Defendant is entitled to.

Accordingly, the instant Motion is improperly before the Court and should be denied.

II.     **The Court lacks personal jurisdiction over the County Records Custodians because they were not properly served.[9]**

Defendant has not properly served the County or any County Records Custodian. Although he purports to have served the instant Motion on Ms. Mishkin's counsel, (Mot. to Show Cause, p.5), he has *not* served the Motion on the County Records Custodians nor claimed to do so. (*See id.*; Youker Aff. ¶ 10; Schwendimann Aff. ¶ 11.) As Defendant has failed to serve the County Records Custodians, the Court lacks personal jurisdiction over them. *Assocs. Asset Mgmt., LLC v. Smith*, No. M2019-02217-COA-R3-CV, 2020 Tenn. App. LEXIS 490, at *7–9 (Ct. App. Sep. 3, 2020) ("'[N]otice by service of process in some manner provided by law is essential to give the trial court personal jurisdiction over the parties, and without jurisdiction, judgment against a defendant who is not before the court is void and subject to attack.'") (quoting Yousif v. Clark, 317 S.W.3d 240, 246 (Tenn. Ct. App. 2010)) (alteration in original). Therefore, even if the Court could properly consider Defendant's Motion, it would be without power to compel the County Records Custodians to produce the desired records.[10] *See id.*

---

[9] In its Notice of Appearance on behalf of the County Records Custodians, Williamson County, Tennessee, expressly stated that it was not waiving the defense of lack of personal jurisdiction by appearing in this case. Furthermore, Williamson County has not waived the defense of personal jurisdiction by addressing the merits of Defendant's Motion. *See Landers v. Jones*, 872 S.W.2d 674, 676 (Tenn. 1994) ("Under both the state and federal civil procedure rules, therefore, a defendant is permitted to raise the defense of lack of personal jurisdiction at the same time other defenses are raised. Waiver occurs only if there is no objection to personal jurisdiction in the first filing, either a Rule 12 motion or an answer.")

[10] This conclusion is unaffected by the fact that the County Records Custodians have actual notice of the Motion because "actual notice of the lawsuit does not suffice as an alternative to service."

### III. The records Defendant seeks are exempt from disclosure under the Tennessee Public Records Act.[11]

The Tennessee Public Records Act generally requires public access to "state county and municipal records...." "unless otherwise provided by state law." Tenn. Code Ann. §10-7-503(a). Permissible exceptions are found not only in statute, but in common law, rules of court, and properly authorized rules and regulations. *Swift*, 159 S.W.3d at 571–572. The General Assembly has clearly recognized that there are circumstances where the reasons not to disclose a record outweigh the policy favoring disclosure. *Id.* at 571. In order to protect a record, the governmental entity must establish by a preponderance of the evidence that an exception applies. Tenn. Code Ann. §10-7-505(c). Here, the records Defendant seeks—which are essentially all records in possession of the County Records Custodians concerning Ms. Mishkin's employment, her interactions with law enforcement, and her interactions with the courts of Williamson County— are exempt from disclosure pursuant to Tennessee Code Annotated Section 10-7-504(a)(16).[12]

Section 10-7-504(a)(16) establishes a process wherein individuals with active Orders of Protection can request that their identifying information (i.e., their home and work addresses and telephone numbers, social security number, and any other information that could reasonably be used to locate them) remain confidential even if the document where the information is located

---

*Meersman v. Regions Morgan Keegan Tr.*, No. M2017-02043-COA-R3-CV, 2018 Tenn. App. LEXIS 594, at *11 (Ct. App. Oct. 9, 2018).

[11] The County recognizes that given the failure of Defendant to properly serve any County Records Custodian, further consideration of the other arguments in this brief may or may not be appropriate. However, due to the status of Defendant as a pro se litigant, and the important public policy issues implicated in the balancing Defendant's right to seek public records against Ms. Mishkin's right to the benefits of her Order of Protection, the County presents herein its argument on the merits for the Court's consideration, should the Court see fit.

[12] The County Records Custodians do not have employee records concerning Ms. Mishkin as she is not an employee of either the Williamson County Sheriff's Office or the Clerk & Master. (Youker Aff. ¶ 9; Schwendimann Aff. ¶ 10.)

Page 8 of 13

would otherwise be a public record. To take advantage of this process, an individual must simply present a copy of their Order of Protection to the relevant records custodian and request that all identifying information be maintained as confidential. *See* Tenn. Code Ann. § 10-7-504(a)(16). If the request is granted, then the individual's identifying information is not subject to disclosure under the Tennessee Public Records Act, regardless of whether the subject of the Order of Protection or someone else requests the records. *See id.*

Ms. Mishkin—who not only has a valid Order of Protection but has one against Defendant—provided a copy of her Order of Protection and made a written request via email to the Williamson County Sheriff's Office on April 11, 2024, requesting that her identifying information be kept confidential. (Youker Aff. ¶ 4; Youker Aff. Ex. 2.) Given that the Williamson County Sheriff's Office is a department of Williamson County Government, Ms. Mishkin's request for confidentiality was interpreted as applying to the County government. When a request was made by Defendant to the Clerk & Master's office for records concerning Ms. Mishkin's identifying information, her request that her information be protected was passed along to the Clerk & Master by the County Attorney. (Schwendimann Aff. ¶ 5.) Accordingly, all of Ms. Mishkin's identifying information in the possession of the County Records Custodians is now confidential and exempt from disclosure. *See* Tenn. Code Ann. § 10-7-504(a)(16)(B).

As Ms. Mishkin's identifying information is confidential, the County Records Custodians properly denied Defendant's public records requests in their entirety. *See* Tenn. Code Ann. § 10-7-504(a)(16). This wholesale denial rests on what may at first appear to be a broad interpretation of the definition of "identifying information," but one that is justified in the instant circumstances. Section 10-7-504(a)(16)(A)(ii) defines "identifying information" as "the home and work addresses

and telephone numbers, social security number, *and any other information that could reasonably be used to locate the whereabouts of an individual[.]*" (emphasis added).

While a police report or court filing could generally be cleansed of all identifying information through redaction, such is impossible here. Defendant is no stranger to Ms. Mishkin, as evidenced by the instant litigation, Ms. Mishkin's Order of Protection against Defendant, and even by the detail of Defendant's request for records specifically related to her. Defendant's familiarity with Ms. Mishkin and her habits means that he can likely distill her whereabouts from information that would be meaningless to a stranger. Furthermore, because the County Records Custodians are not intimately familiar with Ms. Mishkin, they cannot readily determine what information Defendant could use to locate her.[13] Thus, the only way the County Records Custodians can ensure that Defendant does not obtain any of Ms. Mishkin's confidential identifying information is to not provide him with any information about her. This is especially true given that Defendant has only requested information concerning Ms. Mishkin and will therefore likely assume that any redacted information concerns her.[14] In other words, every piece of information requested by Defendant is confidential identifying information in this particular

---

[13] To illustrate this point, consider the following hypothetical:

> Ms. Mishkin emails an employee of the Williamson County Sheriff's Office in which she makes an off-hand remark about buying a new sun hat. While the Sheriff's employee may not ascribe any meaning to this statement, Defendant may know that Ms. Mishkin only buys a new sun hat two weeks before visiting her favorite beach in Florida.

If Defendant were to obtain this hypothetical email, then he would be able to locate Ms. Mishkin even though the average person would not be able to discern her location by the mere fact that she was buying a sun hat.

[14] Continuing with the previous hypothetical, if the County Records Custodians provided Defendant with a redacted version of the sun hat email wherein Ms. Mishkin's name and contact information were the only things redacted, Defendant could likely deduce that Ms. Mishkin sent the email and ultimately locate her.

S.W.3d 384, 397 (Tenn. Ct. App. 2022) (cleaned up). While promoting government accountability is undoubtedly a compelling state interest, it is difficult to imagine how that interest would be served by granting Defendant access to records concerning an individual who has a valid Order of Protection against him. Accordingly, the federal Constitution—like the Tennessee Public Records Act—counsels against providing Defendant with the records he seeks. *See Kallstrom*, 136 F.3d at 1060–64.

Of course, the County Records Custodians recognize that this Court is much more familiar than they with the course of these proceedings, to which they are not parties. Should the Court deem it appropriate to direct that any portion of these records fall outside the scope of the Tennessee Public Records Act exception cited above, the County Records Custodians will fulfill their obligations thereunder. In addition, although Defendant has not taken proper steps to bring the County Records Custodians under the jurisdiction of this Court, the County Records Custodians will comply with any order of this Court to file documents *in camera* if the Court deems it necessary to make a determination as to Defendant's right to them.

### Conclusion

Defendant's Motion to Show Cause is not properly before the Court as Tennessee law does not permit an individual to file a public records petition as part of ongoing litigation in which the custodian of records is not a party. Additionally, the County Records Custodians have not been served. Finally, Defendant is not entitled to the records he seeks as they are exempt from disclosure under the Tennessee Public Records Act. For the foregoing reasons, Defendant's Motion to Show Cause: Tennessee Public Records Act T.C.A. § 10-7-503, Denial of Access T.C.A. § 10-7-505, T.C.A. § 10-7-504(a)(16)(H) should be denied.

If, however, the Court finds that the Defendant has properly brought the instant Motion, that it has personal jurisdiction over the County Records Custodians, and that Defendant is entitled to the records sought, then the County Records Custodians request that they be permitted to provide the requested records to the Court under seal so that it can determine what records should be produced, and can ensure that the records are not used for an improper purpose.

Respectfully submitted,

**BUERGER, MOSELEY & CARSON, PLC**

/s/Lisa M. Carson
Lisa M. Carson, BPR# 14782
*Attorney for Nonparty Respondent*
*Williamson County, Tennessee*
4068 Rural Plains Cir., Suite 100
Franklin, TN 37064
Telephone: (615) 794-8850
Facsimile: (615) 790-8861
Email: lcarson@buergerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, to Pro Se Defendant Robert Cole Gordon, 408 Century Court, Franklin, TN 37064, on this 5th day of June 2024. I further certify that a true and correct copy of the foregoing document has been electronically filed and delivered via electronic mail to Attorney for Plaintiff Jonathan W. Turner, jonathant.turner13@gmail.com, 1284 West Main Street, Suite 104, Franklin TN 37063, on this the 5th day of June 2024.

/s/Lisa M. Carson
Lisa M. Carson

Page 13 of 13

# IN THE CHANCERY COURT FOR THE TWENTY-FIRST JUDICIAL DISTRICT OF TENNESSEE, AT FRANKLIN

| | | |
|---|---|---|
| ERIN MISHKIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23CV-52319 |
| | ) | |
| ROBERT GORDON | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF CAPTAIN CHAD YOUKER

I, Chad Youker, having been duly sworn, depose and state as follows upon my oath:

1. I am over the age of eighteen (18), have personal knowledge of the facts set forth below, and am competent to testify. The statements in this Affidavit are true to the best of my knowledge and belief.

2. I am a Captain for the Williamson County Sheriff's Office's Detention Division.

3. On April 9, 2024, I received a public records request from an inmate at the Williamson County Jail, Robert Cole Gordon. A true and correct copy of this request is attached to this Affidavit as Exhibit 1.[1]

4. On April 11, 2024, I received an email from Ms. Erin Mishkin requesting that her personal information be treated as confidential due to harassment she was experiencing from Mr. Gordon. A true and correct copy of this email is attached to this Affidavit as Exhibit 2.[2]

---

[1] In this Exhibit, Ms. Mishkin's personal information—aside from her name—has been redacted to protect her privacy.

[2] In this Exhibit, a communication I had with the County Attorney regarding Ms. Mishkin's request has been redacted based on attorney-client privilege. Ms. Mishkin's email address has also been redacted to protect her privacy.

Page 1 of 3

5. That same day, I received a copy of Ms. Mishkin's Order of Protection against Mr. Gordon. After verifying that this Order was valid and in effect, I granted Ms. Mishkin's request that her personal information be treated as confidential.

6. I also suspended Mr. Gordon's non privileged outgoing mail and communications privileges on April 11, 2024, due to his continued efforts to harass Ms. Mishkin and her associates. I did not suspend correspondence with the Court or legal counsel.

7. Having granted Ms. Mishkin's request for confidentiality, I determined that there was no way to provide Mr. Gordon with any records responsive to his public records request without also revealing Ms. Mishkin's confidential personal information. Accordingly, I denied his request in its entirety.

8. Ordinarily, the Williamson County Sheriff's Office, like other departments of the Williamson County Government, produces redacted records when a public records request seeks records that contain confidential information. In the context of Mr. Gordon's request, after consulting with the County Attorney, I determined this was not feasible. Given that (i) he was actively harassing Ms. Mishkin from the jail, (ii) he requested records specifically about her, and (iii) he appeared to already know a significant amount about her personal life, I determined that it would be impossible to provide Mr. Gordon with even redacted records without risking the disclosure of Ms. Mishkin's confidential information.

9. To the best of my knowledge, Ms. Mishkin has never been an employee of the Williamson County Sheriff's Office.

10. Neither I nor, to the best of my knowledge, anyone else in the Williamson County Sheriff's Office has been served with a copy of a show cause motion relating to any public records request filed by Mr. Gordon.

_C. Youker_ 2276

Captain Chad Youker

STATE OF TENNESSEE )
COUNTY OF WILLIAMSON )

Sworn and subscribed before me on this 5th day of June 2024.

_Kristyn Slabaugh_
Notary Public

MY COMMISSION EXPIRES: 2/16/28

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, to Pro Se Defendant Robert Cole Gordon, 408 Century Court, Franklin, TN 37064, on this 5th day of June 2024. I further certify that a true and correct copy of the foregoing document has been electronically filed and delivered via electronic mail to Attorney for Plaintiff Jonathan W. Turner, jonathant.turner13@gmail.com, 1284 West Main Street, Suite 104, Franklin TN 37063, on this the 5th day of June 2024.

/s/Lisa M. Carson
Lisa M. Carson

Page 3 of 3

F.O.I.A. REQUEST                                                    4/5/24

TO WHOM IT MAY CONCERN:

THIS IS A FORMAL REQUEST PURSUANT TO 5 U.S.C. 552, FREEDOM OF INFORMATION ACT, REQUESTING ANY RECORDS MAINTAINED ON OR ABOUT THE INDIVIDUAL FORMALLY KNOWN AS "ERIN KATHRYN MISHKIN", DOB ████████ SOCIAL SECURITY ████████ WILLIAMSON COUNTY JAIL INMATE ID ████████ HOME ADDRESS ████████████████████, EMPLOYER ███████████ ██████████████████ PHONE ████████

OTHER KNOWN ALIAS: JILL CHASSE - ATTORNEY; ERICA LANE - MINISTER FROM HOLY LUTHERAN TRINITY CHURCH

PLEASE PROVIDE THE FOLLOWING RECORDS:

1) ARREST RECORD WITH PHOTOS INCLUDING ANY ORDERS OF PROTECTION FROM 2018 TO PRESENT IN WILLIAMSON COUNTY TENNESSEE.

2) EMPLOYEE RECORD INCLUDING ANY BACKGROUND CHECK OR DOCUMENTS SUBMITTED BY THE INDIVIDUAL THAT WOULD BE NOTARIZED OR CONSIDERED LEGAL COURT DOCUMENTS THAT COULD BE FORGED FROM 2018 TO PRESENT, I.E. EXAMPLE - DISMISSAL FORMS, ETC

3) ALL CIVIL & CRIMINAL COURT MATTERS IN WILLIAMSON COUNTY TENNESSEE INCLUDING PENDING, DISMISSED, OPEN, AND FINAL MATTERS

4) ALL CHILD CUSTODY PROCEEDINGS FROM 2018 TO PRESENT THAT INCLUDE THE INDIVIDUAL IN ANY CAPACITY, NOT LIMITED TO ANY RESTRICTIONS AND INCLUDING ALL PHOTOS SUBMITTED FOR USE AS EXHIBITS, INCLUDING PHOTOS SHOWING THE INDIVIDUAL ENDANGERING THE WELFARE OF CHILDREN IN CASE DAVID SCOTT MISHKIN V ERIN KATHRYN MISHKIN

①

5) ALL POLICE REPORTS THAT INVOLVE THE INDIVIDUALS NAME OR ADDRESS INDIVIDUALLY & OFFICIALLY INCLUDING ALIAS'S

6) ALL RECORDS OF COMMUNICATION WITH THE INDIVIDUAL INCLUDING PHONE, TEXT, EMAIL, EMAIL ATTACHMENTS, SOCIAL MEDIA, LETTERS, VIDEO, AND AUDIO

PLEASE PROVIDE THE MENTIONED DOCUMENTS WITHIN 20 DAYS OF RECEIPT OF THIS NOTICE BY MAILING A FULL & COMPLETE LIST OF ALL RECORDS MAINTAINED BY YOUR AGENCY ABOUT THE INDIVIDUAL "ERIN KATHRYN MISHKIN", AKA "JILL CHASSE - ATTORNEY", OR "ERICA LANE - MINISTER" OFFICIAL CAPACITY & INDIVIDUAL CAPACITY.

MAILING ADDRESS:
ROBERT GORDON
40B CENTURY CT #65920
FRANKLIN, TN 37064

ROBERT GORDON

<u>VERIFICATION</u>

STATE OF TENNESSEE

COUNTY OF WILLIAMSON

ROBERT GORDON, AFTER FIRST BEING DULY SWORN, MAKES OATH THAT THE STATEMENTS CONTAINED IN HIS FOREGOING "MOTION TO DETERMINE IF THE DEFENDANT FILED FALSE REPORTS WHILE USING A STOLEN IDENTITY OF A MINISTER FROM A FICTICIOUS CHURCH AND CREATING FALSE DOCUMENTS" ARE TRUE TO THE BEST OF HIS KNOWLEDGE, INFORMATION, AND BELIEF AND THAT HE BRINGS THIS PETITION NOT OUT OF LEVITY OR BY COLLUSION WITH THE DEFENDANT, BUT IN SINCERITY AND TRUTH, AND FOR THE CAUSES MENTIONED THEREIN.

ROBERT GORDON

SWORN AND SUBSCRIBED BEFORE ME ON THIS ___ DAY OF ___ . 2024

NOTARY PUBLIC



MY COMMISSION EXPIRES 2/14/2026

Case 3:24-cv-01121   Document 49-7   Filed 03/16/26   Page 22 of 47 PageID #: 812

Gordon
#65930
408 Century Ct
Franklin TN 37064

NASHVILLE TN 370

9 APR 2024 · PM 6  L

Williamson County Sheriff
F.OIA. Request
408 Century Ct
Franklin, TN 37064

37064-398608



From: Erin Mishkin
Sent: Thursday, April 11, 2024 3:12:08 PM
To: Chad Youker <Chad.Youker@williamsoncounty-tn.gov>
Subject: Gordon

Hello,

My name is Erin Mishkin and
I have a valid current order of protection issued by the courts of Williamson County against Mr. Robert Cole Gordon.

Robert he has continued to harass me while he's been in lock up at the Williamson County Jail, by various means.

Please do not provide any information personal or otherwise about me to Mr. Gordon as he only uses it to continue the obsessive behavior of harassment to myself and those closest to me (including my family, workplace and young children)

Thank you,

Erin K. Mishkin

[This message is From an EXTERNAL SENDER]

IN THE CHANCERY COURT FOR THE TWENTY-FIRST JUDICIAL DISTRICT OF TENNESSEE, AT FRANKLIN

| | | |
|---|---|---|
| ERIN MISHKIN | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 23CV-52319 |
| ROBERT GORDON | ) ) ) | |
| Defendant. | ) | |

## AFFIDAVIT OF JAKOB SCHWENDIMANN

I, Jakob Schwendimann, having been duly sworn, depose and state as follows upon my oath:

1. I am over the age of eighteen (18), have personal knowledge of the facts set forth below, and am competent to testify. The statements in this Affidavit are true to the best of my knowledge and belief.

2. I am the duly appointed Clerk & Master of the Williamson County Chancery Court.

3. As the Clerk & Master, I am the custodian of the Williamson County Chancery Court's court records. One of these records is an Order of Protection Ms. Erin Mishkin has against Robert Cole Gordon. My office was in possession of this Order on April 11, 2024.

4. On April 19, 2024, I received a public records request from Mr. Gordon. A true and accurate copy of this request is attached to this Affidavit as Exhibit 1.[1]

5. While determining how to respond to Mr. Gordon's request, I was informed by the Williamson County Attorney that Ms. Mishkin had already requested that her personal

---

[1] In this Exhibit, Ms. Mishkin's personal information—aside from her name—has been redacted to protect her privacy.

Page 1 of 3

information be treated as confidential and that another department of the Williamson County Government, the Williamson County Sheriff's Office, had granted this request.

6. I was also informed that The Williamson County Sheriff's Office had already received and denied a similar records request from Mr. Gordon.

7. I concluded that Ms. Mishkin's request for confidentiality, although not directed at me personally, nevertheless applied to the Clerk & Master's Office as a component of the Williamson County Government. Like the Williamson County Sheriff's Office, I granted this request.

8. Although it is the usual practice of the Williamson County Clerk & Master's Office, like all departments of the Williamson County Government, to provide redacted records when possible, I denied Mr. Gordon's request in its entirety as there was no way for the Williamson County Clerk & Master's Office to provide Mr. Gordon with the records sought without also providing him with Ms. Mishkin's confidential personal information.

9. I personally reviewed the case file concerning *Mishkin v. Mishkin*. The file did not contain any photographic exhibits, a fact that I informed Mr. Gordon of.

10. Ms. Mishkin was never employed by the Clerk & Master of the Williamson County Chancery Court.

11. Neither I nor anyone else in the Williamson County Clerk & Master's Office has been served with either a summons or a copy of a show cause motion relating to any public records request filed by Mr. Gordon. I am aware of the show cause motion because of my duty to file it but have not been served with it as a Respondent.

Page 2 of 3

Further Affiant saith not.

Jakob Schwendimann, Clerk & Master

STATE OF TENNESSEE       )
COUNTY OF WILLIAMSON     )

Sworn and subscribed before me on this 5th day of June 2024.

Debra Stevens
Notary Public

MY COMMISSION EXPIRES: 10-11-27

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, to Pro Se Defendant Robert Cole Gordon, 408 Century Court, Franklin, TN 37064, on this 5th day of June 2024. I further certify that a true and correct copy of the foregoing document has been electronically filed and delivered via electronic mail to Attorney for Plaintiff Jonathan W. Turner, jonathant.turner13@gmail.com, 1284 West Main Street, Suite 104, Franklin TN 37063, on this the 5th day of June 2024.

/s/Lisa M. Carson
Lisa M. Carson

Page 3 of 3

F. O. I. A. REQUEST                                                    4/5/2'

To whom it may concern:

THIS IS A FORMAL REQUEST PURSUANT TO 5 U.S.C. 552, FREEDOM
OF INFORMATION ACT, REQUESTING ANY RECORDS MAINTAINED ON
OR ABOUT THE INDIVIDUAL FORMALLY KNOWN AS "ERIN KATHRYN
MISHKIN", DOB ████████, SOCIAL-SECURITY ██████████.
WILLIAMSON COUNTY JAIL INMATE ID ████████ HOME ADDRESS
████████████████████████████████, EMPLOYER ████████
████████████████ PHONE ████████████
OTHER KNOWN ALIAS: JILL CHASSE - ATTORNEY & ERICA LANE - MINISTER
FROM HOLY LUTHERAN TRINITY CHURCH

PLEASE PROVIDE THE FOLLOWING RECORDS:
1) ARREST RECORD WITH PHOTOS INCLUDING ANY ORDERS OF PROTECTION FROM
    2018 TO PRESENT IN WILLIAMSON COUNTY TENNESSEE.
2) EMPLOYEE RECORD INCLUDING ANY BACKGROUND CHECK OR DOCUMENTS
    SUBMITTED BY THE INDIVIDUAL THAT WOULD BE NOTARIZED OR
    CONSIDERED LEGAL COURT DOCUMENTS THAT COULD BE FORGED
    FROM 2018 TO PRESENT, IE-EXAMPLE - DISMISSAL FORMS, ETC
3) ALL CIVIL & CRIMINAL COURT MATTERS IN WILLIAMSON COUNTY TENNESSE
    INCLUDING PENDING, DISMISSED, OPEN, AND FINAL MATTERS
4) ALL CHILD CUSTODY PROCEEDINGS FROM 2018 TO PRESENT THAT INCLUDE
    THE INDIVIDUAL IN ANY CAPACITY, NOT LIMITED TO ANY RESTRICTIONS
    AND INCLUDING ALL PHOTOS SUBMITTED FOR USE AS EXHIBITS, INCLUDIN
    PHOTOS SHOWING THE INDIVIDUAL ENDANGERING THE WELFARE OF CHILDREN
    IN CASE DAVID SCOTT MISHKIN V ERIN KATHRYN MISHKIN

5) ALL POLICE REPORTS THAT INVOLVE THE INDIVIDUALS NAME OR ADDRESS INDIVIDUALLY & OFFICIALLY INCLUDING ALIAS'S

6) ALL RECORDS OF COMMUNICATION WITH THE INDIVIDUAL INCLUDING PHONE, TEXT, EMAIL, EMAIL ATTACHMENTS, SOCIAL MEDIA, LETTER VIDEO, AND AUDIO

PLEASE PROVIDE THE MENTIONED DOCUMENTS WITHIN 20 DAYS OF RECEIPT OF THIS NOTICE BY MAILING A FULL & COMPLETE LIST OF ALL RECORDS MAINTAINED BY YOUR AGENCY ABOUT THE INDIVIDUAL "ERIN KATHRYN MISHKIN", AKA "JILL CHASSE - ATTORNEY," OR "ERICA LANE - MINISTER". OFFICIAL CAPACITY & INDIVIDUAL CAPACITY.

MAILING ADDRESS:
ROBERT GORDON
408 CENTURY CT #65920
FRANKLIN, TN 37064

ROBERT GORDON

<u>VERIFICATION</u>

STATE OF TENNESSEE

COUNTY OF WILLIAMSON

ROBERT GORDON, AFTER FIRST BEING DULY SWORN, MAKES OATH THAT THE STATEMENTS CONTAINED IN HIS FOREGOING "MOTION TO DETERMINE IF THE DEFENDANT FILED FALSE REPORTS WHILE USING A STOLEN IDENTITY OF A MINISTER FROM A FICTICIOUS CHURCH AND CREATING FALSE DOCUMENTS" ARE TRUE TO THE BEST OF HIS KNOWLEDGE, INFORMATION, AND BELIEF AND THAT HE BRINGS THIS PETITION NOT OUT OF LEVITY OR BY COLLUSION WITH THE DEFENDANT, BUT IN SINCERITY AND TRUTH, AND FOR THE CAUSES MENTIONED THEREIN.

ROBERT GORDON

SWORN AND SUBSCRIBED BEFORE ME ON THIS ____ DAY OF _____ 202___



Notary Public

MY COMMISSION EXPIRES 2/14/2021

NASHVILLE TN 370

15 APR 2024 PM 2

CLERK : MASTER
F. O. I. A REQUEST
135 4TH AVE SOUTH
SUITE 236
FRANKLIN, TN 37064

37064-253851

GORDON
# 65920
405 E CENTURY
FRANKLIN TN

2024 APR 17 PM 12:29
RECEIVED
K & C MASTER
FRANKLIN TN

FILED FOR ENTRY

Lawson

LEGAL MAIL

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2022



FSC
MIX
Envelope
FSC® C137131

BUERGER, MOSELEY, ¦ CARSON PLC                                    4/16/24

c/o LISA CARSON, ESQ

4068 RURAL PLAINS CIR #100

FRANKLIN, TN 37064


        RE: WILLIAMSON COUNTY OFFICIAL MISCONDUCT


Ms CARSON,

        I HOPE YOU ARE DOING WELL. I DO HOPE YOU ¦ I
CAN FIND A MUTUALLY BENEFICIAL RESOLUTION FOR YOUR
CLIENTS ACTIONS. IN THE ATTACHED 83 PAGES, DETAILING IN CHRONOLOGICAL
ORDER, YOU WILL FIND DETAILS I WISH FOR YOU TO DISCUSS
WITH YOUR CLIENTS. SPECIFICALLY WILLIAMSON COUNTY SHERIFFS
OFFICE ¦ WILLIAMSON COUNTY CLERKS OFFICE.


        IT SEEMS YOUR CLIENTS HAVE PLACED ME IN A UNIQUE SITUATION
IN WHICH YOUR ENCOURAGEMENT WILL BE REQUIRED. WHILE I AM SURE
YOU ARE UNAWARE OF A NUMBER OF PENDING ISSUES; PLEASE DO ALLOW
FOR ME TO BRING YOU UP TO SPEED.


        THOUGH YOUR CLIENTS HAVE RETALIATED AGAINST ME FOR FILING
A FREEDOM OF INFORMATION ACT REQUEST AS YOU WILL SEE IN THE
FOLLOWING PAGES, THAT IS NOT MY LARGEST CONCERN. THE FABRICATION
OF COUNTY INVOICES TO BLOCK A COMPLAINT FROM BEING FILED
ABOUT SEXUAL MISCONDUCT ¦ ASSAULT BY THE SHERIFFS OFFICE
IS HOWEVER UTTERLY A PRESSING CONCERN.


                            ①

BUERGER, MOSELEY, & CARSON PLC                                    4/16/24

c/o LISA CARSON, ESQ

4068 RURAL PLAINS CIR #100

FRANKLIN, TN 37064


RE: WILLIAMSON COUNTY OFFICIAL MISCONDUCT


MS CARSON,

I HOPE YOU ARE DOING WELL. I DO HOPE YOU & I
CAN FIND A MUTUALLY BENEFICIAL RESOLUTION FOR YOUR
CLIENTS ACTIONS. IN THE ATTACHED 83 PAGES, DETAILING IN CHRONOLOGICAL
ORDER, YOU WILL FIND DETAILS I WISH FOR YOU TO DISCUSS
WITH YOUR CLIENTS. SPECIFICALLY WILLIAMSON COUNTY SHERIFFS
OFFICE & WILLIAMSON COUNTY CLERKS OFFICE.


IT SEEMS YOUR CLIENTS HAVE PLACED ME IN A UNIQUE SITUATION
IN WHICH YOUR ENCOURAGEMENT WILL BE REQUIRED. WHILE I AM SURE
YOU ARE UNAWARE OF A NUMBER OF PENDING ISSUES, PLEASE DO ALLOW
FOR ME TO BRING YOU UP TO SPEED.


THOUGH YOUR CLIENTS HAVE RETALIATED AGAINST ME FOR FILING
A FREEDOM OF INFORMATION ACT REQUEST AS YOU WILL SEE IN THE
FOLLOWING PAGES, THAT IS NOT MY LARGEST CONCERN. THE FABRICATION
OF COUNTY INVOICES TO BLOCK A COMPLAINT FROM BEING FILED
ABOUT SEXUAL MISCONDUCT & ASSAULT BY THE SHERIFFS OFFICE
IS HOWEVER UTTERLY A PRESSING CONCERN.

①

THAT SAID, I HAVE FOLLOWED ALL OF THE PROPER INTERNAL CHANNELS TO FILE, DOCUMENT, AND APPEAL MY GRIVANCES AND COMPLAINTS, TO NO AVAIL. THE RETALIATION BY CHAD YOUKER & JAKOB SCHWENDIMANN ONLY SEEMS TO ESCALATE AND EVEN INFECT THOSE REPORTING TO THEM. THIS IS MUCH LARGER THAN A SINGLE ISOLATED INCIDENT AND MORE INLINE AT THIS POINT WITH TRULY UNLAWFUL ACTS.

AFTER FILING MY INITIAL COMPLAINT ON 5/12/24 FOR ASSAULT, THREATS, & SEXUAL HARASSMENT BY WCSO STAFF DEPUTIES. I WAS TOLD BY MR YOUKER IN WRITING, "IT IS NOT SEXUAL HARASSMENT BECAUSE IT ONLY HAPPENED ONE TIME." WCSO STAFF APPROACHED ME WHILE IN THE SHOWER AND INSTRUCTED ME TO FONDLE MYSELF. THE STAFF MEMBER LICKED HIS LIPS & MOTIONED TOWARDS HIS GENITALS.

PER FEDERAL PRISON RAPE ELIMINATION ACT STANDARDS, IT IS UNLAWFUL TO MAKE SEXUAL VERBAL COMMENTS & GESTURES OF A SEXUAL NATURE TO AN INMATE BY A STAFF MEMBER OR OBSCENE LANGUAGE OR GESTURES.

PER 34 USCA 80304, FONDLING IS DEFINED AS "TOUCHING OF THE PRIVATE BODY PARTS OF ANOTHER PERSON FOR THE PURPOSE OF SEXUAL GRATIFICATION." THUS, IT CAN BE CONCLUDED WCSO DEPUTY WAS INSTRUCTING FOR ME TO MASTERBATE FOR HIM TO HAVE SEXUAL GRATIFICATION.

(2)

TO MAKE MATTERS MORE COMPLEX YOUR CLIENTS IN THE CLERKS OFFICE RECENTLY, ON 5/30/24, WOULD NOT FILE MY COMPLAINT FOR AN INJUNCTION ON WCSO DEPUTIES BY FABRICATING A INVOICE FOR $300 IN COURT COSTS PURSUANT TO TCA 41-21-812.

HOWEVER, PURSUANT TO TCA 41-21-812 (B) "A COURT MAY ALLOW AN INMATE WHO HAS NOT PAID ANY COST ASSESSED AGAINST THE INMATE TO FILE A CLAIM FOR INJUNCTIVE RELIEF"...

THAT SAID, YOUR CLIENTS REALLY HAVE ME IN A BIND COMING & GOING PER SE. WCSO HAS ADMITTED TO SEARCHING MY LEGAL MAIL AND NOW YOUR CLERK IS FABRICATING INVOICES TO BLOCK A COMPLAINT OF WCSO DEPUTIES. THE SAME WCSO & CLERK THAT DENIED MY FOIA REQUEST & HAVE JOINED A CIVIL ACTION WITH ERIN MISHKIN ~~REDACTED~~, WHO IS ALSO A STATE OF TENNESSEE EMPLOYEE. WHAT A COINCIDENCE.

DESPITE YOUR CLIENTS PERSONAL VIEWS & EDUCATIONAL LEVELS, "ONE TIME" IS TOO MANY AND USUALLY DOES NOT MAKE A GREAT DEFENSE IN COURT. FURTHERMORE, HINDERING A LEGITIMATE EMERGENCY INJUNCTION BY FABRICATING EVIDENCE & STATE DOCUMENTS IS UNLAWFUL. PLEASE ADVISE YOUR CLIENTS THAT TAMPERING WITH OR DELETING EVIDENCE WILL NOT BE BENEFICIAL EVEN THOUGH THEY THINK THEY ARE ABOVE THE LAW. I HOPE NO FURTHER RETALIATION WILL CONTINUE BY YOUR CLIENTS AND PLEASE DO HAVE THEM STOP OPENING MY LEGAL MAIL.

③

IN CLOSING, I WOULD LIKE TO GIVE ALL PARTIES THE BENEFIT OF THE DOUBT AND ALLOW FOR YOU PROPER TIME TO DISCUSS WITH YOUR CLIENTS ON WHAT LOOKS TO BE QUITE AN "INTERESTING" SITUATION. A "COMPELLING STATE INTEREST" PER SE. I FEEL THAT 10 BUSINESS DAYS SHALL SUFFICE TO EXPECT TO HEAR BACK FROM YOU IN WRITING. I CONSIDER THIS MATTER CONFIDENTIAL AS SUCH NEEDED & REQUIRED TO ALLOW FOR A MUTUALLY BENEFICIAL RESOLUTION. THESE TRAUMATIC EVENTS HAVE CAUSED EMOTIONAL DISTRESS & SIGNIFICANT MENTAL & PHYSICAL SUFFERING THAT REQUIRED PROFESSIONAL TREATMENT. IF YOU WOULD LIKE TO SPEAK DIRECTLY PLEASE REACH OUT TO MY ATTORNEYS LOCALLY, JOHN BALLARD 615-330-3520, OR EMAIL JOHN@BALLARD.LAW. I LOOK FORWARD TO YOUR TIMELY REPLY, & I HOPE THIS INTENTIONAL INFLICTION OF MENTAL ANGUISH WILL END.

RESPECTFULLY,

ROBERT GORDON

(4)

4/5/24 - FOIA REQUEST SUBMITTED

4/11/24 - WCSO DENIED FOIA ¿ SENT MR GORDON TO THE HOLE

     CLERK NOT SET SHOW CAUSE HEARING

4/22/24 - CLERK DENIES FOIA

4/26/24 - RULE 60 FRAUD MOTION SUBMITTED

5/1/24 - CLERK STATES THERE ARE NO PHOTOS

     REPLY TO WCSO ¿ CLERK WITH TCA 10-7-504 (A)(16)(H)

5/16/24 - CASE CONTINUED TO JULY 10, 2024 ¿ MR GORDON CIRCUIT COURT FILING

5/20/24 - SHOW CAUSE MOTION FILED

5/23/24 - REPLY FROM CLERK DUE TO TCA 10-7-504 (A)(16)(H)

5/30/24 - LAWSUIT AGAINST WCSO FILED / SUBMITTED

6/4/24 - CLERK RESPONDS TO RECORDS REQUEST

6/5/24 - NOTICE OF APPEARENCE BY LISA CARSON ¿ RESPONSE OF WILLIAMSON COUNTY

6/10/24 - MR GORDON FILED MOTION "SERVING A COMPELLING STATE INTEREST"

     CLERK FABRKATES AN INVOICE ¿ DENIES FILING OF LAW SUIT / COMPLAINTS

     AGAINST WCSO PER TCA 41-21-812 "UNPAID COST"

6/11/24 - MR GORDON REPLY'S WITH TCA 41-21-812 (B) "DON'T NEED TO PAY COST"

6/12/24 - MOTION FILED RULE 34.03 TO COMPEL

**BUERGER, MOSELEY & CARSON, PLC**

ATTORNEYS AT LAW
4068 RURAL PLAINS CIR STE. 100
FRANKLIN, TENNESSEE 37064

LISA M. CARSON
lcarson@buergerlaw.com

TELEPHONE 615-794-8850
TELEFAX 615-790-8861

<u>Via U.S. MAIL</u>

July 10, 2024

Robert Gordon
c/o Williamson County Jail
408 Century Court
Franklin, Tennessee 37064

> Re: Mishkin v. Gordon
> July 10, 2024; Williamson Chancery Show Cause hearing

Dear Mr. Gordon,

Enclosed please find a Proposed Order, which was filed electronically with the Court on July 10, 2024.

Thank you,

BUERGER, MOSELEY& CARSON, PLC

Olivia Huskey
Legal Assistant to Lisa M. Carson

# IN THE CHANCERY COURT FOR THE TWENTY-FIRST JUDICIAL DISTRICT OF TENNESSEE, AT FRANKLIN

ERIN MISHKIN )
)
    Plaintiff, )
)
v. ) Case No. 23CV-52319
)
ROBERT GORDON )
)
    Defendant. )

## ORDER

This matter came on to be heard upon multiple motions filed by Defendant Robert Gordon, upon appearance in open court by Defendant Gordon, counsel for Plaintiff, and counsel for Williamson County, and upon the record in this cause from which the Court finds as follows:

1. This Court currently lacks subject matter jurisdiction over Defendant's Rule 60 Motions and other motions related to the underlying litigation due to the pending appeal, and therefore no action on such motions is taken at this time.

2. This Court retains jurisdiction over the Defendant's Motion to Show Cause related to Public Records and related Rule 11 motions filed by Defendant and by counsel for Plaintiff.

3. As to the Motion to Show Cause related to public records, the Court finds as follows:

    a. The Motion is not properly before the Court, as Tenn. Code Ann. Section 10-7-505 does not provide a mechanism for bringing a public records action against a public records custodian in the context of an ongoing proceeding in which neither the records custodian nor the public entity possessing the records is a party.

Page 1 of 4

b. The Court further finds, in the alternative, that the Court lacks personal jurisdiction over the custodians of Williamson County records because they have not been properly served with process in this matter.

c. The Court further finds, in the alternative, that even if the matter were properly before the Court, the Motion to Show Cause should be denied, because the records sought are exempt from disclosure under the Tennessee Public Records Act. Specifically, the Court finds that the records are exempt from disclosure under Tenn. Code Ann. Section 10-7-504(a)(16), because Plaintiff has a valid pending order of protection against Defendant and has requested in writing that the custodians of records not disclose her records to Defendant. The statute provides that in such instances, the beneficiary of an order of protection may request that all identifying information be withheld, including "any other information that could reasonable be used to locate the whereabouts of an individual." In light of the relationship between the parties, the targeted nature of the request, and the currently effective Order of Protection, redaction of only portions of the records would not be sufficient, and the Court therefore finds that the County records custodians were justified in withholding the records in their entirety.

d. The Court further finds, in the alternative, that Plaintiff enjoys a constitutional right to privacy and that in this instance, where the information sought is not relevant to any proceeding before the Court, ordering production of such records would violate her constitutional right to privacy.

4. As to the Motions for Sanctions, the Court finds as follows:

a. Defendant's Motion for Sanctions as to the County custodians of records or their legal counsel is not well taken and will be denied. The Court has found the custodians' arguments to be meritorious and finds no basis for sanctions. The Court further finds no basis for sanctions against Plaintiff's counsel, and Defendant's Motion for Sanctions as to Plaintiff and/or her counsel are likewise denied.

b. The Court further denies Plaintiff's Motion for Sanctions against Defendant but cautions Defendant that inclusion of false statements in filings with the Court may result in sanctions in the future.

5. Finally, upon oral motion made by Plaintiff's counsel in open court that this record be sealed, the Court finds the motion to be well-taken, and orders the Clerk and Master to seal the entire record in this cause, for protection of the privacy of the parties and counsel.

It is so ORDERED.


Approved for Entry:

**BUERGER, MOSELEY & CARSON, PLC**

/s/Lisa M. Carson
Lisa M. Carson, BPR# 14782
*Attorney for Nonparty Respondent*
*Williamson County, Tennessee*
4068 Rural Plains Cir., Suite 100
Franklin, TN 37064
Telephone: (615) 794-8850
Facsimile: (615) 790-8861
Email: lcarson@buergerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, to Pro Se Defendant Robert Cole Gordon, 408 Century Court, Franklin, TN 37064, on this 10th day of July 2024. I further certify that a true and correct copy of the foregoing document has been electronically filed and delivered via electronic mail to Attorney for Plaintiff Jonathan W. Turner, jonathant.turner13@gmail.com, 1284 West Main Street, Suite 104, Franklin TN 37063, on this the 10th day of July 2024.

/s/Lisa M. Carson
Lisa M. Carson

Case 3:24-cv-01121    Document 49-7    Filed 03/16/26    Page 42 of 47 PageID #: 832

ELECTRONICALLY FILED
2024 Jul 23 3:18 PM - 23CV-52319
Williamson County, Clerk & Master

## IN THE CHANCERY COURT FOR THE TWENTY-FIRST JUDICIAL DISTRICT OF TENNESSEE, AT FRANKLIN

| | | |
|---|---|---|
| ERIN MISHKIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23CV-52319 |
| | ) | |
| ROBERT GORDON | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter came on to be heard upon multiple motions filed by Defendant Robert Gordon, upon appearance in open court by Defendant Gordon, counsel for Plaintiff, and counsel for Williamson County, and upon the record in this cause from which the Court finds as follows:

1. This Court currently lacks subject matter jurisdiction over Defendant's Rule 60 Motions and other motions related to the underlying litigation due to the pending appeal, and therefore no action on such motions is taken at this time.

2. This Court retains jurisdiction over the Defendant's Motion to Show Cause related to Public Records and related Rule 11 motions filed by Defendant and by counsel for Plaintiff.

3. As to the Motion to Show Cause related to public records, the Court finds as follows:

   a. The Motion is not properly before the Court, as Tenn. Code Ann. Section 10-7-505 does not provide a mechanism for bringing a public records action against a public records custodian in the context of an ongoing proceeding in which neither the records custodian nor the public entity possessing the records is a party.

Page 1 of 4

b. The Court further finds, in the alternative, that the Court lacks personal jurisdiction over the custodians of Williamson County records because they have not been properly served with process in this matter.

c. The Court further finds, in the alternative, that even if the matter were properly before the Court, the Motion to Show Cause should be denied, because the records sought are exempt from disclosure under the Tennessee Public Records Act. Specifically, the Court finds that the records are exempt from disclosure under Tenn. Code Ann. Section 10-7-504(a)(16), because Plaintiff has a valid pending order of protection against Defendant and has requested in writing that the custodians of records not disclose her records to Defendant. The statute provides that in such instances, the beneficiary of an order of protection may request that all identifying information be withheld, including "any other information that could reasonable be used to locate the whereabouts of an individual." In light of the relationship between the parties, the targeted nature of the request, and the currently effective Order of Protection, redaction of only portions of the records would not be sufficient, and the Court therefore finds that the County records custodians were justified in withholding the records in their entirety.

d. The Court further finds, in the alternative, that Plaintiff enjoys a constitutional right to privacy and that in this instance, where the information sought is not relevant to any proceeding before the Court, ordering production of such records would violate her constitutional right to privacy.

4. As to the Motions for Sanctions, the Court finds as follows:

a. Defendant's Motion for Sanctions as to the County custodians of records or their legal counsel is not well taken and will be denied. The Court has found the custodians' arguments to be meritorious and finds no basis for sanctions. The Court further finds no basis for sanctions against Plaintiff's counsel, and Defendant's Motion for Sanctions as to Plaintiff and/or her counsel are likewise denied.

b. The Court further denies Plaintiff's Motion for Sanctions against Defendant but cautions Defendant that inclusion of false statements in filings with the Court may result in sanctions in the future.

5. Finally, upon oral motion made by Plaintiff's counsel in open court that this record be sealed, the Court finds the motion to be well-taken, and orders the Clerk and Master to seal the entire record in this cause, for protection of the privacy of the parties and counsel.

It is so ORDERED.

Approved for Entry:

**BUERGER, MOSELEY & CARSON, PLC**

/s/Lisa M. Carson
Lisa M. Carson, BPR# 14782
*Attorney for Nonparty Respondent*
*Williamson County, Tennessee*
4068 Rural Plains Cir., Suite 100
Franklin, TN 37064
Telephone: (615) 794-8850
Facsimile: (615) 790-8861
Email: lcarson@buergerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage prepaid, to Pro Se Defendant Robert Cole Gordon, 408 Century Court, Franklin, TN 37064, on this 10th day of July 2024. I further certify that a true and correct copy of the foregoing document has been electronically filed and delivered via electronic mail to Attorney for Plaintiff Jonathan W. Turner, jonathant.turner13@gmail.com, 1284 West Main Street, Suite 104, Franklin TN 37063, on this the 10th day of July 2024.

/s/Lisa M. Carson
Lisa M. Carson

**Case Title:**    Erin Mishkin vs Robert Cole Gordon

**Case Number:**    23CV-52319

**Type:**    ORDER

So Ordered

Deanna B. Johnson

Electronically signed on 2024-07-23 15:18:34    page 5 of 5