| | |
|---|---|
| ROBERT C. GORDON, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAMSON COUNTY SHERIFF'S OFFICE, CHAD YOUKER, ASHLEY LINDQUIST, f/n/u APER, CHRIS GRAY, JEFF HUGHES, and LISA CARSON, ESQ.[1], <br><br> Defendants. | Case No. 3:24-cv-1121 <br><br> Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Luke A. Evans |

## **MEMORANDUM ORDER**

Pending before the Court is pro se Plaintiff Robert Gordon's motion for leave to file a first amended complaint. (Doc. No. 46.) Williamson County Sheriff's Office ("WCSO") Defendants Chad Youker, Ashley Lindquist, Chris Gray, and Jeff Hughes oppose the motion (Doc. No. 51) and the issue is ripe for consideration. For the reasons that follow, Gordon's motion to amend will be granted. This renders the WCSO Defendants' motion for judgment on the pleadings (Doc. No. 55) moot.

Additionally, Gordon has multiple discovery-related motions pending. (Doc. Nos. 27, 32, 47.) These motions will be denied without prejudice to refiling.

---

[1] This memorandum order does not pertain to Defendant Linda Carson and Gordon's claim against her is addressed by a separate Report and Recommendation.

## I. Background

### A. Factual Background

At the time of the events underpinning his complaint, Gordon was a pretrial detainee being held at the Williamson County jail. (Doc. No. 1.) Gordon alleges that, on May 12, 2024, he was showering when Aper "demanded [he] masturbate for [Aper's] sexual gratification and he watched." (*Id.* at 6.) Gordon adds that Aper "instructed the Plaintiff to 'go fondle [him]self' as [Aper] stood gazing at the Plaintiff[,] licking his lips[,] and making motions to his genitals." (*Id.* at 20.) As a result of the alleged incident, Gordon states that he requested mental healthcare because he experienced "severe [Post-traumatic stress disorder], anxiety, emotional distress, thoughts of suicide, and depression" but that WCSO Defendants refused his request. (*Id.* at 6.)

Aper maintained his employment despite Gordon's grievances and continued to work on the same floor where Gordon was housed. (Doc. No. 1.) As a result, Gordon asserts that he faced a continuous threat of sexual abuse at Aper's hands from May 12, 2024, until June 15, 2024. (*Id.*) However, he later states that, on May 23, 2024, the WCSO Defendants placed him "on involuntary segregation for over 100 days" after he raised his concerns with Defendants. (*Id.*) On June 15, 2024, Gordon alleges that Youker told him that "'Aper admitted [to Gordon's allegations]' and [Aper] coincidentally 'resigned for personal reasons[.]'" (*Id.* at 22.) Gordon states that it was not until August 20, 2024—over 100 days after he filed his first grievance and more than two months after Aper's resignation—that he was removed from segregation and returned to general population. (Doc. No. 1.)

### B. Procedural Background

Prior to filing the instant civil rights action, Gordon asserts that he exhausted the administrative grievance process in an effort to report Aper's behavior. (*Id.*) On the same day as the alleged incident, Gordon states that he filed a "'PREA' complaint" with WCSO staff supervisor

2

"Corporal Johnson[.]" (*Id.* at 21.) Gordon avers that his initial grievance was reviewed and denied by Gray and Lindquist on May 14, 2024, as "not PREA related" and "unsubstantiated." (*Id.*) Later that day, Gordon asserts that he appealed the decision to Youker and that "Youker replied to the appeal stating 'it was not (sexual) harassment because it only was stated one time and not repeated[.]" (*Id.*)

It was approximately one week later, on May 23, 2025, that Gordon says he was "placed on involuntary segregation for over 100 days . . . ." (*Id.* at 22.) Between June and August 2024, Gordon claims that he filed numerous requests and grievances to be returned to general population, to receive mental health treatment or assistance due to the purported harassment, and for a resumption of inmate privileges. (Doc. No. 1.) Gordon states that all of the requests were subsequently denied by the WCSO Defendants. (*Id*. at 22–23.)

Gordon filed the instant civil rights action on September 17, 2024, and he applied to proceed *in forma pauperis* ("IFP"). (Doc. Nos. 1, 2.) In his initial complaint, Gordon raises claims under 42 U.S.C. § 1983 alleging: (1) sexual abuse, harassment, and voyeurism in violation of the Prison Rape Elimination Act ("PREA"), 34 U.S.C. § 30301 *et seq.*, against Aper; (2) violations of PREA standards by all of the Defendants except for Aper; and (3) First Amendment retaliation against all of the Defendants except for Aper. (Doc. No. 1.)

Due to Gordon's status as a pro se and IFP litigant held in pretrial detention, the Court was obligated to conduct an initial screening of his complaint consistent with 28 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. No. 10.) As relevant for this memorandum order, the Court allowed two of Gordon's claims to proceed. (*Id.*) First, the Court found that Gordon raised a plausible claim of sexual harassment as cruel and unusual punishment against all the named Defendants. (*Id.*) As detailed below, when such claims are brought by pretrial detainees, the claim implicates the Due

Process Clause of the Fourteenth Amendment. (*Id.*) Second, the Court found Gordon plausibly alleged one claim of First Amendment retaliation against Youker alone. (*Id.*)

Gordon filed a motion on January 21, 2016, styled as a motion for a scheduling order. (Doc. No. 32.) However, Gordon actually seeks an order compelling WCSO Defendants to comply with his January 5, 2026 request for documents (Doc. No. 27). (Doc. No. 32).

On March 12 and 13, 2026, Gordon filed a motion for leave to amend his complaint (Doc. No. 46) and a motion to compel WCSO Defendants to disclose Aper's contact information (Doc. No. 47), respectively. Before responding in opposition to Gordon's motion to amend his complaint, the WCSO Defendants filed their first amended answer on March 16, 2026. (Doc. No. 49.) The WCSO Defendants then filed a response in opposition to Gordon's motion to amend on March 26, 2026 (Doc. No. 52), and a motion for judgment on the pleadings on the same day (Doc. No. 55). Gordon has failed to timely respond to the WCSO Defendants' motion.

## II.      Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803,

4

817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing de novo district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "'manifests "liberality in allowing amendments to a complaint."'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

### III.     Analysis

Gordon's motion purports to include an "amended [and] supplemental complaint, memorandum of law supporting, [and an] emergency motion for preliminary injunction[2]" and the proposed complaint is 163-pages long. (Doc. No. 46-1 at 1.) The lengthy motion and supporting memorandum renew earlier arguments included in his previous filings and raise new allegations regarding conduct by Youker, specifically, and the WCSO Defendants more generally. (Doc. No. 46-1.) Gordon's filing further raises new arguments and attempts to counter the Defendants' asserted defenses and arguments, such as qualified immunity. (*Id.*)

In response, the WCSO Defendants oppose the motion and request that the motion be denied or, if the motion is granted, for the Court to screen the amended complaint under 28 U.S.C. § 1915A & 42 U.S.C. § 1997e(c). (Doc. No. 52.) According to the WCSO Defendants, the motion should be denied because: (1) the amendment is untimely due to Gordon's undue delay; (2) Gordon acted in bad faith or with dilatory motive; (3) Gordon's amended claims and arguments

---

[2]     Because Gordon's entry at Docket Number 46-1 is not yet the operative complaint, the Court does not contemplate his arguments on the merits of the issue in this memorandum order.

would be futile; and (4) it is in the interest of judicial economy to deny a request to amend when the Court has already been inundated with wasteful motions. (*Id.*)

Although Gordon chose not to file an optional reply, the Court nevertheless finds that the WCSO Defendants' arguments do not, under the circumstances, overcome Rule 15's liberal standard of allowing amendments.

### A.     Undue Delay

WCSO Defendants first argue that Gordon's motion should be denied because he "waited eighteen (18) months to file [the motion,] which largely contains the same 'Issues and Facts' as alleged in the original Complaint." (Doc. No. 52 at 4.) It is true that Gordon filed his original complaint on September 17, 2024 (Doc. No. 1), and did not seek leave to file his amended complaint until March 12, 2026 (Doc. No. 46). However, in relation to the WCSO Defendants, Gordon filed his motion just under one month after those defendants made appearances and answered his complaint. As WCSO Defendants recognize, "courts have consistently held that 'delay alone is an insufficient basis for denying leave to amend.'" (Doc. No. 52 at 3–4 (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986).) Additionally, Sixth Circuit precedent makes clear that delay is only disqualifying if it causes prejudice; that is, delay and prejudice are not synonymous. *See Tefft v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982) ("Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading,") Defendants make no mention of what, if any, prejudice would result by allowing the amendment. Nor does the Court find that sufficient prejudice would result if Gordon were allowed to amend. Accordingly, this factor weighs in favor of permitting Gordon's amendment.

6

## B. Bad Faith or Dilatory Motive

The basis of the WCSO Defendants' bad faith argument relies on the fact that Gordon is repeating the same allegations made in the original complaint and that he is attempting to "merely clarify already-existing allegations" through amendment. (Doc. No. 52 at 5.) Relatedly, WCSO Defendants argue that Gordon's proposed amended allegations were known to him prior to bringing his action and therefore Gordon was dilatory by not raising them earlier. (Doc. No. 52.) The Court finds this argument lacking. WCSO Defendants follow this line of reasoning with the contradictory statement that Gordon's "only new argument is that the alleged retaliation is ongoing." (*Id.* at 5.) Even if Gordon could have alleged additional claims of retaliation earlier, a delay in bringing claims where one already had the necessary information underpinning that claim is merely an indication of bad faith; it is not decisive. *See, e.g. U.S. ex rel. Am. Textile Mfrs. Inst., Inc. v. The Ltd., Inc.*, 179 F.R.D. 541, 550 (S.D. Ohio 1998), *aff'd sub nom. Am. Textile Mfrs. Inst., Inc. v. The Ltd., Inc.,* 190 F.3d 729 (6th Cir. 1999) (denying amendment to complaint where Plaintiff's dilatory actions caused undue delay and ***potential bad faith*** where they knew of the issues long before filing its motion to amend) (emphasis added). *But see Christensen v. Piceance Well Serv., Inc.*, Case No. 2:15–CV–272, 2016 WL 6956605, at *2 (D. Utah Nov. 28, 2016) (finding no bad faith where there were no signs that the movant sought to amend for inappropriate or suspicious reasons or to mislead the Court).

While the WCSO Defendants point to some authorities in support of the contention that motions to amend may be denied where a plaintiff attempts to amend based on information available to them earlier in the litigation, the Court finds that denial on that basis is not appropriate at this time.

## C. Futility

The WCSO Defendants also argue that leave should be denied because Gordon's proposed amendment is futile. (Doc. No. 52.) However, where a dispositive motion and a motion for leave to file an amended complaint are pending at the same time, construing a futility argument made in opposition to amendment presents something of a "conceptual difficulty." *Durthaler v. Accounts Receivable Mgmt., Inc.*, No. 2:10–cv–1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011). This is particularly true when the motion to amend is referred to a magistrate judge—who, by statute, cannot rule on a dispositive motion, 28 U.S.C. § 636(b)(1)(A)—and the dispositive motion is pending before the district judge, vested with Article III authority. *Id.* In this circumstance, where the same legal issue appears before both the district and magistrate judge in different procedural postures, "[a]t least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss." *Id.*; *see also Nichols v. Vill. of Minerva*, No. 5:14-cv-613, 2015 WL 845714, at *3 (N.D. Ohio Feb. 25, 2015) (finding this "the most efficient way" to address futility arguments); *Vanburen v. Ohio Dep't of Pub. Safety*, No. 2:11–cv–1118, 2012 WL 5467526, at *4 (S.D. Ohio Nov. 9, 2012) (same). The Court finds that to be the case here.

For the foregoing reasons, Gordon's motion for leave to file a first amended complaint is granted. However, the Court will limit Gordon to allegations and arguments that the Court has already explained are potentially viable.

## D. Screening

The Court finds that, while Gordon should be permitted to file an amended complaint, his proposed amended complaint is problematic. First, the proposed amendment and supporting

documents span over 160 pages and, in many places, are practically illegible. (Doc. No. 46–46-3.) Additionally, Gordon's proposed amendment recycles claims that the Court previously reviewed and dismissed as required under the Prison Litigation Reform Act. (Doc. No. 10.)

As a result, the Clerk's Office will not be asked to docket Gordon's proposed amendment as his first amended complaint as would normally be the case. Instead, if Gordon seeks to continue this action, he will have fourteen days from receipt of this memorandum order to file his first amended complaint within the following parameters:

- The amended complaint must comply with Federal Rule of Civil Procedure 8(a)(2), which requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2);

- The Williamson County Sheriff's Office as an entity may not be a named defendant (Doc. No. 10 at 9) (dismissing WCSO as a defendant);

- Any claims of retaliation based on Gordon's placement in protective custody may be raised against Youker only; and

- No claims may be brought under the PREA (Doc. No. 10 at 6) (explaining there is no claim for which relief may be provided established by the statutory standards of the PREA).

### E.   Outstanding Motions

#### 1.   Discovery Motions

The Court will also deny Gordon's pending discovery-related motions because they are untimely and/or improper. Gordon first filed a motion styled as a "request for production of documents" with the Court on January 5, 2026. (Doc. No. 27.) On January 21, 2026, Gordon filed a motion for a scheduling order and to compel discovery. (Doc. No. 32.) On March 13, 2026,

Gordon filed an additional motion to compel. (Doc. No. 47.) Gordon's initial request for production is improper because "discovery requests are not to be filed with the Court[ ]" and, "[i]nstead, they should be directed to the party in accordance with the Federal Rules of Civil Procedure and Local Rules of Court." *Middlebrooks v. Helton*, Civil Action No. 3:23-cv-0054, 2023 WL 12107897, at *2 (M.D. Tenn. Dec. 28, 2023). Even if Gordon had presented evidence that he served his request for production on the WCSO Defendants as required, his motion and the subsequent motions to compel are improper and premature.

This Court has explained that "a party should not seek relief from the Court with regard to discovery issues without first complying with the requirements of Local Rule 37.01." *Id.* This rule requires that parties engage in an interactive process whereby discuss and attempt to resolve discovery disputes before asking the Court to intervene and compel production. *Id.* Here, Gordon's discovery request was filed directly with the Court (Doc. No. 27) and his subsequent motions to compel WCSO Defendants' responses were brought prior to the time allowed for them to respond under the rules and without any attempt to resolve any alleged deficiencies in the response. As a result, Gordon's motions are denied.

## IV. Conclusion

For the foregoing reasons, Plaintiff Robert Gordon's motion for leave to file a first amended complaint (Doc. No. 46) is **GRANTED** and Gordon is **ORDERED** to file a concise amendment consistent with this Memorandum Order and the Court's original Screening Order (Doc. No. 10) **WITHIN FOURTEEN (14) DAYS** of entry of this order.

Because Gordon will have an opportunity to file an amended complaint, the Motion for Judgment on the Pleadings filed by Williamson County Sheriff's Office Defendants Chad Youker, Ashley Lindquist, Chris Gray, and Jeff Hughes (Doc. No. 55) is **DENIED AS MOOT**.

Lastly, Gordon's motion to produce documents (Doc. No. 27), motion for a scheduling order and to compel discovery (Doc. No. 32), and motion to compel (Doc. No. 47) are all **DENIED**.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge