| | |
|---|---|
| ROBERT C. GORDON,<br><br>        Plaintiff,<br><br>v.<br><br>WILLIAMSON COUNTY SHERIFF'S OFFICE, CHAD YOUKER, ASHLEY LINDQUIST, f/n/u APER, CHRIS GRAY, JEFF HUGHES, and LISA CARSON, ESQ.,<br><br>        Defendants. | Case No. 3:24-cv-01121<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Luke A. Evans |

To:     The Honorable Waverly D. Crenshaw, Jr., District Judge

## **REPORT AND RECOMMENDATION**

Pending before the Court is pro se Plaintiff Robert Gordon's "Emergency Motion for Injunctive Relief" filed on January 14, 2026. (Doc. No. 30.) Of the named defendants, only Defendant Lisa Carson responded in opposition.[1] (Doc. Nos. 33, 34.) Subsequently, Gordon filed an "objection" to Carson's earlier motion to stay proceedings that, as relevant here, also served as his reply in support of his motion for a preliminary injunction. (Doc. No. 39.) Due to the nature of Gordon's omnibus filing, Carson moved to strike Gordon's reply or, in the alternative, for leave of Court to file a sur-reply. (Doc. No. 42.)

For the reasons that follow, the Magistrate Judge will recommend that Gordon's "emergency motion for injunctive relief" be denied. Accordingly, Carson's motion to strike or for leave to file a sur-reply should be denied as moot.

---

[1]     At the time of Gordon's motion, he had not effectuated service of process as to the other defendants and the Court lacks personal jurisdiction to issue "an injunction against a person not served with process." *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006).

## I.    Relevant Background

Because this is just one of several orders necessitated by Gordon's filings, the Court presumes familiarity with the background and will only repeat that which is necessary for the instant Report and Recommendation. In his complaint, Gordon states that, while in pretrial detention, Williamson County Sheriff's Office ("WCSO") deputy f/n/u Aper "demanded [Gordon] masturbate for his sexual gratification while [Gordon] showered and [Aper] watched." (Doc. No. 1 at 6.) After this encounter, Gordon filed a grievance with other WCSO personnel and reported the conduct. (Doc. No. 1.) Gordon's grievance and subsequent appeal were denied. (*Id.*) After exhausting the administrative grievance process, Gordon states that he was "placed [i]n involuntary segregation for over 100 days" in retaliation for reporting Aper's alleged misconduct. (*Id.* at 22.) Gordon also claims that the named defendants further retaliated against him by refusing to prosecute crimes Gordon alleges that his wife has committed and by "restricting all access to facility programs, privileges, and education." (*Id.* at 8, 9, 28; Doc. No. 39.)

After Gordon filed the instant suit, the Court screened his complaint consistent with his status as a pro se plaintiff proceeding *in forma pauperis* ("IFP") and found that Gordon had pled one plausible count of First Amendment retaliation against Defendant Chad Youker. (Doc. No. 10.) As relevant here, Gordon filed his "emergency motion for injunctive relief" on January 14, 2026, under Federal Rule of Civil Procedure 65. (Doc. No. 30.) For relief, Gordon asks that: (1) the Court enforce the laws and constitutions of the State of Tennessee and the United States; (2) the Court order the named defendants to do the same, as well as to "follow all laws and rules[,] including stop reading attorney-client communication[s] . . ."; (3) the Court compel the WCSO and the Federal Bureau of Investigation to accept a police report of allegations against his wife, which he says is supported by a forensic report appended to his motion for injunctive relief; (4) the Court grant injunctive relief barring the defendants from further retaliating against Gordon

and ordering the defendants to "stop destroying evidence" and interfering with Gordon's legal mail; and (5) "all other relief deemed proper[,] including sanctions . . . ." (*Id.* at 6.)

In response, Carson argues that the purported motion for a preliminary injunction is, in actuality, Gordon's attempt to amend his complaint to bring entirely new claims. (Doc. No. 34.) Carson points out that Gordon makes no mention of his wife and her alleged crimes in his complaint, but that the motion at issue contains novel allegations about her supposed criminality and the defendants' purported refusal to investigate Gordon's accusations. (*Id.*) Carson therefore argues that the Court should screen Gordon's motion for injunctive relief for plausible claims as it did his initial complaint. (*Id.*) Regarding the merits of a motion for a preliminary injunction, Carson argues that Gordon has failed to plead sufficient facts to demonstrate that injunctive relief is necessary. (*Id.*) Carson is correct that Gordon does not explicitly address any of the four preliminary injunction factors in his motion for relief and incorporated memorandum in support. (*Id.*) And in moving to strike Gordon's reply in support of his motion, Carson argues that Gordon's filing should be stricken for raising new arguments and factual assertions for the first time. (Doc. No. 42.) Carson is correct that raising claims for the first time in a reply brief is impermissible. However, the Court exercises its discretion in light of Gordon's pro se status to assess those arguments in Gordon's reply that only pertain to the merits of his request for injunctive relief.

## II.     Legal Standard

Federal Rule of Civil Procedure 65(a) governs motions for preliminary injunctions. Fed. R. Civ. P. 65(a)(1)–(2). A preliminary injunction is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington–Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In determining whether to grant an injunction, the court examines four  factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if

the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Mem'l Hosp.*, 201 F.3d 830, 833 (6th Cir. 2000).

As the Court has explained, "these factors are a balancing test, [but] 'even the strongest showing on the other three factors cannot eliminate the irreparable harm requirement.'" *Pavia v. Nat'l Collegiate Athletic Ass'n*, 760 F. Supp. 3d 527, 536 (M.D. Tenn. 2024) (Campbell, C.J.) (quoting *D.T. v. Sumner Cty. Sch.*, 942 F.3d 324, 326-27 (6th Cir. 2019)). *See also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008) ("Merely showing the possibility of irreparable harm is not sufficient; the plaintiff must demonstrate that "irreparable injury is likely in the absence of an injunction."). Moreover, "a finding that there is simply no likelihood of success on the merits is usually fatal" to a request for injunctive relief. *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). The movant bears a heavy burden to demonstrate his entitlement to an injunction. "The movant 'faces a burden of proof "more stringent than the proof required to survive a summary judgment motion."'" *Pavia* 760 F. Supp. 3d at 535 (quoting *Enchant Christmas Light Maze & Mkt. Ltd. v. Glowco, LLC*, 958 F.3d 532, 539 (6th Cir. 2020)). The "'ultimate determination as to whether the four preliminary injunction factors weigh in favor of granting or denying preliminary injunctive relief' [is] in the court's discretion[.]" *Newsom v. Golden*, 602 F. Supp. 3d 1073, 1081 (M.D. Tenn. 2022) (quoting *Union Home Mortg. Corp. v. Cromer*, 31 F.4th 356, 366 (6th Cir. 2022)).

## III.    Analysis

As an initial matter, the Court finds that parts of the injunctive relief that Gordon seeks are improper. Specifically, Gordon asks the Court to follow and enforce the law, order the defendants to follow and enforce the law, and order the defendants to accept Gordon's police report wherein he accuses his wife of fraud. (Doc. No. 30.)

4

Gordon's request that this Court follow the law and order the defendants to do the same can fairly be construed as a request for an "obey the law" injunction. Under Rule 65, an injunction must "state its terms specifically" and "describe in reasonable detail . . . the act or acts sought to be restrained." Fed. R. Civ. P. 65(d)(1)(B), (C). The Sixth Circuit has explained that an "obey the law" injunction like the one Gordon seeks here is overbroad where it "does no more than prohibit any and all conduct in contravention of already existing law[.]" *Perez v. Ohio Bell Tel. Co.*, 655 F. App'x 404, 412 (6th Cir. 2016). Accordingly, "obey the law" injunctions are disfavored and permitted only in limited circumstances under Sixth Circuit precedent. *Camper v. Lyft Tenn., Inc.*, 405 F. Supp. 3d 744, 746 (M.D. Tenn. 2019). *See also Calvert Health, LLC v. Four Leaf Liquidators, LLC*, No. 3:23-cv-00110, 2024 WL 69953, at *10 (M.D. Tenn. Jan. 5, 2024). Here, the Court finds that injunctive relief of this nature is unattainable because the allegations in Gordon's complaint and motion for injunctive relief, even if accepted as true, do not entitle him to a broad "obey the law" injunction. *See S.B. by and Through N.B. v. Williamson Cnty. Bd. of Educ.*, No. 3:24-cv-00546, 2024 WL 4520432, at *2 n.2 (M.D. Tenn. Oct. 17, 2024) (Campbell, C.J.).

Similarly, where Gordon seeks a Court order compelling the WCSO or any other law enforcement agency to accept his allegations, investigate, and prosecute his wife is impermissible. Courts have repeatedly explained that no individual private citizen has a judicially cognizable interest in the criminal investigation or prosecution of another individual, nor can this Court compel a law enforcement agency to open an investigation. *H.C. Brown, Jr., #578263 v. Jason Clendenion et al.*, NO. 3:24-cv-01228, 2026 WL 927379, at *5 (M.D. Tenn. Apr. 6, 2026) (collecting authorities).

The Court will next evaluate whether Gordon has met his burden on the lone remaining request: "injunctive relief from further retaliation" by the defendants to this action and an order

enjoining the WCSO Defendants from "destroying evidence or anything that could be evidence" and to allow Gordon "to send and receive all legal mail and communication" without WCSO staff reading his "privileged mail and communication." (Doc. No. 30 at 6.)

### A. Irreparable Harm

The Court begins by assessing Gordon's factual assertions and arguments concerning irreparable harm for two reasons. First, it is the preeminent factor to be considered and failure to sufficiently demonstrate irreparable harm absent a preliminary injunction is fatal to the request. Second, it is the sole factor that the Court can find in Gordon's motion for injunctive relief and reply brief that Gordon ostensibly tried to address. (Doc. Nos. 30, 42.) Because Gordon proceeds pro se, the Court construes his filings "liberally" and holds his complaint "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Construed liberally in light of Gordon's pro se and IFP status, the Court finds the following arguments plausibly relate to his claim of irreparable harm. First, Gordon implies in his motion that, absent a preliminary injunction, his "right to file a police report" and, more generally, his liberty, will be infringed upon.[2] (Doc. No. 30 at 3.) He then concludes his motion by stating that the "laws and rules" are intended to "protect [Gordon] from situations like this that create irreparable injury." (*Id.* at 5.) In an affidavit attached to his motion for injunctive relief, Gordon

---

[2] Gordon also makes a fleeting argument that his rights under the Equal Protection Clause of the Fourteenth Amendment would continue being denied. (Doc. No. 30 at 3.) However, no equal protection clause claim is before the Court in Gordon's instant suit and therefore may not be the basis of a preliminary injunction. *See Bowers v. Leibach*, No. 3:17–1599, 2018 WL 3157014, at *2 (M.D. Tenn. June 28, 2018) ("A basic showing necessary for obtaining a preliminary injunction is that there must be some relationship between the conduct giving rise to the claim in the complaint and the injury sought to be prevented by the motion for preliminary injunctive relief."), *report and recommendation adopted by*, 2018 WL 4111886 (M.D. Tenn. Aug. 29, 2018).

states that he is "in constant fear of physical abuse and intention[al] infliction of mental anguish from co-defendants' retaliation." (*Id.* at 7.)

In opposing Gordon's motion, Carson argues that the Court should first screen Gordon's request for injunctive relief consistent with the Prison Litigation Reform Act because Gordon seeks to bring new claims in his motion. (Doc. No. 34.) On the merits of his request for a preliminary injunction, Carson states that Gordon has failed to sufficiently plead facts "supporting a claim that he will suffer irreparable harm without injunctive relief[,]" which is the indispensable factor. (*Id.* at 9.) In his reply—which Carson asks the Court to strike—Gordon fails to address Carson's argument as to the irreparable harm factor and instead makes generalized assertions that the defendants continue to retaliate against him. (Doc. No. 39.)

To establish that an individual will suffer irreparable harm absent a preliminary injunction, a movant must show that irreparable injury is "certain and immediate," and the threatened injury must be such that "money damages" cannot fix. *A.M.C. v. Smith*, 620 F. Supp. 3d 713, 731 (M.D. Tenn. 2022) (internal citations omitted). Moreover, the threatened irreparable injury "must be forward-looking" and past injuries are insufficient to satisfy this factor. *Id.*

While the Court construes pro se litigants' pleadings liberally, there are limits to this principle and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Insofar as Gordon pleads facts related to any purported irreparable injury, he appears to argue violations of his "right" to file a police report. (Doc. No. 30.) However, "individuals have no constitutional right to file a police report." *Hamby v. Parker*, No. 3:17–cv–01596, 2018 WL 2264418, at *3 (M.D. Tenn. May 15, 2018) (citing *Linda*

7

Case 3:24-cv-01121    Document 66    Filed 04/29/26    Page 7 of 9 PageID #: 950

*R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Accordingly, Gordon's claim cannot be the basis for a preliminary injunction.

Without conjuring up or guessing at what imminent, cognizable injury Gordon stands to suffer absent a preliminary injunction, the Court finds that he has further pled irreparable injury due to his ongoing pretrial detention that is allegedly premised on fraud. (Doc. Nos. 30, 39.) Because Gordon went through the effort of retaining an expert to prove that his pending state criminal charges are built on fraudulent allegations, the Court finds it a reasonable assumption that Gordon seeks release from custody since he is there unlawfully. However, "release from custody is the 'typical remedy' sought in a habeas corpus petition." *Brown v. Craddock*, No. 3:25-cv-00508, 2025 WL 2621294, at *2 (M.D. Tenn. Aug. 14, 2025) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). In addressing the pretrial detainee's motion for injunctive relief in *Brown*, the Court reasoned that, where "[t]he petitioner has not demonstrated that the ordinary remedy for unlawful detention—habeas corpus—is insufficient" then "the extraordinary remedy of a temporary restraining order is not warranted." (*Id.*)

Even construing Gordon's pleadings liberally, the Court finds that he has not met his burden of establishing that he will suffer the requisite irreparable injury to warrant issuance of a preliminary injunction. Accordingly, the Court finds it unnecessary to consider the other factors. *See Does #1–9 v. Lee*, 574 F. Supp. 3d 558, 563 (M.D. Tenn. 2021) ("[I]rreparable harm is an 'indispensable' requirement, without which there is 'no need to grant relief now as opposed to at the end of the lawsuit.'"). To do so here would also be fruitless because Gordon failed to address any of the three remaining factors.

Gordon's motion for injunctive relief should be denied.

8

**IV. Recommendation**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that pro se Plaintiff Robert Gordon's emergency motion for injunctive relief (Doc. No. 30) be DENIED. Accordingly, Defendant Lisa Carson's motion to strike Gordon's reply (Doc. No. 42) should be DENIED AS MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 29th day of April, 2026.

LUKE A. EVANS
United States Magistrate Judge