IN THE US DISTRICT COURT FOR MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

ROBERT C. GORDON

v

WCSO, ET AL

RECEIVED

MAY 0 1 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

CASE # 3:24-cv-01121

<u>PLAINTIFF REPLY TO DEFENDANTS JOINT RESPONSE IN OPPOSITION</u>

COMES NOW, ROBERT C. GORDON, HEREBY GIVES REPLY TO DEFENDANTS OPPOSITION AND STATES THE FOLLOWING:

1 - THE DEFENDANTS HAVE ACTED IN BAD FAITH TO BLOCK, DELAY, AND DETER LITIGATION. THE PLRA REQUIRES THE PLAINTIFF TO EXHAUST ALL INTERNAL REMEDIES PRIOR TO BRINGING A COMPLAINT BEFORE THIS COURT; ALSO SUBMIT A CERTIFIED INMATE TRUST ACCOUNT. THE DEFENDANTS VIOLATE DUE PROCESS.

THOUGH THE "INFORMATION" OF "NEW ALLEGATIONS" WAS AVAILABLE TO THE PLAINTIFF THE PLAINTIFF WAS NOT ABLE TO BRING THE COMPLAINT BEFORE THE COURT UNTIL HE EXHAUSTED ALL INTERNAL REMEDIES, FINALIZED THE GRIEVANCE PROCESS, AND HAD A CERTIFIED INMATE TRUST ACCOUNT. COINCIDENTLY ALL OF THESE FACTORS ARE 100% DEPENDENT ON THE DEFENDANTS FOLLOWING THE LAW, WHICH THEY DID NOT.

THE NEXUS OF THE ISSUE IS THE DEFENDANTS HAVE THE POWER, AUTHORITY, AND ABILITY TO OBSTRUCT JUSTICE "UNDER THE COLOR OF LAW" AND TRULY HOLD THE KEYS TO JUSTICE OR RATHER HIDE THEIR OWN UNLAWFUL ACTS; CONCEAL THEIR OWN IMPROPER CONDUCT.

2 — THE DEFENDANTS CONSPIRED TO FORCE THE USE OF THE "GRIEVANCE DROP-BOX" OR RATHER A BLACK HOLE. PER WCSO GENERAL ORDER 10.18.003 SECTION D, E, AND F THE GRIEVANCE PROCESS SHOULD TAKE NO MORE THAN 30 DAYS. HOWEVER THE DEFENDANTS WILL REMOVE THE OPTION TO "APPEAL" ON THE KIOSK. THUS, FORCING THE USE OF THE "DROP-BOX." SECTION E REQUIRES A RESPONSE WITHIN 15 DAYS FROM THE DATE THE GRIEVANCE WAS SUBMITTED.

HOWEVER, SECTION F OF THE APPEAL PROCESS SAYS THE DEFENDANTS HAVE 15 DAYS TO RESPOND, BUT DOES NOT CLARIFY "15 DAYS FROM WHEN" ... THIS IS PROBLEMATIC ON MULTIPLE FRONTS,

IS THIS 15 DAYS FROM SUBMISSION? OR FROM RECIEPT? WHO HAS THE DROP-BOX GRIEVANCE? WHERE IS THE PAPER TRAIL? DID ANY ONE ACTUALLY RECEIVE THE APPEAL VIA THE DROP-BOX? FURTHERMORE, THE DEFENDANTS IN THIS CASE RESPOND TO THEIR OWN GRIEVANCES AS "JAIL ADMIN". THE PLAINTIFF STILL HAS OUTSTANDING & PENDING GRIEVANCES FROM 2024.

THE FEASIBILITY OF THE DEFENDANTS "SUBSTANTIATING" A GRIEVANCE OF SEXUAL ABUSE, RETALIATION, MAIL FRAUD, AND A PLETHORA OF CONSTITUTIONAL RIGHTS VIOLATIONS IS UNLIKELY. HOWEVER, IT IS LIKELY THE DEFENDANTS WOULD CONSPIRE TO CONCEAL SUCH REPORTS. THE DEFENDANTS USED BAD FAITH TO "SIDE-STEP" LITIGATION AND FORCE THE DELAY OF "NEW ALLEGATIONS".

(2)

THE DEFENDANTS REQUEST TO DENY "LEAVE TO AMEND" SHOULD BE DENIED ON THESE REASONS ALONE. NOT TO MENTION JUDICIAL ECONOMY. IT IS NOT EFFICIENT TO MULTIPLE LAW SUITS WITH ONE CLAIM. THE DEFENDANTS PURPOSEFULLY TRY TO BLOCK LITIGATION AND DID SO WITH KNOWINGLY, WILLINGLY, INTENTIONALLY STRATEGIC CHOICE IN AN ATTEMPT TO CONCEAL BAD ACTS. THE PLAINTIFF IS DEALING WITH DIRTY COPS & LAWYERS.

3- SECTION E OF 10.18.003 STATES "RETALIATION AGAINST INMATES RELATED TO THE FILING OF GRIEVANCES IS STRICTLY PROHIBITED"

HOWEVER CHRIS GRAY, ASHLEY LINDQUIST, AND CHAD YOUKER DID JUST THAT. THEY CONSPIRED & RETALIATED AGAINST THE PLAINTIFF UNDER THE GUISE OF LAW ENFORCEMENT. THE DEFENDANTS EFFECTIVELY SAID, "WE ARE GOING TO LOCK YOU IN A ROOM ALONE FOR FOUR MONTHS WITH DEPUTY APER, THEN FORCE APER TO RESIGN, KEEP YOU IN THE HOLE EVEN AFTER APER IS GONE, AND DO SO TO INTIMIDATE YOU INTO NEVER REPORTING SEXUAL ABUSE BY A COP AGAIN"

RULE E FURTHER STATES "IN THE EVENT THAT EMPLOYEE ENGAGES IN SUCH ACTION, DISCIPLINARY ACTION WILL BE TAKEN, UP TO & INCLUDING DISMISSAL FROM EMPLOYMENT"

YOUKER ADMITTED ON 4/17/26 TO RETALIATING. THUS, THIS COURT SHOULD ENFORCE THE POLICY SIGNED BY THE SHERIFF & DISMISS YOUKER, GRAY, AND LINDQUIST FROM EMPLOYMENT.

THE PLAINTIFF IS IN FEAR FOR HIS LIFE & SAFETY DUE TO THE CONSTANT HARASSMENT & RETALIATION.

AS A COINCIDENCE, THE PLAINTIFF HAS HAD FIFTY (50) ADDITIONAL CRIMINAL CHARGES ADDED FROM JAIL AFTER HE REPORTED SEXUAL ABUSE. IN FACT, BOTH CHAD YOUKER & ASHLEY LINDQUIST HAVE INSERTED THEMSELVES INTO PLAINTIFFS CRIMINAL CASE. AND A CIVIL DIVORCE CASE. THE FIFTY NEW CRIMINAL "CHARGES" ARE FOR FILING SUBPOENAS IN ACCORDANCE WITH RULE 45 OF CIVIL PROCEDURE, FILING CIVIL LAW SUITS, AND ATTEMPTING TO FILE A POLICE REPORT (WITH FORENIC PROOF) WITH ASHLEY LINDQUIST, AND FILING A F.O.I.A. REQUEST.

THIS IS THE EPITOME OF RETALIATION UNDER THE GUISE OF "LAW ENFORCEMENT". THE NEW CRIMINAL CHARGES ARE FOR "LAWFUL ACTS"

4 - IN NO PART OF THE PLRA DOES IT REQUIRE A COURT ORDER TO OBTAIN AN INMATE TRUST ACCOUNT NOR WAS THIS THE INTENT OF CONGRESS WHEN IT CREATED THE PLRA.

HOWEVER, AS OF 4/23/26 BOTH JAIL ADMINS ARE DEFENDANTS IN THIS CASE, YOUKER & LINDQUIST. IT APPEARS THEY ARE NOW MEMBERS OF CONGRESS & HAVE CREATED A NEW LAW — COURT ORDERS ARE REQUIRED BEFORE AN INMATE TRUST ACCOUNT WILL BE ISSUED, THUS, CREATING A BARRIER TO ACCESS THE COURTS. OR IF YOU RATHER A VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE COLOR OF LAW.

FOR THESE REASONS THE DEFENDANTS MOTION SHOULD BE DENIED.

5 - DEFENDANT LISA CARSON & CLERK JAKOB SCHWENDIMANN ARE BOTH ATTORNEYS IN TENNESSEE & THUS SUBJECT TO TENN. R. SUP. CT 3.3 CANDOR TOWARDS THE TRIBUNAL.

LISA CARSON SUBORNED PERJURY & SUBMITTED PERJURED TESTIMONY BY JAKOB SCHWENDIMANN & THE PROOF REST IN PUBLIC RECORD AS THE PHOTOS THE PLAINTIFF REQUESTED DO EXIST AND ARE PUBLIC RECORD. NOTICE OF APPEAL WAS FILED TIMELY IN CASE 23CV-52319 & LISA CARSON HAS NOT DISCLOSED, DIVULGED, OR RECTIFIED THE PERJURY, OR FRAUD UPON THE COURT

LISA CARSON & JEFF HUGHES WERE AWARE OF SEXUAL ABUSE AND ACQUIESED TO THE CRIME. LISA CARSON & JAKOB SCHWENDIMANN ARE WELL AWARE THE PHOTOS EXIST AND IGNORE RULE 3.3

HERE, THE PLAINTIFF WAS FORCED TO FILE A NEW LAW SUIT WHICH WAS BLOCKED BY LISA CARSON'S CLIENTS FABRICATING INVOICES OF $300.00, THUS FORCED THE PLAINTIFF TO FILE FOIA REQUEST & SUBPOENAS WHERE PLAINTIFF WAS SUBSEQUENTLY CRIMINALLY CHARGED OUT OF RETALIATION.

LISA CARSON HAS PREVENTED THE ADMINISTRATION OF JUSTICE & TAINTED THE COURTS WITH PERJURY, FRAUD, & IMPROPER CONDUCT

LISA CARSON DID NOT PRESERVE EVIDENCE & EVEN CONSPIRED WITH HER CO-DEFENDANTS TO DESTROY BODY CAM EVIDENCE OF SEXUAL ABUSE BY DREW APER

DREW APERS BODY CAM WAS ON & RECORDED THE SEXUAL ABUSE. THE CO-DEFENDANTS HAVE USED INTIMIDATION, RETALIATION, THE PERCEIVED THREAT OF VIOLENCE AGAINST THE PLAINTIFF

FOR THESE REASONS & VIOLATIONS OF RULE 3.3 OF TN. R. SUP. CT. THE MOTION SHOULD BE DENIED

6— THE DEFENDANTS MAILED THIS MOTION ON 3/26/26 & ALSO FILED THIS MOTION ON THE SAME DAY. HOWEVER, THE PLAINTIFF RECEIVED THE MAIL ON 4/23/26 AND THE LEGAL MAIL WAS ALREADY OPEN.

THE POSTAL STAMP SAYS "UNABLE TO FORWARD" ON 4/13/26 - THE MAIL WAS PAID FOR & PROPERLY ADDRESSED. THE DEFENDANTS AT JAIL INTENTIONALLY DENIED LEGAL MAIL. THINGS LIKE THIS CONSISTANTLY OCCUR TO PLAINTIFF LEGAL MAIL.

THE DEFENDANTS ACTUALLY STOLE PROPERLY LABLED LEGAL MAIL, GAVE THE LEGAL MAIL TO THE PROSECUTOR, THEN USED THE STOLEN MAIL IN A CRIMINAL MATTER ON 4/17/20 AS PROOF THE DEFENDANTS STOLE THE MAIL & VIOLATED DUE PROCESS OF WCSO POLICY.

7 - ON 4/23/26 DEFENDANT RETALIATED AGAINST THE PLAINTIFF AGAIN & PLACED PLAINTIFF IN THE HOLE OR RATHER TOTAL ISOLATION WITH NO HUMAN CONTACT, NO SHOWER, NO ACCESS TO A GRIEVANCE SYSTEM, NO ACCESS TO A LAW LIBRARY, NO ACCESS TO A PHONE, ESSENTIALLY A DARK CAVE.

PLAINTIFF IS IN FEAR FOR HIS LIFE. PLAINTIFF DID NOT BREAK ANY RULE OR WAS NOT EVEN WRITTEN UP, THE RETALIATION IS NEVER ENDING

WHEREFORE DUE TO THE LISTED ITEMS PLAINTIFF RESPECTFULLY ASK THIS COURT TO DENY THE DEFENDANTS MOTION, AND ORDER DEFENDANTS TO STOP RETALIATING

RESPECTFULLY

CERTIFICATE OF SERVICE

I CERTIFY A TRUE & EXACT COPY OF THE FOREGOING WAS SENT VIA US MAIL ON 4/23/26 TO EMMERSON MARLIATT            BRIAN SPITLER

3310 W. END AVE #550      735 BROAD ST #1100

NASHVILLE, TN 37203      CHATTANOOGA, TN 37402

## AFFIDAVIT

I, ROBERT GORDON, HEREBY STATE THE FOLLOWING UNDER OATH & PENALTY OF PERJURY, AM OVER AGE 18 & COMPETENT TO TESTIFY, AND STATE THE FOLLOWING FACTS TO THE BEST OF MY KNOWLEDGE

1) I AM IN FEAR FOR MY LIFE. ON 4/23/26 I HAVE BEEN MOVED TO SOLITARY CONFINEMENT FOR NO REASON.

2) I GAVE NOTICE OF FILING A TRO ON 4/18/26 & 4/20/26 TO THE DEFENDANTS. THIS RETALIATION PUTS ME IN FEAR FOR MY PHYSICAL SAFETY

3) THE STATEMENTS IN THIS MOTION ARE ALL FACTS.

FURTHER AFFIANT SAITH NOT

RESPECTFULLY

AFFIANT

LEGAL
MAIL

LEGAL
MAIL

ROBERT C GORDON
#65520
408 CENTURY CT
FRANKLIN, TN 37064

FOREVER / USA

MIDDLE DISTRICT OF TENN
US DISTRICT COURT CLERK
719 CHURCH ST #1300
NASHVILLE, TN 37203

RECEIVED
MAY 0 1 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

37203$7095 C019

LEGAL MAIL

This correspondence is from an inmate in a correctional institution. The Williamson County Sheriff's Office has neither censored nor inspected this item. Therefore this department does not assume responsibility for its contents.
Williamson County Sheriff's Office

FSC MIX Envelope FSC® C137131

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2022