| | | |
|---|---|---|
| **ROBERT C. GORDON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24:CV-1121** |
| | ) | |
| **WILLIAMSON COUNTY SHERIFF'S** | ) | **Judge Waverly D. Crenshaw, Jr.** |
| **OFFICE, CHAD YOUKER, ASHLEY** | ) | **Magistrate Judge Luke A. Evans** |
| **LINDQUIST, f/n/u APER, CHRIS GRAY,** | ) | |
| **JEFF HUGHES, and LISA CARSON,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

## WILLIAMSON COUNTY DEFENDANTS' RESPONSE TO THE PLAINTIFF'S MOTION TO RECEIVE MAIL AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Comes now, pursuant to LR 7.01, Captain Chad Youker, Lieutenant Ashley Lindquist, Sergeant Chris Gray, and Sheriff Jeff Hughes (collectively, the "Williamson County Defendants"), and submit to the Court this Response and Memorandum of Law in opposition to the Plaintiff's Motion to Receive Mail.[1]

### 1. The Plaintiff's Motion

The Plaintiff's Motion to Receive Mail (DE 59) contains two pages of substance. In fact, the Plaintiff's Motion to Receive Mail is a one-substantive-page Motion with three allegations and an affidavit that is presumably meant to support the Motion, but which does not contain any factual statements that support the Plaintiff's Motion to Receive Mail.

The Plaintiff's Motion to Receive Mail requests "an order demanding the Plaintiffs to provide the Plaintiff with all legal mail, pleadings, and filings or communications" (DE 59, Page

---

[1] Defendant Lisa Carson filed a Response to the Plaintiff's Motion to Receive Mail, which, to the extent applicable, the Williamson County Defendants hereby incorporate into this Response as opposed to repeating similar arguments.

1

ID 897). Presumably, the Plaintiff meant to say, "the Defendants", instead of "the Plaintiffs", as there is only one Plaintiff in this lawsuit, him. The Plaintiff then states two factual allegations and two legal conclusions. The two factual actual allegations are that: (1) "The Clerk's Office provided docket sheet with multiple pages of filing, most not sent to the Plaintiff" (Id.); and (2) the "Plaintiff is not receiving mail from Defendants' counsel" (Id.). The two legal conclusions are that: (1) "the named Defendants are obstructing justice by tampering and concealing mail sent to the Plaintiff" (Id.); and (2) "the Defendants are knowingly attempting to win this litigation via violations of technicalities of rules by forcing Plaintiff to miss deadlines or forcing Plaintiff to not reply to Pleadings as Plaintiff never received his mail" (Id.).

The Plaintiff's Motion, in the portion titled "Prayers for Relief", states, "Plaintiff is seeking … an order requiring Defendants to provide Plaintiff with all of his mail". After requesting appointed counsel in this matter, a request which the Court has denied on multiple occasions, the "Plaintiff specifically requests Defendants be ordered to stop obstructing justice, holding the Plaintiff's mail, and stop all retaliation tactics, including reading all attorney-client communications".

The Plaintiff attached another in a long series of affidavits he has filed in this matter to his Motion to Receive Mail (Id., Page ID 899). That affidavit contains two allegations that are relevant to the instant Motion: (1) "I have not received mail from non-court sources since August 20th, 2025. I have no access to communicate with the free world." (Id.); and (2) "the Defendants tamper with hold my legal mail, read my attorney-client communications with coordinated efforts out of retaliation and intent to obstruct justice" (Id.).

   2.  **Response and Argument**

The Court should deny the Plaintiff's Motion to Receive Mail because the Plaintiff is necessarily requesting that the Court issue an order superseding or modifying a valid State Court order, the Plaintiff offers an insufficient factual basis to support his Motion, and the Plaintiff is replying to virtually all the filings in this matter in addition to filing frivolous and unnecessary motions, letters, affidavits, etc.

**A. The Plaintiff's Motion to Receive Mail is, in Effect, a Motion Requesting this Court to Supersede or Modify an Existing State Court Order Limiting the Plaintiff's Access to the Jail's Mail Infrastructure.**

An appropriate analysis of the Plaintiff's Motion to Receive Mail should begin, and perhaps end, with an acknowledgement of the fact that the Plaintiff's right to access mail during his incarceration is limited pursuant to a valid and binding State Court Order (DE 49-5).

That State Court Order, titled "Order for Jail to Restrict Defendant's Ability to Text/Email/Call/Video Mail/Mail/Legal Mail" was entered on August 20th, 2025, by the Honorable David H. Veile. That Order states that "the Williamson County Sheriff's Department is only to allow the Defendant to correspond with his criminal attorney, civil attorney, opposing counsel in civil cases in which he represents himself *pro se*, and County State and Federal Court Clerk's Offices" before setting out a series of parameters to ensure that that directive is abided by (Id., Page ID 787-789). In his Motion to Receive Mail, the Plaintiff fails to mention that the restrictions to his access to mail are justified by a valid and binding State Criminal Court Order issued on August 20th, 2025.

While that Criminal Court Order states that it would not prevent the Williamson County Sheriff's Office from complying with an order of this Court related to the Plaintiff's access to the methods of communication it enumerates, the Court should decline to intervene in this State Court

ruling pursuant to the <u>Younger</u>[2] doctrine, which the Middle District of Tennessee has adhered to in at least one previous case involving the Plaintiff.[3]

<u>Younger</u>, while since having been expanded to include state court rulings,[4] originally established as a foundational principle that federal courts should generally abstain from intervening in ongoing state criminal court proceedings absent extraordinary circumstances. Simply put, the Williamson County Defendants submit to the Court that the Plaintiff's Motion to Receive Mail does not allege any circumstances sufficient to deviate from a State Criminal Court proceeding to which the Court generally affords great deference. Similarly, the Plaintiff's allegation that he has not received mail from non-court sources should be afforded no consideration by the Court because the Williamson County Defendants were ordered by the Williamson County Circuit Criminal Court that the Plaintiff should only be allowed access to communication processes, more or less, to communicate with the court system and its officers.

While it is not true that the Plaintiff has no access to communicate with the free world, that access is, in fact, limited pursuant to a valid Court order issued because of the Plaintiff's own actions while incarcerated and before. The burden would be on the Plaintiff to demonstrate that the State Criminal Court Order is invalid, and he has not even attempted to do so. In fact, the Plaintiff does not reference the order restricting his access to communications while incarcerated in the instant Motion.

**B. The Plaintiff Does Not Provide Factual Support for the Conclusions Presented in his Motion to Receive Mail.**

The Plaintiff's Motion to Receive Mail hardly contains non-conclusory allegations, and to the extent that it contains specific references to ostensible facts, there are not facts alleged

---

[2] <u>Younger v. Harris</u>, 401 U.S. 37 (1971).
[3] See Exhibit A.
[4] See <u>Golf Vill. North, LLC v. City of Powell</u>, 338 F. Supp. 3d 700, 710 (S.D. Ohio 2018).

sufficient for the Court to issue relief. Consider the relevant specific facts contained in the Plaintiff's Motion and affidavit, of which there are three: (1) "The Clerk's Office provided docket sheet with multiple pages of filing, most not sent to the Plaintiff"; (2) The Plaintiff is not receiving mail from Defendant's Counsel"; and (3) "I have not received mail from non-court sources since August 20th, 2025. I have no access to communicate with the free world.".[5]

First, the Plaintiff's allegation that a clerk provided him with a docket sheet containing filings that he had not received is insufficient for the Court to grant relief. It is unclear which clerk the Plaintiff is referring to. If it is the Williamson County Clerk's Office, this Court is not the appropriate forum to bring such a claim, as the Court has directly ruled, on multiple occasions, that the sole purpose of the instant action is to determine whether the Plaintiff was cruelly and unusually punished during his pretrial detention and whether the Plaintiff was retaliated against because of his attempts to file Prison Rape Elimination Act grievances. The Plaintiff has counsel in his other pending suits before the Williamson County Criminal Circuit Court, and he is free to speak with his attorney(s) involving any mail that he may not be receiving from that judicial district's clerk.

Even if the Plaintiff were to be considered to be referring to the Middle District of Tennessee's Clerk's office, which filings is he alleging not to have received? The Williamson County Defendants are skeptical that the Plaintiff is referring to this Court's Clerk, as the Plaintiff has responded to virtually all the filings made in this matter, in addition to providing numerous other filings that are not required by federal or local rules of procedure.[6] Even with that said, it is impossible for the Court to identify which mail the Plaintiff alleges not to have received because

---

[5] The Plaintiff also asserts, without evidentiary support, that one, some, or all of the Williamson County Defendants read the Plaintiff's mail.
[6] See further discussion of this paradox, *infra*, and in Defendant Lisa Carson's Response to the Plaintiff's Motion to Receive Mail.

5

the Plaintiff does not offer a single identifiable piece of mail that he alleges not to have received. The Williamson County Defendants also note that the Plaintiff refers to attorney-client privileged information in his Motion, which further implies that the Plaintiff is referring to mail from his active Tennessee criminal cases, where the Plaintiff is afforded counsel, and not the instant matter, where the Plaintiff has not been provided counsel.

The Plaintiff's second contention is more easily explained. The Plaintiff is not receiving mail from undersigned counsel because undersigned counsel is not sending any mail to the Plaintiff at the Williamson County Jail. As the Court ruled this week (DE 64, Page ID 929-30), the Plaintiff has not submitted a valid discovery request to the Williamson County Defendants. The Plaintiff has not sent undersigned counsel any other type of correspondence or communication necessitating a response. The Williamson County Defendants cannot possibly withhold mail sent to the Plaintiff by undersigned counsel because no such mail exists.

Third, and as established *supra*, the Plaintiff has not received mail unrelated to pending legal matters because the Williamson County Criminal Circuit Court ordered it. None of the three facts alleged by the Plaintiff in support of his motion for relief from the Court demonstrate that the Plaintiff is not receiving the filings that constitute the record in this matter.

The remainder of the substance of the Plaintiff's Motion, aside from the relief requested, consists of either factual or legal conclusions. The Plaintiff alleges that the Williamson County Defendants tamper with the Plaintiff's mail and read it without providing any evidence or factual assertions supporting that conclusion. The same is true for the Plaintiff's allegations that the Williamson County Defendants are concealing or withholding his mail and his legal conclusion masquerading as an allegation that the Williamson County Defendants are withholding his mail to achieve a dismissal of the case when the Plaintiff does not respond. Tellingly, the Plaintiff

consistently violates substantive and procedural rules in this matter notwithstanding that he has access to all documents filed, so it would be unnecessary for the Williamson County Defendants to resort to bad faith tactics.[7]

### C. The Plaintiff's Constant Filings in this Matter Demonstrate that the Plaintiff has Access to, and is Notice of, all Legal Mail Related to this Case.

To the extent that the Plaintiff's Motion to Receive Mail can be construed to assert that the Plaintiff is not receiving specific filings related to this case, the Plaintiff's filings in the instant matter render that assertion extremely unlikely. As the Court is aware, the Plaintiff has filed numerous responses, legitimate filings, unnecessary and frivolous filings, and affidavits in this matter.[8] In fact, the Plaintiff has already filed a Reply to Defendant Lisa Carson's Response to his Motion to Receive Mail and another Emergency Motion for Temporary Injunction the day of the filing of this Response. (DE 67; DE 68). All these filings substantively respond to filings that were made by the Williamson County Defendants or Lisa Carson, and/or reflect an understanding of the current status of the case at the time of filing. Also, the fact that these documents were all successfully filed is strong evidence that the Plaintiff's rights pursuant to the State Court's Order are being honored (DE 63).

### D. Conclusion

For the foregoing reasons, the Plaintiff's Motion to Receive Mail should be denied.

*Signature Block and Certificate of Service on Next Page.*

---

[7] Obviously, the Williamson County Defendants would not conceal filings because it would be wrong and in violation of a court order, but this argument is included to demonstrate the lack of logic governing the Plaintiff's allegations.
[8] DE 5, DE 6, DE 8, DE 9, DE 12, DE 13, DE 14, DE 15, DE 16, DE 17, DE 21, DE 22, DE 24, DE 26, DE 27, DE 30, DE 31, DE 32, DE 36, DE 37, DE 38, DE 39, DE 41, DE 43, DE 44, DE 45, DE 46, DE 47, DE 51, DE 53, DE 54, DE 57, DE 59, DE 60, DE 62, and various subparts of those docket entries.

7

**/s/ Emmerson Y. Marlatt**
Robert M. Burns, #15383
Emmerson Y. Marlatt, #42797
HOWELL & FISHER, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
rburns@howell-fisher.com
emarlatt@howell-fisher.com
(615) 244-3370
*Attorneys for Williamson Co. Defendants*

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically on this the 1st day of May, 2026. Notice of this filing will be sent by USPS Mail, postage-prepaid to the plaintiff, and/or by operation of the Court's electronic filing system to:

| | |
|---|---|
| Robert C. Gordon<br>#65920<br>Williamson County Sheriff's Office<br>408 Century Court<br>Franklin, TN 37064 | Brian S. Spitler, #32649<br>April D. Romeo, #30966<br>COPELAND, STAIR, VALZ & LOVELL, LLP<br>735 Broad Street, Suite 1100<br>Chattanooga, TN 37402<br>Ph: (423) 777-4693<br>bspitler@csvl.law<br>aromeo@csvl.law<br>*Attorneys for Lisa Carson* |

**/s/ Emmerson Y. Marlatt**
Emmerson Y. Marlatt

8