RECEIVED

MAY 0 4 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

US DISTRICT COURT FOR MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

ROBERT C GORDON

V                                          CASE # 3:24-CV-01121

WCSO, ET AL

EMERGANCY MOTION FOR TEMPORARY RESTRAINING ORDER ;

EMERGANCY MOTION FOR PRELIMINARY INJUNCTION

AND MEMORANDUM OF LAW

COMES NOW, ROBERT C. GORDON, PURSUANT TO FRCP 65 HEREBY MOVES THIS COURT FOR INJUNCTIVE RELIEF BASED ON DEFENDANTS VIOLATIONS OF THE FIRST, SIXTH, AND FOURTEENTH ADMENDMENT. PLAINTIFF SEEKS RELIEF FROM CURRENT POLICY AND (1) REQUIRE DEFENDANTS IMMEDIATELY DELIVER ALL INCOMING/OUTGOING LEGAL MAIL TO THE PERSON TO WHOM ADDRESSED OR RETURN ANY LETTER (2) ENJOIN POLICY OF REFUSING TO DELIVER PROPERLY MARKED MAIL AS "LEGAL MAIL" SENT TO OR FROM AN ATTORNEY OR ANY WORK PRODUCT COMMUNICATION (3) ENJOIN THE POLICY OF ALLOWING DEFENDANTS TO READ ANY PRIVILEGED COMMUNICATION INCLUDING LEGAL MAIL, EMAIL, OR ANY OTHER FORM OF PRIVILEGED COMMUNICATION (4) ENJOIN THE DEFENDANTS FROM FAILING TO PROVIDE INDIVIDUALIZED NOTICE ; AN OPPORTUNITY TO BE HEARD TO THE INTENDED RECIPIENT AND TO THE SENDER OF ANY MAIL THAT IS ADDRESSED TO AN INMATE OR FROM INMATE BUT NOT DELIVERED (5) ENJOIN THE DEFENDANTS FROM READING, SHARING, OR PUBLISHING THE CONTENT OF LEGAL MAIL WITHOUT A WARRANT OR PROBABLE CAUSE THAT THREATENS JAIL SECURITY (6) ENJOIN THE DEFENDANTS FROM DENIAL OF ACCESS TO COURTS ; DUE PROCESS (7) ENJOIN THE DEFENDANTS FROM COMING ABOUT THE PLAINTIFF OR HIS MAIL IN ANY CAPACITY PLAINTIFF SEEKS THE COURT TO ADOPT THE PRECEDENT FROM THE FOLLOWING SIXTH CIRCUIT AND SUPREME COURT RULINGS.

(i)

1 - PROCHNIER v MARTINEZ 8212 1465 416 US 396 94 S.CT 1300 40 L.ED 2d 224 1974

2 - WOLFF v PONNELL 94 S.CT 2963 41 L.ED 2d 935 1974

3 - AM CIVIL LIBERTIES UNION FUND of MCH v LIVINGSTON CNTY 796 F3d 636 6TH CIR 2d5

4 - SALLIER v BROOKS 343 F3d 868 6TH CIR 2003

PLAINTIFF IS A PRE-TRIAL DETAINEE WITH NO CRIMINAL RECORD.

## ISSUE

THE DEFENDANTS HAVE CONSPIRED OUT OF RETALIATION TO SEIZE, SEARCH, READ, SHARE, AND PUBLISH PLAINTIFFS PRIVILEGED COMMUNICATION SPECIFICALLY LEGAL MAIL AND WORK PRODUCTS ASSOCIATED WITH A PENDING CRIMINAL CASE. DEFENDANTS HAVE BLOCKED ACCESS TO THE COURTS, (TCA 41-21-812) BY CREATING FABRICATED INVOICES, FAILED TO SEND OR DELIVER LEGAL MAIL, READ & SHARED LEGAL MAIL WITH LOCAL DISTRICT ATTORNEY.

ON 4/17/26 DEFENDANT CHAD YOUKER TESTIFIED IN WILLIAMSON COUNTY CIRCUIT COURT AGAINST THE PLAINTIFF IN A CRIMINAL CASE, WHICH WAS RULED IN FAVOR OF THE PLAINTIFF. DEFENDANT YOUKER TESTIFIED HE AND DEFENDANT LINDQUIST CONSPIRED TO STEAL, SEIZE, AND SHARE PLAINTIFF LEGAL MAIL. WHICH WAS LEGITIMATE CONFIDENTIAL LEGAL DOCUMENTS CONTAINING A FORENSIC REPORT, TAX INFORMATION, AND CRUCIAL INFORMATION RELATED TO PLAINTIFFS CRIMINAL CASE. THE CONSPIRACY WAS SUCCESSFUL AS THE CO-DEFENDANTS DID STEAL & SEIZE LEGAL MAIL WITHOUT A WARRANT, SHARED THE LEGAL MAIL WITH THE D.A., USED THE LEGAL MAIL AS AN EXHIBIT ON 4/17/26, AND IS NOW PUBLIC RECORD.

②

PLAINTIFF HAS NO OPPORTUNITY FOR A FAIR TRIAL NOW THAT CHAD YOUKER & HIS CO-DEFENDANTS HAVE VIOLATED ATTORNEY-CLIENT PRIVILEGE.

YOUKER ALSO TESTIFIED HE HOLDS PLAINTIFFS MAIL & LEGAL MAIL. YOUKER DOES NOT PROVIDE THE SENDER OR RECIPIENT NOTICE OF REJECTION OR PROVIDE AN OPPORTUNITY TO BE HEARD BY EITHER PARTY. YOUKER SIMPLY KEEPS ALL LEGAL MAIL, OPENS & READS THE MAIL, THEN SHARES IT WITH THE DISTRICT ATTORNEY. YOUKER ADMITTED TO STEALING LEGITIMATE LEGAL MAIL, MARKED N3 LEGAL MAIL, AND READING SAID MAIL, THEN GIVING THE LEGAL MAIL TO THE DISTRICT ATTORNEY.

### FACTS

PLAINTIFF WAS SEXUALLY ABUSED BY DEPUTY DREW APER IN MAY OF 2024. SINCE THAT TIME THE CO-DEFENDANTS HAVE DONE NOTHING BUT RETALIATE AGAINST THE PLAINTIFF FOR REPORTING THE SEXUAL ABUSE. ON 4/17/26 DEFENDANT CHAD YOUKER TESTIFIED TO THE FACT THE PLAINTIFF WAS IN FACT SEXUALLY ABUSED BY DREW APER. YOUKER STATED, " I WANTED TO RETALIATE WITHOUT MAKING IT LOOK LIKE RETALIATION ..."

THE CO-DEFENDANTS HAVE DESTROYED PHYSICAL MAIL, BODY CAM VIDEO, AND SURVAILENCE VIDEO. FOR TWO YEARS THE CO-DEFENDANTS SUBORNED PERJURY, FALSIFIED COURT RECORDS, ABUSED ATTORNEY-CLIENT PRIVILEGE IN AN EFFORT TO GAIN SOME TACTICAL ADVANTAGE IN LITIGATION. THE CO-DEFENDANTS EVEN INSERTED THEMSELVES IN PLAINTIFFS DIVORCE ACTION AND THE DENIAL OF FOIA REQUEST & OPEN RECORDS REQUEST. THEN PLACES THE PLAINTIFF

(3)

IN INVOLUNTARY SEGREGATION FOR FILING A FOIA REQUEST, REPORTING SEXUAL ABUSE, AND HAVING A PHYSICAL BIBLE.

ON 4/17/26 THE DEFENDANTS NOT ONLY READ PLAINTIFFS MAIL INTO PUBLIC RECORDS, BUT THEY ALSO INCRIMINATED THEMSELVES BY VIOLATING THEIR OWN POLICY & CONSTITUTIONAL RIGHTS WHILE PROVIDING PHYSICAL, TANGIBLE PROOF WHEN THEY ENTERED INTO EVIDENCE AS AN EXHIBIT. PROOF THAT THE LEGAL MAIL WAS IN FACT LEGAL MAIL, CONTAINING LEGAL DOCUMENTS, THAT ARE CRUCIAL & PIVOTAL DEFENSE STRATEGIES, TAX INFORMATION, AND A FORENSIC REPORTS. PROOF THERE WAS NO SEARCH WARRANT FOR THE LEGAL MAIL NOR THREAT TO JAIL SECURITY.

THE DEFENDANTS SIMPLY STOLE THE LEGAL MAIL, DID NOT INFORM THE SENDER OR RECIPIENT, THEN GAVE THE CLASSIFIED PRIVILEGED DOCUMENTS TO THE DA & COURT AS PROOF THEY VIOLATED PLAINTIFFS CONSTITUTIONAL RIGHTS.

### ARGUEMENT

THE INTERESTS OF PRISONERS & THEIR CORRESPONDENTS IN UNCENSORED COMMUNICATIONS BY LETTER, GROUNDED AS IT IS IN THE FIRST AMENDMENT, IS PLAINLY A LIBERTY INTEREST (PROCUNIER V MARTINEZ 416 US 396 94 S. St. 1800 L. ED 2d 224 1974) THUS, CREATING A PREJUDICE TO ALL CRIMINAL PENDING LITIGATION WHEN THE DEFENDANTS STOLE PLAINTIFFS MAIL AND DENIAL OF MEANINGFUL ACCESS TO THE COURTS (STANLEY V VINING, 602 F.3d 767 6TH CIR 2010).

Case 3:24-cv-01121    Document 70    Filed 05/04/26    Page 4 of 29 PageID #: 992

HERE, THE MAIL WAS NOT "READ" INFRONT OF THE INMATE. (LAVADO v KEOHANE 992, F2d 601 6TH Cir 1993) INSTEAD, PLAINTIFFS LEGAL MAIL IS NOW PUBLIC RECORD.

FURTHERMORE, PLAINTIFF HAS HAD HIS "CENCORSHIP OF SPEECH" VIOLATED. BY THE DEFENDANT SEIZING PLAINTIFFS LEGAL MAIL IT CREATED A SUBSTANTIAL BARRIER TO PLAINTIFF RELATIONSHIP WITH COUNSEL. ALL OF THE EVIDENCE ENTERED ON 4/17/26 WAS WORK PRODUCT DOCUMENTS DIRECTLY TO, FROM, OR ABOUT LEGAL REPRESENTATION IN A CRIMINAL MATTER. THUS, PROTECTED BY THE SIXTH AMENDMENDMENT.

"AS TO THE SIXTH AMENDMENT, ITS REACH IS ONLY TO PROTECT THE ATTORNEY CLIENT RELATIONSHIP FROM INTRUSION IN A CRIMINAL SETTING" (WOLFF v McDONNELL 418 US 539 94 S.CT 2963 41 LED 2d 935 1974) THE DEFENDANTS ACTIONS ARE THE EPITOME OF A SIXTH AMENDMENT VIOLATION.

PLAINTIFF HAS NEVER HAD A HEARING TO SATISFY HIS RIGHT TO PROCEDURAL DUE PROCESS ARISING FROM HIS LIBERTY INTEREST IN RECEIVING OR SENDING HIS MAIL.

PLAINTIFF IS A SEXUAL ABUSE VICTIM AT THE HANDS OF A STATE ACTOR. PLAINTIFF HAS BEEN INTENTIONALLY DISCRIMINATED AGAINST AS A MEMBER OF A PROTECTED CLASS WHICH IS VICTIMS OF SEXUAL ABUSE. THE DEFENDANTS HAVE TREATED NO INMATE THIS WAY WHICH ARE SIMILARLY SITUATED AND THERE IS NO RATIONAL BASIS FOR THE TREATMENT

(5)

THE EQUAL PROTECTION CLAUSE IF THE FOURTEENTH AMENDMENT REQUIRES THAT PERSONS WHO ARE SIMILARLY SITUATED BE TREATED ALIKE. (CITY OF CLEBURNE V CLEBURNE LIVING CENTER 473, US 432 1985)

HERE, THE DEFENDANTS CLEARLY TREAT THE PLAINTIFF DIFFERENTLY & YOUKER EVEN ADMITTED SO ON 4/17/26. THE DEFENDANTS DO NOT STEAL OTHER INMATES LEGAL MAIL NOR DO THE DEFENDANTS INSERT THEMSELVES INTO OTHER INMATES DIVORCE ACTIONS & DENY FOIA REQUEST, PLAINTIFF IS CLEARLY TREATED DIFFERENTLY BECAUSE HE IN A PROTECTED CLASS — A SEXUAL ABUSE VICTIM BY A COP.

"IN (SALLIER V BROOKS 343 F3d 868 6TH CIR 2003) WE AFFIRMED A JURY AWARD OF DAMAGES BASED ON PRISON OFFICIALS OPENING OF A PRISONERS CONSTITUTIONALLY PROTECTED LEGAL MAIL OUTSIDE HIS PRESENCE. IN DOING SO WE EXPRESSED "HEIGHTENED CONCERN" ABOUT PRISON POLICIES DEALING WITH INCOMING & OUTGOING LEGAL MAIL "BECAUSE A PRISON'S SECURITY NEEDS TO NOT AUTOMATICALLY TRUMP A PRISONERS FIRST AMENDMENT RIGHT TO RECEIVE MAIL, ESPECIALLY CORRESPONDANCE THAT IMPACTS UPON OR HAS IMPORTANT FOR THE PRISONERS LEGAL RIGHTS, ATTORNEY-CLIENT PRIVILEGE, OR THE RIGHT TO ACCESS TO THE COURTS" (JONES V CARUSO 569 F.3d 258 6TH CIR 2009) A REVIEW OF REGULATIONS GOVERNING "LEGAL MAIL" IS SUBJECT TO A HEIGHTENED STANDARD. "IT IS A REQUIREMENT THAT ALL LEGAL MAIL BE OPENED INFRONT OF & IN THE PRESENCE OF THE RECIPIENT" (SALLIER AT 874)

THE ACTUAL READING OF A PRISONERS LEGAL MAIL IS A MORE SEVERE CONSTITUTIONAL VIOLATION THAN THE OPENING OF THE MAIL OUTSIDE THE RECIPIENTS PRESENCE BECAUSE THE PROHIBITION ON THE LATTER IS DESIGNED TO AVOID THE FORMER (MERRIWEATHER 569 F 3d AT 317)

HERE, NOT ONLY DID THEY OPEN LEGAL MAIL OUTSIDE THE PRESENCE OF THE SENDER OR RECIPIENT WHILE ALSO READING THE LEGAL MAIL THE DEFENDANTS USED THE STOLEN LEGAL MAIL WITHOUT A SEARCH WARRENT IN A CRIMINAL PROCEEDING. ALSO HERE, THE PLAINTIFF ¿ PROVED PREJUDICE STEMMING FROM THE ASSERTED VIOLATION (PILGRIM v LITTLEFIELD 92 F3d 413 6TH CIR 1996). THIS ACTUAL INJURY DOES NOT ALLOW FOR A FAIR-TRIAL ON MERITS. ADDITIONALLY, THE ENFORCEMENT OF TCA 41-21-812 HINDERS PLAINTIEFS EFFORTS TO PURSUE LEGAL CLAIMS AS CASE 24CV-53530 AS PLAINTIFF CANNOT ACCESS THE STATE COURTS DUE TO FABRICATED INVOICES BY CLERK JAKOB SCHWENDIMANN (LEWIS v CASEY 518 US 343 116 S.CT 2174, 135 L ED 2d 606 1996)

THUS, THE DEFENDANTS HAVE NOT ONLY CLEARLY VIOLATED CONSTITUTIONAL RIGHTS, IT VIOLATED CLEARLY ESTABLISHED LAW. "IT IS CLEARLY ESTABLISHED THAT PRISONERS MAIL COULD NOT BE OPENED OR READ IN AN ARBITRARY OR CAPRICIOUS FASHION" (LAVADO 992 F2d AT 609). THUS WAIVING ANY CLAIM OF QUALIFIED IMMUNITY AS THE "ALLEGATIONS OF BLATANT DISREGARD FOR ESTABLISHED REGULATIONS GIVE RISE TO AN INTERFERENCE OF ARBITRARY OR CAPRICIOUS ACTION,"

Case 3:24-cv-01121    Document 70    Filed 05/04/26    Page 7 of 29 PageID #: 995

HERE, PLAINTIFF IS ENTITLED TO THIS RELIEF & SAME INFERENCE BECAUSE THE REGULATIONS & ACTIONS HERE ARE SUBSTANTIVELY THE SAME AS THE AT ISSUE IN "LAVADO"... ONLY WORSE, THE DEFENDANT BLATANTLY DISREGARDED PRISON POLICY & CONSTITUTIONAL LAW WHEN THEY OPENED & READ AND THEN SHARED LEGAL MAIL, YOUKER AND LINDQUIST ACTED ARBITRARILY OR CAPRIOUSLY WITH MALICIOUS INTENT. PLAINTIFF NOT ONLY HAS MADE A CLAIM WITH VALIDITY, THE CLAIM MADE OUT VIOLATES A CLEARLY ESTABLISHED CONSTITUTIONAL LAW.

(LAVADO v KEOHANE 992 F2d 601 6TH CIR 1993)

IN (MERRIWEATHER 569 F 3d AT 317) QUALIFIED IMMUNITY WAS DENIED FOR PRISON OFFICIALS WHO ALLEGEDLY OPENED & READ LEGAL MAIL OUTSIDE A PRISONERS PRESENCE. THE FACT THAT ATTORNEY MAIL GARNED PROTECTED STATUS WAS CLEAR IN 1987. PRISON OFFICIALS WOULD ALSO BE ON NOTICE AS OF 2003 THAT OPENING PROPERLY MARKED LEGAL MAIL ALONE, WITHOUT DOING MORE, IMPLICATES BOTH THE FIRST & SIXTH AMMENDMENTS BECAUSE OF THE POTENTIAL FOR A <u>CHILLING</u> EFFECT, AS HERE ... IT HAS BEEN MADE CLEAR IN THE 6TH CIRCUIT FOR OVER 30 YEARS THAT BLATANT DISREGARD FOR MAIL HANDLING REGULATIONS CONCERNING LEGAL MAIL VIOLATES CONSTITUTIONAL PROTECTIONS.

KEEP IN MIND PRO-SE LITIGANTS ARE AFFORDED THE SAME PROTECTIONS OF WORK PRODUCT & ATTORNEY-CLIENT PRIVILEGE THOUGH PLAINTIFF HERE WAS REPRESENTED BY COUNSEL, THE DETERMINATION OF WHETHER PARTICULAR KINDS OF CORRESPONDENCE QUALIFY FOR THE CONSTITUTIONAL PROTECTION ACCORDED A PRISONERS "LEGAL MAIL" IS A QUESTION OF LAW PROPERLY DECIDED BY THE COURT (SALLIER v BROOKS 343 F3d 868 6TH CIR 2003).

(8)

## FIRST AMENDMENT

PRISON OFFICIALS WHO OPEN MAIL & READ MAIL IN AN ARBITRARY & CAPRICIOUS FASHION VIOLATE A PRISONERS FIRST AMENDMENT RIGHTS (PARISH V JOHNSON 800 F2d 600 6TH 1986) WHEN MAIL IS "LEGAL MAIL" WE HAVE HEIGHTENED CONCERN WITH ALLOWING PRISON OFFICIALS UNFETTERED DISCRETION TO OPEN & READ AN INMATES MAIL BECAUSE A PRISON'S SECURITY NEEDS DO NOT AUTOMATICALLY TRUMP A PRISONERS FIRST AMENDMENT RIGHT TO SEND & RECEIVE MAIL, ESPECIALLY CORRESPONDANCE THAT IMPACTS UPON OR HAS IMPORTANT FOR PRISONERS LEGAL RIGHTS, ATTORNEY CLIENT PRIVILEGE, OR THE RIGHT OF ACCESS TO COURTS. (KENSU V HAIGH 87 F3d 172 6TH CIR 1996). THE RIGHT OF A PRISONER TO RECEIVE OR SEND MATERIALS OF A "LEGAL NATURE" WHICH HAVE IMPACT UPON OR IMPORT WITH RESPECT TO THAT PRISONERS LEGAL RIGHTS OR MATTERS, IS A BASIC RIGHT RECOGNIZED & AFFORDED PROTECTION BY THE COURTS. COURTS AFFORD GREATER PROTECTION TO LEGAL MAIL THAN NON-LEGAL MAIL (SALLIER V BROOKS 343 F3d 868 6TH CIR 2003)

PLAINTIFF HAS "OPTED-IN" TO THE POLICY SET FORTH IN "KNOP", BUT NO POLICY TO "OPT-IN" ACTUALLY EXIST AT WILLIAMSON CO JAIL AS PLAINTIFF NOR ANYONE WAS NOTIFIED OF SUCH POLICY. NOR SHOULD PLAINTIFF BE REQUIRED TO DESIGNATE ANY PARTICULAR ATTORNEY AS COUNSEL PER "KNOP."

HERE, PRISON OFFICIALS HAVE NOT ARTICULATED SOME OR ANY LEGITIMATE REASON FOR INTERFERING WITH PLAINTIFF LEGAL MAIL. CONFIDENTIAL COMMUNICATION WITH ATTORNEYS IS AN INTEGRAL PART OF THE JUDICIAL PROCESS & THEREFORE AS A MATTER OF LAW MAIL TO & FROM ATTORNEYS & WORK PRODUCTS IS PROTECTED LEGAL MAIL

(9)

FIRST AMENDMENT RIGHTS OF CORRESPONDENTS WITH PRISONERS PROTECTS AGAINST CENSORING OF INMATE MAIL (PROCUNIER V MARTINEZ 74 S.CT. 1800 1974) GIVEN PLAINTIFFS LEGAL MAIL WAS NOT ACTUALLY EVER SENT VIA US POSTAL SERVICES BUT WAS PLACED IN OUT-GOING MAIL THE DEFENDANTS NOT ONLY COMMITTED MAIL FRAUD BY TAMPERING WITH LEGAL MAIL BUT CENSORED SPEECH.

A PRISONER SHALL HAVE THE RIGHT TO CARRY ON CONFIDENTIAL & UNCENSORED CORRESPONDANCE WITH HIS ATTORNEY, COURTS, LEGAL ASSISTANTS... (MUHAMMAD V PITCHER 35 F3d 1081 6TH CIR 1994), WITHOUT RELIEF FROM THIS COURT PLAINTIFFS REASONABLE EXPECTATION WILL "CHILL" THE PLAINTIEF FROM BASIC COMMUNICATION IN FEAR OF DEFENDANT INTRUSION & WRONGFUL SEARCH & SEIZURE.

IT IS WELL SETTLED THAT A PRISONERS RIGHT TO RECEIVE MAIL IS PROTECTED BY THE FIRST AMENDMENT (KNOP V JOHNSON 977 F2d 996 6TH CIR 1992), AS IT STANDS TODAY THE PLAINTIFF CAN COMMUNICATE WITH ZERO OUT OF 7 BILLION PEOPE ON EARTH WITH OUT THE DEFENDANTS INTRUSION INTO CONFIDENTIAL MATTERS.

PLAINTIFF HAS NEVER RECEIVED RESPONSES OR NOTIFICATION FROM THE JAIL THAT MAIL WAS NOT DELIVERED. THE DEFENDANTS EFFECTIVELY STOLE MAIL AND TRIED TO USE IT AS EVIDENCE, "A REVIEW OF REGULATIONS GOVERNING LEGAL MAIL IS SUBJECT TO A HEIGHTENED STANDARD" (JONES V CARUSO 569 F3d 258 6TH CIR 2009)

(10)

LEGAL MAIL DOES NOT REQUIRE "LEGAL MAIL" TO BE FROM AN EXISTING ATTORNEY-CLIENT RELATIONSHIP. NOWHERE DID WE SUGGEST THAT LEGAL MAIL ANALYSIS TURN ON THE EXISTENCE OF AN ATTORNEY-CLIENT RELATIONSHIP, NOR CAN PLAINTIFF BE REQUIRED TO DESIGNATE A PARTICULAR ATTORNEY TO ACTIVATE PRIVILEGED TREATMENT OF LEGAL MAIL (KNOP v JOHNSON) ALL MAIL TO & FROM ATTORNEYS IS TREATED AS PRIVILEGED MAIL (BOSWELL v MAYER 169 F3d 6TH CIR 1999) THIS INCLUDES THEIR STAFF & ASSISTANS.

THUS, LIKE THE ABOVE LANGAUSE IN SALLIER, KENSU, JONES, AND KNOP, IN DETERMINING WHETHER CORRESPONDANCE IS LEGAL MAIL, THE ISSUE DOES NOT TURN ON WHETHER THERE IS AN EXISTING ATTORNEY-CLIENT RELATIONSHIP REGARDING AN ON-GOING LEGAL MATTER, RATHER, THE KEY ISSUE IS WHETHER THE ATTORNEY & THEIR STAFF ALONG WITH THE INMATE HAVE A FUNDAMENTAL INTEREST IN MAINTAINING CONFIDENTIALITY OF COMMUNICATIONS RELATING TO ANY LEGAL MATTER.

THESE ISSUES APPLY HERE. PLAINTIFF WISHED TO KEEP HIS LEGAL DOCUMENTS CONFIDENTIAL AND THE DEFENDANTS VIOLATED THAT RIGHT. THE SUBSTANCE OF THE LETTERS WAS CRUCIAL EVIDENCE IN A CRIMINAL MATTER. PLAINTIFF MUST BE ABLE TO SEND CONFIDENTIAL COMMUNICATION "PRIOR" TO INITIATING LEGAL ACTION OR FORMALLY CREATING AN ATTORNEY-CLIENT RELATIONSHIP, PLAINTIFF HAS A STRONG LIBERTY INTEREST IN KEEPING COMMUNICATIONS RELATING TO INVESTIGATIVE STAGES OF A LEGAL MATTER CONFIDENTIAL SUCH AS THAT CORRESPONDANCE IS NOT DISCLOSED TO JAIL STAFF OR ANYONE ELSE, THIS CHILLS IMPORTANT FIRST AMENDMENT RIGHTS.

(11)

THE FIRST & FOURTEENTH AMENDMENT REQUIRE A MEASURE OF PROTECTION FOR ADVOCATING LAWFULL MEANS OF VINDICATING LEGAL RIGHTS, INCLUDING ADVISING ANOTHER OF LEGAL RIGHTS, COMMUNICATING WITH PRIVATE INVESTIGATORS, OR REFERRALS TO A PARTICULAR ATTORNEY OR GROUP OF LAWYERS FOR ASSISTANCE (NAACP v BUTTON 371 US 415 83 S. CT 328 9 L. ED 2d 1963)

WHERE AS HERE, THE PLAINTIFF IS IN PENDING LITIGATION WITH THE DEFENDANTS & SUBSEQUENTLY WITH CRIMINAL COURTS, THE FRCP CIVIL PROCEDURE HAVE BEEN VIOLATED AND ABUSED OUT OF RETALIATION. THE JAILS TREATMENT OF PLAINTIFFS MAIL IN THIS CASE FURTHER ILLUSTRATES WHY PROTECTING THIS TYPE OF COMMUNICATION IS UTTERLY IMPORTANT — THE MAIL RELATED DIRECTLY TO POTENTIAL & ACTUAL LEGAL ACTION AGAINST THE SAME INDIVIDUALS WHO SCREEN ALL MAIL & LEGAL CORRESPONDENCE, AND AT LEAST ONE LETTER WAS READ BY DEFENDANTS & FORWARDED TO THEIR LAWYERS & DA'S OFFICE. THIS IS PRECISELY WHY CONFIDENTIAL LITIGATION CORRESPONDENCE MUST BE PROTECTED.

MORE BROADLY, THE ARGUEMENT IS THE CONTENT OF THE MAIL. A SYSTEM OR POLICY IN WHICH THE DEFENDANTS MAY "FIRST INDEPENDENTLY" SCREEN ALL PLAINTIFF INCOMING/OUTGOING MAIL FOR SUBSTANCE OF THE LEGAL COMMUNICATION WOULD DEFEAT THE VERY REASON TO PROTECT LEGAL MAIL — TO SAFEGAURD SENSITIVE & CONFIDENTIAL LEGAL COMMUNICATION, OF COURSE THIS MEANS THE JAIL WOULD NOT KNOW THE CONTENTS OF THE COMMUNICATION, BUT THAT IS THE PURPOSE & TRUE OF ALL LEGAL MAIL, OR SHOULD BE.

(12)

HERE, PLAINTIFFS LEGAL MAIL HAS BEEN SHARED WITH THE GENERAL PUBLIC. NO ONE CAN "UN-RING THAT BELL." THERE IS NOT A VALID RATIONAL CONNECTION BETWEEN THE PER SE "POLICY" OR RATHER THE ACTIONS OF CHAD YOUKER & ASHLEY LINDQUIST AND A LEGITIMATE INTEREST, BY THE STATE. RATHER JUST A VINDETIA.

## FOURTEENTH AMENDMENT

PLAINTIFF ASSERTS EQUAL PROTECTION VIOLATIONS AS WELL AS PROCEDURAL DUE PROCESS VIOLATIONS BY DEFENDANTS.

PLAINTIFF ASSERT HIS DUE PROCESS RIGHTS WERE VIOLATED AS THE DEFENDANTS BLOCKED DELIVERY OF MAIL WITHOUT PROVIDING THE PLAINTIFF OR INTENDED RECIPIENT NOTICE & OPPORTUNITY TO CONTEST THE DECISION, THUS, VIOLATING THEIR OWN POLICY FOR MAIL BUT ALSO AN ILLEGAL SEARCH & SEIZURE, AND DUE PROCESS

MAIL CENSORSHIP REGULATION MUST PROVIDE THAT NOTICE OF REJECTION BE GIVEN TO THE INMATE & RECIPIENT. KEY WORD "AND". REQUIRES THAT NOTICE & OPPORTUNITY TO PROTEST THE DECISION BE GIVEN TO THE AUTHOR OF ANY REJECTED LETTER, AND PROVIDE FOR AN APPEAL OF THE REJECTION DECISION TO AN IMPARTIAL THIRD PARTY PRIOR TO THE LETTER TO THE LETTER BEING RETURNED (MARTIN V KELLY 803 F2d 236 6TH CIR 1986) (PROCUNIER V MARTINEZ 94 S CT. 1800 (1974)

(13)

THE DECISION TO CENSOR OR WITHOLD DELIVERY OF A PARTICULLAR LETTER MUST BE ACCOMPANIED BY MINIMUM PROCEDURAL SAFEGUARDS BECAUSE THE INTEREST OF PRISONERS & THEIR CORRESPONDENTS IN UNCENSORED COMMUNICATION BY LETTER IS A PLAINLY A "LIBERTY" INTEREST WITHIN THE MEANING OF THE FOURTEENTH AMENDMENT EVEN THOUGH QUALIFIED OF NECESSITY BY THE CIRCUMSTANCE OF IMPRISONMENT (THORNBURGH V ABBOTT 490 US 401 109 SCT 1874, 104 L ED 2d 459 1989)

HERE, THE PLAINTIFFS MAIL WAS CLEARLY "LEGAL" AS EXPRESSEDLY EXPLICIT VIA THE CONTENT OF THE MAIL. THUS THE 14TH AMENDMENT DUE PROCESS RIGHT ASSERTED APPLY HERE, THE DEFENDANTS VIOLATED THEIR OWN POLICY & THE CONSTITUTION ALONG WITH 50 YEARS OF PRECEDENT SAT OUT IN "PROCUNIER", THE RIGHTS WERE WELL ESTABLISHED.

THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT REQUIRES THAT PERSONS WHO ARE SIMILARLY SITUATED BE TREATED ALIKE. AN EQUAL PROTECTION CLAIM CAN BE ESTABLISHED TWO WAYS. FIRST, PLAINTIFF MUST SHOW THE DEFENDANTS HAS INTENTIONALLY DISCRIMINATED AGAINST THE PLAINTIFF ON BASIS OF PLAINTIFF MEMBERSHIP IN A PROTECTED CLASS. UNDER THIS THEORY OF EQUAL PROTECTION, THE PLAINTIFF MUST SHOW THE DEFENDANTS ACTIONS WERE A RESULT OF PLAINTIFFS MEMBERSHIP IN A SUSPECT CLASS SUCH AS RACE, RELIGION, OR ALIENAGE. (THORTON V CITY OF ST HELENS 425 F3d 1158 9TH CIR 2005)

HERE, IT IS UNDISPUTED PLAINTIFF IS A VICTIM OF SEXUAL ABUSE & CHAD YOUKER AND HIS CO-DEFENDANTS RETALIATED AGAINST THE PLAINTIFF FOR REPORTING THE SEXUAL ABUSE

(14)

THE DEFENDANTS ARE NOT STEALING & SHARING ANY OTHER INMATES LEGAL MAIL. THOSE SIMILARLY SITUATED ARE NOT TREATED LIKE THE PLAINTIFF. ONLY THE PLAINTIFF, AS A SEXUAL ABUSE VICTIM, IS FORCED TO DEAL WITH THE RETALIATION OF THE DEFENDANTS UNDER THE GUISE OF "LAW ENFORCEMENT". THUS BY TAKING & SHARING LEGAL MAIL THE DEFENDANTS DISCRIMINATED AGAINST THE PLAINTIFF BASED ON MEMBERSHIP OF A PROTECTED CLASS — SEXUAL ABUSE VICTIMS

THE SECOND THEORY REQUIRES SHOWING SIMILARLY SITUATED INDIVIDUALS WERE INTENTIONALLY TREATED DIFFERENTLY WITHOUT ANY RATIONAL RELATIONSHIP TO LEGITIMATE GOVERNMENT PURPOSE (VILLAGE OF WILLOWBROOK V OLECH 528 US 562 2000) PLAINTIFF MUST SHOW (1) MEMBER OF A CLASS (2) INTENTIONALLY TREATED DIFFERENENT FROM OTHERS SIMILARILY SITUATED (3) NO RATIONAL BASIS FOR THE DIFFERENCE IN TREATMENT

HERE, PLAINTIFF IS (1) A SEXUAL ABUSE VICTIM (2) HAS BEEN TREATED DIFFERENTLY THAN OTHERS SIMILARILY SITUATED. THE DEFENDANTS HAVE EFFECTIVELY RETALIATED AGAINST THE PLAINTIFF & STOLE CRUCIAL CONFIDENTIAL LEGAL MAIL, MAKING APPEARENCES IN PLAINTIFF DIVORCE ACTION. SPECIFICALLY, CHAD YOUKER HAS TESTIFIED AGAINST THE PLAINTIFF IN EVERY SINGLE HEARING PLAINTIFF HAS HAD. CHAD YOUKER HAS NO AFFILIATION WITH PLAINTIFF NOR INVOLVED IN HIS CRIMINAL OR CIVIL CASES UNTIL HE INSERTS HIMSELF. THE DEFENDANTS ARE NOT ACTING THIS WAY TOWARD ANY OTHER INMATE (3) THERE IS NO RATIONAL BASIS FOR THE TREATMENT. THE DEFENDANTS WORK AT A JAIL, NOT THE FBI, A COUNTY JAIL AT THAT. THIS IS PURE VENGENCE FOR EXERCISING CONSTITUTIONAL RIGHTS & OPPOSING SEXUAL ABUSE.

(15)

PLAINTIFF MEETS THE CRITERIA FOR EITHER APPLICATION FOR A VIOLATION OF EQUAL PROTECTION. THESE VIOLATIONS DENY THE PLAINTIFFS RIGHTS TO A FAIR TRIAL IN THIS ACTION OR PLAINTIFFS CRIMINAL ACTION (CAREY V MUSLADIN 127 S. CT. 649 166 L ED 2d 482, 549 US 70, 75 USLW 4019 2006). SANCTIONS WOULD BE PROPER VIA FRCP RULE 11 OR 37. (HOLBROOK V FLYNN, 475 US 560, 106, S. CT 1340 89 2d 525 1986). PLAINTIFFS WORK PRODUCTS & ATTORNEY-CLIENT PRIVILEGE WORE VIOLATED & GIVE RISE TO AN UNFAIR TRIAL (EDWARDS V WHITTAKER 868 F SUPP MD TENN 1994). PLAINTIFF HAS NOT WAIVED ATTORNEY-CLIENT PRIVILEGE. (JONES V US NO 3:12-CV 599 MD TENN 2012). THERE IS NO POSSIBLE REMEDY FOR THIS SITUATION.

### SIXTH AMENDMENT

THE SIXTH AMENDMENT ASSURES FAIRNESS IN THE ADVERSARY CRIMINAL PROCESS (US V CRONIC 466 US 648 1984) WHERE SIXTH AMENDMENT IS VIOLATED, A "SERIOUS RISK OF INJUSTICE INFECTS THE TRIAL ITSELF" (CUYLER V SULLIVAN 446 US 335 1980). THUS, GOVERNMENT ACTIONS WHICH OBTAIN DEFENSE STRATEGY INFORMATION ARE IMPROPER UNDER SIXTH AMENDMENT (WEATHERFORD V BURSEY 429 US 545 1977). HERE, THE DEFENDANTS PURPOSEFULLY OPENED LEGAL MAIL DOCUMENTS WHICH THEY KNEW CONTAINED PRIVILEGED ATTORNEY-CLIENT INFORMATION & SHARED THE DOCUMENTS WITH THE PROSECUTOR. (CHITICK V LAFLER NO 11-1784 6TH CIR 2013). HERE, THE PROSECUTOR INTRODUCED THE "EVIDENCE" AT TRIAL & IT WAS IMPROPERLY OBTAINED

(16)

IN "WEATHERFORD" THE SUPREME COURT HELD THAT IN ORDER TO ESTABLISH A VIOLATION OF SIXTH AMENDMENT RIGHT TO COUNSEL ENSUING FROM GOVERNMENT SURVEILLANCE, A CLAIMANT MUST SHOW COMMUNICATION WITH AN ATTORNEY WERE SURREPTITIOUSLY MONITORED, BUT ALSO SHOW THE INFORMATION GAINED WAS USED TO PREJUDICE THE CLAIMANT DEFENSE IN HIS CRIMINAL TRIAL.

THIS IS EXACTLY WHAT HAPPENED HERE. PLAINTIFF IS NOT ONLY A PRO-SE ATTORNEY IN THIS ACTION, BUT HAS HIRED ATTORNEYS IN MULTIPLE CRIMINAL CASES. BY READING & SHARING PLAINTIFFS MAIL THE GOVERNMENT SURREPTITIOUSLY MONITORED COMMUNICATIONS AND THE INFORMATION GAINED WAS USED TO PREJUDICE THE CLAIMANTS DEFENSE IN HIS CRIMINAL TRIAL.

PLAINTIFFS CONFIDENTIAL STRATEGY IS NO LONGER CONFIDENTIAL. OVER 100 PAGES OF CLASSIFIED DOCUMENTS WERE GIVEN TO THE DA & USED AT TRIAL. ACTUAL PREJUDICE EXIST. FUTURE TRIALS WOULD BE FUNDAMENTALLY UNFAIR AND UNRELIABLE. SINCE THE DA IS AWARE OF ALL OF PLAINTIFFS TRIAL EVIDENCE, IT CREATED A PERFECT ADVANTAGE TO THE PROSECUTION.

THUS, PLAINTIFF 6TH AMENDMENT CLAIMS ARE IN FAVOR OF THE PLAINTIFF & AN INJUNCTION SHOULD BE AWARDED AS DEFENDANTS VIOLATED A CLEARLY ESTABLISHED RIGHT. THEY EFFECT IS CHILLING

## TURNER FACTORS

PLAINTIFF ARGUES THERE IS NO "POLICY" PER SE GRANTING CART BLANCHE AUTHORITY TO THE DEFENDANTS TO STEAL, SEIZE, AND SHARE OUTGOING OR INCOMING LEGAL MAIL. NONETHELESS, THE TURNER FACTORS ARE AS FOLLOWS (1) WHETHER THERE IS A "VALID, RATIONAL CONNECTION" BETWEEN THE REGULATION & LEGITIMATE GOVERNMENT INTEREST PUT FORWARD TO JUSTIFY IT (2) WHETHER THERE ARE ALTERNATIVE MEANS OF EXERCISING THE RIGHT THAT REMAINS OPEN TO INMATES (3) IF THERE WOULD BE SIGNIFICANT IMPACT ON GAURDS & OTHER INMATES (4) WHETHER READY ALTERNATIVES ARE ABSENT (TURNER v SAFELY 482 US 78 1987)

"A LACK OF ALTERNATIVES DOES NOT END THE REASONABLENESS ANALYSIS BUT EVIDENCE THE REGULATION IS UNREASONABLE" (MEYER v US BUREAU OF PRISONS 984 F3d ·347 4TH CIR 2021)

HERE PLAINTIFF STATES (1) THERE IS NO VALID RATIONAL CONNECTION BETWEEN STEALING LEGAL MAIL & A LEGIT GOVERNMENT INTEREST. THE DEFENDANTS ONLY INTEREST IS TO GAIN A TACTICAL ADVANTAGE ILLEGALLY IN A CRIMINAL MANNER AND HARASS THE PLAINTIFF (2) THERE IS NO ALTERNATIVE TO SEND EVIDENCE, EXHIBITS TO PLAINTIFFS LEGAL TEAM OTHER THAN US MAIL. THE MARKET IS CORNERED & THE US POSTAL SERVICE HAS MONOPOLIZED PRISON MAIL... (3) THERE IS NO IMPACT ON GAURDS OR INMATES AS NEITHER HAVE ANYTHING TO DO WITH THE MAIL PROCESS. IF ANYTHING, IT THE SYSTEM IS MORE EFFICIENT WHEN THE DEFENDANTS STOP TRYING TO "PLAY COPS" AND FOCUS ON REHABILITATING INMATES PRIOR TO RELEASE RATHER THAN VIOLATING THE CONSTITUTION WITH TAX PAYER DOLLARS (4) THERE IS NO READY ALTERNATIVE FOR SENDING LEGAL MAIL.

(18)

THUS, THE TURNER FACTORS ARE IN FAVOR OF THE PLAINTIFF, THE CURRENT "POLICY" OR ACTIONS ARE NOT REASONABLE AS EVIDENCED BY THE EXPLICIT RESULTS HERE. PLAINTIFFS TRUE ALTERNATIVE IS - SIMPLY RESISTING STATE COERCION & SUFFERING THE INHERENT CONSEQUENCES THEREOF - IS NO TRUE ALTERNATIVE. AN INJUNCTION IS REQUIRED AND PROPER IN THIS SITUATION.

PRELIMINARY INJUNCTION FRCP 65

A PLAINTIFF SEEKING A PRELIMINARY INJUNCTION MUST ESTABLISH THAT HE IS LIKELY TO SUCCEED ON MERITS, HE IS LIKELY TO SUFFER IRREPARABLE HARM IN ABSENCE INJUNCTION, BALANCE OF EQUITIES TIPS IN FAVOR, & AN INJUNCTION IS IN PUBLIC INTEREST (WINTER V NATL RES DEF COUNCIL INC 555 US 7 129 S. CT 365 ,72 L ED 2d 249 2008)

THE PRINCIPLE FUNCTION OF A PRELIMINARY INJUNCTION IS TO PRESERVE STATUS QUO & PREVENT IRREPARABLE HARM DURING THE PENDENCY OF A LAWSUIT TO PRESERVE THE COURTS ABILITY TO RENDER A MEANISFUL JUDGEMENT, BUT WHERE AN APPLICANTS RIGHT TO RELIEF IS "INDISPUTABLY CLEAR" THE COURT MAY ISSUE A "MANDATORY" INJUNCTION IS REQUIRED WHICH ALTERS RATHER THAN PRESERVES THE STATUS QUO. (COMMUNITY PARTY OF IND V WHITCOMB 409 US 1235 93 S. CT 16 34 L ED 2d 1972.

HERE, IT IS "INDISPUTIBLY CLEAR" AND SUPPORTED WITH CASE LAW ABOVE NORMAL A MANDATORY INJUNCTION IS REQUIRED & SOUGHT TO ALTER THE CURRENT POLICY & ACTION OF THE DEFENDANTS

## LIKELIHOOD OF SUCCESS ON MERITS

PLAINTIFF HAS DEMONSTRATED A CLEAR LIKELIHOOD OF SUCCESS ON MERITS. FIRST, IT IS UNDISPUTED PLAINTIFF IS A SEXUAL ABUSE VICTIM & THE DEFENDANTS RETALIATED. SECOND, IT IS UNDISPUTED DEFENDANTS STOLE LEGAL MAIL, GAVE IT THE DA, AND USED THE EVIDENCE OBTAINED UNLAWFULLY AT TRIAL WHICH PREJUDICED THE PLAINTIFF.

THUS, FOR THE SAME REASONS TO DENY A DISMISSAL ALSO WEIGH IN FAVOR OF GRANTING INJUNCTIVE RELIEF. THE PLAINTIFF COULD REALISTICALLY PREVAIL ON A FIRST, FOURTH, EIGHTH, SIXTH, OF FOURTEENTH AMENDMENT CLAIM IN THIS ACTION WHILE ALSO DENYING THE PLAINTIFF A RIGHT TO A FAIR TRIAL.

FURTHERMORE, THE DEFENDANTS HAVE WAIVED QUALIFIED IMMUNITY. AS DISCUSSED EARLIER, THE TURNER FACTORS FAVOR THE PLAINTIFF. THEY DEFENDANTS ACTED ARBITRARILY AND CAPRIOUSLY, THEY TREATED THE PLAINTIFF DIFFERENTLY THAN OTHERS, THEY DID NOT FOLLOW DUE PROCESS, THEY SEXUALLY ABUSED & RETALIATED AGAINST PLAINTIFF, CENSORED & WITHELD MAIL, PERFORMED ILLEGAL SEARCH & SEIZURE ABSENT A WARRANT, AND VIOLATED ATTORNEY-CLIENT PRIVILEGE.

WHO KNEW CONSTITUTIONAL RIGHTS SO PERFECTLY ALIGNED WITH JAIL POLICY... MAIL THEFT IS AN ACTUAL CRIME PURSUANT TO 18 USC 1708 AND THE DEFENDANTS ARE SUBJECT TO FIVE YEARS IN PRISON AND STOLE MAIL UNDER THE COLOR OF LAW. PLAINTIFF WAS DENIED POST-DEPRIVATION REMEDIES WHICH DENY HIM OF DUE PROCESS (MCLAUGHLIN v WEATHERS 170 F. 3d 577 6TH CIR 1999)

Case 3:24-cv-01121    Document 70    Filed 05/04/26    Page 20 of 29 PageID #: 1008

THE ONLY REAL QUESTION OF "LIKELIHOOD OF SUCCESS ON MERITS" IS UNLAWFUL SEARCH & SEIZURE & APPLICATION OF TCA 41-21-812. PRISONERS HAVE NO LEGITIMATE EXPECTATION TO PRIVACY (HUDSON v PALMER 468 US 517 1984). AS A PRETRIAL DETAINEE THE PLAINTIFF HAS GREATER PROTECTIONS. THERE ARE CASES WHICH SEEM TO DRAW DISTINCTION THAT SEARCHES & SEIZURES OF PRISONERS PROPERTY CAN, UNDER CERTAIN CIRCUMSTANCES, IMPLICATE OTHER CONSTITUTIONAL PROVISIONS SUCH AS FIRST, FIFTH, AND SIXTH AMENDMENT SUCH AS HERE. THE MAJORITY IN "PALMER" POINTED OUT THAT THOUGH A PRISONER DOES NOT HAVE ANY REASONABLE EXPECTATION OF PRIVACY, ENABLING HIM TO INVOKE PROTECTIONS OF THE FOURTH AMENDMENT, DOES NOT MEAN HE IS WITHOUT REMEDY FOR CALCULATED HARASSMENT UNRELATED TO PRISON NEEDS.

HOW DOES SEIZING OUT GOING MAIL SERVE A PRISON NEED? HOW LONG HAS THIS GONE ON? HOW MUCH MAIL WAS FOR LEGAL PURPOSE WAS NEVER SENT OUT & YET PROVIDED UNLAWFULLY TO THE PROSECUTOR? AND USED IN CRIMINAL CASE IN (POWELL v SCHRIVER 175 F3d 107 2ND CIR 1999) PRISON OFFICIALS HAD NO REASON TO SERCH. IN (ROGERS v STATE 783 So 2d 981 FLA 2001) THE CLEAR LANGAUGE OF THE COURT CERTAINLY GIVES PLAUSIBILITY TO THE THEORY THAT THERE ARE SEARCHES WHICH CAN IMPLICATE CONSTITUTIONAL VIOLATIONS SUCH AS HERE. (WORK v DICKSON CNTY JAIL CASE 3:10-0807 MD TENN 2011)

DUE TO TCA 41-21-812 IN STATE COURTS FOR A FABRICATED INVOICE CREATED BY CLERK JAKOB SCHWENDIMANN, THE EXACT SAME CLERK WHO PERJURED HIS AFFIDAVIT TESTIMONY AGAINST THE PLAINTIFF WHEN HE DENIED PHOTOS EXISTED. PLAINTIFF HAS NO ACCESS IN STATE COURTS TO GET A DIVORCE, SEEK REDRESS FOR FRAUD, AND FILE SUIT FOR DEFAMATION. PLAINTIFFS CLAIM WAS NOT

21

FRIVILOUS, MALICIOUS, OR FAILED TO STATE TO CLAIM. ACCESS TO THE COURTS WAS DENIED DUE TO WEALTH OR LACK THEREOF. THE 6TH CIRCUIT FOUND TCA 41-21-812 UNCONSTITUTIONAL IN (CLIFTON V CARPENTER 775 F3d 760 6TH CIR 2014) COINCIDENTLY, THESE ARE DEFENDANT LISA CARSON'S CLIENTS, AND LISA CARSON SUBORNED PERJURY.

BECAUSE THE CHALLENGED RESTRICTIONS ARE NOT "NEUTRAL" AND OF "GENERAL APPLICABILITY" THEY MUST SATISFY "STRICT SCRUTINY"; THIS MEANS THEY MUST BE "NARROWLY TAILORED" TO SERVE A "COMPELLING" STATE INTEREST WHEN A PARTY SEEKS A PRELIMINARY INJUNCTION ON THE BASIS OF A POTENTIAL CONSTITUTIONAL RIGHT VIOLATION, "THE LIKELIHOOD OF SUCCESS ON THE MERITS OFTEN WILL BE THE DETERMINATIVE FACTOR" (OBAMA FOR AMERICA V HUSTED 697 F3d 423 6TH CIR 2012)

THE PLAINTIFF IS CLEARLY LIKELY TO SUCCEED, THERE IS NO VALID RATIONAL CONNECTION BETWEEN STEALING OUT GOING LEGAL MAIL; LEGITIMATE PENOLOGICAL INTEREST. NOR IS SEXUAL ABUSE; RETALIATION "VALID OR RATIONAL"

## IRREPARABLE HARM

BECAUSE THE PLAINTIFF IS LIKELY TO SUCCEED ON HIS CONSTITUTIONAL CLAIMS, THERE IS "NO ISSUE AS TO THE EXISTENCE OF THE REMAINING PRELIMINARY INJUNCTION FACTORS" (MILLER V CITY OF CINCINNATI 622 F3d 524 6TH CIR 2010) EVEN A MINIMAL INFRINGEMENT UPON FIRST AMENDMENT VALUES CONSTITUTES IRREPARABLE INSURY SUFFICIENT TO JUSTIFY INJUNCTIVE RELIEF.

WHEN A CONSTITUTIONAL RIGHT IS VIOLATED THE PUBLIC INTEREST MILITATES IN FAVOR OF INJUNCTIVE RELIEF BECAUSE IT IS ALWAYS IN THE PUBLIC INTEREST TO PREVENT VIOLATION OF CONSTITUTIONAL RIGHTS (OBAMA FOR AM v HUSTED 697 F3d 6TH Cir 2012). WHEN CONSTITUTIONAL RIGHTS ARE THREATENED OR IMPAIRED, IRREPARABLE INJURY IS PRESUMED. IF A PLAINTIFF SHOWS A SUBSTANTIAL LIKELIHOOD THAT A CHALLENGED ACTION OR POLICY IS UNCONSTITUTIONAL, NO SUBSTANTIAL HARM TO OTHERS CAN BE SAID TO INHERE IN ITS ENJOYMENT (DEJA VU OF NASH. INC v METRO Gov'T OF NASH. 274 F3d 377 400 6TH CIR 2001) THE LOSS OF ANY CONSTITUTIONAL FREEDOM, FOR EVEN MINIMAL PERIODS OF TIME, UNQUESTIONABLY CONSTITUTES IRREPARABLE INJURY. THUS, IN THE CONTEXT OF AN ALLEGED VIOLATION OF RIGHTS, A PLAINTIFF CLAIM TO IRREPARABLE HARM IS INSEPARABLY LINKED TO THE LIKELIHOOD OF SUCCESS ON THE MERITS OF PLAINTIFF CLAIM. (ELROD v BURNS 427 US 347 S. CT 2673, 49 L.ED 2d 547 1976).

PLAINTIFF FACES A MAJOR OBSTICLE, VIOLATE JAIL "POLICY" OR ABANDON HIS CONSTITUTIONAL RIGHTS. IN OTHER WORDS, DEFENDANTS UNMITIGATED ACTIONS FORCE PLAINTIFF TO CHOOSE BETWEEN TWO DISTINCT BUT EQUAL IRREPARABLE INJURIES: SUBMIT TO GOVERNMENT COERCION & HARASSMENT & RETALIATION AND ALLOW THE RESTRICTION OF CONSTITUTIONAL RIGHTS AT ODDS WITH AMERICAS JURISPRUDENCE OR FACE PUNISHMENT FROM JAIL STAFF (DEFENDANTS), OR ADDITIONAL CRIMINAL CHARGES (PLAINTIFF HAS 30 CRIMINAL CHARGES FOR FILING SUBPOENAS). SUCH A HOBSON'S CHOICE IS NO REAL CHOICE AT ALL

PLAINTIFF HAS SHOWN A CLEAR CONSTITUTIONAL VIOLATION & THUS IRREPARABLE HARM

<u>BALANCE OF EQUITIES & PUBLIC INTEREST</u>

WHERE, AS HERE, THE STATE ACTOR IS A PARTY, THE BALANCE OF THE EQUITIES & PUBLIC INTEREST PRONGS MERGE (NKEN v HOLDER 556 US 418, 129 S. CT 1749, 173 L. ED 2d 550 2009).

IT IS ALWAYS IN THE PUBLIC INTEREST TO UPHOLD THE CONSTITUTIONAL RIGHTS (CENTRO TEPEYAC v MONTOGOMERY CNTY 722 F3d 184, 191 4TH CIR 2013). GRANTING THIS INJUNCTION WILL REQUIRE CHANGE, THE DEFENDANTS WILL NOT HAVE UNFETTERED ACCESS TO THE PLAINTIFF COMMUNICATIONS' & LEGAL MAIL. SUCH CHANGES WOULD NOT "NEGATIVELY IMPACT THE PUBLIC" NOR NEGATIVELY IMPACT THE DEFENDANTS MOST IMPORTANT MISSION & FUNCTION: UPHOLD THE CONSTITUTION... A STATE ACTOR IS IN NO WAY HARMED BY ISSUANCE OF A PRELIMINARY INJUNCTION WHICH PREVENTS THE STATE FROM ENFORCING RESTRICTIONS LIKELY TO BE UNCONSTITUTIONAL OR VIOLATE FRCP. IF ANYTHING, THE SYSTEM IS IMPROVED BY SUCH AN INJUNCTION. (GIOVANI v BASON 303 F3d 597 4TH CIR 2002).

GIVEN PLAINTIFFS LIKELIHOOD - IF NOT INEVITABILITY - OF SUCCESS ON MERITS, THE REQUESTED INJUNCTION WOULD DO NO MORE THAN REQUIRE THE DEFENDANTS TO FULFILL THEIR EXISTING CONSTITUTIONAL OBLIGATIONS - AN OBLIGATION EACH DEFENDANT TOOK AN OATH TO UPHOLD.

DENIAL OF THE PRELIMINARY INJUNCTION WOULD PROLONG THE DEFENDANTS ONGOING DEPRIVATION OF PLAINTIFF RIGHTS, FUTHERMORE, FINAL ADJUCATION OF THIS MATTER MAY NOT OCCUR BEFORE PLAINTIFFS RELEASE & THUS DENYING HIM PRELIMINARY RELIEF COULD IN EFFECT, DENY HIM OF ANY POSSIBLE REMEDY

(24)

A PRELIMINARY INJUNCTION IS AN EXTRAORDINARY REMEDY NEVER TO BE AWARDED AS A RIGHT. SUCH RELIEF IS ESPECIALLY EXTRAORDINARY WHEN IT ALTERS AND PRESERVES THE STATUS QUO. BECAUSE "UNCOMMONLY WELL-SETTLED CASE LAW" HAS ESTABLISHED THE DEFENDANTS AT A MINIMUM SEXUALLY ABUSED & RETALIATED AGAINST PLAINTIFF AND LIKELY BASTARDIZED ALMOST EVERY FACET OF THE CONSTITUTION, THIS IS AN EXTRAORDINARY CASE THAT WARRANTS EXTRAORDINARY RELIEF.

FULL SCALE CONSPIRACY & COERCION BETWEEN THE DA'S OFFICE & THE DEFENDANTS TO UNLAWFULLY SEIZE LEGAL MAIL & USE THE MAIL IN A CRIMINAL SETTING GIVES THE PLAINTIFFS RIGHT TO RELIEF UNDISPUTABLY CLEAR. A MANDATORY PRELIMINARY INJUNCTION IS NECESSARY TO PROTECT AGAINST FURTHER IRREPARABLE HARM IN A DETERIORATING CIRCUMSTANCE CREATED BY THE DEFENDANTS & TO PRESERVE THE COURTS ABILITY TO ENTER ULTIMATE RELIEF ON MERITS OF THE SAME (MICROSOFT 333 F3d AT 525)

<u>TEMPORARY RESTRAINING ORDER REQUIREMENTS</u>

1 - TRO IS SEPERATE FROM COMPLAINT MD TENN LR 65.01(A) 2 - THIS TRO IS ACCOMPANIED WITH MEMORANDUM OF LAW MD TENN LR 65.01(B) 3 - THIS TRO IS SUPPORTED BY AN AFFIDAVIT FRCP 65(B)(i)(A), MD TENN LR 65.01(B) #THE DEFENDANTS WOULD NOT NOTARIZE THE TRO AFFIDAVIT A) 4 - ON 4/20/26 I GAVE WRITTEN NOTICE VIA US MAIL TO EACH DEFENDANT & VIA JAIL KIOSK (ID # 1069777) THE DEFENDANT HAVE LEGITIMATE NOTICE, THOUGH SHOULD NOT BE REQUIRED DUE TO IRREPARABLE INJURY. FRCP 65 (B)(i)(B), MD TENN LR 65.01(c)

Case 3:24-cv-01121 Document 70 Filed 05/04/26 Page 25 of 29 PageID #: 1013

CERTIFICATE OF SERVICE

I CERTIFY A TRUE & EXACT COPY WAS SENT VIA US MAIL ON 4/18/26

TO      EMMERSON MARCOTT              BRIAN SPITLER

        3310 W. END AVE #550          735 BROAD ST #1100

        NASHVILLE, TN 37203           CHATTANOOGA, TN 37402

                                        RESPECTFULLY

<u>AFFIDAVIT OF ROBERT GORDON</u>

I, ROBERT GORDON, AM OVER AGE 18, AFTER BEING DULY SWORN GIVE OATH UNDER PENALTY OF PERJURY, AM COMPETENT TO TESTIFY, AND STATE THE FACTS TO THE BEST OF MY KNOWLEDGE

1 - ON 4/17/26 CHAD YOUKER TESTIFIED IN THE CIRCUIT COURT OF WILLIAMSON Co. THAT HE CONSPIRED WITH ASHLEY LINDQUIST TO UNLAWFULLY STEAL LEGAL OUT GOING & INCOMING US MAIL, GAVE SAID MAIL TO THE PROSECUTOR, AND THE CONTENTS OF THE MAIL WERE LEGAL MAIL, THE MAIL WAS USED IN A CRIMINAL TRIAL.

2 - CHAD YOUKER ADMITTED I WAS SEXUALLY ABUSED BY DREW APER & HE RETALIATED AGAINST ME FOR REPORTING SEXUAL ABUSE

3 - MY MAIL HAS BEEN CENSORED & RESTRICTED EVEN SEIZED, I HAVE BEEN DISCRIMINATED AGAINST AS A SEXUAL ABUSE VICTIM, MY WORK PRODUCT & ATTORNEY-CLIENT PRIVILEGE HAS BEEN VIOLATED, MY ACCESS TO THE COURTS HAS BEEN DENIED, MY DUE PROCESS RIGHTS HAVE BEEN VIOLATED, I HAVE NO OPTION OF A FAIR TRIAL, I HAVE HAD NO POST-DEPRIVATION REMEDIES

4 - CHAD YOUKER ADMITTED TO DESTROYING MY MAIL ON 8/20/25

5 - DEFENDANT READ ALL OF MY PRIVILEGED COMMUNICATION INCLUDING MAIL, EMAIL, TEXT. I GAVE NOTICE OF TRO/INJUNCTION VIA KIOSK & MAIL ON 4/18/26 & 4/20/26

6 - I WAS NEVER INFORMED THE DEFENDANTS STOLE MY OUTGOING MAIL & HELD MY INCOMING LEGAL MAIL UNTIL TRIAL - TRIAL BY AMBUSH

7 - I AM IN FEAR FOR MY LIFE OF THE DEFENDANTS DUE TO THEIR NEVER ENDING HARASSMENT & RETALIATION

FURTHER AFFIANT SAITH NOT                                    AFFIANT



ROBERT C. GORDON
#65920
408 CENTURY CT
FRANKLIN, TN 37064

RECEIVED

MAY 0 4 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

US DISTRICT COURT CLERK
MIDDLE DISTRICT OF TENN.
719 CHURCH ST #1300
NASHVILLE, TN 37203

LEGAL
MAIL

LEGAL
MAIL

LEGAL MAIL

This correspondence is from an inmate in a correctional institution. The Williamson County Sheriff's Office has neither censored nor inspected this item. Therefore this department does not assume responsibility for its contents.
Williamson County Sheriff's Office

This correspondence is from an inmate in a correctional institution. The Williamson County Sheriff's Office has neither censored nor inspected this item. Therefore this department does not assume responsibility for its contents.
Williamson County Sheriff's Office

This correspondence is from an inmate in a correctional institution. The Williamson County Sheriff's Office has neither censored nor inspected this item. Therefore this department does not assume responsibility for its contents.
Williamson County Sheriff's Office