3:24-CV-O1121 (8m)

EXHIBIT I

RECEIVED

MAY 0 4 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE CHANCERY COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

| | | |
|---|---|---|
| ROBERT GORDON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | No. 24CV-53530 |
| | ) | |
| ERIN MISHKIN, | ) | |
| | ) | |
| DEFENDANT. | ) | |

---

### ORDER DISMISSING COMPLAINT FOR OUTSTANDING COURT COSTS PURSUANT TO TENN. CODE ANN. § 41-21-812

---

This action was initiated by Plaintiff Robert Gordon on May 9, 2024, upon the filing of his *Complaint for Rape, Slander, Forgery, Fraud, and Perjury by Erin Mishkin*. In his complaint, Mr. Gordon alleges that Defendant Erin Mishkin raped him, committed perjury before the Williamson County Chancery Court in Case No. 23CV-52319, forged court documents including a dismissal form purportedly signed by Williamson County General Sessions Judge Taylor to gain employment at Franklin Special School District, and "created a fake church, fake minister named Erica Lane, a fake attorney named Jill Chase in 2023 to have Mr. Gordon arrested on charges." Mr. Gordon alleges that, through these alleged acts, Ms. Mishkin intentionally inflicted emotional distress upon Mr. Gordon, causing "great emotional, financial, physical, and mental harm." Mr. Gordon requested a judgment against Ms. Mishkin in the amount of $400,000 "equal to his salary over the course of events, in punitive damages[,]" that the Court "order Ms. Mishkin to pay all of Mr. Gordon['s] medical cost, attorney fees, court cost, [and] bond payments for her intentional infliction of mental anguish[,]" and that the Court order Ms. Mishkin to undergo a psychiatric evaluation, pursuant to Tennessee Rule of Civil Procedure 35. When Mr. Gordon initially filed

Page 1 of 5

EXHIBIT

this lawsuit, he simultaneously submitted a Uniform Civil Affidavit of Indigency.[1]

Mr. Gordon filed a motion for default judgment on October 14, 2024, averring that Ms. Mishkin failed to respond to his complaint within the time prescribed by law, and set the motion to be heard on October 25, 2024.

Tennessee Code Annotated section 41-21-812[2] provides as follows:

(a) Except as provided by subsection (b), on notice of assessment of any fees, taxes, costs and expenses under this part, a clerk of a court may not accept for filing another claim by the same inmate until prior fees, taxes, costs and other expenses are paid in full.

(b) A court may allow an inmate who has not paid any costs or expenses assessed against the inmate to file a claim for injunctive relief seeking to enjoin an act or failure to act that creates a substantial threat of irreparable injury or serious physical harm to the inmate.

Tenn. Code Ann. § 41-21-812. A "claim," as the term is used in Tenn. Code Ann. § 41-21-812, is defined as "any lawsuit or appeal filed by an inmate except a petition for post-conviction relief[.]" Tenn. Code Ann. § 41-21-801(1). Additionally, an "inmate" is defined as "a person housed in a facility operated by the department, housed in a county jail or housed in a correctional facility operated by a private corporation pursuant to a contract with the state or local government[.]" Tenn. Code Ann. § 41-21-801(4). Therefore, Tenn. Code Ann. § 41-21-812(a) prohibits inmates from filing any lawsuits or appeals, other than those for post-conviction relief, when they owe unpaid court costs from prior cases. *See, e.g., Sweatt v. Tennessee Dep't of Corr.*, 90 S.W.3d 112, 115 (Tenn. Ct. App. 2002).

"[T]he purpose of [Tenn. Code Ann. § 41-21-812] is to offset the tide of frivolous inmate litigation filtering through the court system." *Hughes v. Tennessee Bd. of Prob. & Parole*, 514

---

[1] As of the entry of this order, this request for a finding that he is indigent has never been ruled on.

[2] Tennessee Code Annotated section 41-21-812 applies to this matter because it involves "a claim brought by an inmate in . . . a trial level court of record in which an affidavit of inability to pay costs is filed with the claim by the inmate." Tenn. Code Ann. § 41-21-802.

Page **2** of **5**

S.W.3d 707, 721 (Tenn. 2017). "[B]ecause inmate litigation is so prevalent, the State has a legitimate interest in reducing expenditures and offsetting the tide of frivolous[3] inmate litigation." *Id.* Tennessee Code Annotated section 41-21-812 "does not deprive the inmates of administrative remedies and does not permanently bar any inmate access to the courts." *Id.* at 722.

As summarized by the Tennessee Supreme Court in *Hughes*, the Sixth Circuit has addressed the constitutionality of Tenn. Code Ann. § 41-21-812 in *Clifton v. Carpenter*, 775 F.3d 760, 762 (6th Cir. 2014), and concluded that the statute was unconstitutional as applied in that case. *Id.* at 768. The *Hughes* Court summarized the procedural history and ruling in *Clifton* as follows:

> In *Clifton*, the petitioner was a parolee whose parole was revoked by the parole board. When the petitioner attempted to appeal this decision to the chancery court and the Tennessee Court of Appeals, the clerk's offices refused to file the petition because he owed $1,449.15 in prior court costs. Recognizing that the petitioner had a liberty interest at stake in the revocation of parole and asserting that "[a]ccess to the courts cannot be contingent on wealth," the Sixth Circuit found section 41-21-812 unconstitutional as applied.

*Hughes*, 514 S.W.3d at 713 (citations omitted). As noted by the *Hughes* Court, the Sixth Circuit's decision in *Clifton* is not binding on Tennessee courts, as it addresses an issue of Tennessee law. The *Hughes* Court further concluded that *Clifton* did not control its decision in *Hughes* because different interests were at stake.[4] In this case, Mr. Gordon has attempted to assert allegedly private causes of action against Ms. Mishkin, some of which he avers led to his current

---

[3] "[I]ndigent persons are more likely to file frivolous litigation because there is nothing to deter such filings, like fees and costs, at the beginning of a law suit." *Hughes*, 514 S.W.3d at 721-722.

[4] In *Clifton*, "the petitioner in that case had a liberty interest at stake in the revocation of his parole." *Hughes*, 514 S.W.3d at 713. However, in *Hughes*, the "petitioner was already imprisoned and was requesting early release." *Id.* The *Hughes* Court recognized that, "[w]hile the revocation of parole involves the removal of a liberty interest, '[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.'" *Id.* (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 422 U.S. 1, 9, 99 S.Ct. 2100, 60 L.E.2d 668 (1979)). For this reason, the *Hughes* Court concluded that different interests were at stake than those in *Clifton* so its decision was not controlled by the Sixth Circuit's decision in *Clifton*.

Case 3:24-cv-01121    Document 70-9    Filed 05/04/26    Page 4 of 8 PageID #: 1055

incarceration.[5] This factual background is readily distinguishable from those in both *Clifton* and *Hughes*.

Attached as Exhibit A to this order, the Clerk and Master of the Williamson County Chancery Court has sworn that, as of the entry of this order, Mr. Gordon has outstanding court costs in the amount of $300.00, incurred in the case styled as *Erin Mishkin v. Robert Cole Gordon*, 94CHI-2023-CV-52319. Further, these outstanding court costs were incurred by Mr. Gordon's filing of an appeal in that case on April 17, 2024. Therefore, Mr. Gordon had outstanding court costs at the time he filed the complaint in this matter on May 9, 2024. Mr. Gordon also qualifies as an "inmate," as defined in Tenn. Code Ann. § 41-21-801(4), as he is currently incarcerated in the Williamson County Jail. Lastly, the complaint in this matter is not a petition for post-conviction relief and, therefore, meets the definition of a "claim." *See* Tenn. Code Ann. §41-21-801(1). Thus, Tenn. Code Ann. § 41-21-812(a) barred the trial court clerk from filing Mr. Gordon's complaint. Because it was erroneously filed by the court clerk, this Court can remedy said error by dismissing Mr. Gordon's complaint, *sua sponte*. *See Halliburton v. Tennessee Board of Parole*, 2021 WL 2827329, at *2 (Tenn. Ct. App. July 7, 2021) ("Because it was erroneously filed by the court clerk, we conclude that the chancery court did not err in dismissing the petition."); *Gray v. Tenn. Dep't of Corr.*, No. E2012-00425-COA-R3-CV, 2013 WL 5677004, at *6 (Tenn. Ct. App. Oct. 17, 2013) ("The trial court did not err in finding Mr. Gray's petition barred by Tennessee Code Annotated § 41-21-812(a) and in dismissing his petition on that basis."); *Dotson v. Contemporary Media, Inc.*, No. W2011-01234-COA-R3-CV, 2012 WL 1868255, at *7 (Tenn. Ct. App. May 23, 2012) ("If a clerk erroneously accepts, for filing, a claim, to which Tennessee Code Annotated Section 41-21-812 applies, then the trial court is authorized to dismiss the case under

---

[5] Mr. Gordon has several criminal cases pending against him and he has not posted a bond.

the statute."); *Montague v. Tenn. Dep't of Corr.*, 109 S.W.3d 735, 737 (Tenn. Ct. App. 2003) (affirming trial court's dismissal of inmate's complaint "on the authority of Tenn. Code Ann. § 41-21-812(a) which provides that the clerk of the court shall not accept for filing a claim by an inmate on an affidavit of inability to pay costs when that person owes unpaid costs incurred in a prior action.").

Because Mr. Gordon's complaint is barred by Tenn. Code Ann. § 41-21-812(a), the Court hereby dismisses his complaint, *sua sponte*.

**IT IS SO ORDERED.**

**ENTERED** this 16th day of October, 2024.

**David H. Veile**
**Chancellor, Division III**

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify a true and exact copy of the foregoing *Order Dismissing Complaint for Outstanding Court Costs* was mailed, postage prepaid, and/or emailed, and/or faxed, to:

**Robert Cole Gordon**
408 Century Court
Franklin, TN 37064
*Plaintiff, pro se*

**Erin Mishkin**
805 Founders Pointe Blvd.
Franklin, TN 37064
*Defendant, pro se*

This the 16th day of October, 2024.

Circuit Court Clerk/Deputy Clerk

Page 5 of 5

Case 3:24-cv-01121    Document 70-9    Filed 05/04/26    Page 6 of 8 PageID #: 1057

Robert C. Gordon
#65920
408 Central Ct
Franklin, TN 37064

RECEIVED

MAY 04 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

US District Court Clerk
Middle District of Tenn.
719 Church St #1300
Nashville, TN 37203



Legal
Mail

Legal
Mail

LEGAL MAIL

This correspondence is from an inmate in a correctional institution. The Williamson County Sheriff's Office has neither censored nor inspected this item. Therefore this department does not assume responsibility for its contents. Williamson County Sheriff's Office

This correspondence is from an inmate in a correctional institution. The Williamson County Sheriff's Office has neither censored nor inspected this item. Therefore this department does not assume responsibility for its contents. Williamson County Sheriff's Office

This correspondence is from an inmate in a correctional institution. The Williamson County Sheriff's Office has neither censored nor inspected this item. Therefore this department does not assume responsibility for its contents. Williamson County Sheriff's Office