IN THE US DISTRICT COURT FOR MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

ROBERT C. GORDON

v.                                              CASE # 3:24-cv-01121

WILLIAMSON Co SHERIFF OFFICE, ET AL

## EX PARTE TRO

### EMERGENCY MOTION FOR TRO & PRELIMINARY INJUNCTION

### DUE TO SEXUAL ABUSE AND RETALIATION OF CHAD YOUKER

COMES NOW, ROBERT GORDON, PURSUANT TO FRCP 65 HEREBY MOVES THIS COURT FOR AN EX PARTE TRO & PRELIMINARY INJUNCTION DUE TO SEXUAL ABUSE & RETALIATION BY CHAD YOUKER. PLAINTIFF SEEKS TO ENFORCE THE STATUS QUO AS OF 4/23/26 AT 1:00PM AS HE IS IN DANGER FOR HIS LIFE & SAFETY DUE TO VIOLATION OF FIRST, EIGHTH, FOURTEENTH AMENDMENTS.

## RELIEF SOUGHT

PLAINTIFF SEEKS THE FOLLOWING RELIEF (1) ENFORCE THE STATUS QUO AS OF 4/23/26 AT 1:00PM HOUSING PLAINTIFF IN GENERAL POPULATION FOR HIS SAFETY (2) ENJOIN & RESTRAIN DEFENDANTS FROM FURTHER SEXUAL ABUSE, THREATS, INTIMIDATION, OR RETALIATION (3) ENJOIN & RESTRAIN DEFENDANTS FROM HOUSING PLAINTIFF IN ANY FORM OF ISOLATION OR SEGREGATED HOUSING (4) ENJOIN DEFENDANTS TO ALL P.R.E.A. POLICY FOR VICTIMS (5) REQUIRE DEFENDANTS TO IMMEDIATELY DELIVER ALL INCOMING & OUTGOING MAIL, LEGAL MAIL TO THE PERSON WHOM ADDRESSED OR RETURN THE MAIL (6) ENJOIN & RESTRAIN DEFENDANT FROM OPENING & READING, SHARING, OR PUBLISHING ANY LEGAL MAIL OR PRIVILEGED COMMUNICATION (7) ENJOIN & RESTRAIN DEFENDANTS FROM COMING ABOUT PLAINTIFF TO SEXUALLY ABUSE OR ORDERING, DIRECTING, ENCOURAGING ANY OTHER PERSON TO RETALIATE (8) ENJOIN & RESTRAIN DEFENDANTS FROM DENIAL OF ACCESS TO COURTS, ATTORNEYS, OR DUE PROCESS (9) ENJOIN POLICY OF REFUSING TO DELIVER PROPERLY MARKED LEGAL MAIL TO THE INTENDED RECIPIENT TO OR FROM AN ATTORNEY, THEIR STAFF, PRIVATE INVESTIGATORS, OR WORK PRODUCT COMMUNICATION WITHOUT A WARRANT DUE TO THREAT OF JAIL SECURITY.

## ISSUE

PLAINTIFF IS AN UNDISPUTED VICTIM OF SEXUAL ABUSE BY THE DEPUTY APER. DEFENDANT HAS PLACED THE PLAINTIFF IN SOLITARY CONFINEMENT, COMPLETE ISOLATION, NO COMMUNICATION FOR NO REASON OTHER THAN RETALIATION FOR REPORTING SEXUAL ABUSE AND PURSUING LITIGATION. THE CURRENT HOUSING LOCATION IS EXACTLY HOW THE SEXUAL PREDATOR DREW APER ISOLATED HIS VICTIMS. NO OTHER INMATE IS TREATED THIS WAY. IN FACT, THERE IS NO OTHER HUMAN WITHIN SCREAMING DISTANCE. IF THE DEFENDANT SEXUALLY ABUSED THE VICTIM & PLAINTIFF AGAIN. CHAD YOUKER HAS A HISTORY OF RETALIATION TACTICS & DESTROYING EVIDENCE WHILE ENCOURAGING RETALIATION UNDER THE COLOR OF LAW ENFORCEMENT. (3:24-CV-01121 MD TENN 2024)

## FACTS

PLAINTIFF HAS BEEN SENT TO INVOLUNTARY SEGREGATION FOR FILING A FOIA REQUEST, OBTAINING A BIBLE FROM CHURCH WITH PERMISSION FROM MINISTER, AND REPORTING SEXUAL ABUSE BY A DEPUTY WHOM DELETED THE CAMERA FOOTAGE. HOWEVER ON 4/23/26 PLAINTIFF WAS SENT TO TOTAL ISOLATION — NO HUMANS. THERE WAS NO REASON AS PLAINTIFF SAT QUIETLY IN CHURCH BEFORE HE WAS ASSAULTED BY POLICE. WHILE IN CHURCH DEFENDANTS TORE THROUGH PLAINTIFFS LEGAL WORK THEN THREW ALL ITEMS INTO A HALLWAY UNDER DIRECTION FROM CHAD YOUKER, WITNESS INTIMIDATION.

DEFENDANT IS TRYING TO INTIMIDATE THE PLAINTIFF AND "RETALIATE WITHOUT IT LOOKING LIKE RETALIATION." PLAINTIFF WILL SUFFER IRREPARABLE INJURY IF DENIED AN EX PARTE TRO. PLAINTIFF IS THE ONLY ONE OF 300 INMATES LOCKED IN ISOLATION. ABSENT AN EX PARTE TRO PLAINTIFF IS SUFFERING GRAVE CONSTITUTIONAL VIOLATIONS OUT OF RETALIATION AS A VICTIM & BEING TREATED DIFFERENTLY THAN ALL THAT ARE SIMILARLY SITUATED PLAINTIFF WAS PUNISHED FOR EXERCISING CONSTITUTIONAL RIGHTS & PURSUING LEGITIMATE LEGAL RECOURSE. ON 4/17/26 JUDGE VEILE ORDERED YOUKER TO NOT RETALIATE OR CHANGE PLAINTIFF HOUSING.

## ARGUMENT & MEMO OF LAW

THERE ARE TWO WAYS TO ESTABLISH AN EQUAL PROTECTION CLAIM WITHIN 14th AMENDMENT FIRST, PLAINTIFF MUST SHOW HE HAS BEEN INTENTIONALLY DISCRIMINATED AGAINST ON THE BASIS OF MEMBERSHIP IN A PROTECTED CLASS. HERE, PLAINTIFF IS A SEXUAL ABUSE VICTIM. DEFENDANTS GAVE NO REASON TO WHY PLAINTIFF WAS MOVED TO ISOLATION OTHER THAN HE IS A VICTIM OF SEXUAL ABUSE. AN EX PARTE TRO IS IN FAVOR OF PLAINTIFF TO PRESERVE STATUS QUO HOUSING AS OF 4/23/26.

THE SECOND THEORY IS PLAINTIFF MUST SHOW (1) MEMBER OF PROTECTED CLASS (2) INTENTIONALLY TREATED DIFFERENT FROM OTHERS SIMILARLY SITUATED (3) NO RATIONAL BASIS FOR THE DIFFERENCE IN TREATMENT. HERE PLAINTIFF IS (1) A SEXUAL ABUSE VICTIM. FORCING A PERSON TO MASTURBATE WHILE ISOLATED IN A SHOWER IS SEXUAL ABUSE NOT SOMETHING ELSE (2) NO OTHER INMATES OUT OF 300 ARE PLACED IN ISOLATION PLAINTIFF BROKE NO LAW OR RULE. PLAINTIFF SIMPLY REPORTED SEXUAL ABUSE & DEFENDANT RETALIATED FOR THE SECOND TIME BY USING FORCE OF INTIMIDATION FOR PURSUING LEGAL REMEDIES (3) THERE IS NO RATIONAL LEGITIMATE REASON TO PUNISH THE PLAINTIFF YOUKER CAN GIVE NO PENOLOGICAL SAFETY OR SECURITY REASONS & NEITHER COULD HIS STAFF. THIS IS PURE RETALIATION & DISCRIMINATION FOR REPORTING SEXUAL ABUSE OR A CLASS OF ONE (VILLAGE OF WILLOWBROOK V OLECH 528 US 562 2000) AGAIN, AN EX PARTE TRO IS IN FAVOR OF PLAINTIFF VIA THE SECOND THEORY TO PRESERVE THE STATUS QUO & RETURN PLAINTIFF TO GENERAL POPULATION.

THE PURPOSE OF THE EX PARTE TRO IS TO UPHOLD THE STATUS QUO UNTIL A CLOSER LOOK CAN BE MADE BASED ON (1) LIKELIHOOD OF SUCCESS (2) IRREPARABLE INJURY (3) HARM TO OTHERS (4) PUBLIC INTEREST — IRREPARABLE INJURY IS A REQUIREMENT OF THE 4 ITEMS & THE OTHERS ARE FACTORS (BONBAT V WRIGHT ST UNI 22-4007 6th CIR 2003 & BOYD V NCAA 3:23-CV-00729 MD TEN 2025)

THE LIKELIHOOD OF THE PLAINTIFF BEING SEXUALLY ABUSED AGAIN IN ISOLATION IS VERY HIGH VERSUS IN GENERAL POPULATION WITH THE PROTECTION OF OTHERS. IRREPARABLE INJURY IS IMMINENT. DEFENDANTS CONTINUE TO BLOCK & OPEN LEGAL MAIL — INCOMING & OUTGOING — AND MOST LIKELY WILL DELAY THIS EX PARTE TRO BEING MAILED, AS IT IS WRITTEN & MAILED ON 4/23/26.

THE PLAINTIFF IS CLEARLY A VICTIM OF SEXUAL ABUSE PER 8TH OR 14TH AMENDMENT EXCESSIVE FORCE OR DUE PROCESS FOR PRE-TRIAL DETAINEES. HERE THERE IS NO LEGITIMATE PENOLOGICAL INTEREST OR JUSTIFICATION FOR FORCED SEXUAL ACTS, TO MASTURBATE & THEN PLACE HIM IN ISOLATION FOR PURSUING LEGAL REMEDIES (RHODES V CHAPMAN 452 US 337, 101 S CT 84, 100 2d 35 1981) & IS REPUGNANT TO THE CONSCIENCE OF MANKIND. IN 2026, FORCING A PERSON TO MASTURBATE IS SEXUAL ABUSE & DOES NOT COMPLY WITH STANDARDS OF DECENCY (KENT V JOHNSON 6TH CIR 1987) THE DEFENDANTS ARE DELIBERATELY INDIFFERENT TO PLAINTIFF SUBSTANTIAL RISK OF SEXUAL ABUSE AS CLEARLY SHOWN BY THEIR ACTIONS OF ISOLATION (FARMER V BRENNAN S. CT. 1994). THIS COURT HAS THE ABILITY TO TAKE ACTION & ENFORCE THE RIGHTS WHERE STATE OFFICIALS UNDERMINE THE EFFECTIVENESS OF OUR CONSTITUTION, SUCH AS HERE. DEFENDANTS ARE ACTING MALICIOUSLY & SADISTICALLY.

REPEATED ACTS CAN ARISE TO VIOLATIONS. PLAINTIFF WAS FORCED & TOLD MULTIPLE TIMES TO MASTURBATE & HAS BEEN PLACED IN ISOLATION MULTIPLE TIMES. "REPEATED DEMANDS THAT SHE... MASTURBATE ARE SUFFICIENTLY SERIOUS TO IMPLICATE 8TH AMENDMENT UNDER WELL SETTLED CASE LAW INCLUDING THE SUPREME COURT" (RAFFERTY V TRUMBULL CNTY 915 F.3d 1087, 6TH CIR 2019) PLAINTIFF HERE IS A MAN & THE ONLY DIFFERENTIATING FACTOR — IT WAS NOT ISOLATED, BRIEF, AND NOT SEVERE, THIS WAS A FORCED SEXUAL ACT. THE ABUSE DID NOT JUST CONSIST OF WORDS. SEXUAL ABUSE OF INMATES CAN VIOLATE 8TH AMENDMENT EVEN IN ABSENCE OF PHYSICAL TOUCH BY OFFICERS (KENT 821 F2d AT 1328 6TH CIR)

THE FACT THAT DEFENDANT EFFECTUATED THE SEXUAL ABUSE BY ORDERING PLAINTIFF TO MASTURBATE, RATHER THAN TOUCHING THE PLAINTIFF HIMSELF, DOES NOT CHANGE THE FACT THAT DEFENDANT REPEATEDLY FORCED PLAINTIFF TO ENGAGE IN SEXUAL ACTS AGAINST HIS WILL. THERE IS NO PENOLOGICAL JUSTIFICATION FOR THIS TYPE OF "LAW ENFORCEMENT" (RAFFERTY F3d 1087 6TH CIR 2019) PLAINTIFF COMPLIED OUT OF INTIMIDATION AS "INMATES ARE REGARDED AS UNABLE TO CONSENT TO SEXUAL ACTS" (WOOD V BEAUVAIR 692 F.3d 1041 9TH CIR 2012) BOTH THE OBJECTIVE & SUBJECTIVE COMPONENTS ARE MET HERE, AN EX PARTE TRO IS IN FAVOR OF PLAINTIFF. HE SHOULD BE REMOVED FROM ISOLATION TO PROTECT AGAINST SEXUAL ABUSE AGAIN OR DELIBERATE INDIFFERENCE, FROM YOUNGER.

PLAINTIFF IS IN FEAR OF THE GAURDS, NOT THE GANGS, GAMBLERS, OR GAYS. IT IS WELL ESTABLISHED A PERSON HAS A 14TH AMENDMENT LIBERTY INTERESTS IN FREEDOM FOR BODILY INJURY & RIGHT TO BE FREE FROM INVIDIOUS SEX DISCRIMINATION. IS CLEARLY ESTABLISHED — DATING BACK TO THE MAGNA CARTA (WEBB V MCLAUGHLIN 828 F2d 6TH CIR 1987) AMONG THE HISTORIC LIBERTIES PROTECTED BY DUE PROCESS IS THE RIGHT TO BE AGAINST UNJUSTIFIED INTRUSIONS ON PERSONAL SECURITY AT THE HANDS OF STATE (INGRAHM V WRIGHT US S.CT 1977) THE "KINGLEY" FACTORS HAVE BEEN MAUT (KINGSLEY V HENDRCKSON US SCT 2015). THE ACTION IS NOT RATIONALLY RELATED TO A LEGIT OBJECTIVE. PLAINTIFF HAS ONLY BEEN SEXUALLY ABUSED WHEN PLACED IN ISOLATION.

THE MAGNITUDE OF LIBERTY DEPRIVATION THAT SEXUAL ABUSE INFLICTS UPON A VICTIM IS AN <u>ABSOLUTE</u> ABUSE OF GOVERNMENTAL POWER OF THE MOST FUNDAMENTAL SORT, IT IS AN UNJUSTIFIED INTRUSION THAT STRIPS THE VERY ESSENCE OF PERSONHOOD. IF THE RIGHT TO "BODILY INTEGRITY" MEANS ANYTHING, IT CERTAINLY ENCOMPASES THE RIGHT NOT TO BE SEXUALLY ABUSED UNDER THE COLOR OF LAW. THIS CONDUCT IS SO CONTRARY TO FUNDAMENTAL NOTIONS OF LIBERTY & SO LACKING OF ANY REDEEMING SOCIAL VALUE, THAT NO RATIONAL INDIVIDUAL COULD BELIEVE THAT SEXUAL ABUSE BY A STATE ACTOR IS CONSTITUTIONALLY PERMISSIBLE UNDER THE DUE PROCESS CLAUSE (DOE V CLAIBORNE CNTY 6TH CIR 1996) FORCING A PERSON TO MASTURBATE IS SEXUAL ABUSE, NOT SOMETHING ELSE.

⑤

HERE, THE PLAINTIFF PREVAILS AS A MATTER OF LAW. THERE WAS NO RATIONAL OBJECTIVE & WAS OBJECTIVELY UNREASONABLE, THERE IS NO RATIONAL OBJECTIVE TO FORCE A PERSON TO MASTURBATE THEN PLACE HIM IN ISOLATION TO DETER REPORTS OF SEXUAL ABUSE, FURTHERMORE, PER "DOE v CLAIBORNE CNTY" THE DEFENDANTS WAIVE QUALIFIED IMMUNITY AS THE RIGHTS WERE WELL ESTABLISHED SINCE THE MAGNA CARTA IN THE 1300'S. GIVEN THE 6TH CIRCUIT FINDINGS IN "HALE" & "RAFFERTY" THESE CLAIMS ARE SUFFICIENTLY SERIOUS. THE FACT THE GUARD NEVER USED PHYSICAL FORCE DID NOT MATTER NOR DID IT MATTER THE PLAINTIFF WAS NEVER EXPLICITLY THREATENED, THE PERCEIVED THREAT OF SEXUAL DANGER SUFF. SUFFICES TO MEET CRITERIA OF OBJECTIVE COMPONENT OF THE 8TH & AND NON CONSENSUAL ENCOUNTER OF SEXUAL ABUSE ALSO VIOLATE THE 14TH AMENDMENT PER "KINSLEY" (HAGEN BONE CNTY 6TH CIR 2021) THERE IS A CLEAR "INTENT TO PUNISH" & NO LEGITIMATE PURPOSE TO FORCE PLAINTIFF TO MASTURBATE THEN RETALIATE BY PLACING PLAINTIFF IN ISOLATION. THESE ACTIONS ARE DELIBERATE, PURPOSEFUL, AND KNOWING WITH INTENT, NOT ON ACCIDENT OR UNINTENTIONAL.

THE ANALYSIS OF MOTIVE OF RETALIATION CLAIMS IS WELL DEVELOPED; ONCE PLAINTIFF HAS SHOWN HIS BURDEN OF ESTABLISHING HIS PROTECTED CONDUCT WAS A "MOTIVATING FACTOR" BEHIND HARM, THE BURDEN SHIFTS TO DEFENDANT. IF DEFENDANTS CAN SHOW THEY WOULD HAVE TAKEN THE SAME ACTION IN ABSENCE OF PROTECTED ACTIVITY THEN THEY PREVAIL: (THADDEUS-X v BLATTER 6TH CIR 1997) HERE, THE DEFENDANTS PLACED PLAINTIFF IN THE ISOLATION CHAMBER WITHIN 24 HOURS OF FILING THE GRIEVANCE & GIVEN NOTICE OF TRO, THIS ADVERSE ACTION WAS A "MOTIVATING FACTOR" & IF DETERS A PERSON OF ORDINARY FIRMNESS FROM ENGAGING IN PROTECTED CONDUCT, THE DEFENDANTS WOULD NOT HAVE & CAN NOT SHOW THEY WOULD HAVE TAKEN THIS RETALIATION ACTION IF DEFENDANT DID NOT FILE THE GRIEVANCE (HILL v LAPPIN 6TH CIR 2010)

THESE FACTORS ARE IN FAVOR OF PLAINTIFFS EX PARTE TRO. NOTE- THE FIRST TWO FILINGS WAS DUE TO PLAINTIFFS LEGAL MAIL BEING STOLEN BY DEFENDANT & USED IN CRIMINAL COURT

## EX PARTE TRO & PRELIMINARY INJUNCTION FRCP 65

HERE, PLAINTIFF IS SIMPLY SEEKING TO BE PLACED BACK IN GENERAL POPULATION AS HE WAS ON 4/23/26, OR RATHER "PRESERVE THE STATUS QUO" AND PREVENT IRREPARABLE HARM WHICH IS EVER PRESENT & ON-GOING CURRENTLY, PLAINTIFF COULD REALISTICALLY BE SEXUALLY ABUSED AGAIN AT ANY MOMENT IN THIS SITUATION WHICH IS EXACTLY THE INTENT OF CHAD YOUKER. YOUKER WAS SPECIFICALLY TOLD "NOT TO RETALIATE AGAINST PLAINTIFF UNDER THE GUISE OF LOOKING LIKE SOMETHING ELSE" ON 4/17/26 IN COURT.

HERE, IT IS INDISPUTABLY CLEAR & SUPPORTED WITH VAST PRECEDENT ABOVE NORMAL AN EX PARTE TRO IS IN FAVOR OF THE PLAINTIFF & THUS REQUIRED TO PREVENT FURTHER IRREPARABLE HARM. STILL PLAINTIFF MUST SHOW (1) LIKELIHOOD OF SUCCESS ON MERITS (2) LIKELY TO SUFFER IRREPARABLE HARM IN ABSENCE THE TRO (3) BALANCE OF EQUITIES (4) PUBLIC INTEREST (WINTER V. NAT RES DEF COUNCIL US SCT 2008)

## LIKELIHOOD OF SUCCESS ON MERITS

THE KINGSLEY FACTORS ARE IN FAVOR OF PLAINTIFF. IT IS UNDISPUTED PLAINTIFF IS IN A "PROTECTED CLASS" AS A VICTIM OF SEXUAL ABUSE & RETALIATION. THUS, FOR THE SAME REASONS TO DENY A DISMISSAL ALSO WEIGH IN FAVOR OF GRANTING A TRO. PLAINTIFF COULD REALISTICALLY PREVAIL ON FIRST, EIGHTH, OR FOURTEENTH AMENDMENT CLAIMS AS THEY HAVE RETALIATED, IGNORED DUE PROCESS & BODILY INTEGRITY, SEXUALLY ABUSED & TREATED DIFFERENTLY THAN OTHERS SIMILARLY SITUATED, USED EXCESSIVE FORCE WITH NO RATIONAL OBJECTIVE, & WAIVED IMMUNITY. BECAUSE THE DEFENDANTS ACTIONS ARE NOT "NEUTRAL" AND OF "GENERAL APPLICABILITY" THEY MUST SATISFY "STRICT SCRUTINY" AND THIS MEANS THEY MUST BE "NARROWLY TAILORED" TO SERVE A "COMPELLING" STATE INTEREST WHEN "A PARTY SEEKS A TRO ON BASIS OF POTENTIAL CONSTITUTIONAL VIOLATIONS" "THE LIKELIHOOD OF SUCCESS ON MERITS IS A DETERMINING FACTOR" (OBAMA FOR AM. V HUSTED 6th CIR 2012)

PLAINTIFF IS LIKELY TO SUCCEED. THERE IS NO VALID, RATIONAL CONNECTION OF SEXUAL ABUSE, ISOLATION; & RETALIATION WITH LEGITIMATE PENOLOGICAL OBJECTIVES. PLAINTIFF HAS SHOWN CLEAR CONSTITUTIONAL VIOLATIONS

(7)

<u>IRREPARABLE HARM</u>

BECAUSE THE PLAINTIFF IS LIKELY TO SUCCEED ON HIS CONSTITUTIONAL CLAIMS, THERE IS NO ISSUE AS TO THE EXISTANCE OF THE REMAINING TRO FACTORS (MILLOR V CITY OF CINCINNATI 6TH CIR 2010) EVEN A MINIMAL INFRINGEMENT ON CONSTITUTIONAL VALUES CONSTITUTES IRREPARABLE INJURY SUFFICIENT TO JUSTIFY A TRO. THE LOSS OF FIRST AMENDMENT FREEDOMS, FOR EVEN MINIMAL PERIODS OF TIME, UNQUESTIONABLY CONSTITUTES IRREPARABLE INJURY. THUS, IN THE CONTEXT OF AN ALLEGED VIOLATION, A PLAINTIFFS CLAIMED IRREPARABLE HARM IS "INSEPARABLY LINKED" TO THE LIKELIHOOD OF SUCCESS. (ELROD V BURNS US S CT 1976) WHEN A CONSTITUTIONAL RIGHT IS VIOLATED THE PUBLIC INTEREST MILITATES IN FAVOR OF A TRO BECAUSE IT IS ALWAYS IN THE PUBLIC INTEREST TO PREVENT CONSTITUTIONAL RIGHTS VIOLATIONS (OBAMA FOR AM V HUSTED 697 6TH CIR 2012). WHEN CONSTITUTIONAL RIGHTS ARE THREATED OR IMPAIRED, IRREPARABLE INJURY IS PRESUMED. IF PLAINTIFF SHOWS A LIKELIHOOD THAT A CHALLENGED ACTION OR POLICY IS UNCONSTITUTIONAL, NO SUBSTANTIAL HARM TO OTHERS CAN BE SAID TO INHERE IN ITS ENJOYMENT. (DEJA VUE OF NASH V METRO NASH GOVT 6TH CIR 2001)

HERE, PLAINTIFF IS ALREADY SUFFERING IRREPARABLE INJURY I WILL ONLY ESCALATE WITHOUT A TRO. PLAINTIFF IS LOCKED IN AN ISOLATION CHAMBER INDEFINATELY BECAUSE HE IS A VICTIM OF SEXUAL ABUSE & SOUGHT LEGAL REMEDIES IN THIS COURT. LIFE & SAFTETY ARE IN DANGER. PLAINTIFF FACES A MAJOR OBSTICLE, ABANDON HIS CONSTITUTIONAL RIGHTS OR SUCCUMB TO FURTHER SEXUAL ABUSE, HARASSMENT AND RETALIATION WHILE LIVING IN ISOLATION. IN OTHER WORDS DEFENDANTS UNMITIGATED ACTIONS FORCE A CHOICE BETWEEN TWO DISTINCT BUT EQUAL IRREPARABLE INJURIES : (1) SUBMIT TO SEXUAL ABUSE, STATE COERCION, RETALIATION, AND LIVE IN FEAR OR (2) ALLOW THE RESTRICTION OF CONSTITUTIONAL RIGHTS, INCLUDING BODILY INTEGRITY, THAT ARE AT ODDS WITH BELIEFS & AMERICAS CONSCIENCE & STANDARDS OF DECENCY. SUCH A HOBSON'S CHOICE IS NO REAL CHOICE AT ALL.

PLAINTIFF HAS SHOWN THE EPITOME OF CONSTITUTIONAL VIOLATIONS, THUS IRREPARABLE HARM EXIST. AN EX PARTE TRO IS IN FAVOR OF PLAINTIFF

8

<u>BALANCE OF EQUITIES & PUBLIC INTEREST</u>

WHEN, AS HERE, THE STATE ACTOR IS A PARTY, THE BALANCE OF EQUITIES & PUBLIC INTEREST PRONGS MERGE (NKEN v. HOLDER US SCT 2009) IT IS ALWAYS IN THE PUBLIC INTEREST TO UPHOLD THE CONSTITUTION, GRANTING THIS APPLICATION WILL NOT HARM THE PUBLIC. EVEN IN JAIL THE CONSTITUTION CANNOT BE PUT AWAY AND FORGOTTEN. THE RESTRICTIONS HERE, EFFECTIVELY BARRING ACCESS TO STANDARDS OF HUMAN DECENCY WHILE CONDONING SEXUAL ABUSE & RETALIATION STRIKES AT THE HEART OF OUR CONSTITUTION GUARANTEES. THE DEFENDANTS ARE NOT FREE TO DISREGARD THE CONSTITUTION UNDER THE "COLOR OF LAW" (CERRO TEPEYAC V MONTGOMERY, 4TH CIR 2013)

GRANTING THIS INJUNCTION DOES NO MORE THAN TO ENFORCE THE STATUS QUO FROM HOURS AGO AS THIS WRITING. THAT SAID, THE DEFENDANTS WILL NOT BE ALLOWED TO SEXUALLY ABUSE, ISOLATE, OR RETALIATE WHICH WILL BE A WELCOMED CHANGE. THE DEFENDANT WILL NOT HAVE UNFETTERED ACCESS TO INTIMIDATE & HARASS WITH FEAR OF SEXUAL ABUSE. SUCH CHANGES PER SE DO NOT NEGATIVELY IMPACT THE PUBLIC NOR NEGATIVELY IMPACTS THE DEFENDANTS MOST IMPORTANT MISSION: UPHOLD THE CONSTITUTION, A STATE ACTOR IS IN NO WAY HARMED BY ISSUANCE OF A TRO WHICH PREVENTS THE STATE FROM VIOLATING THE CONSTITUTION & ENFORCING POLICY THAT IS UNCONSTITUTIONAL. IF ANYTHING, THE SYSTEM IS IMPROVED BY SUCH AN TRO OR INJUNCTION.

GIVEN PLAINTIFFS LIKELIHOOD —IF NOT INEVITABILITY— OF SUCCESS ON MERITS, THIS REQUESTED TRO DOES NO MORE THAN REQUIRE THE DEFENDANTS TO FULFILL THEIR EXISTING CONSTITUTIONAL OBLIGATION — AN OBLIGATION EACH DEFENDANT TOOK AN OATH TO UPHOLD. DENIAL OF THE TRO WOULD PROLONG THE DEFENDANTS ONGOING DEPRIVATION OF CONSTITUTIONAL RIGHTS, AS WELL AS PLACING HIM IN DANGER OF FURTHER SEXUAL ABUSE AS THE DEFENDANT CHEERS IT ON & SMILES. FINAL ADJUDICATION OF THIS MATTER MAY NOT OCCUR BEFORE PLAINTIFFS RELEASE, THUS DENYING HIM A TRO & PRELIMINARY RELIEF WOULD, IN EFFECT, DENY HIM OF ANY POSSIBLE REMEDY.

9

AN EX PARTE TRO & PRELIMINARY INJUNCTION IS AN EXTRAORDINARY REMEDY, NEVER TO BE AWARDED AS A RIGHT. THIS RELIEF PRESERVES THE STATUS QUO WHICH IS THE INTENT OF AN EX PARTE TRO, IN SITUATIONS SUCH AS HERE. AT A MINIMUM, PLAINTIFF WAS SEXUALLY ABUSED & RETALIATED AGAINST WITH CLEAR & CONVINCING EVIDENCE ALONG WITH UNCOMMONLY WELL SETTLED CASE LAW" IN SUPPORT THEREOF. THIS EXTRAORDINARY SITUATION WARRANTS EXTRAORDINARY RELIEF. AN EX PARTE TRO IS NECESSARY TO PROTECT AGAINST FURTHER IRREPARABLE HARM IN A DETERIORATED CIRCUMSTANCE CREATED BY THE DEFENDANTS & TO PRESERVE THIS COURTS ABILITY TO ENTER ULTIMATE RELIEF ON MERITS OF THE SAME.

### EX PARTE TRO REQUIREMENTS

1 — TRO IS SEPERATE FROM COMPLAINT MID TN LR 65.01(A)

2 — THIS TRO IS ACCOMPANIED WITH MEMO OF LAW MD TN LR 65.01(B)

3 — THIS TRO IS SUPPORTED BY AN AFFIDAVIT FRCP 65(B)(I)(A), MD LR 65.01(C) DEFENDANT IS NOTARY & JAIL ADMIN PLAINTIFF IS LOCKED IN AN ISOLATION CHAMBER & THIS IS AN UNIQUE SITUATION

4 — ACTUAL NOTICE WAS GIVEN VIA US MAIL & KIOSK ON 4/23/26 AT 4:08PM ID# 1070920. HOWEVER NOTICE SHOULD NOT BE REQUIRED AS DEFENDANTS PLACED PLAINTIFF IN ISOLATION SO THEY COULD SEXUALLY ABUSE HIM. PLAINTIFF LIFE & SAFETY ARE AT SUBSTANTIAL RISK.

THE PURPOSE OF THE TRO IS UPHOLD THE STATUS QUO, WHICH HERE MEANS MOVING PLAINTIFF BACK TO HIS GENERAL POPULATION HOUSING LOCATION AS OF 4/23/26 AT 12:00PM, PRIOR TO THE RETALIATION... MORE FULLY PRIOR TO BEING SEXUALLY ABUSED AGAIN.

RESPECTFULLY,

ROBERT C. GUNTER

10

## CONCLUSION

SUBSTANTIAL SUPREME COURT & 6TH CIRCUIT PRECEDENT MAKE IT CLEAR THE DEFENDANTS VIOLATED ESTABLISHED RIGHTS; QUALIFIED IMMUNITY SHALL BE DENIED, AND DEFENDANTS ARE LIABLE UNDER 42 USC 1983 FOR VIOLATIONS. PLAINTIFF HAS MET THE OBJECTIVE STANDARD SET OUT IN "KINGSLEY" TO PREVAIL AS A MATTER OF LAW THE COMMUNITY STANDARDS OF DECENCY ARE DIFFERENT IN 2026 - 25 YEARS AGO PEOPLE COULD SMOKE INDOORS WHICH IS NOT THE PRESENT CASE, AS OUR CIVILIZED SOCIETY HAS EVOLVED IN 2026. FORCING A PERSON TO MASTURBATE VIOLATES ESTABLISHED RIGHTS, AS DOES LOCKING SAID PERSON IN SEGREGATION FOR MONTHS BECAUSE SEXUAL ABUSE WAS REPORTED. NOR CAN DEFENDANTS SHOW THEY WOULD TAKE THE SAME ACTION ABSENT OF PROTECTED ACTIVITY.

PHYSICAL FORCE DOES NOT MATTER, EXPLICIT THREATS DO NOT MATTER, BUT NONCONSENSUAL ENCOUNTERS OF SEXUAL ABUSE THAT ARE EFFECTUATED BY ORDERING THE PLAINTIFF TO MASTURBATE DOES MATTER; IT DOES NOT CHANGE THE FACT THAT THE DEFENDANTS REQUIRED TO ENGAGE IN SEXUAL ACTS AGAINST WILL WHETHER IT WAS ONCE, TWICE, OR MANY TIMES. THUS, IN 2026 THIS SEXUAL ABUSE AND STATE ACTORS SHALL BE HELD ACCOUNTABLE AS A FUNDAMENTAL VIOLATION OF LIBERTY WHILE LACKS ALL SOCIAL VALUE OR PENOLOGICAL INTEREST, AND NO RATIONAL PERSON COULD BELIEVE SEXUAL ABUSE BY A STATE ACTOR IS CONSTITUTIONALLY PERMISSIBLE UNDER DUE PROCESS OR ANY OTHER AMENDMENT.

RESPECTFULLY,

<u>CERTIFICATE OF SERVICE</u>

I CERTIFY A TRUE & EXACT COPY WAS SENT VIA US MAIL ON 4/23/26

To   EMMERSON MARLATT                 BRIAN SPITLER
     3314 W. END AVE # 550            735 BROAD ST #110
     NASHVILLE, TN 37203              CHATTANOOGA, TN 37402


LEE ANN THOMPSON                              RESPECTFULLY
403 CENTURY ST
FRANKLIN, TN 37064

Case 3:24-cv-01121    Document 71    Filed 05/04/26    Page 12 of 13 PageID #: 1071

© USPS 2022

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

FSC
MIX
Envelope
FSC® C137131

This correspondence is from an inmate in a
correctional institution. The Williamson
County Sheriff's Office has neither
censored nor inspected this item.
Therefore this department does not
assume responsibility for its contents.
Williamson County Sheriff's Office

LEGAL MAIL

Robert C Gordon
#63920
408 Century Ct
Franklin, TN 37064



FREEDOM
FOREVER/USA

FOREVER / USA

RECEIVED

MAY 0 4 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

MIDDLE DISTRICT OF TENN
US DISTRICT COURT CLERK
719 CHURCH ST #1300
NASHVILLE, TN 37203

LEGAL
MAIL

LEGAL
MAIL

372037095 C019