IN THE US DISTRICT COURT FOR MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

GORDON

v                                                    CASE # 3:24-cv-01121

WLSO et al    EMERGENCY MOTION EX PARTE TRO, MEMORANDUM OF LAW,

EMERGENCY MOTION FOR TRO & PRELIMINARY INJUNCTION

DUE TO SEXUAL ABUSE AND RETALIATION BY DEFENDANT

COMES NOW, ROBERT GORDON, PURSUANT TO FRCP 65 HEREBY MOVES THIS COURT FOR A TRO & PRELIMINARY INJUNCTION DUE TO SEXUAL ABUSE & RETALIATION BY THE DEFENDANT AND PRESERVE THE STATUS QUO AS OF 4/23/26 AT 1:00PM. PLAINTIFF IS IN FEAR FOR HIS LIFE & SAFETY DUE TO VIOLATIONS OF THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT & RETALIATION IN THE 1st AMENDMENT, AND EXCESSIVE FORCE

RELIEF SOUGHT

PLAINTIFF SEEKS FOLLOWING RELIEF (1) ENFORCE THE STATUS QUO AS OF 4/23/26 AT 1:00PM PLACING PLAINTIFF IN GENERAL POPULATION (2) ENJOIN & RESTRAIN DEFENDANTS FROM FURTHER SEXUAL ABUSE, THREATS, INTIMIDATION, OR RETALIATION (3) ENJOIN & RESTRAIN DEFENDANTS FROM PLACING PLAINTIFF IN ANY FORM OF ISOLATION OR SEGREGATED HOUSING (4) A REQUIRE THE DEFENDANTS TO IMMEDIATELY DELIVER ALL INCOMING & OUT GOING MAIL TO THE PERSON TO WHOM ADDRESSED OR RETURN THE LETTER (5) ENJOIN & RESTRAIN DEFENDANT FROM OPENING, READING, SHARING, OR PUBLISHING ANY LEGAL MAIL OR PRIVILEGED COMMUNICATION (6) ENJOIN & RESTRAIN THE DEFENDANTS FROM COMING ABOUT THE PLAINTIFF OR ORDERING, DIRECTING, ENCOURAGING ANY OTHER PERSON TO RETALIATE AGAINST THE PLAINTIFF (7) ENJOIN & RESTRAIN DEFENDANTS FROM DENIAL OF ACCESS TO COURTS, ATTORNEYS, OR DUE PROCESS (8) ENJOIN THE POLICY OF REFUSING TO DELIVER PROPERLY MARKED LEGAL MAIL TO THE INTENDED RECIPIENT TO OR FROM AN ATTORNEY, THEIR STAFF, PRIVATE INVESTIGATORS, OR WORK PRODUCTS COMMUNICATION WITHOUT A WARRANT OR THREAT TO JAIL SECURITY

<u>ISSUE</u>

PLAINTIFF IS AN UNDISPUTED VICTIM OF SEXUAL ABUSE BY THE DEPUTY APER, DEFENDANT HAVE PLACED THE PLAINTIFF IN SOLITARY CONFINEMENT, COMPLETE ISOLATION, NO COMMUNICATION FOR NO REASON OTHER THAN RETALIATION FOR REPORTING SEXUAL ABUSE AND PURSUING LITIGATION. THE CURRENT HOUSING LOCATION IS EXACTLY HOW THE SEXUAL PREDATOR DREW APER ISOLATED HIS VICTIM. NO OTHER INMATE IS TREATED THIS WAY. IN FACT, THERE IS NO OTHER HUMAN WITHIN SCREAMING DISTANCE IF THE DEFENDANT SEXUALLY ABUSED THE VICTIM & PLAINTIFF AGAIN. CHAD YOUKER HAS A HISTORY OF RETALIATION TACTICS & DESTROYING EVIDENCE WHILE ENCOURAGING RETALIATION UNDER THE COLOR OF LAW ENFORCEMENT.

<u>FACTS</u>

PLAINTIFF HAS BEEN SENT TO INVOLUNTARY SEGREGATION FOR FILING A FOIA REQUEST, OBTAINING A BIBLE FROM CHURCH WITH PERMISSION FROM MINISTER, AND REPORTING SEXUAL ABUSE BY A DEPUTY WHOM DELETED THE CAMERA FOOTAGE. HOWEVER ON 4/23/26 PLAINTIFF WAS SENT TO TOTAL ISOLATION - NO HUMANS. THERE WAS NO REASON AS PLAINTIFF SAT QUIETLY IN CHURCH BEFORE HE WAS ASSAULTED BY POLICE, WHILE IN CHURCH DEFENDANTS TORE THROUGH PLAINTIFFS LEGAL WORK THEN THREW ALL ITEMS INTO A HALLWAY UNDER DIRECTION FROM CHAD YOUKER

DEFENDANT IS TRYING TO INTIMIDATE THE PLAINTIFF AND "RETALIATE WITHOUT IT LOOKING LIKE RETALIATION. PLAINTIFF WILL SUFFER IRREPARABLE INJURY IF DENIED AN EX PARTE TRO. PLAINTIFF IS THE ONLY <u>ONE</u> OF 300 INMATES LOCKED IN ISOLATION, ABSENT A EX PARTE TRO PLAINTIFF U SUFFERING GRAVE CONSTITUTIONAL VIOLATIONS OUT OF RETALIATION AS A VICTIM & BEING TREATED DIFFERENTLY THAN ALL THAT ARE SIMILARLY SITUATED. PLAINTIFF WAS PUNISHED FOR EXERCISING CONSTITUTIONAL RIGHTS & PURSUING LEGITIMATE LEGAL RECOURSE. ON 4/17/26 JUDGE VEILE ORDER YOUKER TO NOT RETALIATE OR CHANGE PLAINTIFF HOUSING.

(2)

## ARGUEMENT & MEMO OF LAW

THERE ARE TWO WAYS TO ESTABLISH AN EQUAL PROTECTION CLAIM WITHIN 14TH AMENDMENT. FIRST, PLAINTIFF MUST SHOW HE HAS BEEN INTENTIONALLY DISCRIMINATED AGAINST ON THE BASIS OF MEMBERSHIP IN A PROTECTED CLASS. HERE, PLAINTIFF IS A SEXUAL ABUSE VICTIM. DEFENDANTS GAVE NO REASON TO WHY PLAINTIFF WAS MOVED TO ISOLATION OTHER THAN HE IS A VICTIM OF SEXUAL ABUSE. AN EX PARTE TRO IS IN FAVOR OF PLAINTIFF TO PRESERVE STATUS QUO HOUSING AS OF 4/23/26.

THE SECOND THEORY IS PLAINTIFF MUST SHOW (1) MEMBER OF PROTECTED CLASS (2) INTENTIONALLY TREATED DIFFERENT FROM OTHERS SIMILARLY SITUATED (3) NO RATIONAL BASIS FOR THE DIFFERENCE IN TREATMENT. HERE PLAINTIFF IS (1) A SEXUAL ABUSE VICTIM. FORCING A PERSON TO MASTURBATE WHILE ISOLATED IN A SHOWER IS SEXUAL ABUSE NOT SOMETHING ELSE (2) NO OTHER INMATES OUT OF 800 ARE PLACED IN ISOLATION. PLAINTIFF BROKE NO LAW OR RULE. PLAINTIFF SIMPLY REPORTED SEXUAL ABUSE & DEFENDANT RETALIATED FOR THE SECOND TIME BY USING FORCE OF INTIMIDATION FOR PURSUING LEGAL REMEDIES (3) THERE IS NO RATIONAL LEGITIMATE REASON TO PUNISH THE PLAINTIFF. YOUKER CAN GIVE NO PENOLOGICAL SAFETY OR SECURITY REASONS & NEITHER COULD HIS STAFF. THIS IS PURE RETALIATION & DISCRIMINATION FOR REPORTING SEXUAL ABUSE OR A CLASS OF ONE (VILLAGE OF WILLOWBROOK V OLECH 528 US 562 2000) AGAIN, AN EX PARTE TRO IS IN FAVOR OF PLAINTIFF VIA THE SECOND THEORY TO PRESERVE THE STATUS QUO & RETURN PLAINTIFF TO GENERAL POPULATION.

THE PURPOSE OF THE EX PARTE TRO IS TO UPHOLD THE STATUS QUO UNTIL A CLOSER LOOK CAN BE MADE BASED ON (1) LIKLIHOOD OF SUCCESS (2) IRREPARABLE INJURY (3) HARM TO OTHERS (4) PUBLIC INTEREST - IRREPARABLE INJURY IS A REQUIREMENT OF THE 4 ITEMS & THE OTHERS ARE FACTORS (BOMBAT V WRIGHT ST UNI 22-4007 6TH CIR, 2003 & BOYD V NCAA 3:23-CV-00729 MD TENN 2025)

Case 3:24-cv-01121    Document 74    Filed 05/07/26    Page 3 of 38 PageID #: 1096

THE LIKELIHOOD OF THE PLAINTIFF BEING SEXUALLY ABUSED AGAIN IN ISOLATION IS VERY HIGH VERSUS IN GENERAL POPULATION WITH THE PROTECTION OF OTHERS. IRREPARABLE INJURY IS IMMINENT. DEFENDANTS CONTINUE TO BLOCK & OPEN LEGAL MAIL INCOMING & OUTGOING — AND MOST LIKELY WILL DELAY THIS EX PARTE TRO BEING MAILED AS IT IS WRITTEN & MAILED ON 4/23/26

THE PLAINTIFF IS CLEARLY A VICTIM OF SEXUAL ABUSE PER 8TH OR 14TH AMENDMENT EXCESSIVE FORCE OR DUE PROCESS FOR PRE TRIAL DETAINEES. HERE THERE IS NO LEGITIMATE PENOLOGICAL INTEREST OR JUSTIFICATION FOR FORCING THE PLAINTIFF TO MASTURBATE & THEN PLACE HIM IN ISOLATION FOR PURSUING LEGAL REMEDIES (RHODES v CHAPMAN 452 US 537, 101 S. CT 69, LED 2d 59 [1981]) & IS "REPUGNANT TO THE CONSCIENCE OF MANKIND." IN 2026, FORCING A PERSON TO MASTURBATE IS SEXUAL ABUSE & DOES NOT COMPLY WITH STANDARDS OF DECENCY (KENT v JOHNSON 6TH CIR 1987). THE DEFENDANTS ARE DELIBERATELY INDIFFERENT TO PLAINTIFF SUBSTANTIAL RISK OF SEXUAL ABUSE AS CLEARLY SHOWN BY THEIR ACTIONS OF ISOLATION (FARMER v BRENNAN S. CT. 1994). THIS COURT HAS THE ABILITY TO TAKE ACTION & ENFORCE THE RIGHTS WHEN STATE OFFICIALS UNDERMINE THE EFFECTIVENESS OF OUR CONSTITUTION, SUCH AS HERE. DEFENDANTS ARE ACTING MALICIOUSLY & SADISTICALLY

REPEATED ACTS CAN ARISE TO VIOLATION. PLAINTIFF WAS FORCED & TOLD MULTIPLE TIMES TO MASTURBATE & HAS BEEN PLACED IN ISOLATION MULTIPLE TIMES. "REPEATED DEMANDS THAT SHE... MASTURBATE ARE SUFFICIENTLY SERIOUS TO IMPLICATE 8TH AMENDMENT UNDER WELL SETTLED CASE LAW INCLUDING THE SUPREME COURT (RAFFERTY v TRUMBULL CNTY 915 F. 3d 1087 6TH CIR 2019) PLAINTIFF HERE IS A MAN IS THE ONLY DIFFERENTIATING FACTOR — IT WAS NOT ISOLATED, BRIEF, AND NOT SEVERE. THIS WAS A FORCED SEXUAL ACT. THE ABUSE DID NOT JUST CONSIST OF WORDS, SEXUAL ABUSE OF INMATES CAN VIOLATE 8TH AMENDMENT EVEN IN ABSENCE OF PHYSICAL TOUCH BY OFFICERS (KENT 821 F2d AT 1228 6TH CIR)

Case 3:24-cv-01121    Document 74    Filed 05/07/26    Page 4 of 38 PageID #: 1097

THE FACT THAT DEFENDANT EFFECTUATED THE SEXUAL ABUSE BY ORDERING PLAINTIFF TO MASTURBATE, RATHER THAN TOUCHING THE PLAINTIFF HIMSELF, DOES NOT CHANGE THE FACT THAT DEFENDANT REPEATEDLY FORCED PLAINTIFF TO ENGAGE IS SEXUAL ACTS AGAINST HIS WILL. THERE IS NO PENOLOGICAL JUSTIFICATION FOR THIS TYPE OF "LAW ENFORCEMENT". (RAFFERTY F.3d 1057 6TH CIR 2019) PLAINTIFF COMPLIED OUT OF INTIMIDATION, AS "INMATES ARE REGARDED AS UNABLE TO CONSENT TO SEXUAL ACTS" (WOOD v BEAUCLAIR 692 F. 3d 1041 9TH CIR 2012) BOTH THE OBJECTIVE & SUBJECTIVE COMPONENTS ARE MET HERE. AN EX PARTE TRO IS IN FAVOR OF PLAINTIFF. & HE SHOULD BE REMOVED FROM ISOLATION TO PROTECT AGAINST SEXUAL ABUSE AGAIN OR DELIBERATE INDIFFERENCE, FROM DEFENDANT

PLAINTIFF IS IN FEAR OF THE GUARDS, NOT THE GANGS, GAMBLERS, OR GAYS. IT IS WELL ESTABLISHED A PERSON HAS A 14TH AMENDMENT LIBERTY INTEREST IN FREEDOM FROM BODILY INJURY & RIGHT TO BE FREE FROM INVIDIOUS SEX DISCRIMINATION IS CLEARLY ESTABLISHED — DATING BACK TO THE MAGNA CARTA (WEBB v McCULLOLAH 828 F.3d 6TH CIR 1987) AMONG THE HISTORIC LIBERTIES PROTECTED BY DUE PROCESS IS THE RIGHT TO BE AGAINST UNJUSTIFIED INTRUSTIONS ON PERSONAL SECURITY AT THE HANDS OF STATE (INGRAHM v WRIGHT US S.CT 1977) THE "KINGSLEY" FACTORS HAVE BEEN MET. (KINGSLEY v HENDERSON U.S.S.CT. 2015). THE ACTION IS NOT RATIONALLY RELATED TO A LEGIT OBJECTIVE.

THE MAGNITUDE OF LIBERTY DEPRIVATION THAT SEXUAL ABUSE INFLICTS UPON A VICTIM IS AN ABSOLUTE ABUSE OF GOVERNMENTAL POWER OF THE MOST FUNDAMENTAL SORT, IT IS AN UNJUSTIFIED INTRUSION THAT STRIPS THE VERY ESSENCE OF PERSONHOOD. IF THE RIGHT TO BODILY INTEGRITY MEANS ANYTHING, IT CERTAINLY ENCOMPASSES THE RIGHT NOT TO BE SEXUALLY ABUSED UNDER THE COLOR OF LAW. THIS CONDUCT IS SO CONTRARY TO FUNDAMENTAL NOTIONS OF LIBERTY & SO LACKING OF ANY REDEEMING SOCIAL VALUE, THAT NO RATIONAL INDIVIDUAL COULD BELIEVE THAT SEXUAL ABUSE BY A STATE ACTOR IS CONSTITUTIONALLY PERMISSABLE UNDER THE DUE PROCESS CLAUSE (DOE v CLAIBORNE CNTY 6TH CIR (1996) FORCING A PERSON TO MASTURBATE IS SEXUAL ABUSE, NOT SOMETHING ELSE.

⑤

HERE, THE PLAINTIFF PREVAILS AS A MATTER OF LAW. THERE WAS NO RATIONAL OBJECTIVE & WAS OBJECTIVELY UNREASONABLE. THERE IS NO RATIONAL OBJECTIVE TO FORCE A PERSON TO MASTURBATE THEN PLACE HIM IN ISOLATION TO DETER REPORTS OF SEXUAL ABUSE. FURTHERMORE, PER "DOE v CLAIBORNE CNTY" THE DEFENDANTS WAIVED QUALIFIED IMMUNITY AS THE RIGHTS WERE WELL ESTABLISHED SINCE THE MAGNA CARTA IN THE 1500'S. GIVEN THE 6TH CIRCUIT FINDINGS IN "HALE" & "RAFFERTY" THESE CLAIMS ARE SUFFICIENTLY SERIOUS. THE FACT THE GUARD NEVER USED PHYSICAL FORCE DID NOT MATTER NOR DID IT MATTER THE PLAINTIFF WAS NEVER EXPLICITY THREATED. THE PERCEIVED THREAT OF DANGER DOES SUFFICE AND MEETS THE CRITERIA OF OBJECTIVE COMPONENT OF THE 8TH & ANY NONCONSENUAL ENCOUNTER OF SEXUAL ABUSE ALSO VIOLATE THE 14TH AMENDMENT PER "KINGSLEY" (HALE v BOYLE CNTY 6TH CIR 2021). THERE IS A CLEAR "INTENT TO PUNISH" & NO LEGITIMATE PURPOSE TO FORCE PLAINTIFF TO MASTURBATE THEN RETALIATE BY PLACING PLAINTIFF IN THE ISOLATION. THESE ACTIONS ARE DELIBERATE, PURPOSEFUL, AND KNOWING WITH INTENT, NOT AN ACCIDENT OR UNINTENTIONAL

THE ANALYSIS OF MOTIVE OF RETALIATION CLAIMS IS WELL DEVELOPED; ONCE PLAINTIFF HAS SHOWN HIS BURDEN OF ESTABLISHING HIS PROTECTED CONDUCT WAS A "MOTIVATING FACTOR" BEHIND HARM, THE BURDEN SHIFTS TO DEFENDANT. IF DEFENDANTS CAN SHOW THEY WOULD HAVE TAKEN THE SAME ACTION IN ABSENCE OF PROTECTED ACTIVITY THEN THEY PREVAIL. (THADDEUS-X v BLITTER 6TH CIR 1997) HERE, THE DEFENDANTS PLACED PLAINTIFF IN THE ISOLATION CHAMBER WITHIN 24 HOURS OF FILING THE GRIEVANCE & GIVING NOTICE OF TRO. THIS ADVERSE ACTION WAS A "MOTIVATING FACTOR" & IT DETERS A PERSON OF ORDINARY FIRMNESS FROM ENGAGING IN PROTECTED CONDUCT. THE DEFENDANTS WOULD NOT HAVE & CAN NOT SHOW THEY WOULD HAVE TAKEN THIS RETALIATION ACTION IF DEFENDANT DID NOT FILE THE GRIEVANCE. (HILL v LAPPIN 6TH CIR 2010)

THESE FACTORS ARE IN FAVOR OF PLAINTIFFS EX PARTE TRO. NOTE- THE FIRST TRO FILED WAS DUE TO PLAINTIFFS LEGAL MAIL BEING STOLEN BY DEFENDANT & USED IN CRIMINAL COURT

<u>EX PARTE TRO & PRELIMINARY INJUNCTION FRCP 65</u>

HERE, PLAINTIFF IS SIMPLY SEEKING TO BE PLACED BACK IN GENERAL POPULATION AS HE WAS ON 4/23/26, OR RATHER "PERSERVE THE STATUS QUO" AND PREVENT IRREPARBLE HARM WHICH IS EVER PRESENT & ON-GOING CURRENTLY. PLAINTIFF COULD REALISTICALLY BE SEXUALLY ABUSED AGAIN AT ANY MOMENT IN THIS SITUATION WHICH IS EXACTLY THE <u>INTENT</u> OF CHAD YOUKER. YOUKER WAS SPECIFICALLY TOLD "NOT TO RETALIATE AGAINST PLAINTIFF UNDER THE GUISE LOOKING LIKE SOMETHING ELSE" ON 4/17/26 IN COURT.

HERE, IT IS INDISPUTIBLY CLEAR & SUPPORTED WITH VAST PRECEDENT ABOVE NORMAL AN EX PARTE TRO IS IN FAVOR OF THE PLAINTIFF & THUS REQUIRED TO PREVENT FURTHER IRREPARABLE HARM. STILL PLAINTIFF MUST SHOW (1) LIKELIHOOD OF SUCCESS ON MERITS (2) LIKELY TO SUFFER IRREPARABLE HARM IN ABSENCE THE TRO (3) BALANCE OF EQUITIES (4) PUBLIC INTEREST (WINTER v NAT RES DEF COUNCIL US SCT 2008)

<u>LIKELIHOOD OF SUCCESS ON MERIT</u>

THE KINGSLEY FACTORS ARE IN FAVOR OF PLAINTIFF. IT IS UNDISPUTED PLAINTIFF IS IN A "PROTECTED CLASS" AS A VICTIM OF SEXUAL ABUSE & RETALIATION. THUS, FOR THE SAME REASONS TO DENY A DISMISSAL ALSO WEIGH IN FAVOR OF GRANTING A TRO. PLAINTIFF COULD REALISTICALLY PREVAIL ON FIRST, EIGHTH, OR FOURTEENTH AMENDMENT CLAIMS AS THEY HAVE RETALIATED, IGNORED DUE PROCESS & BODILY INTEGRITY, SEXUALLY ABUSED & TREATED DIFFERENTLY THAN OTHERS SIMILARLY SITUATED, USED EXCESSIVE FORCE WITH NO RATIONAL OBJECTIVE, & WAIVED IMMUNITY. BECAUSE THE DEFENDANTS ACTIONS ARE NOT "NEUTRAL" AND OF "GENERAL APPLICABILITY" THEY MUST SATISFY "STRICT SCRUTINY" AND THIS MEANS THEY MUST BE "NARROWLY TAILORED" TO SERVE A "COMPELLING" STATE INTEREST WHEN A PARTY SEEKS A TRO ON BASIS IF POTENTIAL CONSTITUTIONAL VIOLATIONS, "THE LIKELIHOOD OF SUCCESS ON MERITS IS A DETERMINATIVE FACTOR" (OBAMA FOR AM. v HUSTED 6TH CIR 2012)

PLAINTIFF IS LIKELY TO SUCCEED. THERE IS NO VALID, RATIONAL CONNECTION OF SEXUAL ABUSE, ISOLATIO & RETALIATION WITH LEGITMATE PENOLOGICAL OBJECTIVES. PLAINTIFF HAS SHOWN CLEAR CONSTITUTIONAL VIOLATION:

⑦

## IRREPARABLE HARM

BECAUSE THE PLAINTIFF IS LIKELY TO SUCCEED ON HIS CONSTITUTIONAL CLAIMS, THERE IS NO ISSUE AS TO THE EXISTANCE OF THE REMAINING TRO FACTORS (MILLER V CITY OF CINCINNATI 6th CIR 2010) EVEN A MINIMAL INFRINGEMENT ON CONSTITUTIONAL VALUES CONSTITUTES IRREPARABLE INJURY SUFFICIENT TO JUSTIFY A TRO. THE LOSS OF FIRST AMENDMENT FREEDOMS, FOR EVEN MINIMAL PERIODS OF TIME, UNQUESTIONABLY CONSTITUTES IRREPARBLE INJURY. THUS, IN THE CONTEXT OF AN ALLEGED VIOLATION, A PLAINTIFFS CLAIMED IRREPARABLE HARM IS "INSEPARBLY LINKED" TO THE LIKLIHOOD OF SUCCESS, (ELROD V BURNS U.S. S CT 1976) WHEN A CONSTITUTIONAL RIGHT IS VIOLATED THE PUBLIC INTEREST MILITATES IN FAVOR OF A TRO BECAUSE IT IS ALWAYS IN THE PUBLIC INTEREST TO PREVENT CONSTITUTIONAL RIGHTS VIOLATORS (OBAMA FOR AM V HUSTED 697 6th CIR 2012). WHEN CONSTITUTIONAL RIGHTS ARE THREATED OR IMPAIRED, IRREPARABLE INJURY IS PRESUMED, IF PLAINTIFF SHOWS A LIKELIHOOD THAT A CHALENGED ACTION OR POLICY IS UNCONSTITUTIONAL, NO SUBSTANTIAL HARM TO OTHERS CAN BE SAID TO INHERE IN ITS ENJOYMENT. (DEJA VU OF NASH V METRO NASH GOV'T 6th CIR 2001)

HERE, PLAINTIFF IS ALREADY SUFFERING IRREPARABLE INJURY & WILL ONLY ESCALATE WITHOUT A TRO. PLAINTIFF IS LOCKED IN AN ISOLATION CHAMBER INDEFINATLEY BECAUSE HE IS A VICTIM OF SEXUAL ABUSE & SOUGHT LEGAL REMEDIES IN THIS COURT. LIFE & SAFETY ARE IN DANAGER. PLAINTIFF FACES A MAJOR OBSTICLE, ABANDON HIS CONSTITUTIONAL RIGHTS OR SUCCUMB TO FURTHER SEXUAL ABUSE, HARASSMENT, AND RETALIATION WHILE LIVING IN ISOLATION. IN OTHER WORDS, DEFENDANTS UNMITIGATED ACTIONS FORCE A CHOICE BETWEEN TWO DISTINCT BUT EQUAL IRREPARABLE INJURIES: (1) SUBMIT TO SEXUAL ABUSE, STATE COERCION, RETALIATION, AND LIVE IN FEAR OR (2) ALLOW THE RESTRICTION OF CONSTITUTIONAL RIGHTS, INCLUDING BODILY INTEGRITY, THAT ARE AT ODDS WITH MY BELIEFS & AMERICAS JURISPRUDENCE & STANDARDS OF DECENCY. SUCH A HOBSON'S CHOICE IS NO REAL CHOICE AT ALL.

PLAINTIFF HAS SHOWN THE EPITOME OF CONSTITUTIONAL VIOLATIONS, THUS IRREPARABLE HARM EXIST. AN EX PARTE TRO IS IN FAVOR OF PLAINTIFF

<u>BALANCE OF EQUITIES & PUBLIC INTEREST</u>

WHEN AS HERE, THE STATE ACTOR IS A PARTY. THE BALANCE OF EQUITIES & PUBLIC INTEREST PROVES MERGE (NKEN V HOLDER US S. CT. 2009) IT IS ALWAYS IN THE PUBLIC INTEREST TO UPHOLD THE CONSTITUTION, GRANTING THIS APPLICATION WILL NOT HARM THE PUBLIC, EVEN IN JAIL THE CONSTITUTION CANNOT BE PUT AWAY AND FORGOTEN. THE RESTRICTIONS HERE, EFFECTIVELY BARRING ACCESS TO STANDARDS OF HUMAN DECENCY WHILE CONDONING SEXUAL ABUSE & RETALIATION STRIKES AT THE HEART OF OUR CONSTITUTIONS GUARANTEES. THE DEFENDANTS ARE NOT FREE TO DISREGARD THE CONSTITUTION UNDER THE COLOR OF LAW. (CENTRO TEPEYAC V MONTGOMERY 4TH CIR 2013).

GRANTING THIS INJUNCTION DOES NO MORE THAN TO ENFORCE THE STATUS QUO FROM HOURS AGO AS THIS WRITING. THAT SAID, THE DEFENDANTS WILL NOT BE ALLOWED TO SEXUALLY ABUSE, ISOLATE, OR RETALIATE WHICH WILL BE A WELCOMED CHANGE. THE DEFENDANTS WILL NOT HAVE UNFETTERED ACCESS TO INTIMIDATE & HARASS WITH FEAR OF SEXUAL ABUSE. SUCH CHANGES PER SE DO NOT NEGATIVELY IMPACT THE PUBLIC NOR NEGATIVELY IMPACTS THE DEFENDANTS MOST IMPORTANT MISSION : UPHOLD THE CONSTITUTION. A STATE ACTOR IS IN NO WAY HARMED BY ISSUANCE OF A TRO WHICH PREVENTS THE STATE FROM VIOLATING THE CONSTITUTION & ENFORCING POLICY THAT IS UNCONSTITUTIONAL. IF ANYTHING, THE SYSTEM IS IMPROVED BY SUCH AN TRO OR INJUNCTION

GIVEN PLAINTIFFS LIKELIHOOD - IF NOT INEVITABILITY - OF SUCCESS ON MERITS, THE REQUESTED TRO DOES NO MORE THAN REQUIRE THE DEFENDANTS TO FULFILL THEIR EXISTING CONSTITUTIONAL OBLIGATION — AN OBLIGATION EACH DEFENDANT TOOK AN OATH TO UPHOLD. DENIAL OF THE TRO WOULD PROLONG THE DEFENDANTS ONGOING DEPRIVATION OF CONSTITUTIONAL RIGHTS, AS WELL AS PLACING HIM IN DANGER OF FURTHER SEXUAL ABUSE AS THE DEFENDANT CHEERS IT ON & SMILES. FINAL ADJUDICATION OF THIS MATTER MAY NOT OCCUR BEFORE PLAINTIFFS RELEASE, THUS DENYING HIM A TRO & PRELIMINARY RELIEF COULD IN EFFECT, DENY HIM OF ANY POSSIBLE REMEDY

9

AN EX PARTE TRO & PRELIMINARY INJUNCTION IS AN EXTRAORDINARY REMEDY NEVER TO BE AWARDED AS A RIGHT. THIS RELIEF PRESERVES THE STATUS QUO WHICH IS THE INTENT OF AN EX PARTE TRO IN SITUATIONS SUCH AS HERE. AT A MINIMUM, PLAINTIFF WAS SEXUALLY ABUSED & RETALIATED AGAINST WITH CLEAR & CONVINCING EVIDENCE ALONG WITH "UNCOMMONLY WELL SETTLED CASE LAW" IS SUPPORT THEREOF. THIS EXTRAORDINARY SITUATION WARRANTS EXTRAORDINARY RELIEF. AN EX PARTE TRO IS NECESSARY TO PROTECT AGAINST FURTHER IRREPARABLE HARM IN A DETERIORATING CIRCUMSTANCE CREATED BY THE DEFENDANTS & TO PRESERVE THIS COURTS ABILITY TO ENTER ULTIMATE RELIEF ON MERITS OF THE SAME

## EX PARTE TRO REQUIREMENTS

1 - TRO IS SEPERATE FROM COMPLAINT    MO TN LR 65.01 (A)

2 - THIS TRO IS ACCOMPANIED WITH MEMO OF LAW    MO TN LR 65.01 (B)

3 - THIS TRO IS SUPPORTED BY AN AFFIDAVIT   FRCP 65 (B)(1)(A), MO TN LR 65.01 (B)
   PLAINTIFF IS LOCKED IN AN ISOLATION CHAMBER & COULD NOT GET A NOTARY GIVEN SITUATION

4 - ACTUAL NOTICE WAS GIVEN VIA US MAIL & KIOSK ON 4/23/26 AT 4:08 PM ID # 1070920.
   HOWEVER, NOTICE SHOULD NOT BE REQUIRED AS DEFENDANTS PLACED PLAINTIFF IN ISOLATION SO THEY COULD SEXUALLY ABUSE HIM. PLAINTIFF LIFE & SAFETY ARE AT SUBSTANTIAL RISK.

5 - PROPOSED ORDER    MO TENN LR 65.01 B
   THE PURPOSE OF THE TRO IS UPHOLD THE STATUS QUO, WHICH HERE MEANS MOVING PLAINTIFF BACK TO HIS GENERAL POPULATION HOUSING LOCATION AS OF 4/22/26 AT 1:00PM PRIOR TO THE RETALIATION... HOPEFULLY PRIOR TO BE SEXUALLY ABUSED AGAIN.

RESPECTFULLY,

ROBERT C. GORDON

(10)

<u>LEGAL MAIL PRECEDENT</u>

1 - PROCUNIER v MARTINEZ 8212 1465 416 US 396 94 S. CT 1300 40 L. ED 2d 224 1974

2 - WOLFF v DONNELL 94 S. CT 2963 41 L. ED 2d 935 1974

3 - AM CIVIL LIBERTIES UNION FUND of MICH v LIVINGSTON ONTO 796 F3d 636 6TH CIR 245

4 - SALLIER v BROOKS 343 F3d 868 6TH CIR 2003


PLAINTIFF IS A PRE-TRIAL DETAINEE WITH NO CRIMINAL RECORD.


<u>ISSUE</u>

THE DEFENDANTS HAVE CONSPIRED OUT OF RETALIATION TO SEIZE, SEARCH, READ, SHARE, AND PUBLISH PLAINTIFFS PRIVILEGED COMMUNICATION SPECIFICALLY LEGAL MAIL AND WORK PRODUCTS ASSOCIATED WITH A PENDING CRIMINAL CASE. DEFENDANTS HAVE BLOCKED ACCESS TO THE COURTS, (TCA 41-21-812) BY CREATING FABRICATED INVOICES, FAILED TO SEND OR DELIVER LEGAL MAIL, READ & SHARED LEGAL MAIL WITH LOCAL DISTRICT ATTORNEY.


ON 4/17/26 DEFENDANT CHAD YOUKER TESTIFIED IN WILLIAMSON COUNTY CIRCUIT COURT AGAINST THE PLAINTIFF IN A CRIMINAL CASE, WHICH WAS RULED IN FAVOR OF THE PLAINTIFF. DEFENDANT YOUKER TESTIFIED HE AND DEFENDANT LINDQUIST CONSPIRED TO STEAL, SEIZE, AND SHARE PLAINTIFF LEGAL MAIL. WHICH WAS LEGITIMATE CONFIDENTIAL LEGAL DOCUMENTS CONTAINING A FORENSIC REPORT, TAX INFORMATION, AND CRUCIAL INFORMATION RELATED TO PLAINTIFFS CRIMINAL CASE. THE CONSPIRACY WAS SUCCESSFUL AS THE CO-DEFENDANTS DID STEAL & SEIZE LEGAL MAIL WITHOUT A WARRANT, SHARED THE LEGAL MAIL WITH THE D.A., USED THE LEGAL MAIL AS AN EXHIBIT ON 4/17/26, AND IS NOW PUBLIC RECORD.

(12)

PLAINTIFF HAS NO OPPORTUNITY FOR A FAIR TRIAL NOW THAT CHAD YOUKER & HIS CO-DEFENDANTS HAVE VIOLATED ATTORNEY-CLIENT PRIVILEGE.

YOUKER ALSO TESTIFIED HE HOLDS PLAINTIFFS MAIL & LEGAL MAIL. YOUKER DOES NOT PROVIDE THE SENDER OR RECIPIENT NOTICE OF REJECTION OR PROVIDE AN OPPORTUNITY TO BE HEARD BY EITHER PARTY. YOUKER SIMPLY KEEPS ALL LEGAL MAIL, OPENS & READS THE MAIL, THEN SHARES IT WITH THE DISTRICT ATTORNEY. YOUKER ADMITTED TO STEALING LEGITIMATE LEGAL MAIL, MARKED AS LEGAL MAIL, AND READING SAID MAIL, THEN GIVING THE LEGAL MAIL TO THE DISTRICT ATTORNEY.

## FACTS

PLAINTIFF WAS SEXUALLY ABUSED BY DEPUTY DREW UPER IN MAY OF 2024. SINCE THAT TIME THE CO-DEFENDANTS HAVE DONE NOTHING BUT RETALIATE AGAINST THE PLAINTIFF FOR REPORTING THE SEXUAL ABUSE. ON 4/17/26 DEFENDANT CHAD YOUKER TESTIFIED TO THE FACT THE PLAINTIFF WAS IN FACT SEXUALLY ABUSED BY DREW UPER. YOUKER STATED, "I WANTED TO RETALIATE WITHOUT MAKING IT LOOK LIKE RETALIATION..."

THE CO-DEFENDANTS HAVE DESTROYED PHYSICAL MAIL, BODY CAM VIDEO, AND SURVAILENCE VIDEO. FOR TWO YEARS THE CO-DEFENDANTS SUBORNED PERJURY, FALSIFIED COURT RECORDS, ABUSED ATTORNEY-CLIENT PRIVILEGE IN AN EFFORT TO GAIN SOME TACTICAL ADVANTAGE IN LITIGATION. THE CO-DEFENDANTS EVEN INSERTED THEMSELVES IN PLAINTIFFS DIVORCE ACTION AND THE DENIAL OF FOIA REQUEST & OPEN RECORDS REQUEST. THEN PLACES THE PLAINTIFF

13

IN INVOLUNTARY SEGREGATION FOR FILING A FOIA REQUEST, REPORTING SEXUAL ABUSE, AND HAVING A PHYSICAL BIBLE.

ON 4/17/26 THE DEFENDANTS NOT ONLY READ PLAINTIFF'S MAIL INTO PUBLIC RECORDS, BUT THEY ALSO INCRIMINATED THEMSELVES BY VIOLATING THEIR OWN POLICY & CONSTITUTIONAL RIGHTS WHILE PROVIDING PHYSICAL, TANGIBLE PROOF WHEN THEY ENTERED INTO EVIDENCE AS AN EXHIBIT. PROOF THAT THE LEGAL MAIL WAS IN FACT LEGAL MAIL, CONTAINING LEGAL DOCUMENTS, THAT ARE CRUCIAL & PIVOTAL DEFENSE STRATEGIES, TAX INFORMATION, AND A FORENSIC REPORTS. PROOF THERE WAS NO SEARCH WARRANT FOR THE LEGAL MAIL NOR THREAT TO JAIL SECURITY.

THE DEFENDANTS SIMPLY STOLE THE LEGAL MAIL, DID NOT INFORM THE SENDER OR RECIPIENT, THEN GAVE THE CLASSIFIED PRIVILEGED DOCUMENTS TO THE DA & COURT AS PROOF THEY VIOLATED PLAINTIFFS CONSTITUTIONAL RIGHTS.

<u>ARGUEMENT</u>

THE INTERESTS OF PRISONERS & THEIR CORRESPONDENTS IN UNCENSORED COMMUNICATIONS BY LETTER, GROUNDED AS IT IS IN THE FIRST AMENDEMENT, IS PLAINLY A <u>LIBERTY</u> INTEREST (PROCUNIER V MARTINEZ 416 US 396 94 S. ST. 1800 L ED 2d 224 1974) THUS, CREATING A PREJUDICE TO ALL CRIMINAL PENDING LITIGATION WHEN THE DEFENDANTS STOLE PLAINTIFFS MAIL AND DENIAL OF MEANINGFULL ACCESS TO THE COURTS (STANLEY V VINING, 602 F 3d 767 6TH CIR 2010).

LEGAL MAIL / EQUAL PROTECTION

THE EQUAL PROTECTION CLAUSE IF THE FOURTEENTH AMENDMENT REQUIRES THAT PERSONS WHO ARE SIMILARLY SITUATED BE TREATED ALIKE. (CITY OF CLEBURNE V CLEBURNE LIVING CENTER 473, US 432 1985)

HERE, THE DEFENDANTS CLEARLY TREAT THE PLAINTIFF DIFFERENTLY & YOURER EVEN ADMITTED SO ON 4/17/26. THE DEFENDANTS DO NOT STEAL OTHER INMATES LEGAL MAIL NOR DO THE DEFENDANTS INSERT THEMSELVES INTO OTHER INMATES DIVORCE ACTIONS & DENY FOIA REQUEST, PLAINTIFF IS CLEARLY TREATED DIFFERENTLY BECAUSE HE IN A PROTECTED CLASS — A SEXUAL ABUSE VICTIM BY A COP.

"IN (SALLIER V BROOKS 343 F3d 868 6TH CIR 2003) WE AFFIRMED A JURY AWARD OF DAMAGES BASED ON PRISON OFFICIALS OPENING OF A PRISONERS CONSTITUTIONALLY PROTECTED LEGAL MAIL OUTSIDE HIS PRESENCE. IN DOING SO WE EXPRESSED "HEIGHTENED CONCERN" ABOUT PRISON POLICIES DEALING WITH INCOMING & OUTGOING LEGAL MAIL "BECAUSE A PRISON'S SECURITY NEEDS TO NOT AUTOMATICALLY TRUMP A PRISONERS FIRST AMENDMENT RIGHT TO RECEIVE MAIL, ESPECIALLY CORRESPONDANCE THAT IMPACTS UPON OR HAS IMPORTANT FOR THE PRISONERS LEGAL RIGHTS, ATTORNEY-CLIENT PRIVILEGE, OR THE RIGHT TO ACCESS TO THE COURTS" (JONES V CARUSO 569 F.3d 258 6TH CIR 2007) A REVIEW OF REGULATIONS GOVERNING "LEGAL MAIL" IS SUBJECT TO A HEIGHTENED STANDARD. "IT IS A REQUIREMENT THAT ALL LEGAL MAIL BE OPENED INFRONT OF & IN THE PRESENCE OF THE RECIPIENT" (SALLIER AT 874)

THE ACTUAL READING OF A PRISONERS LEGAL MAIL IS A MORE SEVERE CONSTITUTIONAL VIOLATION THAN THE OPENING OF THE MAIL OUTSIDE THE RECIPIENTS PRESENCE BECAUSE THE PROHIBITION ON THE LATTER IS DESIGNED TO AVOID THE FORMER (MERRIWEATHER 569 F 3d AT 317)

HERE, NOT ONLY DID THEY OPEN LEGAL MAIL OUTSIDE THE PRESENCE OF THE SENDER OR RECIPIENT WHILE ALSO READING THE LEGAL MAIL THE DEFENDANTS USED THE STOLEN LEGAL MAIL WITHOUT A SEARCH WARRANT IN A CRIMINAL PROCEEDING. ALSO HERE, THE PLAINTIFF ! PROVED PREJUDICE STEMMING FROM THE ASSERTED VIOLATION (PILGRIM V LITTLEFIELD 92 F3d 413 6TH CIR 1996). THIS ACTUAL INJURY DOES NOT ALLOW FOR A FAIR-TRIAL ON MERITS. ADDITIONALLY, THE ENFORCEMENT OF TCA 41-21-812 HINDERS PLAINTIFFS EFFORTS TO PURSUE LEGAL CLAIMS AS CASE 24CV-53530 AS PLAINTIFF CANNOT ACCESS THE STATE COURTS DUE TO FABRICATED INVOICES BY CLERK JAKOB SCHUENDIMANN (LEWIS V CASEY 518 US 343 116 S. CT 2174, 135 L ED 2d 606 1996)

THUS, THE DEFENDANTS HAVE NOT ONLY CLEARLY VIOLATED CONSTITUTIONAL RIGHTS, IT VIOLATED CLEARLY ESTABLISHED LAW. IT IS CLEARLY ESTABLISHED THAT PRISONERS MAIL COULD NOT BE OPENED OR READ IN AN ARBITRARY OR CAPRICIOUS FASHION "(LAVADO 992 F2d AT 609). THUS WAIVING ANY CLAIM OF QUALIFIED IMMUNITY AS THE "ALLEGATIONS OF BLATANT DISREGARD FOR ESTABLISHED REGULATIONS GIVE RISE TO AN INTERFERENCE OF ARBITRARY OR CAPRICIOUS ACTION."

HERE, PLAINTIFF IS ENTITLED TO THIS RELIEF & SAME INFERENCE BECAUSE THE REGULATIONS & ACTIONS HERE ARE SUBSTANTIVELY THE SAME AS THE AT ISSUE IN "LAVADO"... ONLY WORSE, THE DEFENDANT BLATANTLY DISREGARDED PRISON POLICY & CONSTITUTIONAL LAW WHEN THEY OPENED & READ AND THEN SHARED LEGAL MAIL, YOUKER AND LINDQUIST ACTED ARBITRARILY OR CAPRIOUSLY WITH MALICIOUS INTENT. PLAINTIFF NOT ONLY HAS MADE A CLAIM WITH VALIDITY, THE CLAIM MADE OUT VIOLATES A CLEARLY ESTABLISHED CONSTITUTIONAL LAW.

(LAVADO v KEOHANE 992 F2d 601 6TH CIR 1993)

IN (MERRIWEATHER 569 F 3d AT 317) QUALIFIED IMMUNITY WAS DENIED FOR PRISON OFFICIALS WHO ALLEGEDLY OPENED & READ LEGAL MAIL OUTSIDE A PRISONERS PRESENCE. THE FACT THAT ATTORNEY MAIL GARNED PROTECTED STATUS WAS CLEAR IN 1987. PRISON OFFICIALS WOULD ALSO BE ON NOTICE AS OF 2003 THAT OPENING PROPERLY MARKED LEGAL MAIL ALONE, WITHOUT DOING MORE, IMPLICATES BOTH THE FIRST & SIXTH AMENDMENTS BECAUSE OF THE POTENTIAL FOR A CHILLING EFFECT, AS HERE ... IT HAS BEEN MADE CLEAR IN THE 6TH CIRCUIT FOR OVER 30 YEARS THAT BLATANT DISREGARD FOR MAIL HANDLING REGULATIONS CONCERNING LEGAL MAIL VIOLATES CONSTITUTIONAL PROTECTIONS.


KEEP IN MIND PRO-SE LITIGANTS ARE AFFORDED THE SAME PROTECTIONS OF WORK PRODUCT & ATTORNEY-CLIENT PRIVILEGE THOUGH PLAINTIFF HERE WAS REPRESENTED BY COUNSEL, THE DETERMINATION OF WHETHER PARTICULAR KINDS OF CORRESPONDENCE QUALIFY FOR THE CONSTITUTIONAL PROTECTION ACCORDED A PRISONERS "LEGAL MAIL" IS A QUESTION OF LAW PROPERLY DECIDED BY THE COURT (SALLIER v BROOKS 343 F3d 868 6TH CIR 2003).

Case 3:24-cv-01121    Document 74    Filed 05/07/26    Page 16 of 38 PageID #: 1109

## FIRST AMENDMENT & LEGAL MAIL

PRISON OFFICIALS WHO OPEN MAIL & READ MAIL IN AN ARBITRARY & CAPRICIOUS FASHION VIOLATE A PRISONERS FIRST AMENDMENT RIGHTS (PARISH V JOHNSON 800 F2d 600 6TH 1986) WHEN MAIL IS "LEGAL MAIL" WE HAVE HEIGHTENED CONCERN WITH ALLOWING PRISON OFFICIALS UNFETTERED DISCRETION TO OPEN & READ AN INMATES MAIL BECAUSE A PRISON'S SECURITY NEEDS DO NOT AUTOMATICALLY TRUMP A PRISONERS FIRST AMENDMENT RIGHT TO SEND & RECEIVE MAIL, ESPECIALLY CORRESPONDANCE THAT IMPACTS UPON OR HAS IMPORTANT FOR PRISONERS LEGAL RIGHTS, ATTORNEY CLIENT PRIVILEGE, OR THE RIGHT OF ACCESS TO COURTS. (KENSU V HAIGH 87 F3d 172 6TH CIR 1996). THE RIGHT OF A PRISONER TO RECEIVE OR SEND MATERIALS OF A "LEGAL NATURE" WHICH HAVE IMPACT UPON OR IMPORT WITH RESPECT TO THAT PRISONERS LEGAL RIGHTS OR MATTERS, IS A BASIC RIGHT RECOGNIZED & AFFORDED PROTECTION BY THE COURTS. COURTS AFFORD GREATER PROTECTION TO LEGAL MAIL THAN NON-LEGAL MAIL (SALLIER V BROOKS 343 F3d 868. 6TH CIR 2003)

PLAINTIFF HAS "OPTED-IN" TO THE POLICY SET FORTH IN "KNOP", BUT NO POLICY TO "OPT-IN" ACTUALLY EXIST AT WILLIAMSON CO JAIL AS PLAINTIFF NOR ANYONE WAS NOTIFIED OF SUCH POLICY, NOR SHOULD PLAINTIFF BE REQUIRED TO DESIGNATE ANY PARTICULAR ATTORNEY AS COUNSEL PER "KNOP."

HERE, PRISON OFFICIALS HAVE NOT ARTICULATED SOME OR ANY LEGITIMATE REASON FOR INTERFERING WITH PLAINTIFF LEGAL MAIL. CONFIDENTIAL COMMUNICATION WITH ATTORNEYS IS AN INTEGRAL PART OF THE JUDICIAL PROCESS & THEREFORE AS A MATTER OF LAW MAIL TO & FROM ATTORNEYS, WORK PRODUCT IS PROTECTED LEGAL MAIL

FIRST AMENDMENT RIGHTS OF CORRESPONDENTS WITH PRISONERS PROTECTS AGAINST CENSORING OF INMATE MAIL (PROCUNIER V MARTINEZ 74 S.CT. 1800 1974) GIVEN PLAINTIFFS LEGAL MAIL WAS NOT ACTUALLY EVER SENT VIA US POSTAL SERVICES BUT WAS PLACED IN OUT-GOING MAIL THE DEFENDANTS NOT ONLY COMMITTED MAIL FRAUD BY TAMPERING WITH LEGAL MAIL BUT CENSORED SPEECH.

A PRISONER SHALL HAVE THE RIGHT TO CARRY ON CONFIDENTIAL & UNCENSORED CORRESPONDANCE WITH HIS ATTORNEY, COURTS, LEGAL ASSISTANTS... (MUHAMMAD V PITCHER 35 F3d 1081 6TH CIR 1994), WITHOUT RELIEF FROM THIS COURT PLAINTIFFS REASONABLE EXPECTATION WILL "CHILL" THE PLAINTIFF FROM BASIC COMMUNICATION IN FEAR OF DEFENDANT INTRUSION & WRONGFULL SEARCH & SEIZURE.

IT IS WELL SETTLED THAT A PRISONERS RIGHT TO RECEIVE MAIL IS PROTECTED BY THE FIRST AMENDMENT (KNOP V JOHNSON 977 F2d 996 6TH CIR 1992). AS IT STANDS TODAY THE PLAINTIFF CAN COMMUNICATE WITH ZERO OUT OF 7 BILLION PEOPE ON EARTH WITH OUT THE DEFENDANTS INTRUSION INTO CONFIDENTIAL MATTERS.

PLAINTIFF HAS NEVER RECEIVED RESPONSES OR NOTIFICATION FROM THE JAIL THAT MAIL WAS NOT DELIVERED. THE DEFENDANTS EFFECTIVELY STOLE MAIL AND TRIED TO USE IT AS EVIDENCE, "A REVIEW OF REGULATIONS GOVERNING LEGAL MAIL IS SUBJECT TO A HEIGHTENED STANDARD" (JONES V CARUSO 569 F3d 258 6TH CIR 2009)

LEGAL MAIL DOES NOT REQUIRE "LEGAL MAIL" TO BE FROM AN EXISTING ATTORNEY-CLIENT RELATIONSHIP NOWHERE DID WE SUGGEST THAT LEGAL MAIL ANALYSIS TURN ON THE EXISTENCE OF AN ATTORNEY-CLIENT RELATIONSHIP, NOR CAN PLAINTIFF BE REQUIRED TO DESIGNATE A PARTICULAR ATTORNEY TO ACTIVATE PRIVILEGED TREATMENT OF LEGAL MAIL (KNOP v JOHNSON) ALL MAIL TO & FROM ATTORNEYS IS TREATED AS PRIVILEGED MAIL (BOSWELL v MAYOR 169 F3d 6TH CIR 1999) THIS INCLUDES THEIR STAFF & ASSISTANS.

THUS, LIKE THE ABOVE LANGAUGE IN SALLIER, KENSU, JONES, AND KNOP, IN DETERMINING WHETHER CORRESPONDANCE IS LEGAL MAIL, THE ISSUE DOES NOT TURN ON WHETHER THERE IS AN EXISTING ATTORNEY-CLIENT RELATIONSHIP REGARDING AN ON-GOING LEGAL MATTER, RATHER, THE KEY ISSUE IS WHETHER THE ATTORNEY & THEIR STAFF ALONG WITH THE INMATE HAVE A FUNDAMENTAL INTEREST IN MAINTAINING CONFIDENTIALITY OF COMMUNICATIONS RELATING TO ANY LEGAL MATTER.

THESE ISSUES APPLY HERE. PLAINTIFF WISHED TO KEEP HIS LEGAL DOCUMENTS CONFIDENTIAL AND THE DEFENDANTS VIOLATED THAT RIGHT. THE SUBSTANCE OF THE LETTERS WAS CRUCIAL EVIDENCE IN A CRIMINAL MATTER. PLAINTIFF MUST BE ABLE TO SEND CONFIDENTIAL COMMUNICATION "PRIOR" TO INITIATING LEGAL ACTION OR FORMALLY CREATING AN ATTORNEY-CLIENT RELATIONSHIP, PLAINTIFF HAS A STRONG LIBERTY INTEREST IN KEEPING COMMUNICATIONS RELATING TO INVESTIGATIVE STAGES OF A LEGAL MATTER CONFIDENTIAL, SUCH AS THAT CORRESPONDANCE IS NOT DISCLOSED TO JAIL STAFF OR ANYONE ELSE. THIS CHILLS IMPORTANT FIRST AMENDMENT RIGHTS.

THE FIRST & FOURTEENTH AMENDMENT REQUIRE A MEASURE OF PROTECTION FOR ADVOCATING LAWFUL MEANS OF VINDICATING LEGAL RIGHTS, INCLUDING ADVISING ANOTHER OF LEGAL RIGHTS, COMMUNICATING WITH PRIVATE INVESTIGATORS, OR REFERRALS TO A PARTICULAR ATTORNEY OR GROUP OF LAWYERS FOR ASSISTANCE (NAACP v BUTTON 371 US 415 83 S. CT 328 9 L. ED 2d 1963)

WHERE AS HERE, THE PLAINTIFF IS IN PENDING LITIGATION WITH THE DEFENDANTS & SUBSEQUENTLY WITH CRIMINAL COURTS, THE FRCP CIVIL PROCEDURE HAVE BEEN VIOLATED AND ABUSED OUT OF RETALIATION. THE JAILS TREATMENT OF PLAINTIFFS MAIL IN THIS CASE FURTHER ILLUSTRATES WHY PROTECTING THIS TYPE OF COMMUNICATION IS UTTERLY IMPORTANT — THE MAIL RELATED DIRECTLY TO POTENTIAL & ACTUAL LEGAL ACTION AGAINST THE SAME INDIVIDUALS WHO SCREEN ALL MAIL & LEGAL CORRESPONDENCE, AND AT LEAST ONE LETTER WAS READ BY DEFENDANTS & FORWARDED TO THEIR LAWYERS & DA'S OFFICE. THIS IS PRECISELY WHY CONFIDENTIAL LITIGATION CORRESPONDENCE MUST BE PROTECTED.

MORE BROADLY, THE ARGUEMENT IS THE CONTENT OF THE MAIL. A SYSTEM OR POLICY IN WHICH THE DEFENDANTS MAY "FIRST INDEPENDENTLY" SCREEN ALL PLAINTIFF INCOMING/OUTGOING MAIL FOR SUBSTANCE OF THE LEGAL COMMUNICATION WOULD DEFEAT THE VERY REASON TO PROTECT LEGAL MAIL — TO SAFEGAURD SENSITIVE & CONFIDENTIAL LEGAL COMMUNICATION. OF COURSE THIS MEANS THE JAIL WOULD NOT KNOW THE CONTENTS OF THE COMMUNICATION, BUT THAT IS THE PURPOSE & TRUE OF ALL LEGAL MAIL, OR SHOULD BE.

HERE, PLAINTIFFS LEGAL MAIL HAS BEEN SHARED WITH THE GENERAL PUBLIC. NO ONE CAN 'UN-RING THAT BELL." THERE IS NOT A VALID RATIONAL CONNECTION BETWEEN THE PER SE "POLICY" OR RATHER THE ACTIONS OF CHAD YOUKER & ASHLEY LINDQUIST AND A LEGITIMATE INTEREST, BY THE STATE. RATHER JUST A VINDETTA.

<u>FOURTEENTH AMENDMENT & DUE PROCESS</u>

PLAINTIFF ASSERTS EQUAL PROTECTION VIOLATIONS AS WELL AS PROCEDURAL DUE PROCESS VIOLATIONS BY DEFENDANTS.

PLAINTIFF ASSERT HIS DUE PROCESS RIGHTS WERE VIOLATED AS THE DEFENDANTS BLOCKED DELIVERY OF MAIL WITHOUT PROVIDING THE PLAINTIFF OR INTENDED RECIPIENT NOTICE & OPPORTUNITY TO CONTEST THE DECISION, THUS, VIOLATING THEIR OWN POLICY FOR MAIL BUT ALSO AN ILLEGAL SEARCH & SEIZURE, AND DUE PROCESS

MAIL CENSORSHIP REGULATION MUST PROVIDE THAT NOTICE OF REJECTION BE GIVEN TO THE INMATE & RECIPIENT. KEY WORD "AND", REQUIRES THAT NOTICE & OPPORTUNITY TO PROTEST THE DECISION BE GIVEN TO THE AUTHOR OF ANY REJECTED LETTER, AND PROVIDE FOR AN APPEAL OF THE REJECTION DECISION TO AN IMPARTIAL THIRD PARTY PRIOR TO THE LETTER TO THE LETTER BEING RETURNED (MARTIN v KELLY 803 F2d 236 6TH CIR 1986) (PROCUNIOR v MARTINEZ 94 S.CT. 1800 1974)

THE DECISION TO CENSOR OR WITHOLD DELIVERY OF A PARTICULAR LETTER MUST BE ACCOMPANIED BY MINIMUM PROCEDURAL SAFEGAURDS BECAUSE THE INTEREST OF PRISONERS & THEIR CORRESPONDENTS IN UNCENSORED COMMUNICATION BY LETTER IS A PLAINLY A "LIBERTY" INTEREST WITHIN THE MEANING OF THE FOURTEENTH AMENDMENT EVEN THOUGH QUALIFIED OF NECESSITY BY THE CIRCUMSTANCE OF IMPRISONMENT (THORNBURGH v ABBOTT 490 US 401 109 SCT 1874, 104 LED 2d 459 1989)

HERE, THE PLAINTIFFS MAIL WAS CLEARLY "LEGAL" AS EXPRESSEDLY EXPLICIT VIA THE CONTENT OF THE MAIL, THUS THE 14TH AMENDMENT DUE PROCESS RIGHT ASSERTED APPLY HERE, THE DEFENDANTS VIOLATED THEIR OWN POLICY & THE CONSTITUTION ALONG WITH 50 YEARS OF PRECEDENT SAT OUT IN "PROCUNIER", THE RIGHTS WERE WELL ESTABLISHED.

THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT REQUIRES THAT PERSONS WHO ARE SIMILARLY SITUATED BE TREATED ALIKE. AN EQUAL PROTECTION CLAIM CAN BE ESTABLISHED TWO WAYS. FIRST, PLAINTIFF MUST SHOW THE DEFENDANTS HAS INTENTIONALLY DISCRIMINATED AGAINST THE PLAINTIFF ON BASIS OF PLAINTIFF MEMBERSHIP IN A PROTECTED CLASS UNDER THIS THEORY OF EQUAL PROTECTION, THE PLAINTIFF MUST SHOW THE DEFENDANTS ACTIONS WERE A RESULT OF PLAINTIFFS MEMBERSHIP IN A SUSPECT CLASS SUCH AS RACE, RELIGION, OR ALIENAGE (THORTON v CITY OF ST HELENS 425 F3d 1158 9TH CIR 2005)

HERE, IT IS UNDISPUTED PLAINTIFF IS A VICTIM OF SEXUAL ABUSE & CHAD YOUKER AND HIS CO-DEFENDANTS RETALIATED AGAINST THE PLAINTIFF FOR REPORTING THE SEXUAL ABUSE

THE DEFENDANTS ARE NOT STEALING & SHARING ANY OTHER INMATES LEGAL MAIL. THOSE SIMILIARLY SITUATED ARE NOT TREATED LIKE THE PLAINTIFF. ONLY THE PLAINTIFF, AS A SEXUAL ABUSE VICTIM, IS FORCED TO DEAL WITH THE RETALIATION OF THE DEFENDANTS UNDER THE GUISE OF "LAW ENFORCEMENT". THUS BY TAKING & SHARING LEGAL MAIL THE DEFENDANTS DISCRIMINATED AGAINST THE PLAINTIFF BASED ON MEMBERSHIP OF A PROTECTED CLASS — SEXUAL ABUSE VICTIMS

THE SECOND THEORY REQUIRES SHOWING SIMILARLY SITUATED INDIVIDUALS WERE INTENTIONALLY TREATED DIFFERENTLY WITHOUT ANY RATIONAL RELATIONSHIP TO LEGITIMATE GOVERNMENT PURPOSE (VILLAGE OF WILLOWBROOK V OLECH 528 US 562 2000) PLAINTIFF MUST SHOW (1) MEMBER OF A CLASS (2) INTENTIONALLY TREATED DIFFERENT FROM OTHERS SIMILARLY SITUATED (3) NO RATIONAL BASIS FOR THE DIFFERENCE IN TREATMENT

HERE, PLAINTIFF IS (1) A SEXUAL ABUSE VICTIM (2) HAS BEEN TREATED DIFFERENTLY THAN OTHERS SIMILARILY SITUATED. THE DEFENDANTS HAVE EFFECTIVELY RETALIATED AGAINST THE PLAINTIFF & STOLE CRUCIAL CONFIDENTIAL LEGAL MAIL, MAKING APPEARENCES IN PLAINTIFF DIVORCE ACTION. SPECIFICALLY, CHAD YOUKER HAS TESTIFIED AGAINST THE PLAINTIFF IN EVERY SINGLE HEARING PLAINTIFF HAS HAD. CHAD YOUKER HAS NO AFFILIATION WITH PLAINTIFF NOR INVOLVED IN HIS CRIMINAL OR CIVIL CASES UNTIL HE INSERTS HIMSELF. THE DEFENDANTS ARE NOT ACTING THIS WAY TOWARD ANY OTHER INMATE (3) THERE IS NO RATIONAL BASIS FOR THE TREATMENT. THE DEFENDANTS WORK AT A JAIL, NOT THE FBI. A COUNTY JAIL AT THAT. THIS IS PURE VENGENCE FOR EXERCISING CONSTITUTIONAL RIGHTS & OPPOSING SEXUAL ABUSE.

PLAINTIFF MEETS THE CRITERIA FOR EITHER APPLICATION FOR A VIOLATION OF EQUAL PROTECTION. THESE VIOLATIONS DENY THE PLAINTIFFS RIGHTS TO A FAIR TRIAL IN THIS ACTION OR PLAINTIFFS CRIMINAL ACTION (CAREY V MUSLADIN 127 S. CT. 649 166 L ED 2d 482, 549 US 70, 75 USLW 4019 2006). SANCTIONS WOULD BE PROPER VIA FRCP RULE 11 OR 37. (HOLBROOK V FLYNN, 475 US 560,106, S.CT 1340 89 2d 525 1986). PLAINTIFFS WORK PRODUCTS & ATTORNEY-CLIENT PRIVILEGE WERE VIOLATED & GIVE RISE TO AN UNFAIR TRIAL (EDWARDS V WHITAKER 868 F SUPP MD TENN 1994). PLAINTIFF HAS NOT WAIVED ATTORNEY-CLIENT PRIVILEGE. (JONES V US NO 3:12-CV 599 MD TENN 2012). THERE IS NO POSSIBLE REMEDY FOR THIS SITUATION. A TRO & INJUNCTION SHOULD BE GRANTED

## SIXTH AMENDMENT & ACCESS TO ATTORNEY

THE SIXTH AMENDMENT ASSURES FAIRNESS IN THE ADVERSARY CRIMINAL PROCESS (US V CRONIC 466 US 648 1984) WHERE SIXTH AMENDMENT IS VIOLATED, A "SERIOUS RISK OF INJUSTICE INFECTS THE TRIAL ITSELF" (CUYLER V SULLIVAN 446 US 335 1980). THUS, GOVERNMENT ACTIONS WHICH OBTAIN DEFENSE STRATEGY INFORMATION ARE IMPROPER UNDER SIXTH AMENDMENT (WEATHERFORD V BURSEY 429 US 545 1977). HERE, THE DEFENDANTS PURPOSEFULLY OPENED LEGAL MAIL DOCUMENTS WHICH THEY KNEW CONTAINED PRIVILEGED ATTORNEY-CLIENT INFORMATION & SHARED THE DOCUMENTS WITH THE PROSECUTOR. (CHITICK V LAFLER NO 11-1784 6TH CIR 2013). HERE, THE PROSECUTOR INTRODUCED THE "EVIDENCE" AT TRIAL & IT WAS IMPROPERLY OBTAINED.

IN "WEATHERFORD" THE SUPREME COURT HELD THAT IN ORDER TO ESTABLISH A VIOLATION OF SIXTH AMENDMENT RIGHT TO COUNSEL ENSUING FROM GOVERNMENT SURVEILLANCE, A CLAIMANT MUST SHOW COMMUNICATION WITH AN ATTORNEY WERE SURREPTITIOUSLY MONITORED, BUT ALSO SHOW THE INFORMATION GAINED WAS USED TO PREJUDICE THE CLAIMANT DEFENSE IN HIS CRIMINAL TRIAL,

THIS IS EXACTLY WHAT HAPPENED HERE. PLAINTIFF IS NOT ONLY A PRO-SE ATTORNEY IN THIS ACTION, BUT HAS HIRED ATTORNEYS IN MULTIPLE CRIMINAL CASES. BY READING & SHARING PLAINTIFFS MAIL THE GOVERNMENT SURREPTITIOUSLY MONITORED COMMUNICATIONS AND THE INFORMATION GAINED WAS USED TO PREJUDICE THE CLAIMANTS DEFENSE IN HIS CRIMINAL TRIAL,

PLAINTIFFS CONFIDENTIAL STRATEGY IS NO LONGER CONFIDENTIAL, OVER 100 PAGES OF CLASSIFIED DOCUMENTS WERE GIVEN TO THE DA & USED AT TRIAL, ACTUAL PREJUDICE EXIST. FUTURE TRIALS WOULD BE FUNDAMENTALLY UNFAIR AND UNRELIABLE, SINCE THE DA IS AWARE OF ALL OF PLAINTIFFS TRIAL EVIDENCE, IT CREATED A PERFECT ADVANTAGE TO THE PROSECUTION.

THUS, PLAINTIFF 6TH AMENDMENT CLAIMS ARE IN FAVOR OF THE PLAINTIFF & AN INJUNCTION SHOULD BE AWARDED AS DEFENDANTS VIOLATED A CLEARLY ESTABLISHED RIGHT. THE EFFECT IS CHILLING

A TRO & INJUNCTION SHOULD BE AWARDED TO PLAINTIFF

<u>TURNER FACTORS</u>

PLAINTIFF ARGUES THERE IS NO "POLICY" PER SE GRANTING CART BLANCHE AUTHORITY TO THE DEFENDANTS TO STEAL, SEIZE, AND SHARE OUTGOING OR INCOMING LEGAL MAIL. NONETHELESS, THE TURNER FACTORS ARE AS FOLLOWS (1) WHETHER THERE IS A "VALID, RATIONAL CONNECTION" BETWEEN THE REGULATION & LEGITIMATE GOVERNMENT INTEREST PUT FORWARD TO JUSTIFY IT (2) WHETHER THERE ARE ALTERNATIVE MEANS OF EXERCISING THE RIGHT THAT REMAINS OPEN TO INMATES (3) IF THERE WOULD BE SIGNIFICANT IMPACT ON GAURDS & OTHER INMATES (4) WHETHER READY ALTERNATIVES ARE ABSENT (TURNER v SAFELY 482 US 78 1987)

"A LACK OF ALTERNATIVES DOES NOT END THE REASONABLENESS ANALYSIS BUT EVIDENCE THE REGULATION IS UNREASONABLE" (HEYER v US BOREAU OF PRISONS 984 F3d 347 4TH CIR 2021)

HERE PLAINTIFF STATES (1) THERE IS NO VALID RATIONAL CONNECTION BETWEEN STEALING LEGAL MAIL & A LEGIT GOVERNMENT INTEREST. THE DEFENDANTS ONLY INTEREST IS TO GAIN A TACTICAL ADVANTAGE ILLEGALLY IN A CRIMINAL MANNER AND HARASS THE PLAINTIFF (2) THERE IS NO ALTERNATIVE TO SEND EVIDENCE & EXHIBITS TO PLAINTIFFS LEGAL TEAM OTHER THAN US MAIL. THE MARKET IS CORNERED & THE US POSTAL SERVICE HAS MONOPOLIZED PRISON MAIL... (3) THERE IS NO IMPACT ON GAURDS OR INMATES AS NEITHER HAVE ANY THING TO DO WITH THE MAIL PROCESS. IF ANYTHING, IT THE SYSTEM IS MORE EFFICIENT WHEN THE DEFENDANTS STOP TRYING TO "PLAY COPS" AND FOCUS ON REHABILITATING INMATES PRIOR TO RELEASE RATHER THAN VIOLATING THE CONSTITUTION WITH TAX PAYER DOLLARS (4) THERE IS NO READY ALTERNATIVE FOR SENDING LEGAL MAIL.

THUS, THE TURNER FACTORS ARE IN FAVOR OF THE PLAINTIFF. THE CURRENT "POLICY" OR ACTIONS ARE NOT REASONABLE AS EVIDENCED BY THE EXPLICIT RESULTS HERE. PLAINTIFFS TRUE ALTERNATIVE IS - SIMPLY RESISTING STATE COERCION & SUFFERING THE INHERENT CONSEQUENCES THEREOF - IS NO TRUE ALTERNATIVE. AN INJUNCTION IS REQUIRED AND PROPER IN THIS SITUATION.

<u>TRO & PRELIMINARY INJUNCTION FRCP 65</u>

A PLAINTIFF SEEKING A PRELIMINARY INJUNCTION MUST ESTABLISH THAT HE IS LIKELY TO SUCCEED ON MERITS, HE IS LIKELY TO SUFFER IRREPARABLE HARM IN ABSENCE INJUNCTION, BALANCE OF EQUITIES TIPS IN FAVOR, & AN INJUNCTION IS IN PUBLIC INTEREST (WINTER V NATL RES DEF COUNCIL INC 555 US ? 129 S. CT 365 ,72 L ED 2d 249 2008)

THE PRINCIPLE FUNCTION OF A PRELIMINARY INJUNCTION IS TO PRESERVE STATUS QUO & PREVENT IRREPARABLE HARM DURING THE PENDENCY OF A LAWSUIT TO PRESERVE THE COURTS ABILITY TO RENDER A MEANINGFUL JUDGEMENT, BUT WHERE AN APPLICANTS RIGHT TO RELIEF IS "INDISPUTABLY CLEAR" THE COURT MAY ISSUE A "MANDATORY" INJUNCTION IS REQUIRED WHICH ALTERS RATHER THAN PRESERVES THE STATUS QUO. (COMMUNITY PARTY OF IND V WHITCOMB 409 US 1235 93 S. CT 16 34 L. ED 2d 1972.

HERE, IT IS "INDISPUTIBLY CLEAR" AND SUPPORTED WITH CASE LAW ABOVE NORMAL A MANDATORY INJUNCTION IS REQUIRED & SOUGHT TO ALTER THE CURRENT POLICY & ACTION OF THE DEFENDANTS

<u>LIKELIHOOD OF SUCCESS ON MERITS</u>

PLAINTIFF HAS DEMONSTRATED A CLEAR LIKELIHOOD OF SUCCESS ON MERITS. FIRST, IT IS UNDISPUTED PLAINTIFF IS A SEXUAL ABUSE VICTIM & THE DEFENDANTS RETALIATED. SECOND, IT IS UNDISPUTED DEFENDANTS STOLE LEGAL MAIL, GAVE IT THE DA, AND USED THE EVIDENCE OBTAINED UNLAWFULLY AT TRIAL WHICH PREJUDICED THE PLAINTIFF.

THUS, FOR THE SAME REASONS TO DENY A DISMISSAL ALSO WEIGH IN FAVOR OF GRANTING INJUNCTIVE RELIEF. THE PLAINTIFF COULD REALISTICALLY PREVAIL ON A FIRST, FOURTH, EIGHTH, SIXTH, OF FOURTEENTH AMENDMENT CLAIM IN THIS ACTION WHILE ALSO DENYING THE PLAINTIFF A RIGHT TO A FAIR TRIAL.

FURTHERMORE, THE DEFENDANTS HAVE WAIVED QUALIFIED IMMUNITY. AS DISCUSSED EARLIER, THE TURNER FACTORS FAVOR THE PLAINTIFF. THEY DEFENDANTS ACTED ARBITRARILY AND CAPRICIOUSLY, THEY TREATED THE PLAINTIFF DIFFERENTLY THAN OTHERS, THEY DID NOT FOLLOW DUE PROCESS, THEY SEXUALLY ABUSED & RETALIATED AGAINST PLAINTIFF, CENSORED & WITHELD MAIL, PERFORMED ILLEGAL SEARCH & SEIZURE ABSENT A WARRANT, AND VIOLATED ATTORNEY-CLIENT PRIVILEGE.

WHO KNEW CONSTITUTIONAL RIGHTS SO PERFECTLY ALIGNED WITH JAIL POLICY... MAIL THEFT IS AN ACTUAL CRIME PURSUANT TO 18 USC 1708 AND THE DEFENDANTS ARE SUBJECT TO FIVE YEARS IN PRISON AND STOLE MAIL UNDER THE COLOR OF LAW. PLAINTIFF WAS DENIED POST-DEPRIVATION REMEDIES WHICH DENY HIM OF DUE PROCESS (McLAUGHLIN v WEATHERS 170 F.3d 577 6TH CIR 1999)

Case 3:24-cv-01121    Document 74    Filed 05/07/26    Page 28 of 38 PageID #: 1121

THE ONLY REAL QUESTION OF "LIKELIHOOD OF SUCCESS ON MERITS" IS UNLAWFUL SEARCH & SEIZURE & APPLICATION OF TCA 41-21-812. PRISONERS HAVE NO LEGITIMATE EXPECTATION TO PRIVACY (HUDSON v PALMER 468 US 517 1984). AS A PRETRIAL DETAINEE THE PLAINTIFF HAS GREATER PROTECTIONS. THERE ARE CASES WHICH SEEM TO DRAW DISTINCTION THAT SEARCHES & SEIZURES OF PRISONERS PROPERTY CAN, UNDER CERTAIN CIRCUMSTANCES, IMPLICATE OTHER CONSTITUTIONAL PROVISIONS SUCH AS FIRST, FIFTH, AND SIXTH AMENDMENT SUCH AS HERE. THE MAJORITY IN "PALMER" POINTED OUT THAT THOUGH A PRISONER DOES NOT HAVE ANY REASONABLE EXPECTATION OF PRIVACY, ENABLING HIM TO IVOKE PROTECTIONS OF THE FOURTH AMENDMENT, DOES NOT MEAN HE IS WITHOUT REMEDY FOR CALCULATED HARASSMENT UNRELATED TO PRISON NEEDS.

HOW DOES SEIZING OUT GOING MAIL SERVE A PRISON NEED? HOW LONG HAS THIS GONE ON? HOW MUCH MAIL WAS FOR LEGAL PURPOSE WAS NEVER SENT OUT & YET PROVIDED UNLAWFULLY TO THE PROSECUTOR? AND USED IN CRIMINAL CASE IN (POWELL v SCHRIVER 175 F3d 107 2ND CIR 1999) PRISON OFFICIALS HAD NO REASON TO SERCH. IN (ROGERS v STATE 783 So 2d 981 FLA 2001) THE CLEAR LANGAUSE OF THE COURT CERTAINLY GIVES PLAUSIBILITY TO THE THEORY THAT THERE ARE SEARCHES WHICH CAN IMPLICATE CONSTITUTIONAL VIOLATIONS SUCH AS HERE. (WORK v DICKSON CNTY JAIL CASE 3:10-0807 MD TENN 2011)

DUE TO TCA 41-21-812 IN STATE COURTS FOR A FABRICATED INVOICE CREATED BY CLERK JAKOB SCHWENDIMANN, THE EXACT SAME CLERK WHO PERJURED HIS AFFIDAVIT TESTIMONY AGAINST THE PLAINTIFF WHEN HE DENIED PHOTOS EXISTED. PLAINTIFF HAS NO ACCESS IN STATE COURTS TO GET A DIVORCE, SEEK REDRESS FOR FRAUD, AND FILE SUIT FOR DEFAMATION. PLAINTIFFS CLAIM WAS NOT

FRIVILOUS, MALICIOUS, OR FAILED TO STATE TO CLAIM. ACCESS TO THE COURTS WAS DENIED DUE TO WEALTH OR LACK THEREOF. THE 6TH CIRCUIT FOUND TCA 41-21-812 UNCONSTITUTIONAL IN (CLIFTON V CARPENTER 775 F3d 760 6TH CIR 2014) COINCIDENTLY, THESE ARE DEFENDANT LISA CARSON'S CLIENTS, AND LISA CARSON SUBORNED PERJURY.

BECAUSE THE CHALLENGED RESTRICTIONS ARE NOT "NEUTRAL" AND OF "GENERAL APPLICABILITY" THEY MUST SATISFY "SCRICT SCRUTINY"; THIS MEANS THEY MUST BE "NARROWLY TAILORED" TO SERVE A "COMPELLING" STATE INTEREST WHEN A PARTY SEEKS A PRELIMINARY INJUNCTION ON THE BASIS OF A POTENTIAL CONSTITUTIONAL RIGHT VIOLATION, 'THE LIKELIHOOD OF SUCCESS ON THE MERITS OFTEN WILL BE THE DETERMINATIVE FACTOR' (OBAMA FOR AMERICA V HUSTED 697 F3d 423 6TH CIR 2012)

THE PLAINTIFF IS CLEARLY LIKELY TO SUCCEED, THERE IS NO VALID RATIONAL CONNECTION BETWEEN STEALING OUT GOING LEGAL MAIL ? LEGITIMATE PENOLOGICAL INTEREST. NOR IS SEXUAL ABUSE ? RETALIATION "VALID OR RATIONAL"

<u>IRREPARABLE HARM</u>

BECAUSE THE PLAINTIFF IS LIKELY TO SUCCEED ON HIS CONSTITUTIONAL CLAIMS, THERE IS "NO ISSUE AS TO THE EXISTENCE OF THE REMAINING PRELIMINARY INJUNCTION FACTORS" (MILLER V CITY OF CINCINNATI 622 F3d 524 6TH CIR 2010) EVEN A MINIMAL INFRINGEMENT UPON FIRST AMENDMENT VALUES CONSTITUTES IRREPARABLE INSURY SUFFICIENT TO JUSTIFY INJUNCTIVE RELIEF.

WHEN A CONSTITUTIONAL RIGHT IS VIOLATED THE PUBLIC INTEREST MILITATES IN FAVOR OF INJUNCTIVE RELIEF BECAUSE IT IS ALWAYS IN THE PUBLIC INTEREST TO PREVENT VIOLATION OF CONSTITUTIONAL RIGHTS (OBAMA FOR AM v HUSTED 697 F3d 6TH CIR 2012). WHEN CONSTITUTIONAL RIGHTS ARE THREATENED OR IMPAIRED, IRREPARABLE INJURY IS PRESUMED. IF A PLAINTIFF SHOWS A SUBSTANTIAL LIKELIHOOD THAT A CHALLENGED ACTION OR POLICY IS UNCONSTITUTIONAL, NO SUBSTANTIAL HARM TO OTHERS CAN BE SAID TO INHERE IN ITS ENJOYMENT (DEJA VU OF NASH. INC v METRO GOV'T OF NASH. 274 F3d 377 400 6TH CIR 2001) THE LOSS OF ANY CONSTITUTIONAL FREEDOM, FOR EVEN MINIMAL PERIODS OF TIME, UNQUESTIONABLY CONSTITUTES IRREPARABLE INJURY. THUS, IN THE CONTEXT OF AN ALLEGED VIOLATION OF RIGHTS, A PLAINTIFF CLAIM TO IRREPARABLE HARM IS INSEPARABLY LINKED TO THE LIKELIHOOD OF SUCCESS ON THE MERITS OF PLAINTIFF CLAIM. (ELROD v BURNS 427 US 347 S CT 2673, 49 L ED 2d 547 1976).

PLAINTIFF FACES A MAJOR OBSTACLE, VIOLATE JAIL "POLICY" OR ABANDON HIS CONSTITUTIONAL RIGHTS. IN OTHER WORDS, DEFENDANTS UNMITIGATED ACTIONS FORCE PLAINTIFF TO CHOOSE BETWEEN TWO DISTINCT BUT EQUAL IRREPARABLE INJURIES: SUBMIT TO GOVERNMENT COERCION & HARASSMENT & RETALIATION AND ALLOW THE RESTRICTION OF CONSTITUTIONAL RIGHTS AT ODDS WITH AMERICAS JURISPRUDENCE OR FACE PUNISHMENT FROM JAIL STAFF (DEFENDANTS), OR ADDITIONAL CRIMINAL CHARGES (PLAINTIFF HAS 30 CRIMINAL CHARGES FOR FILING SUBPOENAS). SUCH A HOBSONS CHOICE IS NO REAL CHOICE AT ALL

PLAINTIFF HAS SHOWN A CLEAR CONSTITUTIONAL VIOLATIONS & THUS IRREPARABLE HARM

<u>BALANCE OF EQUITIES & PUBLIC INTEREST</u>

WHERE, AS HERE, THE STATE ACTOR IS A PARTY, THE BALANCE OF THE EQUITIES & PUBLIC INTEREST PRONGS MERGE (NKEN v HOLDER 556 US 418, 129 S. CT 1749, 173 L.ED 2d 550 2009).

IT IS ALWAYS IN THE PUBLIC INTEREST TO UPHOLD THE CONSTITUTIONAL RIGHTS (CENTRO TEPEYAC v MONTGOMERY CNTY 722 F3d 184, 191 4TH CIR 2013). GRANTING THIS INJUNCTION WILL REQUIRE CHANGE, THE DEFENDANTS WILL NOT HAVE UNFETTERED ACCESS TO THE PLAINTIFF COMMUNICATIONS & LEGAL MAIL. SUCH CHANGES WOULD NOT "NEGATIVELY IMPACT THE PUBLIC" NOR NEGATIVELY IMPACT THE DEFENDANTS MOST IMPORTANT MISSION & FUNCTION : UPHOLD THE CONSTITUTION... A STATE ACTOR IS IN NO WAY HARMED BY ISSUANCE OF A PRELIMINARY INJUNCTION WHICH PREVENTS THE STATE FROM ENFORCING RESTRICTIONS LIKELY TO BE UNCONSTITUTIONAL OR VIOLATE FRCP. IF ANYTHING, THE SYSTEM IS IMPROVED BY SUCH AN INJUNCTION. (GIOVANI v BASON 303 F3d 507 4TH CIR 2002).

GIVEN PLAINTIFFS LIKELIHOOD — IF NOT INEVITABILITY — OF SUCCESS ON MERITS, THE REQUESTED INJUNCTION WOULD DO NO MORE THAN REQUIRE THE DEFENDANTS TO FULFILL THEIR EXISTING CONSTITUTIONAL OBLIGATIONS — AN OBLIGATION EACH DEFENDANT TOOK AN OATH TO UPHOLD.

DENIAL OF THE PRELIMINARY INJUNCTION WOULD PROLONG THE DEFENDANTS ONGOING DEPRIVATION OF PLAINTIFF RIGHTS. FURTHERMORE, FINAL ADJUCATION OF THIS MATTER MAY NOT OCCUR BEFORE PLAINTIFFS RELEASE & THUS DENYING HIM PRELIMINARY RELIEF COULD IN EFFECT, DENY HIM OF ANY POSSIBLE REMEDY

A PRELIMINARY INJUNCTION IS AN EXTRAORDINARY REMEDY NEVER TO BE AWARDED AS A RIGHT. SUCH RELIEF IS ESPECIALLY EXTRAORDINARY WHEN IT ALTERS AND PRESERVES THE STATUS QUO. BECAUSE "UNCOMMONLY WELL-SETTLED CASE LAW" HAS ESTABLISHED THE DEFENDANTS AT A MINIMUM SEXUALLY ABUSED ¿ RETALLIATED AGAINST PLAINTIFF AND LIKELY BASTARDIZED ALMOST EVERY FACET OF THE CONSTITUTION; THIS IS AN EXTRAORDINARY CASE THAT WARRANTS EXTRAORDINARY RELIEF.

FULL SCALE CONSPIRACY ¿ COERCION BETWEEN THE DA'S OFFICE ¿ THE DEFENDANTS TO UNLAWFULLY SEIZE LEGAL MAIL ¿ USE THE MAIL IN A CRIMINAL SETTING GIVES THE PLAINTIFF'S RIGHT TO RELIEF UNDISPUTABLY CLEAR. A MANDATORY PRELIMINARY INJUNCTION IS NECESSARY TO PROTECT AGAINST FURTHER IRREPARABLE HARM IN A DETERIORATING CIRCUMSTANCE CREATED BY THE DEFENDANTS ¿ TO PRESERVE THE COURTS ABILITY TO ENTER ULTIMATE RELIEF ON MERITS OF THE SAME (MICROSOFT 333 F3d AT 525)

## TEMPORARY RESTRAINING ORDER REQUIREMENTS

1- TRO IS SEPERATE FROM COMPLAINT MD TENN LR 65.01(A)   2- THIS TRO IS ACCOMPANIED WITH MEMORANDUM OF LAW MD TENN LR 65.01(B)   3- THIS TRO IS SUPPORTED BY AN AFFIDAVIT FRCP 65(B)(i)(A), MD TENN LR 65.01(B) *THE DEFENDANTS WOULD NOT NOTARIZE THE TRO AFFIDAVIT    4- ON 4/20/26 I GAVE WRITTEN NOTICE VIA US MAIL TO EACH DEFENDANT ¿ VIA JAIL KIOSK (ID # 1069777) THE DEFENDANT HAVE LEGITIMATE NOTICE, THOUGH SHOULD NOT BE REQUIRED DUE TO IRREPARABLE INJURY. FRCP 65 (B)(1)(B), MD TENN LR 65.01(c)   5- PROPOSED ORDER 65.01 B

## CONCLUSION

SUBSTANTIAL SUPREME COURT & 6TH CIRCUIT PRECEDENT MAKE IT CLEAR THE DEFENDANTS VIOLATED ESTABLISHED RIGHTS, QUALIFIED IMMUNITY SHALL BE DENIED, AND DEFENDANTS ARE LIABLE UNDER 42 USC 1983 FOR VIOLATIONS. PLAINTIFF HAS MET THE OBJECTIVE STANDARD SET OUT IN "KINGSLEY" TO PREVAIL AS A MATTER OF LAW THE COMMUNITY STANDARDS OF DECENCY ARE DIFFERENT IN 2026 - 20 YEARS AGO PEOPLE COULD SMOKE INDOORS WHICH IS NOT THE PRESENT CASE, AS OUR CIVILIZED SOCIETY HAS EVOLVED IN 2026. FORCING A PERSON TO MASTURBATE VIOLATES ESTABLISHED RIGHTS, AS DOES LOCKING SAID PERSON IN SEGREGATION FOR MONTHS BECAUSE SEXUAL ABUSE WAS REPORTED. NOR CAN DEFENDANTS SHOW THEY WOULD TAKE THE SAME ACTION ABSENT OF PROTECTED ACTIVITY.

PHYSICAL FORCE DOES NOT MATTER, EXPLICIT THREATS DO NOT MATTER, BUT NON CONSENSUAL ENCOUNTERS OF SEXUAL ABUSE THAT ARE EFFECTUATED BY ORDERING THE PLAINTIFF TO MASTURBATE DOES MATTER; IT DOES NOT CHANGE THE FACT THAT THE DEFENDANTS REQUIRED TO ENGAGE IN SEXUAL ACTS AGAINST WILL WHETHER IT WAS ONCE, TWICE, OR MANY TIMES. THUS, IN 2026 THIS SEXUAL ABUSE AND STATE ACTORS SHALL BE HELD ACCOUNTABLE AS A FUNDAMENTAL VIOLATION OF LIBERTY WHILE LACKS ALL SOCIAL VALUE OR PENOLOGICAL INTEREST, AND NO RATIONAL PERSON COULD BELIEVE SEXUAL ABUSE BY A STATE ACTOR IS CONSTITUTIONALLY PERMISSIBLE UNDER DUE PROCESS OR ANY OTHER AMENDMENT.

RESPECTFULLY,

CERTIFICATE OF SERVICE

I CERTIFY A TRUE & EXACT COPY WAS SENT VIA US MAIL ON 4/23/26

TO    EMMERSON MARCHETT              BRIAN SPITLER
      3310 W. END AVE # 550          735 BROAD ST #1100
      NASHVILLE, TN 37203            CHATTANOOGA, TN 37402


      LEE ANN THOMPSON                              RESPECTFULLY
      408 LEMWEL T
      FRANKLIN, TN 37064

<u>VERIFICATION</u>

STATE OF TENNESSEE

COUNTY OF DAVIDSON

COLE GORDON, AFTER FIRST BEING DULY SWORN, MAKES OATH THAT THE STATEMENTS CONTAINED IN HIS FORGOING "COMPLAINT" ARE TRUE TO THE BEST OF HIS KNOWLEDGE, INFORMATION, AND BELIEF AND THAT HE BRINGS THIS PETITION NOT OUT OF LEVITY OR BY COLLUSION WITH THE DEFENDANTS, BUT IN SINCERITY AND TRUTH, AND FOR THE CAUSES MENTIONED THEREIN

ROBERT GORDON

SWORN & SUBSCRIBED BEFORE ME ON THIS 23 DAY OF October

NOTARY PUBLIC

MY COMMISSION EXPIRES 2/14/20





ROBERT C GORDON
#65920
408 CENTURE CT
FRANKLIN, TN 37064

US DISTRICT COURTS
MIDDLE DISTRICT OF TENN
NASHVILLE, TN ~~37203~~ 37203

719 CHURCH ST #1300

NASHVILLE, TN 37203

RECEIVED

MAY 0 7 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

LEGAL
MAIL

LEGAL
MAIL

This correspondence is from an inmate in a correctional institution. The Williamson County Sheriff's Office has neither censored nor inspected this item. Therefore this department does not assume responsibility for its contents.
Williamson County Sheriff's Office

LEGAL MAIL