| | | |
|---|---|---|
| **ROBERT C. GORDON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24:CV-1121** |
| | ) | |
| **WILLIAMSON COUNTY SHERIFF'S** | ) | **Judge Waverly D. Crenshaw, Jr.** |
| **OFFICE, CHAD YOUKER, ASHLEY** | ) | **Magistrate Judge Luke A. Evans** |
| **LINDQUIST, f/n/u APER, CHRIS GRAY,** | ) | |
| **JEFF HUGHES, and LISA CARSON,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

## WILLIAMSON COUNTY DEFENDANTS' RESPONSE TO THE PLAINTIFF'S EMERGENCY MOTION FOR TEMPRORARY RESTRAINING ORDER AND SUPPORTING MEMORANDUM OF LAW

Comes now, pursuant to LR 7.01, Captain Chad Youker, Lieutenant Ashley Lindquist, Sergeant Chris Gray, and Sheriff Jeff Hughs (collectively, the "Williamson County Defendants"), and submit to the Court this Response and Memorandum of Law in opposition to the Plaintiff's Emergency Motion for Temporary Restraining Order (DE 68).

### 1. The Plaintiff's Motion

On May 1st, 2026, the Plaintiff filed a document titled "Emergency Motion for TRO" to the Court (DE 68). That filing makes four requests: (1) "to enforce the status quo as of 4/22/26 prior to retaliation and place the Plaintiff in general population"; (2) "to enjoin and restrain the Defendants from any form of retaliation, punishment, threat or perception of threat"; (3) "enjoin Defendants from holding mail"; and (4) "enjoin the Defendants from destroying, deleting, or not preserving evidence or threatening the Plaintiff with sexual abuse" (Id., Page ID 970). The Plaintiff appears to make a vague request that the Court personally call his attorney as well (ID., Page ID 971).

The Plaintiff's Motion for a Temporary Restraining Order contains five factual allegations: (1) that the Plaintiff was sexually assaulted by a deputy at the Williamson County Jail; (2) that Chad Youker "admitted to stealing legal mail, giving said mail to the prosecutor, and using the stolen legal mail in a criminal trial as evidence"; (3) that the Defendants are holding the Plaintiff's mail without due process or a warrant; and (4) that Chad Youker put the Plaintiff in involuntary segregation and in "total isolation away from any human out of retaliation on 4/23/26"; and (5) that the Plaintiff "has no access" to "write/ensure mail memoranda" of law in this situation (Id., Page ID 970).

## 2. Relevant Procedural Background

On April 29th, 2026, one Memorandum Order (DE 64) and two Reports and Recommendations (DEs 65, 66) were filed in this matter. The Memorandum Order granted the Plaintiff's Motion for Leave to File a First Amended Complaint (DE 46), denied as moot the Williamson County Defendants' Motion for Judgment on the Pleadings (DE 55), and denied certain of the Plaintiff's discovery motions (DEs 27, 32, & 47).

The first Report and Recommendation (DE 65) recommended that Defendant Lisa Carson's Motion to Dismiss (DE 18) be granted and that Carson's Motion to Stay Proceedings (DE 28) and Motion to Strike Gordon's Response to that Motion (DE 42) be denied as moot.

The second Report and Recommendation recommended that the Plaintiff's Emergency Motion for Injunctive Relief (DE 30) be denied and that Defendant Lisa Carson's Motion to Strike Gordon's Reply (DE 42) be denied as moot. Those three orders addressed nearly all the pending matters before the Court in this case at that time.

However, the Plaintiff has since filed a bevy of Motions with the Court since April 29th, 2026 (DE 68, DE 70, DE 71, DE 74, DE 76, DE 78, DE 79, and DE 80). Most material to this Response are DEs 68, 70, 71, and 74, which all request the same or similar equitable remedies

2

from this Court, all of which pertain to the Plaintiff's access to non-legal and legal mail while detained and his removal, at times, from the Williamson County Jail's general population. The later filings are material to this Response in that the Williamson County Defendants will be filing responses to much longer motions requesting the same relief in the immediate future. In fact, one of the Plaintiff's Motions for Temporary Restraining Orders and Preliminary Injunctions (DE 74) contains all but precisely the same language contained in two earlier motions (DEs 70, 71), but combined in that document.

### 3. Relevant Factual Background

The catalyst for the instant series of Motions for equitable relief (DEs, 68, 70, 71, and 74) is a hearing that took place before the Honorable Judge Veile of the Williamson County Criminal Circuit on April 17th, 2026.[1] That hearing took place upon the State's Motion to Enforce Court Order.[2] The Order that the State moved the Court to Enforce is a part of the record in the instant matter (DE 49-5). At that hearing, before a finding that the Plaintiff's communication and other privileges were to be further restricted, evidence was provided sufficient that the State court found that:

> "[Robert Gordon] used the kiosk log-in information of other inmates to circumvent the Court's prior order restricting [Robert Gordon's] electronic communications, and that [Robert Gordon's] housing in general population with multiple other inmates made it difficult for the Jail to monitor and prevent such activity. However, this Court finds that that the decision on how to classify and house criminal defendants is to be left to the discretion of local detention officials and declines to order that [Robert Gordon] is to be specifically housed in a particular method."

Exhibit A, Williamson County Criminal Court Order Regarding Defendant's Communications.

### 4. Williamson County Defendants' Response and Argument

---

[1] See Exhibit A, Williamson County Criminal Court Order Regarding Defendant's Communication.
[2] Id.

### A. Standard of Review

A preliminary injunction is an extraordinary measure and one of the most drastic of judicial remedies.[3] Courts consider four factors when asked to decide whether to grant a motion for a temporary restraining order: (1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest will be advanced by issuing the injunction.[4]

### B. Analysis

The Plaintiff's Motion for a Temporary Restraining Order should be denied because the facts alleged do not support a finding in the Plaintiff's favor pursuant to the four-factor test for determining whether such a request should be granted.

The Plaintiff does not offer in support of his Motion any evidence that he is a sexual assault victim. Indeed, the only evidence of such contention in the record is the Plaintiff's allegations and purported affidavits of the Plaintiff and other detainees/inmates written in the Plaintiff's handwriting. The Williamson County Defendants' Memorandum of Law in support of their Motion for Judgment on the Pleadings (DE 56, Page ID 872-882), while denied as moot, provides a more than sufficient basis for the Court to find that the Plaintiff is unlikely to prove that he was sexually assaulted, much less that the Plaintiff is entitled to the injunctive relief requested in the instant motion, given the record at this time.

The Plaintiff does not provide any evidence that Captain Youker admitted to stealing legal mail or that the Defendants are holding the Plaintiff's mail without due process or a warrant. The

---

[3] ACLU v. McCreary County, 354 F.3d 438, 444 (6th Cir. 2003).
[4] La Riccia v. Cleveland Clinic Found., 2022 U.S. App. LEXIS 142, at *3 (6th Cir. Jan. 4, 2022); Wilson v. Williams, 961 F.3d 829, 836 (6th Cir. 2020).

Plaintiff is likely referring to evidence offered at the April 17th, 2026, hearing that the Plaintiff falsely identified as legal mail in order to circumvent the court-ordered restrictions on the Plaintiff's communications. Further, the Plaintiff's contention that he has not been afforded due process is unmerited as at least two hearings before the Williamson County Criminal Court have taken place before restrictions on the Plaintiff's communications were applied (DE 49-5 and Exhibit A).

In reality, the Plaintiff uses his access to mail – and any other form of communication available to him – to harass others, most often his ex-wife, to the extent that the Williamson County Circuit Criminal Court reasoned it necessary to restrict the Defendant's communications (DEs 49-5, 49-7). In the time since that original order, the Plaintiff has successfully circumvented the restrictions therein and succeeded in harassing third parties via communications from the jail, thereby necessitating a second criminal court order imposing further instructions.[5]

The Williamson County Circuit Criminal Court also found that the Plaintiff utilizes his privileges as a member of the jail's general population to circumvent the State court's order restricting his access to communications.[6] As such, it has been necessary to limit the Plaintiff's access to the general population to curb his ability to mechanize communications from the jail to harass outside third parties, particularly his ex-wife. Indeed, the Plaintiff remains in pretrial detention with a high bail amount for approximately a dozen criminal cases in large part because of his concerning behavior towards his ex-wife, who has received a restraining order against the Plaintiff. While the Plaintiff is alone at times, he is permitted to be around detainees and inmates that jail personnel are confident he cannot manipulate to assist him in violating the State court's orders.

---

[5] Exhibit A.
[6] Id.

5

The Williamson County Defendants intend to provide the Court with persuasive evidence, outside of exhibits to its First Amended Answer (DEs 49-1 – 49-7), and concrete facts sufficient to demonstrate to the Court that the Plaintiff misrepresents his circumstances entirely as a matter of habit and routine. Given that the Plaintiff has filed much longer motions, often mirroring each other, that the Williamson County Defendants intend to respond to, and that the same or similar facts are the subject of all recent filings and alleged in the Plaintiff's recently filed First Amended Complaint, the Williamson County Defendants are provided no shortage of opportunities to do so.

In Response to the Plaintiff's immediate Emergency Motion for Temporary Restraining Order (DE 68), it suffices to say that the factual allegations do not remotely approach meriting the extraordinary injunctive relief that a temporary restraining order constitutes. The Motion makes no reference to an irreparable harm that may occur in the absence of such relief. Rather, the Motion is merely a recitation of allegations. Further, the Williamson County Circuit Criminal Court's Orders (DE 49-5 and Exhibit A) show that the allegations relating to the Plaintiff's mail are false. Those orders and the arguments contained in the Williamson County Defendants' moot Motion for Judgment on the Pleadings demonstrate that the Plaintiff will not succeed on the merits based on available evidence.

Independently, granting the Plaintiff's requested relief puts others at risk of harassment from the Plaintiff. Given the threadbare instant Motion, the fact that the Court has twice restricted the Plaintiff's communication privileges, particularly in the context of the *Younger*[7] doctrine, is alone sufficient to find that the Plaintiff is potentially, if not certainly, a threat to third parties. For further evidence, see the Williamson County Chancery Court proceedings attached to the Williamson County Defendants First Amended Answer (49-7).

---

[7] Younger v. Harris, 401 U.S. 37 (1971).

There is no public interest to be served by modifying an existing State criminal court order to allow the Plaintiff to use his jail communication privileges to harass others. While it is true that the public has an interest in the Plaintiff's constitutional rights being upheld even in pretrial detention, the Plaintiff has simply not made a showing that he is likely to succeed in establishing such constitutional violations, nor has he argued an injury, much less an irreparable one, that would occur absent Court intervention. Further, and more importantly, the public has an interest in the Plaintiff's adherence to a binding state criminal court order issued for the safety of the public. When the Plaintiff's evidentiary basis for a likelihood of success is so weak, particularly in the face of the evidence provided in this Response and in the record, such intervention by the Court cannot be in the public interest.

The Motion for Temporary Restraining Order (DE 68) is also deficient for procedural reasons, as it does not contain a memorandum of law in support of the Motion nor a proposed order filed contemporaneously therewith. To the extent that the Motion contains requests that the Court may attempt to fashion an order from, all requested relief is too vague to do so, and/or would constitute disfavored "follow the law" injunctions.

For the foregoing reasons, the Plaintiff's purported Motion for Temporary Restraining Order should be denied.

/s/ **_Emmerson Y. Marlatt_**
Robert M. Burns, #15383
Emmerson Y. Marlatt, #42797
HOWELL & FISHER, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
rburns@howell-fisher.com
emarlatt@howell-fisher.com
(615) 244-3370
*Attorneys for Williamson Co. Defendants*

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically on this the 15th day of May, 2026. Notice of this filing will be sent by USPS Mail, postage-prepaid to the plaintiff, and/or by operation of the Court's electronic filing system to:

| | |
|---|---|
| Robert C. Gordon<br>#65920<br>Williamson County Sheriff's Office<br>408 Century Court<br>Franklin, TN 37064 | Brian S. Spitler, #32649<br>April D. Romeo, #30966<br>COPELAND, STAIR, VALZ & LOVELL, LLP<br>735 Broad Street, Suite 1100<br>Chattanooga, TN 37402<br>Ph: (423) 777-4693<br>bspitler@csvl.law<br>aromeo@csvl.law<br>*Attorneys for Lisa Carson* |

/s/ *Emmerson Y. Marlatt*
Emmerson Y. Marlatt

8