# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **ROBERT C. GORDON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24:CV-1121** |
| | ) | |
| **WILLIAMSON COUNTY SHERIFF'S** | ) | **Judge Waverly D. Crenshaw, Jr.** |
| **OFFICE, CHAD YOUKER, ASHLEY** | ) | **Magistrate Judge Luke A. Evans** |
| **LINDQUIST, f/n/u APER, CHRIS GRAY,** | ) | |
| **JEFF HUGHES, and LISA CARSON,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

## <u>WILLIAMSON COUNTY DEFENDANTS' RESPONSE TO THE PLAINTIFF'S EMERGENCY MOTIONS FOR TEMPRORARY RESTRAINING ORDERS AND PRELIMINARY INJUNCTIONS</u>

Comes now, pursuant to LR 7.01, Captain Chad Youker, Lieutenant Ashley Lindquist, Sergeant Chris Gray, and Sheriff Jeff Hughes (collectively, the "Williamson County Defendants" or "these Defendants"), by and through counsel, and submit this Response and supporting Memorandum in Opposition to the Plaintiff's Emergency Motion for Temporary Restraining Order and Emergency Motion for Preliminary Injunction (DE 70) and the Plaintiff's "Ex-Parte TRO Emergency Motion for TRO and Preliminary Injunction" (DE 71).

### I.    Procedural Posture

On April 29th, 2026, one Memorandum Order (DE 64) and two Reports and Recommendations (DEs 65, 66) were filed in this matter. The Memorandum Order granted the Plaintiff's Motion for Leave to File a First Amended Complaint (DE 46), denied as moot the Williamson County Defendants' Motion for Judgment on the Pleadings (DE 55), and denied certain of the Plaintiff's discovery motions (DEs 27, 32, & 47).

1

The first Report and Recommendation (DE 65) recommended that Defendant Lisa Carson's Motion to Dismiss (DE 18) be granted and that Carson's Motion to Stay Proceedings (DE 28) and Motion to Strike Gordon's Response to that Motion (DE 42) be denied as moot.

The second Report and Recommendation recommended that the Plaintiff's Emergency Motion for Injunctive Relief (DE 30) be denied and that Defendant Lisa Carson's Motion to Strike Gordon's Reply (DE 42) be denied as moot. Those three orders addressed nearly all the pending matters before the Court in this case at that time.

However, the Plaintiff has since filed a bevy of Motions with the Court since April 29th, 2026 (DE 68, DE 70, DE 71, DE 74, DE 76, DE 78, DE 79, and DE 80). Most material to this Response are DEs 68, 70, 71, and 74, which all request the same or similar equitable remedies from this Court, all of which pertain to the Plaintiff's access to non-legal and legal mail while detained and his removal, at times, from the Williamson County Jail's general population. One of the Plaintiff's Motions for Temporary Restraining Orders and Preliminary Injunctions (DE 74) contains all but precisely the same language contained in two earlier motions (DEs 70, 71), but combined in that document. Specifically, see that DE 74 is approximately the same as DE 71 until Page ID 1104, and then approximately the same as DE 70 until Page ID 1126.

The primary differences between DE 74 and DEs 70, 71 are that DE 70 begins with a separate list of requested Court actions that, while not identical linguistically, are substantively the same as those offered in DE 74 and that each docket entry contains different exhibits. DE 74 contains limited supplementations to DEs 70, 71.

II. **Response to the Plaintiff's Motions for Temporary Restraining Orders and Preliminary Injunctions (DEs 70, 71).**

The Williamson County Defendants have recently responded (DE 84) to a still earlier and more basic filing of the Plaintiff's (DE 68) requesting a temporary restraining order providing

2

relief that is substantively the same as relief requested in question here as it relates to the Plaintiff's access to communications while in pretrial detention.[1] In that response, the Williamson County Defendants explained that the recent slew of Motions from the Plaintiff seeking equitable relief is almost certainly a result of an April 17th, 2026, hearing before the Williamson County Circuit Criminal Court. At that hearing, the court determined that the Plaintiff was using his jail privileges, particularly his access to other inmates' kiosk log-in information and other inmates generally, to circumvent and disobey the court's previous order restricting the Plaintiff's access to communications during pretrial detention (DE 84-1). The parameters governing the Plaintiff's communications access are clearly delineated in the State court's order (Id.). Additionally, the Plaintiff has, at times, been removed from the Williamson County Jail's general population because of his inclination to subvert the State court's orders by collaboration/manipulation of other inmates. The State court declined to direct jail personnel on how to best house the Plaintiff given his behavior, explicitly leaving that decision to jail personnel (Id).

The Williamson County Defendants are subject to a deadline to respond to a Motion (DE 74) on May 21st, 2026, that is practically identical to the two Motions (DEs 70, 71) before them today. Partially for that reason, the Williamson County Defendants, at this time, simply submit their opposition to the instant Motions for Temporary Restraining Orders and Preliminary Injunctions (DEs 70, 71), with the understanding that they will file a more detailed and conclusive refutation of the Plaintiff's case for the requested injunctive relief in response to the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctions (DE 74).[2]

---

[1] The Williamson County Defendants filed a Response (DE 69) to the Plaintiff's Motion to Receive Mail (DE 59) that deals with the same subject matter. They incorporate that filing into this Response.

[2] The Williamson County Defendants also incorporate any applicable arguments from co-defendant Lisa Carson's Responses to the instant filings (DEs 85, 86).

3

Even with that being the case, the Williamson County Defendants still briefly posit to the Court that the essence of the Plaintiff's request is that the Court supersede State criminal court orders that restrict the Plaintiff's access to communications and other inmates (DEs 49-5, 84-1). Those orders are in place for the safety of the public and particular third parties, as the Plaintiff uses his communication privileges and his access to other inmates to harass and bring frivolous claims against others (DEs 49-1 – 49-7).[3]

These Defendants further contend that the Plaintiff's habit of filing multiple repetitive motions is prejudicial to these Defendants and co-defendant Lisa Carson, as it requires their counsel to spend an inordinate amount of time attending to matters that are fundamentally the same as matters that are already dealt with, as opposed to spending valuable time pursuing their clients' legal objectives. This habit does not serve the interests of justice or judicial economy, as it prolongs the disposition of this matter and requires the Court and its staff to bear the administrative and financial burden of receiving the same or similar filings masquerading as various civil procedures, as well as the opportunity cost of dealing with one of the other many important matters before the Court.

In the interest of efficiency and practicality in this matter, the Williamson County Defendants have not sought to formally address the Plaintiff's procedural woes with the Court, nor do they take any such action in this Response. Rather, these Defendants offer the arguments in the immediately preceding paragraph as a rationale and justification for their decision to respond sparingly at this time and with more detail and vigor on May 21st, 2026.

*Signature Block and Certificate of Service on Next Page.*

---

[3] See also the Williamson County Defendant's Memorandum of Law in Support of their Motion for Judgment on the Pleadings (DE 56). Please also note that a showing was evidently made to a State criminal court that the Plaintiff's behavior necessitated such restrictions (DE 84-1).

**/s/ _Emmerson Y. Marlatt_**
Robert M. Burns, #15383
Emmerson Y. Marlatt, #42797
HOWELL & FISHER, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
rburns@howell-fisher.com
emarlatt@howell-fisher.com
(615) 244-3370
_Attorneys for Williamson Co. Defendants_

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically on this the 18th day of May, 2026. Notice of this filing will be sent by USPS Mail, postage-prepaid to the plaintiff, and/or by operation of the Court's electronic filing system to:

| | |
|---|---|
| Robert C. Gordon<br>#65920<br>Williamson County Sheriff's Office<br>408 Century Court<br>Franklin, TN 37064 | Brian S. Spitler, #32649<br>April D. Romeo, #30966<br>COPELAND, STAIR, VALZ & LOVELL, LLP<br>735 Broad Street, Suite 1100<br>Chattanooga, TN 37402<br>Ph: (423) 777-4693<br>bspitler@csvl.law<br>aromeo@csvl.law<br>_Attorneys for Lisa Carson_ |

**/s/ _Emmerson Y. Marlatt_**
Emmerson Y. Marlatt
