# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **ROBERT C. GORDON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24:CV-1121** |
| | ) | |
| **WILLIAMSON COUNTY SHERIFF'S** | ) | **Judge Waverly D. Crenshaw, Jr.** |
| **OFFICE, CHAD YOUKER, ASHLEY** | ) | **Magistrate Judge Luke A. Evans** |
| **LINDQUIST, f/n/u APER, CHRIS GRAY,** | ) | |
| **JEFF HUGHES, and LISA CARSON,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

## AMENDED ANSWER OF DEFENDANTS CHAD YOUKER, ASHLEY LINDQUIST, CHRIS GRAY AND JEFF HUGHES TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes now, pursuant to R. 12, F.R.C.P., and in response to the Plaintiff's Amended Complaint filed against them, Captain Chad Youker, Lieutenant Ashley Lindquist, Sergeant Chris Gray, and Sheriff Jeff Hughes (collectively, the "Williamson County Defendants" or "these Defendants"), by and through undersigned counsel, and hereby submit their Answer to the Plaintiff's Amended Complaint.

To the extent that the introduction to the Amended Complaint, directly beneath the heading titled "First Amended Complaint" (DE 77, Page ID 1201), contains allegations that these Defendants, either collectively or individually, are liable to the Plaintiff for civil damages, those allegations are denied.

The remainder of the Amended Complaint contains unnumbered paragraphs until the portion of the Amended Complaint under the heading titled "Facts" (Id., Page ID 1206). The portion of the Amended Complaint under the heading titled "Facts" is a timeline of the facts alleged by the Plaintiff, with dates and corresponding factual allegations alleged to have occurred on those

1

dates. After the portion of the Amended Complaint titled "Facts", the Amended Complaint reverts to the use of unnumbered paragraphs until its conclusion.

When responding to the portions of the Amended Complaint besides the portion titled "Facts", these Defendants will identify the page ID and the paragraph on that page that these Defendants are responding to. When responding to the portion of the Amended Complaint under the heading titled "Facts", these Defendants will distinguish their responses to the allegations therein using the date that the Plaintiff's allegations are alleged to have occurred on.

These Defendants hereby incorporate the exhibits to their Amended Answer to the Complaint (DE 49), the Williamson County Circuit Criminal Court Order offered as an exhibit to the Williamson County Defendants' Response to the Plaintiff's Motion for Temporary Restraining Order (DE 84-1), and transcripts of Plaintiff's August 20th, 2025, and April 17th, 2026, criminal court hearings, in support of their responses in this Answer.

**<u>ISSUES</u>**

<u>DE 77, Page ID 1202, ¶ 1</u>: Denied.

<u>Id.</u>, ¶ 2: These Defendants deny the allegations contained in the first sentence of this Paragraph of the Amended Complaint. These Defendants deny that the placement of the Plaintiff in protective custody was related to the Plaintiff's false accusations of sexual assault against a deputy working at the Williamson County Jail and the Plaintiff's characterization of his placement in protective custody as "the hole"[1], but admit that the Plaintiff was place in protective custody for approximately three months.[2] These Defendants deny the allegations contained in third sentence

---

[1] Exh. 2, "Commissary, Religious, Misc. Requests"; Exh. 3, "Jail Incident Reports"; Exh. 4, "Inmate Grievance History"; Exh. 5, "Written Complaint to Corporal Johson"; Exh. 6, "Second State Court Order re Plaintiff's Communications"; Exh. 7, "State Court Order Restricting Pltf Mail, Call, etc.".
[2] These Defendants admit that the deputy in question resigned in June of 2024.

of this Paragraph of the Amended Complaint. The allegations contained in fourth sentence of this Paragraph of the Amended Complaint are vague such that these Defendants cannot formulate a response.

Id., ¶ 3: These Defendants deny the allegations contained in the first sentence of this Paragraph of the Amended Complaint, upon information and belief. These Defendants deny the allegations contained in the second sentence of this Paragraph of the Amended Complaint. The allegations contained in third sentence of this Paragraph are too vague such that these Defendants lack sufficient information to admit or deny them. These Defendants lack sufficient information to admit or deny the allegations contained in the fourth sentence of this Paragraph of the Amended Complaint. These Defendants deny the allegations contained in the fifth sentence of this Paragraph of the Amended Complaint. These Defendants admit the allegations contained in the sixth sentence of this Paragraph of the Amended Complaint. These Defendants admit the allegations contained in the seventh sentence of this Paragraph of the Amended Complaint. These Defendants admit the allegations contained in the eighth sentence of this Paragraph of the Amended Complaint. These Defendants lack sufficient information to admit or deny the allegations contained in the ninth sentence of this Paragraph of the Amended Complaint. These Defendants deny the allegations contained in the tenth sentence of this Paragraph of the Amended Complaint.

Id., ¶ 4: These Defendants deny the allegations contained in the first clause of the first sentence of this Paragraph of the Amended Complaint, but admit that a suit was filed as alleged in the second clause of the first sentence of this Paragraph of the Amended Complaint. These Defendants deny the allegations contained in the second sentence of this Paragraph of the Amended Complaint.

DE 77, Page ID 1203, ¶ 1: These Defendants admit, upon information and belief, that Captain Youker testified at a hearing pertaining to the dozen-odd of the Plaintiff's criminal cases on April

17th, 2026, but denies the characterizations of that testimony alleged in this Paragraph of the Amended Complaint.[3]

Id., ¶ 2: Denied.

Id., ¶ 3: Denied.

Id., ¶ 4: These Defendants deny that the Plaintiff was sexually assaulted and placed in "the hole" for reporting abuse, but these Defendants admit that such has also not occurred to other inmates, as alleged in the first sentence of this Paragraph of the Amended Complaint. These Defendants deny the allegations contained in the second sentence of this Paragraph of the Amended Complaint. These Defendants deny the allegations contained in the third and fourth sentences of this Paragraph of the Amended Complaint.

DE 77, Page ID 1204, ¶ 1: Denied.

Id., ¶ 2: These Defendants lack sufficient information to admit or deny the allegations contained in this Paragraph of the Amended Complaint.

Id., ¶ 3: These Defendants deny the allegations contained in the first sentence of this Paragraph of the Amended Complaint. These Defendants admit the allegations contained in the second sentence of this Paragraph of the Amended Complaint, upon information and belief.

Id., ¶ 4: These Defendants deny the first and second sentences in this Paragraph of the Amended Complaint. The third and fourth sentences in this Paragraph of the Amended Complaint are legal issues unlikely to be relevant to the instant matter, to which no response is required.

DE 77, Page ID 1205, ¶ 1: This Paragraph contains legal issues that, to the extent they may be involved in this case, are to be determined by the Court, and to which no response is required.

---

[3] Exh. 9, "Transcript of 4.17.26 hearing"; Exh. 6, "Second State Court Order re Plaintiff's Communications".

Id., ¶ 2: These Defendants deny the allegations contained in the first sentence in this Paragraph of the Amended Complaint that the Plaintiff was charged with a felony for seeking restitution, and cannot respond to the remaining allegations in the first sentence in this Paragraph of the Amended Complaint, as those allegations are ambiguous such that these Defendants lack sufficient information to admit or deny whatever allegations the Plaintiff meant to bring.

Id., ¶ 3: The first sentence of this Paragraph of the Amended Complaint is a rhetorical comment, to which no response is required. These Defendants lack sufficient information to admit or deny the allegation contained in the second sentence of this Paragraph of the Amended Complaint. These Defendants lack sufficient information to admit or deny the allegations in the third sentence of this Paragraph of the Amended Complaint. To the extent that the fourth and fifth sentences in this Paragraph of the Amended Complaint can be construed as an allegation that Captain Youker has failed to preserve evidence, these Defendants deny that allegation.

Id., ¶ 4: Denied.

Id., ¶ 5: These Defendants lack sufficient information to admit or deny how the Plaintiff feels as alleged in this Paragraph of the Amended Complaint.

## FACTS

5/12/24: Denied.

5/14/24: Admitted, but these Defendants clarify that the deputy in question was disciplined for failing to start his body camera at the optimal time, not because the Plaintiff's claims were meritorious.

5/15/24: This Paragraph contains a legal issue to be determined by the Court, to which no response is required.

5/21/24: These Defendants lack sufficient information to determine whether this exact comment was made, but admit that the Plaintiff was told that the comment allegedly made by the deputy was not a violation of the Prison Rape Elimination Act.

5/23/24: Denied.[4]

5/30/24: These Defendants lack sufficient information to admit or deny the allegations contained in this Paragraph of the Amended Complaint.

6/5/24: Denied.[5]

6/15/24: Denied.

8/20/24: These Defendants admit the allegations contained in this Paragraph of the Amended Complaint that the Plaintiff was returned to general population and that the deputy in question was no longer working at the facility, but lack sufficient information to admit or deny whether the Plaintiff was housed with sex offenders.

9/17/24: Admitted.

1/10/25: This Paragraph is vague and unclear such that these Defendants cannot formulate a response.

1/18/25: Denied.

8/19/25: Admitted.

8/20/25: These Defendants admit that Captain Youker testified at the Plaintiff's criminal court hearing, although it denies that that hearing was a "404(b) hearing", but lack sufficient information

---

[4] See Exh. 5, "Pltf Written Complaint to Corporal Johnson" and Exh. 4, "Pltf Inmate Grievance History", for various the Plaintiff's many communicated concerns for his personal safety that are the true reason for his placement in protective custody.
[5] Exh. 1, "Chancery Court Docs".

to admit or deny when Captain Youker was added to the witness list. These Defendants deny the remaining allegations contained in this Paragraph of the Amended Complaint.[6]

1/14/26: These Defendants admit that the Plaintiff filed the referenced lawsuit, but deny the Plaintiff's latent allegation that Captain Youker or any of these Defendants banned the bible.

3/25/26: Denied.

4/17/26: Denied.[7]

4/20/26: Denied, particularly as the Plaintiff insinuates that the Plaintiff's inmate privileges are restricted in relation to his filing of a temporary restraining order.

4/23/26: Denied.

## **ARGUMENT**

DE 77, Page ID 1209, ¶ 1: This Paragraph of the Amended Complaint contains unnecessary argument and legal issues to be determined by the Court, to which no response is required. To the extent that this Paragraph of the Amended Complaint can be construed to contain factual allegations, those allegations are denied.

Id., ¶ 2: This Paragraph of the Amended Complaint contains unnecessary argument and legal issues to be determined by the Court, to which no response is required. To the extent that this Paragraph of the Amended Complaint can be construed to contain factual allegations, those allegations are denied.

Id., ¶ 3: This Paragraph of the Amended Complaint contains unnecessary argument and legal issues to be determined by the Court, to which no response is required. To the extent that this Paragraph

---

[6] Exh. 10, "Transcript of 8.20.25 hearing"; Exh. 7, "State Order Restricting Pltf Mail, Call, Etc."
[7] Exh. 9, "Transcript of 4.17.26 hearing"; Exh. 6, "Second State Court Order re Plaintiff's Communications".

7

of the Amended Complaint can be construed to contain factual allegations, those allegations are denied.

DE 77, Page ID 1209-10: This Paragraph of the Amended Complaint contains unnecessary argument and legal issues to be determined by the Court, to which no response is required. To the extent that this Paragraph of the Amended Complaint can be construed to contain factual allegations, those allegations are denied.

DE 77, Page ID 1210, ¶ 2: This Paragraph of the Amended Complaint contains unnecessary argument and legal issues to be determined by the Court, to which no response is required. To the extent that this Paragraph of the Amended Complaint can be construed to contain factual allegations, those allegations are denied.

Id., ¶ 3: This Paragraph of the Amended Complaint contains unnecessary argument and legal issues to be determined by the Court, to which no response is required. To the extent that this Paragraph of the Amended Complaint can be construed to contain factual allegations, those allegations are denied.

Id., ¶ 4: This Paragraph of the Amended Complaint contains unnecessary argument and legal issues to be determined by the Court, to which no response is required. To the extent that this Paragraph of the Amended Complaint can be construed to contain factual allegations, those allegations are denied.

DE 77, Page ID 1211 ¶ 1: This Paragraph of the Amended Complaint contains unnecessary argument and legal issues to be determined by the Court, to which no response is required. To the extent that this Paragraph of the Amended Complaint can be construed to contain factual allegations, those allegations are denied.

Id., ¶ 2: This Paragraph of the Amended Complaint contains unnecessary argument and legal issues to be determined by the Court, to which no response is required. To the extent that this Paragraph of the Amended Complaint can be construed to contain factual allegations, those allegations are denied. However, these Defendants lack sufficient information to admit or deny that one, some, or all of the Plaintiff's various criminal cases are set for trial in April of 2027.

## DAMAGES

DE 77, Page ID 1211, ¶ 1: Denied.

## CONCLUSION

DE 77, Page ID 1212, ¶ 1: This Paragraph of the Amended Complaint contains unnecessary argument and legal issues to be determined by the Court, to which no response is required. To the extent that this Paragraph of the Amended Complaint can be construed to contain factual allegations, those allegations are denied.

Id., ¶ 2: This Paragraph of the Amended Complaint contains unnecessary argument and legal issues to be determined by the Court, to which no response is required. To the extent that this Paragraph of the Amended Complaint can be construed to contain factual allegations, those allegations are denied.

Any allegations not addressed in the preceding Paragraphs to this Answer are hereby denied.

## PRAYER FOR RELIEF

DE 77, Page ID 1213, ¶s 1-6: Denied, to the extent that the Plaintiff requests to seek any form of compensation, damages, or any other relief from this Defendant for any of the allegations contained in the Amended Complaint.

## AFFIRMATIVE DEFENSES

9

1.  To the extent that the Plaintiff's Amended Complaint in this action fails to state a cause of action or fails to adequately allege any claim for relief, even considering the *pro se* status of the Plaintiff, against these Defendants, this Court should dismiss the Amended Complaint in its entirety or the Plaintiff's specific insufficient allegations. To be sure, there are no specific material allegations contained in the Amended Complaint which allege any act or omission by Sheriff Hughes, and the Plaintiff appears to have sued the Sheriff, only because Jeff Hughes is, in fact, the Sheriff. Lieutenant Lindquist and Sergeant Gray are similarly scarcely mentioned in the Amended Complaint.

2.  This Court should strike from the Plaintiff's Amended Complaint all content that is irrelevant to the two claims at issue: (1) sexual harassment as cruel and unusual punishment pursuant to the Fourteenth Amendment's Due Process Clause against these Defendants; and (2) First Amendment Retaliation against Captain Youker (DE 10). To the extent that the Plaintiff attempts to bring entirely new claims (DE 77, Page ID 1201), those claims should be stricken because the Court instructed the Plaintiff that his Amended Complaint must comply with the Court's Screening Order, which specifically enumerated the claims properly alleged by the Plaintiff.

3.  In the alternative, to the extent that the Court would allow the Plaintiff to bring claims in addition to the claims the Court identified in its Screening Order (DE 10), these Defendants request that any new allegations present in the Amended Complaint be screened by the Court.[8]

---

[8] 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2).

4. To the extent that State criminal court orders have been or will be implicated in the instant matter, these Defendants request that the Court abstain from modifying or superseding those orders pursuant to the *Younger*[9] doctrine.

5. The Amended Complaint contains no jurisdictional basis and does not state the capacities in which the Plaintiff brings this suit against these Defendants, and it should be dismissed pursuant to these and other procedural deficiencies.

6. To the extent that the Plaintiff has failed to exhaust any administrative remedy or other administrative or procedural requirement necessary and/or a prerequisite to the filing of this action, the Court should dismiss this action. And, pending further investigation and to avoid waiver of any available defenses, these Defendants rely upon and assert all available defenses pursuant to 42 U.S.C. Sec. 1997.

7. No action or inaction of these Defendants deprived Plaintiff of any interest protected by the Federal Constitution or any other applicable federal or state statutes or laws. Specifically, the Plaintiff was not subject to pretrial detention amount to punishment by sexual harassment, nor was he retaliated against for protected speech.[10]

8. In the alternative, if the Court finds these Defendants violated any right of the Plaintiff, the right was not clearly established under the circumstances at issue in this case.

9. These Defendants affirmatively plead and rely upon the defense of qualified immunity, such that it should be clear that any reasonable public official considering the totality

---

[9] Younger v. Harris, 401 U.S. 37 (1971).
[10] Exh. 1, "Chancery Court Docs"; Exh. 2, "Commissary, Religious, Misc. Requests"; Exh. 3, "Jail Incident Reports"; Exh. 4, "Inmate Grievance History"; Exh. 6, "Second State Court Order re Plaintiff's Communications"; Exh. 7, "State Order Restricting Pltf Mail, Calls, Etc."; Exh. 8, "State Order to Allow Communications".

of the circumstances upon which this action is based would have acted as the Defendants did under the circumstances.

10.     These Defendants are not liable to Plaintiff for attorney's fees, costs, or any other form of damage or relief requested in this action.

11.     These Defendants demand a jury to try this action.

12.     These Defendants reserve the right to amend this pleading and plead further, including adding affirmative defenses, depending upon the facts as they are generated through the discovery process which may become available to him.

13.     These Defendants aver that they should be awarded attorney's fees and costs pursuant to 42 U.S.C. § 1988.

14.     These Defendants deny that Plaintiff is entitled to any recovery of punitive damages against them under either federal or state law. In addition, before any such recovery can be had, the Defendants move the Court to bifurcate the proceeding, to the extent applicable, on the issue of punitive damages, pursuant to the holding of the Tennessee Supreme Court in *Hodges v. Toof*, 833 S.W.2d 896 (Tenn. 1992) and its progeny.

WHEREFORE, now having fully answered the Amended Complaint, these Defendants pray that Plaintiff takes nothing by way of the filing of this action, that this Court dismiss Plaintiff's claims with prejudice and that this Court assess all costs and discretionary costs against the Plaintiff and, to the extent permissible by law, this Court tax this Defendant's attorney's fees and costs against the Plaintiff pursuant to 42 U.S.C. §1988.

*(Signature Block and Certificate of Service on Next Page).*

**s/ *Emmerson Y. Marlatt***

Robert M. Burns, #15383
Emmerson Y. Marlatt, #42797
HOWELL & FISHER, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
rburns@howell-fisher.com
(615) 244-3370
*Attorney for Williamson Co. Defendants*

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically on this the 17th day of June, 2026. Notice of this filing will be sent by USPS Mail, postage-prepaid to Plaintiff, and/or by operation of the Court's electronic filing system to:

Robert C. Gordon
#65920
Williamson County Sheriff's Office
408 Century Court
Franklin, TN 37064

**/s/ *Emmerson Y. Marlatt***

Emmerson Y. Marlatt
