RECEIVED

JUN 2 4 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

US DISTRICT COURT FOR MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

ROBERT C GORDON

V                                    CASE # 3:24-CV-01121

WCSO, ET AL

## F.R.C.P 72 OBJECTION

COMES NOW, ROBERT C GORDON, PURSUANT TO FRCP 72 HERE OBJECTS TO THE CORRECTED REPORT & RECOMMENDATION DOC. 102

## 1 - SEXUAL ABUSE & RETALIATION

PLAINTIFF OBJECTS, AS OF 6/14/26 IT IS UNDISPUTED GORDON IS A VICTIM OF SEXUAL ABUSE OR HARASSMENT PENDING YOUR POSITION.

ON THE DAY OF THE SEXUAL ABUSE CORPORAL JOHNSON CLEARLY SAW & HEARD THE VIDEO THEN REMOVED DEPUTY APER, BASED ON (RAFFERTY V TRUMBULL CNTY 915 F.3d 1087 6TH CIR 2019) APERS ACTIONS ARE SEXUAL ABUSE, NOT SEXUAL HARASSMENT

PLAINTIFF IS MAKING A 14TH AMENDMENT CLAIM OF SEXUAL ABUSE, BODILY INTEGRITY, THE "KINGSLEY" FACTORS ARE IN FAVOR OF PLAINTIFF & VIOLATES STANDARDS OF EVOLVING DECENCY (KENT V JOHNSON 821 F2d 1220, 1227 6TH CIR 1987)

THE U.S SUPREME COURT RULED THAT "SUBSTANTIAL RISK" OF SEXUAL ABUSE VIOLATES CONSTITUTIONAL RIGHTS OF INMATES. (FARMER v BRENNAN 511 US 825 1994)

PLACING GORDON ON APER'S FLOOR AFTER THE SEXUAL ABUSE IS A "SUBSTANTIAL RISK" OF SEXUAL ABUSE WITH MALICIOUS INTENT. THIS IS RETALIATION.

KEEPING GORDON IS ISOLATION FOR 100 DAYS AFTER APER WAS TERMINATED IS NOT NEEDED, NOR LOGICAL, NOR DID IT SERVE ANY PENOLOGICAL INTEREST. APER WAS NO LONGER EMPLOYEED, THUS, NO NEED FOR "ISOLATION"

THE DOCTRINE OF ESTOPPEL PREVENTS YOUKER FROM CHANGING HIS POSITION "IT IS NOT SEXUAL ABUSE IF IT ONLY HAPPENS ONCE..."

INVOLUNTARY SEGREGATION AFTER SEXUAL ABUSE VIOLATES 28 CFR 115.43.

TELLING A SLAVE THEY ARE ON A "CRUISE SHIP" DOES NOT MAKE TURN SLAVE TRADE INTO A VACTION ANY MORE THAN SAYING "PROTECTIVE CUSTODY" WITH THE ABUSER IN ISOLATION IS NOT RETALIATION. GORDON WAS PLACED IN ISOLATION WITH THE PERSON WHO JUST FORCED A SEX ACT. THIS IS RETALIATION, NOT SOMETHING ELSE.

THERE WAS NO LEGITIMATE GOVERNMMATE INTEREST IN PLACING GORDON IN ISOLATION WITH A PER. NOR DOES CALLING "THE HOLE" AS PROTECTIVE CUSTODY MAKE IT "PROTECTIVE CUSTODY."

YOUKERS MOTIVATION WAS TO PUNISH. PLACING A VICTIM IN ISOLATION WITH THE ABUSER "DETER A PERSON OF ORDINARY FIRMNESS FROM CONTINUING TO ENGAGE IN PROTECTED SPEECH"

LET US NOT FORGET THE VIDEO WAS DELETED AFTER CORPORAL JOHNSON VIEWED THE VIDEO & DETERMINED A PER DID SEXUALLY ABUSE GORDON. INMATES ARE REGARDED AS UNABLE TO CONSENT TO SEXUAL ACTS (WOOD V BEALLAIR 672 F.3d 1041 7th Cir 2012)

THE DEFENDANTS ARE PERJURING ALL STATEMENTS & CANNOT PROVIDE ANY PROOF THAT GORDON EVER DECLINED TO BE RETURNED TO GENERAL POPULATION, AS THIS NEVER HAPPENED. NOR, HAS GORDON EVER SEEN DOC NO 90.

ANY REASONABLE PERSON WOULD BE IN FEAR WHILE ISOLATED WITH AN ARMED SEXUAL ABUSER & PREDATOR. THE ADVERSE ACTION WAS MOTIVATED IN PART BY PROTECTED CONDUCT (HILL V LAPPEN 630 F3d 468 6th Cir 2010)

FINALLY, GORDON IS A VICTIM. PURSUANT TO THE STATUTORY RIGHTS OF "VICTIM BILL OF RIGHTS" & CONSTITUTIONAL RIGHTS IN TENN CONST ART I, SEC 35 GORDON HAS THE RIGHT TO RESTITUTION & AND BE FREE FROM HARASSMENT, RETALIATION, AND INTIMIDATION THROUGHOUT THE CRIMINAL JUSTICE SYSTEM

FILING SUBPOENAS, FOIA REQUEST, AND LAW SUITS SEEKING RESTITUTION IS NOT UNLAWFUL THUS CANNOT BE HARASSMENT OR ABUSE NO MATTER HOW MANY TIMES THE DEFENDANTS SAY A BUZZ WORD. IN FACT, PURSUANT TO CRIMINAL INJURIES COMPENSATION ACT & TENN LAWS — IT IS THE INTENT OF THE GENERAL ASSEMBLY TO ALLOW VICTIMS TO SEEK RESTITUTION & REQUIRE BY LAW to PROVIDE PUBLIC RECORDS, POLICE REPORTS, ETC TCA 29-13-103

NOT TO MENTION THE "STATE COURT ORDER" WAS FILED ON 8/20/25, GORDON FILED HIS INITIAL LAW SUIT AS A VICTIM IN 2024 OVER A YEAR BEFORE. IT CANNOT BE LAWFUL & ALSO "HARASSMENT" & NO STATE COURT ORDER OVERIDES THE GENERAL ASSEMBLY'S STATUTORY REQUIREMENTS FOR A VICTIM TO SEEK A CONSTITUTIONAL RIGHT TO RESTITUTION.

GORDON WOULD NOT BE IN ISOLATION IF HE DID NOT REPORT SEXUAL ABUSE (MADEN V THELEN 887 F3d 252 6TH CIR 2018)

## 2 - PROCEDURAL DUE PROCESS

CHAD YOUKER PLACED GORDON IN ISOLATION WITHOUT PROCEDURAL DUE PROCESS WITH INTENT TO PUNISH. "PRETRIAL DETAINEES CANNOT BE PUNISHED AT ALL" AND " WHETHER THOSE CONDITIONS AMOUNT TO PUNISHMENT" (GRIFFITH v FRANKLIN CNTY, KY 975 F3d 554 6TH CIR 2020) (BELL v WOLFISH 441 US 520 1979).

THERE IS NO RATIONAL CONNECTION FOR GORDON TO BE IN ISOLATION ; THUS AN "ALTERNATIVE PURPOSE" TO PUNISH EXIST.

HERE THERE WAS NO PROCEDURE MUCH LESS A "RIGOROUS PROCEDURE." FURTHERMORE, IT IS NOT MISCONDUCT TO FILE A LAW SUIT FOR SEXUAL ABUSE OR A "BIBLE BAN"

YOUKER HAS OVER 100 ACTIVE LAW SUITS AGAINST HIM ; NO OTHER INMATE WAS PLACED IN ISOLATION , , ,

PROCEDURAL DUE PROCESS HAS BEEN DEPRIVED. NO OPTIONS ARE OR WERE PROVIDED TO LEAVE ISOLATION WHILE AT "SUBSTANTIAL RISK" OF SEXUAL ABUSE.

## 3 - SUBSTANTIVE DUE PROCESS

FIRST, GORDON WAS PLACED IN THE HOLE WITH NO PRIVILEGES, NOT PROTECTIVE CUSTODY. JUST BECAUSE A SLAVE OWNER CALLS IT A "CRUISE SHIP" DOES NOT MEAN IT IS NOT A "SLAVE SHIP."

AGAIN, FORCING A PERSON TO MASTURBATE THEN LOCKING LOCKING THAT PERSON IN ISOLATION WITH THE SEXUAL PREDATOR" IS NOT RATIONALLY RELATED TO A LEGITIMATE GOVERNMENT OBJECTIVE"; KEEP GORDON IN ISOLATION AFTER APER WAS FIRED IS "EXCESSIVE IN RELATION TO THAT PURPOSE" (J.H. v WILLIAMSON CNTY 951 F 3d 709 6TH CIR 2020)

HERE, THIS WAS NOT A DIRTY JOKE, OR OFF COLORED COMMENT — THIS WAS A FORCED SEXUAL ACT AGAINST GORDON'S WILL. (KENT 821 F. 2d AT 1228) EVEN IN ABSENCE OF PHYSICAL TOUCH BY OFFICERS, THE FACT THAT APER EFFECTUATED THIS SEXUAL ABUSE BY ORDERING GORDON TO MASTURBATE, RATHER THAN TOUCHING GORDON HIMSELF, DOES NOT CHANGE THE FACT THAT APER REQUIRED GORDON TO ENGAGE IN SEXUAL ACTS AGAINST HIS WILL (RAFFERTY v TRUMBELL CNTY 6TH CIR 2019)

HERE, THE ONLY DIFFERNCE IS GORDON IS A MALE ...

IN THE FOLLOWING CASES ALL WERE UPHELD FOR DUE PROCESS OR 8TH AMENDMENT CLAIMS FOR FORCED SEXUAL ACTS

A - KENT 821 F2d AT 1228 6TH CIR 1987

B - WASHINGTON v HIVELY 695 F3d 641 7TH CIR 2012

C - CALHOUN v DETELLA 319 F3d 936 7TH CIR 2003

D - DASKALEA v DC 227 F3d 433 439 DC CIR 2000
        "FORCED STRIPTEASE"

E - LEE v DOWNS 641 F2d 1117, 4TH CIR 1981
        "FORCED REMOVAL OF UNDERWEAR"

F - SCHWENK v HARTFORD 204 F3d 1187 9TH CIR 2000

G - SCHNUDER 105 F3d AT 860 2ND CIR 1997

H - US v LANIER 73 F3d 1380 6TH CIR 1996

FORCING A PERSON TO MASTURBATE IN 2026 VIOLATES COMMUNITY STANDARDS OF DECENCY & OFFENDS GENERALLY ACCEPTED STANDARDS OF EVOLVING DECENCY (KENT v JOHNSON 821 F2d 1220, 6TH CIR 1987), (HALE v BOYLE CNTY 6TH CIR 2021)

GORDON IS LIKELY TO SUCCEED HERE. THE "KINGSLEY" FACTORS ARE IN FAVOR (KINGSLEY v HENDRICKSON 576 US 389 135 S. CT 2466 2015) APERS ACTIONS WORE OBJECTIVELY UNREASONABLE.

ANY NON-CONSENUAL SEXUAL ENCOUNTER VIOLATES DUE PROCESS (HALE v BOYLE CNTY 18 F4TH 845 6TH CIR 2021) EVEN ABSENT OF PHYSICAL TOUCH

## 4 - EQUAL PROTECTION

HERE, GORDON IS A CHRISTIAN SEXUAL ABUSE VICTIM AS CLEARLY STATED. THUS, A PROTECTED CLASS; HAS NO RATIONAL BASIS; OTHER THAT ARE SIMILARLY SITUATED ARE TREATED DIFFERENTLY. FURTHERMORE, GORDON IS A NATIVE AMERICAN. NO OTHER RACES ARE LOCKED IN ISOLATION... (GORDON v YOUKER 3:26-CV-00046 MD TENN 2026)

AGAIN, LOCKING GORDON IN THE HOLE AFTER SEXUAL ABUSE WITH THE SEXUAL PREDATOR IS "NOT RATIONALLY RELATED TO A LEGITIMATE GOVERNMENT OBJECTIVE"

LET US REMEMBER THE DEFENDANTS DELETED ALL VIDEO FOOTAGE.

HERE, THE "OTHER" INMATE WAS PLACED IN THE HOLE FOR SUSPECTED DRUG CHARGES, NOT REPORTING SEXUAL ABUSE.

FURTHERMORE, PER AFFIDAVITS ALL INMATES WERE SEXUALLY ABUSED IN THE "HOLE" OR ISOLATION, NOT GENERAL POPULATION — THUS, BY DEFINITION GORDON WAS IN FACT TREATED DIFFERENT. ALSO, THIS IS THE REASON WHY GORDON NEVER WANTED TO BE PLACED IN ISOLATION AS ITS WELL KNOWN TO BE A "SUBSTANTIAL RISK" TO SEXUAL ABUSE. THIS WAS AN INTENT TO PUNISH.

GORDON NEED NOT BE A MEMBER OF A PROTECTED CLASS TO INVOKE THE CLAUSE'S PROTECTION (OLECH V VILLAGE OF WILLOWBROOK 120 S. CT 1073 2000)

HERE, THERE IS NO INMATE IN ISOLATION OR SIMILARLY SITUATED, THERE IS NO RATIONAL BASIS NOR HAS DEFENDANTS GIVEN A RATIONAL BASIS.
THIS IS THE EPITOME OF AN EQUAL PROTECTION CLAIM ON MULTIPLE FRONTS.

GORDON IS SAFE IN GENERAL POPULATION NOT ISOLATION. JUST AS PEOPLE DO NOT HAVE SEX IN PUBLIC; SEXUAL ABUSE IS MORE LIKELY IN ISOLATION THAN A PUBLIC GENERAL POPULATION IN AN ENIVORMENT SUCH AS THIS.

THUS, IT GOES AGAINST LOGIC TO PLACE A SEXUAL ABUSE VICTIM IN ISOLATION. YOUKER IS NOT TAKING PROTECTIVE ACTION; HE IS MERELY MAKING SEXUAL ABUSE MORE LIKELY.

5 -- <u>INTERFERENCE WITH COMMUNICATIONS</u>

FIRST, GORDON'S LEGAL MAIL WAS STOLEN <u>PRIOR</u> TO THE 8/20/25 ORDER. THE D.A. HELD THE LEGAL MAIL UNTIL 4/17/26 COURT HEARING. SEE TIME STAMP ON REPORT...

YOUKER & LINDQUIST STOLE 4 FORENSIC REPORTS IN JULY 2025 GORDON MAILED TO HIS (1) LAWYER AND (2) PRIVATE INVESTIGATORS. & CLEARLY MARKED LEGAL MAIL.

THIS IS <u>NOT</u> YOUKER UPHOLDING A COURT ORDER AS <u>NONE</u> EXISTED. FURTHERMORE, THE SUBSEQUENT COURT ORDER DOES NOT ALLOW FOR YOUKER OR ANYONE TO OPEN LEGAL MAIL, READ IT, AND GIVE IT TO THE D.A.

THIS WAS A ARBITRARY & CAPRICIOUS DECISION. WHEN YOUKER STOLE THIS MAIL HE WAS SUBJECT TO THE FIRST AMENDMENT. NOR, DID YOUKER NOTIFY THE SENDER OR RECIPIENT THE MAIL WAS TAKEN.

THERE IS NO PENOLOGICAL INTEREST, GORDON <u>NEVER</u> SAID HIS FAMILY CORRESPONDENCE CONSTITUTES "PRIVILEGED COMMUNICATION" BUT GORDONS LEGAL CORRESPONDANCE WITH FAMILY DURING ACTIVE LITIGATION WHERE HIS FAMILY IS A PARTY IS IN FACT PRIVILEGED COMMUNICATION

EXAMPLE - CASE # 21-A-46 DAVIDSON COUNTY INVOLVES THE INDIAN CHILD WELFARE ACT. AS A MATTER OF FEDERAL LAW THE INDIAN FAMILY IS PART OF "ACTIVE EFFORTS" AND ALL INDIAN FAMILY IS PART OF THE CASE IN TRIBAL COURT - 25 USC 1903 DEFINITIONS OF "EXTENDED FAMILY MEMBERS" SHALL BE AS DEFINED BY THE LAW OR CUSTOM OF THE INDIAN CHILDS TRIBE (CHOCTAW), IN ABSENCE OF SUCH LAW, OR CUSTOM, SHALL BE A PERSON WHO HAS REACHED THE AGE 18 ¿ IS THE INDIAN CHILDS GRANDPARENT, AUNT UNCLE, BROTHER OR SISTER, BROTHER IN LAW, SISTER IN LAW, NIECE OR NEPHEW, FIRST OR SECOND COUSIN, ETC

SECOND - CASE 24D-491 (CHITWOOD V GORDON) IN DAVIDSON COUNTY WHERE I.C.W.A. IS ACTIVE FOR FAMILY TO SEE GORDON'S SON - COURT ON 6/18/26

PRIOR TO SLANDERING GORDON'S NAME THIS COURT MIGHT TAKE IN A FULL PICTURE OF THE 38 ACTIVE CIVIL CASES IN MULTIPLE STATE, DISTRICT, AND TRIBAL COURTS THAT ARE CURRENTLY ACTIVE.

THUS, AS A MATTER OF LAW GORDON IS ATTEMPTING TO COMMUNICATE WITH FAMILY AS PRIVILEGED MAIL AS ONE HIS FAMILY IS A PARTY ¿ TWO THEY ARE ACTUAL LAWYER REPRESENTING GORDON — THIS IS NOT MANIPULATION —

ON 4/24/26 — THE COURT NEVER SAID MY ATTORNEY SISTER, MINON FRYE, AND AUNT TO MY INDIAN CHILD COULD NOT BE A "LEGAL MAIL" LIST. AT NO POINT IN THE TRANSCRIPTS ARE THOSE WORDS UTTERED — NOR DOES THE TRANSCRIPT EVER SAY MY SISTERS NAME PERIOD. AS OF 4/15/26 THERE IS STILL NO ORDER. NO PERSON IN THE COURT KNEW MY SISTERS NAME.

FOR THE LAST 200 YEARS INDIANS HAVE BEEN TREATED WITH UTTER DISRESPECT & THIS COURTS UTTER BIGOTRY IGNORANCE OR BOTH IS NOT APPRECIATED NOR WILL IT BE TOLLERATED AS THE CHOCTAWS NATION & ITS COURTS ARE A SEPERATE & SOVERIEGN NATION AND THE WHITE MAN HAS NO SAY IN TRIBAL COURTS.

FURTHERMORE, DUE TO THE JAIL'S POLICY GORDON WAS NOT NOTIFIED OF COURT OR ALLOWED TO ATTEND COURT IN CASE # 21-A-46 DAVIDSON COUNTY. A DEFAULT ORDER WAS ENTERED AGAINST GORDON FOR FAILURE TO PARTICIPATE OR REPLY & GORDON'S PARENTAL RIGHTS WERE TERMINATED. IN FEDERAL ICWA CASES INDIAN PARENTS HAVE A RIGHT TO COUNSEL BUT GORDON DID NOT HAVE COUNSEL OR AN ABILITY TO OBTAIN COUNSEL DUE TO THE RESTRICTIONS. 25 USC 1912 (B)

GORDON RIGHTS HAVE BEEN VIOLATED CLEARLY. GORDON EVENTUALLY HAD TO REPRESENT HIMSELF IN TRIAL - MULTIPLE DIFFERENT TRIALS — THOUGH FEDERAL LAW ALLOWS FOR COUNSEL.

JUST BECAUSE GORDON HAS ATTENDED SOME STATE COURT HEARINGS DOESN'T MEAN HIS ACCESS TO COURTS, LAWYERS, HAS NOT BEEN INTERFERED WITH IN OTHER CIVIL CASES WITH "LIBERTY" INTEREST AT STAKE.

THIS RECORD ALONE PAINTS ABOUT 10 % BE THE TOTAL PICTURE. GORDON CONTINUALLY HAS MAIL HELD & NOT SENT OR NOT DELIVERED.

JUST BECAUSE WILLIAMSON COUNTY DOES NOT RECOGNIZE INDIAN TRIBES OR TRIBAL COURTS DOES NOT MEAN THESE COURTS ARE FAKE OR ANYONE IS MANIPULATING ANYTHING. CONGRESS FOUND IT IMPORTANT ENOUGH TO ENACT I. C. W. A. FOR A REASON WHICH THIS COURTS BIGOTRY STATEMENTS JUSTIFY JUST WHY CONGRESS PASSED THE LAW.

AGAIN, IT IS NOT HARASSMENT TO SEEK RESTITUTION PURSUANT TO TN LAW & CONSTITUTION. PER (KNOP v JOHNSON 977 F3d 6TH CIR 1992) GORDON CANNOT BE REQUIRED TO PROVIDE A LIST OF LAWYERS TO COMMUNICATE WITH.

6 — <u>APPOINTMENT OF COUNSEL</u>

DESPSITE WHAT THIS COURT SAYS, IN CIVIL ACTIONS, FOR INDIANS THERE IS A RIGHT TO APPOINTMENT OF COUNSEL 25 USC 1912 (B) IT MIGHT NOT BE A CONSTITUTIONAL RIGHT BUT IT IS A FEDERAL RIGHT.

7 — <u>DISCOVERY</u>

GORDON HAS REQUESTED FOR 18 WEEKS DISCOVERY TO PROVIDE BASIC CONTRACT INFORMATION OF THE DEFENDANTS

8 — <u>GORDONS CAUTION TO THE COURT</u>

I MIGHT BE A HORRIBLE PRO-SE LAWYER & UNKNOWING OF FEDERAL LAWS (w/o A LAW LIBRARY) BUT I'm NOT LIAR. I DO NOT APPRECIATED ANY INFERENCES OF MANIPULATION OR MISREPRESENTATION WHEN THIS COURT HAS LITTLE IDEA OF THE FULL SLOPE OF LITIGATION & THE DAMAGES THE DEFENDANTS HAVE CAUSED. I ASSUMED A FEDERAL COURT HAD VISIBILITY INTO ALL CASES, BUT APPARENTLY NOT.

AND AFTER 4/17/26 THE COURT GAVE GORDON THE ABILITY TO SEND MAIL BECAUSE "IT IS UNCONSTITUTIONAL TO RESTRICT" PER THE TRANSCRIPTS. PRIOR TO 4/17/26 — THE

Case 3:24-cv-01121    Document 106    Filed 06/24/26    Page 14 of 19 PageID #: 2107

8/20/25 ORDER WAS IN EFFECT WHICH RESTRICTED ALL COMMUNICATIONS PERIOD. SO YES THE ORDER WAS ALTERED TO GIVE MORE ABILITY TO COMMUNICATE, NOT LESS.

THESE ARE NOT MISREPRESENTATIONS NOR FRIVOLOUS — I AM SIMPLY FIGHTING MULTIPLE CASES SIMULTANEOUSLY & EVERYONE IGNORES INDIAN LAWS THOUGH PASSED BY CONGRESS IN 1978.

THE REPETICIOUS MOTIONS WERE DUE TO GORDON THINKING A TRO REQUIRED EACH LOCAL RULE TO BE FILED SEPERATLY THAN THOSE OF FEDERAL RULES & I WAS JUST TRYING & ATTEMPTING TO COMPLY WITH ALL PROCEDURAL REQUIREMENTS WITHOUT ANY ACCESS TO A LAW LIBRARY AT THAT TIME.

FINALLY, GORDON HAS NEVER SEEN A 4/17/26 ORDER & NEITHER HAS HIS ATTORNEY FROM STATE COURTS. THE D.A. ON GORDON'S CASE VIOLATED RPC 1.7 CONCURRENT CONFLICTS BY ADVOCATING & PROSECUTING GORDON & HIS WIFE SIMULTANEOUSLY AND THE ENTIRE D.A'S OFFICE IS SOON TO BE DISQUALIFIED. THE STATUTE OF LIMITATIONS HAS ALREADY PASSED FOR GORDON TO BE RE-INDICTED ON ANY CHARGES EVEN WITH A SPECIAL PROSECUTOR, MEANWHILE "FRUIT OF POISONOUS TREE" EXCLUDES ANY POTENTIAL EVIDENCE AFTER ALL INDICTMENTS ARE DISMISSED.

I APOLOGIZE TO THIS COURT FOR BEING AN IGNORANT PRO-SE ATTORNEY, BUT THE DEFENDANTS HAD RESTRICTED MY ACCESS TO TABLETS THUS NO ACCESS TO LAW LIBRARY. ITS AS IF THEY PLANNED THIS.

IF WCSO HAS AN OBLIGATION TO OBEY COURT ORDERS THEY ALSO HAVE THE OBLIGATION TO OBEY FEDERAL LAWS LIKE I.C.W.A. & THE SUPREMACY CLAUSE OF THE US CONSTITUTION. PREEMPTS FEDERAL LAW. 25 CFR 23.1 - 23.144 IS VERY CLEAR THAT EACH CASE IS TO BE TAILORED TO THE INDIVIDUAL. BLOCKING ACCESS TO ATTORNEYS, PARTIES, AND FAMILY VIOLATES I C WA 25 CFR 23.2.

FINALLY, I HAVE NOT HARASSED ANYONE PERIOD. AS A <u>VICTIM</u> I SUED MY WIFE FOR RESTITUTION & OBTAINED THE STATUTORY REQUIRED DOCUMENTS. I HAD A OOP AGAINST MY WIFE FIRST, NOT THE OTHER WAY AROUND. IT IS NOT HARASSMENT TO OBTAIN PUBLIC RECORDS VIA FOIA REQUEST & SUBPOENAS JUST BECAUSE A PARTY IS ATTEMPTING TO CONCEAL HER FRAUD. I AM THE PROTECTED PARTY - THIS IS NOT HARASSMENT THESE ACTIONS ARE STATUALLY & CONSTITUTIONALLY PROTECTED. I DO NOT APPRECIATE THIS COURT SLANDERING & MISREPRESENTING MY NAME & FACTS OF CASES OR BIGOTRY TOWARDS MY INDIAN FAMILY OR CHOCTAW CULTURE JUST BECAUSE THIS COURT IS

UNAWARE OF THE OTHER CASES. BEING A HORRIBLE PRO-SE LAWYER IS VASTLY DIFFERENT THAN PURPOSEFUL MISREPRESENTATIONS OR FRIVOLOUS FILINGS.

IN REALITY THESE MULTIPLE CASES ARE VERY INTERCONNECTED BETWEEN CIVIL, CRIMINAL, TRIBAL, AND FEDERAL COURTS & ONE RULING HAS DRAMATIC EFFECT ON THE OTHERS.

I DO REQUEST AN APOLOGY FROM THIS COURT NOW THAT THIS COURT HAS A BETTER CONTEXT INTO THE MULTIPLE FACETS. MY CREDIBILITY SHOULD NOT BE BROUGHT INTO QUESTION WHEN ALL FACTS ARE UNKNOWN.

RESPECTFULLY,

<u>CERTIFICATE OF SERVICE</u>

I CERTIFY A TRUE & EXACT COPY WAS SENT VIA US MAIL ON 6/16/26 TO ALL PARTIES

EMMERSON MARLATT

3310 W. END #550

NASHVILLE, TN 37203

DEAR CLERK, PLEASE CONFIRM RECEIPT.

This correspondence is from an inmate in a correctional institution. The Williamson County Sheriff's Office has neither censored nor inspected this item. Therefore this department does not assume responsibility for its contents.
Williamson County Sheriff's Office

LEGAL

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2022

20 JUN 2026 PM 7 L

NASHVILLE TN 370

250

Robert C Garron
# 65920
408 Century CT
Franklin, TN 37064

RECEIVED

JUN 2 4 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

US DISTRICT COURT CLERK
719 CHURCH ST # 1300
NASHVILLE, TN 37203

FOREVER / USA

LEGAL