## IN THE FOURTH CIRCUIT COURT FOR DAVIDSON COUNTY
## AT NASHVILLE, TENNESSEE

EMILY A. GORDON,                    )
                                    )
      Petitioner/Mother,          )
                                    )
v.                                  )    No. 20D-162
                                    )
ROBERT COLE GORDON,                 )
                                    )
      Respondent/Father.          )

## ORDER

This matter came to be heard on the 19th day of June, 2020, before the Honorable Philip E. Smith, Judge for the Fourth Circuit Court in Davidson County, Tennessee upon the Rule 59 Motion to Alter or Amend filed by Emily A. Gordon (hereinafter referred to as "Mother") against Robert C. Gordon (hereinafter referred to as "Father"). Based upon the statement of counsel, testimony of the witness, and testimony of the Father, the Court makes the following findings:

1. Father is ~~the~~ *one of* ~~the~~ worst ~~witness~~ *witnesses* from which the Court has ever had the opportunity to hear.

2. Father was given at least three opportunities by the Court to tell the truth, and Father continued to perjure himself. Father was given multiple opportunities to tell the truth to the Court, and refused to do so. Father's testimony is of no use to the Court. The Court questions whether Father is actually able to tell the truth.

3. Father has slandered his previous attorney, Kamie Hefner, as well as this Court by Father making claims that there were ex parte communications. This Court has not ever had any *inappropriate* communications with any attorney or party outside of the pleadings and courtroom, despite Father's assertions to the contrary.

4. The Court finds that the testimony of Breanna Suess, the ex-girlfriend of Father, to be very compelling. Ms. Suess answered all of the questions posed to her in a believable and credible manner.

5. The proof presented to the Court of Father's attempts to intimidate Ms. Suess prior to her testimony before this Court to prevent her presence and testimony to this Court leads the Court to believe that Father has engaged in witness tampering and *possibly* obstruction of justice.

6. The Court further finds Father is guilty of ~~was committed (PES)~~ aggravated perjury based upon Father's testimony and statements to this Court, and that this case should be referred to the District Attorney.

7. The Court finds that Ms. Suess' testimony regarding Father's consumption of alcohol in the presence of the minor child is accurate, truthful, and should be given all of the weight of the Court's discretion.

8. Contrary to Father's testimony, the Court finds that Father has been consuming alcohol around and in the presence of the minor child.

9. The Court has serious concerns about Father's parenting abilities.

10. The Court encourages, but will not order, Father to complete an Alcohol and Drug Assessment with a licensed, professional in Davidson County, Tennessee.

Based on the foregoing, the Court orders the following:

1. The Court finds that it is in the best interest of the minor child to suspend Father's parenting time with the child for a minimum of 90 days.

2. The Court suggests that Dr. Stephen Montgomery at Vanderbilt would be an excellent resource for Father. The Court finds that if Father submits himself to an Alcohol and Drug Assessment by Stephen Montgomery, *or other appropriate professional, (PES)* the Court will consider the recommendations of Dr. Montgomery *or other appropriate professional, (PES)* as well as Father's compliance thereof.

3. The suspension of Father's parenting time shall remain in effect until Father files a motion to reset his parenting time, and Father has completed the recommendations from the Alcohol and Drug Assessment. *(PES)*

4. This Court ~~absolutely~~ will not tolerate under any circumstance Father's refusal to honor the Oath. The Oath is the foundation upon which our system ~~hinges~~ *rests. (PES)*

5. Father shall be permitted to maintain his weekly phone call with the child on Wednesday evenings.

6. Father is specifically enjoined and restrained from discussing or allowing anyone else to discuss this case or any issues regarding custody or parenting time with the minor child.

7. Father is further enjoined and restrained from contacting, harassing, threatening to abuse, abusing, threatening to assault, or assaulting Ms. Breanna Suess.

8. Father testified that he is residing alone at The Viridian, 1415 Church Street, Apt. 1511, Nashville, Tennessee 37219.

9. Mother shall be awarded her attorney's fees in the amount of $ _8000.00_ , in accordance with Affidavit of Attorney's Fees filed contemporaneously herewith. Father shall repay this amount directly to Mother's counsel at the rate of $ _600.00_ per month beginning August 1, 2020, and continuing to be due on the first day of each and every month thereafter until paid in full. This amount shall accrue at the statutory interest rate of 7% per annum.

10. All other issues are reserved.

ENTERED this __9th__ day of __July__ , 2020.

_____
JUDGE

APPROVED FOR ENTRY:
ALL THINGS FAMILY LAW

/s/ Emily Moore Leininger
Emily Moore Leininger, BPR# 25982
1550 W. McEwen Drive
Suite 300
Franklin, Tennessee 37067
Tele: 615-483-4739
FAX: 615-691-7944
emily.moore@hotmail.com
Attorney for Emily Gordon

## CERTIFICATE OF SERVICE

I do hereby certify that a true and exact copy of the foregoing document has been served on the following via U.S. Mail on the 9th day of July 2020 to:

Robert Cole Gordon
1415 Church Street
Apt. 1511
Nashville, Tennessee 37219

/s/ Emily Moore Leininger
EMILY MOORE LEININGER

## CERTIFICATE OF SERVICE

I hereby certify a copy of this Order has been mailed to Emily Moore Leininger, Attorney for Petitioner, 1550 W. McEwen Drive, Franklin, TN 37067; and to Robert Cole Gordon, Respondent, 1415 Church Street, Apartment 1511, Nashville, TN 37219.

Brenda Parks
Clerk, Fourth Circuit Court