# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **ROBERT C. GORDON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:24:CV-1121** |
| **v.** | ) | **Judge Waverly D., Crenshaw, Jr.** |
| | ) | **Magistrate Judge Luke A. Evans** |
| **WILLIAMSON COUNTY SHERIFF'S** | ) | |
| **OFFICE, CHAD YOUKER, ASHLEY** | ) | |
| **LINDQUIST, f/n/u APER, CHRIS GRAY,** | ) | |
| **JEFF HUGHES, and LISA CARSON** | ) | |
| | ) | **JURY DEMAND** |
| **Defendant.** | ) | |

---

## AFFIDAVIT OF CHAD YOUKER

---

Chad Youker, being first duly sworn deposes and says:

1. I am over the age of eighteen (18), have personal knowledge of the facts set forth below, and am competent to testify. The statements in this Affidavit are true to the best of my knowledge and belief.

2. I am a Captain in the Detention Division of the Williamson County Sheriff's Office.

3. I am a Custodian of Records for the Williamson County Sheriff's Office. I am a duly authorized custodian of records and I have authority to certify the records of the Williamson County Sheriff's Office. All documents referenced in this Affidavit were prepared by or filed with the Williamson County Sheriff's Office. All documents made by the Williamson County Sheriff's Office that are referenced in this Affidavit were made at or near the time by—or from information transmitted by—someone with knowledge; were kept in the course of a regular conducted activity of the Williamson County Sheriff's Office; and the making of such records was a regular practice of that activity.

1

4. Robert Cole Gordon is an inmate in the Williamson County Jail ("Jail"). Following his arrest for domestic violence on November 30, 2022. He was booked and released again on December 6, 2022, February 8, 2023, February 23, 2023, March 20, 2023. He returned to the Jail from March 21, 2023 through April 11, 2023. He was booked and released on May 31, 2023 and August 18, 2023. Following a revocation of his bond, he was returned to the Jail on September 1, 2023 and has remained in the Jail since then.

5. An incident report dated September 28, 2023 states that during routine review of inmate video visitations, a deputy flagged videos from Gordon that were harassing in nature. The video visits were between Gordon and Erin Mishkin. When Gordon was arrested, Mishkin was documented as a victim and Gordon was not to communicate with her. It was discovered that Gordon made numerous phone calls, text messages and video chats with his victim since his arrest. The communications between the two were adversarial. The deputy blocked video chat access for Gordon and blocked the victim's phone number so he could not call or text her. A true and correct copy of the incident report from September 28, 2023 is attached hereto as Exhibit A.

6. Another incident report completed on September 29, 2023 documents that another deputy learned that Gordon was sending letters to his victim through legal mail. The deputy intercepted two letters that identified the recipient as "Law Office of John Ballard" but the address was Gordon's home address, where the victim was still living. The deputy opened the mail and recognized that it was not legal mail, but rather letters to his victim. Further investigation revealed that Gordon contacted the victim by video chat even though she told him several times to stop contacting her. Gordon was verbally abusive to her. Gordon was written up for violations of jail policies as a result. A true and correct copy of the incident report from September 29, 2023 is attached hereto as Exhibit B.

7. An incident report dated October 2, 2023 states that a deputy intercepted another letter marked as legal mail to "Law Office of John Ballard" with Gordon's home address, where the victim was still living. The envelope did not contain legal mail but rather contained letters to his victim again. Gordon was charged with another disciplinary infraction. A true and correct copy of the incident report from October 2, 2023 is attached hereto as Exhibit C.

8. An incident report dated December 18, 2023 states that a confidential informant gave a deputy a letter informing the deputy that Gordon was attempting to pass and receive mail to his victim. An investigation confirmed that Gordon attempted to use another inmate's name to send out a letter to the victim. He received another disciplinary infraction. A true and correct copy of the incident report from December 18, 2023 is attached hereto as Exhibit D.

9. On April 9, 2024, I received a call from the Assistant District Attorney prosecuting Gordon's cases ("ADA"). The ADA explained that a letter sent out from the jail around April 1, 2024 by Gordon was addressed to a private school attended by his victim's children. Gordon is not the father of the children and had no reason to contact the school. The ADA also stated that Gordon had been attempting to communicate with one of his former attorneys, who also has an Order of Protection against him. On April 11, 2024, I received a public records request from Gordon seeking all information pertaining to his victim's arrest history, child custody case, civil and criminal proceedings, and other police reports with her name or address, along with all records of communications between Gordon and the victim. Because I was aware of the protective order, I contacted the ADA about the request. The victim sent me a copy of the Order of Protection and requested that the information not be provided to Gordon. A true and correct copy of the incident report from April 11, 2024 is attached hereto as Exhibit E.

3

10. On April 11, 2024, Franklin Police Department's dispatch reported to a deputy that Franklin police responded to a call that Gordon wrote a letter from the jail to another woman, who had Temporary Protection Order against him. A true and correct copy of the report from another incident report from April 11, 2024 is attached hereto as Exhibit F.

11. Following a hearing in Williamson County Circuit Court on April 17, 2026, Gordon was moved to a smaller pod. Other inmates are housed in the pod, but there are fewer of them, so his kiosk and mail use can be more closely monitored.

12. An April 23, 2026 incident report states that when Gordon was informed of the impending move, he became upset, refused to follow the directives of jail staff, etc. and was issued a disciplinary infraction. He had a hearing before the Disciplinary Board and was found guilty. His privileges were temporarily restricted as punishment following the disciplinary hearing. After serving the disciplinary board time, his privileges were restored. He has all of the normal privileges of general population, except those specifically limited by Court Order in the interest of protecting his victim. A true and correct copy of the incident report from April 23, 2026 is attached hereto as Exhibit G.

13. Affidavits filed in this lawsuit and others purportedly from Marquavious Garner and Jeremiah Moore contained allegations of sexual abuse in the Jail. Garner and Moore are not currently housed in Williamson County Jail. Jail staff sought to investigate the claims pursuant to the Prison Rape Elimination Act. On May 18, 2026, Lieutenant Seth Obermeyer traveled to the federal facility where Garner and Moore were housed to interview them regarding the alleged sexual abuse incidents. When interviewed, Garner stated the events described in the affidavit never occurred and that he neither signed nor filed the affidavit. The same happened in Moore's interview. Moore stated that the alleged incidents never happened, he never filed a lawsuit, and

4

that the signature on the affidavit was not his, noting that he does not write in cursive. These interviews were recorded on Lieutenant Obermeyer's body camera. A true and correct copy of the body camera footage of Garner's interview will be physically filed with the Court as Exhibit H. A true and correct copy of the body camera footage of Garner's interview will be physically filed with the Court as Exhibit I.

14. A complaint was filed in Raymond Freeman's name alleging that a WCSO officer sexually abused Freeman on September 1, 2025, and that he did not have access to a Bible starting on April 28, 2026. Freeman was only ever housed in the Williamson County Jail from April 29, 2026 to May 1, 2026. Freeman did not submit any requests or grievances during his short time in the Jail. Freeman was in the booking area of the jail for about ten minutes on June 19, 2025 when he was booked in and out. He was not in any housing area or shower at that time. He was not in the Jail at all on the date of the alleged sexual abuse, September 1, 2025.

15. Freeman had been released from the jail before I learned of his allegations. Lieutenant Obermeyer and I attempted to contact Freeman to investigate his claim of sexual abuse, but he did not answer or return our phone calls.

16. On June 9, 2026, Gordon filed a Notice of Assault alleging I pushed him in the chest on April 29, 2026, leaving a red mark and a bruise. I did not push Gordon. Gordon was noncompliant, so I guided him back in his cell. The incident was captured on the body camera footage of another deputy, Deputy Finney, as well as on a stationary camera in the pod. A true and correct copy of the body camera footage and pod-view footage from April 29, 2026 will be physically filed with the Court as Exhibit J.

17. On June 9, 2026, Gordon filed a Notice of Christian Religious Services Cancelled, alleging that all religious services were cancelled in the jail. This allegation is false, as religious

services are provided on a regular basis, as reflected in the schedule attached to this motion. A true and correct copy of the Jail's religious services schedule is attached hereto as Exhibit K.

18. A complaint was submitted in the name of former inmate Manuel Villalta alleging that Defendant imposed a Bible ban from January 18, 2025 to December 1, 2025, and a minister ban began on April 1, 2026. Villalta was housed in the Jail from April 10, 2026 to April 13, 2026.

19. Body camera footage taken in the jail on May 15, 2026 shows that during mail pass, two inmates, Christopher LeClaire and Erik Lores-Acosta, received legal mail regarding complaints that had been filed in their names. Both inmates appeared confused and informed the deputy distributing the mail that they had not filed the claims. After reviewing the documents, LeClaire said, "That dude probably did it. Yeah, Cole. That's his name." A true and correct copy of Deputy Alyssa Finney's body camera footage from May 15, 2025 will be physically filed with the Court as Exhibit L.

20. Body camera footage taken in the jail on June 2, 2026 shows James Dalton flagged down Deputy Finney to ask questions regarding legal mail he had received. Specifically, Dalton directed the deputy to *Dalton v. Youker*, M.D. Tenn. No. 3:26-cv-00524, DE 9, fn. 2, PageID # 59, which says,

> Specifically, the Amended Complaint alleges that Youker screamed, "You want to file grievances and lawsuits about your fucking Bibles? Then I'm taking away all of your tablets. You forget you are in Williamson County where I make the goddamn law." (*Id.* at 8). Another jail official, Deputy Fairchild, allegedly said to Plaintiff at that time, "Keep filing your fucking grievances about your faggot-ass Bibles and I'll make sure you never see a goddamn Bible again. I'll lock all tablets so your faggot-ass can think about being butt fucked in prison." (*Id.*) Fairchild is not named as a Defendant in this action.

Dalton expressed concern that allegations had been filed that were not true. I did not make the statements alleged in that footnote. A true and correct copy of Deputy Finney's body camera footage from the interaction on June 2, 2026 will be physically filed with the Court as Exhibit M.

6

21. On April 23, 2026, I received a letter from Gordon offering to drop his lawsuits and the lawsuits of all other inmates if I met certain demands, including moving him from a small pod back to the larger pod where he was previously housed. He wrote, "Against the advice of my lawyers, I am willing to dismiss all pending litigation against you and the others. I can also ensure all other pending lawsuits from inmates will terminate." Gordon outlined several demands, including changing his housing placement, and wrote, "If you are agreeable please have the deputies return me to my general population cell by noon on Monday April 27, 2026. Upon returning to general population, I will write up the paperwork to dismiss all litigation. If I am not moved to general population by noon on 4/27/26 I will assume you do not agree and further litigation will ensue." A true and correct copy of the letter I received from Gordon on April 23, 2026 is attached hereto as Exhibit N.

22. Former inmate Dustin Holland was housed at the Jail from October 28, 2025 to June 2, 2026.

23. Inmates may request their own inmate trust account statements, but jail staff will not provide an inmate with another inmate's trust account statement.

24. Collective Exhibit O contains a list showing comparisons of inmate signatures on their jail intake paperwork with their signatures on documents filed with the Court. Additionally, Collective Exhibit O contains redacted copies of the inmates' jail intake forms containing their signatures, which were used to create the column of the list titled, "Jail Intake Signature." I provided counsel with true and correct copies of intake records containing the signatures of the inmates on the list. That information was used for the column entitled "Jail Intake Signature." Counsel created the list showing comparisons of inmate signatures on their intake paperwork with

7

the signatures on documents filed with the Court.

25. Former inmate Charles Crain was housed at the Jail from June 13, 2026 to June 14, 2026.

26. Former inmate Ricardo Nabor was housed at the Jail from June 12, 2026 to June 14, 2026.

27. Former inmate Gage Hevey was housed at the Jail from 7:57 a.m. on June 23, 2026 to 7:49 p.m. on January 23, 2026.

FURTHER AFFIANT SAITH NOT.

_____ 2236

Chad Youker

STATE OF TENNESSEE )
COUNTY OF WILLIAMSON )

Sworn to and subscribed before me this 12th day of August, 2026.

*Kelly Dawn Bennett*
Notary Public

My Commission Expires: *November 14, 2028*

*Signature Block and Certificate of Service on next Page.*

/s/ *Emmerson Y. Marlatt*
Robert M. Burns, #15383
Emmerson Y. Marlatt, #42797
HOWELL & FISHER, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
rburns@howell-fisher.com
emarlatt@howell-fisher.com
(615) 244-3370
*Attorneys for Williamson Co. Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and mailed via USPS Priority Mail on or about the 11th day of August 2026 to:

Robert C. Gordon
# 65920
Williamson County Sheriff's Office
408 Century Court
Franklin, TN 37064

/s/ **Emmerson Y. Marlatt**
Emmerson Y. Marlatt

9