IN THE US DISTRICT COURT FOR MIDDLE DISTRICT OF TENNESSEE

ROBERT GORDON

V CASE # 3:24-CV-01121

WCSO, ET AL

RECEIVED
AUG 28 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

MEMORANDUM OF LAW AND

MOTION FOR SANCTION PURSUANT

TO 28 USC 1927

COMES NOW, ROBERT GORDON, HEREBY MOVES THIS COURT FOR SANCTIONS AGAINST COUNSEL EMMERSON MARCATT, ESQ PURSUANT TO 28 USC 1927

28 USC 1927 "ANY ATTORNEY OR OTHER PERSON ADMITTED TO CONDUCT CASES IN ANY COURT OF THE US OR ANY TERRITORY THEREOF WHO SO MULTIPLIES THE PROCEEDINGS IN ANY CASE UNREASONABLY & VEXATIOUSLY MAY BE REQUIRED BY THE COURT TO SATISFY PERSONALLY THE EXCESS COST, EXPENSES, AND ATTORNEY FEES REASONABLY INCURRED BECAUSE OF SUCH CONDUCT"

SECTION 1927 PROVIDES DISTRICT COURTS TO SANCTION ANY ATTORNEY WHO VIOLATES THE STATUTE. THE SIXTH CIRCUIT HELD COURTS MAY EXERCISE THIS DISCRETION "EVEN IN ABSENCE OF ANY CONSCIOUS IMPROPRIETY" (RENTZ V DYNASTY APPAREL 556 F3d 389 6TH CIR 2009) THE PURPOSE OF 1927 "IS TO DETER DILATORY LITIGATION PRACTICES & TO PUNISH AGGRESSIVE TACTICS THAT FAR EXCEED ZEALOUS ADVOCACY" (RED CARPET STUDIOS V SATER 465 F. 3d

642 6TH CIR 2006)

HERE, COUNSEL HAS COPIED A PLEADING FOR SANCTIONS FROM WILLIAMSON COUNTY'S PERSONAL ATTORNEY, LEE ANN THOMPSON & HAS "MULTIPLIED THE PROCEEDINGS UNREASONABLY & VEXATIOSLY." A CASE WHERE PLAINTIFF WAS NOT SANCTIONED & OPPOSING COUNSEL ADMITTED TO MISREPRESENTATIONS TO THE COURT ... IN THE PLEADINGS FOR SANCTIONS

COUNSEL MARLATT SIMPLY COPIED & PASTED THE EXACT PLEADING VERBATIM FROM CASE# 3:26-CV-00046 M.D. TENN GORDON V YOUKER AND FILED THE IRRELEVANT & HARASSING PLEADINGS IN THIS ACTION.

"THIS FILING IS SUBSTANTIALLY SIMILAR TO A BRIEF PREVIOUSLY FILED BY SEPERATE COUNSEL IN A CASE INVOLVING THE SAME PLAINTIFF AND ONE OF THE SAME DEFENDANTS. SEE GORDON V YOUKER, M.D. TENN CASE # 3:26-CV-00046, DE 37. UNDERSIGNED COUNSEL OBTAINED PERMISSION TO USE & ADAPT ITS WORK..." (EMMERSON MARLATT PAGE 1 "WILLIAMSON COUNTY DEFENDANTS MOTION FOR SANCTIONS AGAINST PLAINTIFF")

CASE# 3:26-CV-00046 IS AN ACTION FOR ACCESS TO BIBLES...

COUNSEL HERE IS REQUESTING SANCTIONS BASED ON OTHER CASES WHICH WERE NOT SANCTIONED, AND TOTALLY UNRELATED TO THIS ACTION. ALSO IN THIS CASE OPPOSING COUNSEL WILL NOT CONFER FOR A 26 (F) SCHEDULING CONFERENCE.

MR. MARLATT HAS ABUSED THE INTEGRITY OF THE LITIGATION PROCESS & THE PRIMARY PURPOSE OF 1927 IS TO PROTECT THE INTEGRITY OF THE LITIGATION PROCESS (JONES V CONTINENTAL CORP 789 F2d 1225 6TH CIR 1986) MARLATT HAS REQUESTED SANCTION BASED ON FALSE ACCUSATION MADE IN A DIVORCE CASE SIX YEARS AGO. A CASE WHERE PLAINTIFF WIFE COMMITTED FRAUD... (EXHIBITS WILL FOLLOW)

MARLATT HAS "FALLEN SHORT OF THE OBLIGATIONS OWED BY A MEMBER OF THE BAR TO THE COURT & WHICH, AS A RESULT, CAUSES ADDITIONAL EXPENSES TO THE OPPOSING PARTY" WHICH CONSTITUTES AS UNREASONABLE & VEXATIOUS MULTIPLYING OF PROCEEDING (RUBAN 825 F2d AT 984)

MARLATTS ACTIONS ARE LAZY, UNPROFESSIONAL, INFLAMMATORY, HARASSING, & UNWARRANTED. THE FACT THAT CHAD YOUKER IS A HOMOSEXUAL IS VERY RELEVANT IN A MALE ON MALE SEXUAL ABUSE CASE. YOUKER FILMS MEN WITHOUT CLOTHING YET ALL VIDEO OF "THE INCIDENT" IS MAGICALLY GONE...

LET US NOT FORGET MARLATT CLAIMS ARE CATEGORICALLY FALSE & HAVE BEEN DISPROVED. YOUKER DOES NOT DENY HE IS A RAGING HOMOSEXUAL & PREDATOR. AS THESE ARE UNDISPUTED FACTS.

THIS FILING(S) MADE BY MARLATT IS MORE THAN NEGLIGENCE & INCOMPETENCE, YET MADE IN BAD FAITH & CONSCIOUS IMPROPRIETY. SANCTION ARE PROPER WHEN "AN ATTORNEY KNOWS OR REASONABLY SHOULD KNOW THAT A CLAIM PURSUED IS FRIVOLOUS, OR THAT HIS LITIGATION TACTICS WILL NEEDLESSLY OBSTRUCT THE LITIGATION OF NONFRIVOLOUS CLAIMS" (HALL V LIBERTY LIFE ASSURANCE 595 F. 3d 270, 275-276 6TH CIR 2010)

NOT ONE CLAIM MADE MY MARLATT IS RELATED TO THIS ACTION. "SECTION 1927 IMPOSES AN OBJECTIVE STANDARD OF CONDUCT ON ATTORNEYS, AND THE COURTS NEED NOT MAKE A FINDING OF SUBJECTIVE BAD FAITH BEFORE ASSESSING MONETARY SANCTIONS UNDER 1927" (JONES 789, F 2d AT 1230)

PLAINTIFF HAS SPENT $1,800 IN COST TO DEFEND OPPOSING COUNSELS FRIVOLOUS & FALSE CLAIMS. OPPOSING COUNSEL ACTED IN BAD FAITH & FILED FOR IMPROPER PURPOSES TO HARASS PLAINTIFF.

FURTHERMORE, BOTH ATTORNEYS MARRIOTT & LEE AND THOMPSON FAILED TO COMPLY WITH RULE RPC 3.3 & RPC 8.6.

RPC 8.6 "A LAWYER SHOULD USE THE LAW'S PROCEDURES ONLY FOR LEGITIMATE PURPOSES AND NOT TO HARASS OR INTIMIDATE OTHERS"

RPC 3.3 "A LAWYER WHO, PRIOR TO THE CONCLUSION OF THE PROCEEDING, COMES TO KNOW THAT A PERSON OTHER THAN THE CLIENT HAS PERPETRATED A FRAUD UPON THE TRIBUNAL OR OTHERWISE COMMITTED AN OFFENSE AGAINST THE ADMINISTRATION OF JUSTICE IN CONNECTION WITH THE PROCEEDING ... <u>SHALL</u> PROMPTLY REPORT THE IMPROPER CONDUCT TO THE TRIBUNAL ..."

HERE, MARRIOTT HAS VIOLATED BOTH RPC 8.6 & 3.3 AND PUNISHMENT IS PROPER FOR FAILURE TO REPORT FRAUD & HARASSMENT, INTIMIDATION TO OTHERS

1927 SANCTIONS WERE FOUND APPROPRIATE FOLLOWING VEXATIOUS FILINGS WHERE "COUNSEL'S COURSE OF CONDUCT IN THE FILING OF HUNDREDS OF PAGES OF IRRELEVANT DOCUMENTS, IN CITING TO DOZENS OF CASES UNRELATED TO THE REAL ISSUES IN THESE FILINGS, AND IN SEEKING TO RESURRECT MATTERS LONG SINCE FINALLY CONCLUDED HAS BEEN AT LEAST

IRRESPONSIBLE & HAS COME PERILOUSLY CLOSE TO AN ABUSE OF PROCESS" (LIMERICK V GREENWALD 749 F2d 97 1ST CIR 1984, BURGESS V DOSI, INC 3:25-CV-00495 MD TENN 2026)

OPPOSING COUNSEL MARCATI IS IN POSSESSION OF TANGIBLE VIDEO EVIDENCE & FORENSIC REPORTS THAT DIRECTLY CONTRADICT THE CLAIMS. IN FACT, THE TBI INVESTIGATED MARCATIS CLAIMS IN THE "BIBLE BAN" CASE AND TOOK NO ACTION AS IT IS NOT UNLAWFUL OR FRAUD TO SEEK CLASS ACTION CERTIFICATION OR ENFORCE THE RIGHTS OF 28 CFR 543.11 (f). MARCATI HAS FAILED TO INVESTIGATE HIS OWN CLAIMS... CLAIMS THAT ARE TOTALLY IRRELEVANT TO THIS ACTION.

28 CFR 543.11 "AN INMATE MAY ASSIST ANOTHER INMATE IN THE SAME INSTITUTION DURING HIS LEISURE TIME WITH LEGAL RESEARCH & PREPARATION OF LEGAL DOCUMENTS FOR SUBMISSION TO A COURT OR OTHER JUDICIAL BODY ..." "AN INMATE MAY POSSESS ANOTHER INMATES LEGAL MATERIALS WHILE ASSISTING THE OTHER INMATE ..."

HERE, PLAINTIFF DOES ASSIST OTHERS WHOM WISH TO HAVE ASSISTANCE TO GAIN ACCESS TO A BIBLE OR RELIGIOUS LITERATURE & PROTECT CONSTITUTIONAL RIGHTS. THIS IS NOT FRAUD OR UNLAWFUL IN ANY CAPACITY.

PLAINTIFF MUST NOW RESPOND TO HUNDREDS OF FILINGS MADE BY MARLATT TO DEFEND HIS POSITION ON ISSUES UNRELATED TO THIS ACTION.

ALL WE KNOW FROM MARLATTS FILINGS IS HE IS TOO LAZY TO WRITE HIS OWN PLEADINGS OR INVESTIGATE THE CONTENTIONS MADE IN HIS FRAUDULENT FILINGS - MEANWHILE REMOVING ALL DOUBT THAT PLAINTIFF'S EX-WIFE IS A TOTAL FRAUD. EXHIBITS WILL FOLLOW. OPPOSING COUNSEL IS NOT AN EXPERT BUT THE PLAINTIFF FORENSIC EXPERT REPORT SHOULD SUFFICE. -- MISHKINS OWN ATTORNEY WITHDREW AFTER SHE FORGED HIS NAME, ON COURT RECORDS WHEREFORE, PLAINTIFF REQUEST THIS COURT TO IMPOSE SANCTIONS ON EMMERSON MARLATT, ESQ FOR VIOLATIONS OF 28 USC 1927 & THE INHERENT AUTHORITY OF THIS COURT.

[signature]

CERTIFICATE OF SERVICE

I CERTIFY A TRUE & EXACT COPY WAS SENT ON 8/14/26 VIA US MAIL TO EMMERSON MARLATT 3310 W. END AVE # 550 NASHVILLE, TN 37203

ROBERT GORDON
#65920
408 CENTURY CT
FRANKLIN, TN 37064

NASHVILLE TN 370
25 AUG 2026 PM 7 L




RECEIVED
AUG 2 8 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

US DISTRICT COURT CLERK
719 CHURCH ST #1300
NASHVILLE, TN 37203

LEGAL
MAIL

37203-709525