**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ROBERT C. GORDON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:24-cv-01121** |
| | ) | |
| **WILLIAMSON COUNTY SHERIFF'S OFFICE, CHAD YOUKER, ASHLEY LINDQUIST, f/n/u APER, CHRIS GRAY, JEFF HUGHES, and LISA CARSON, ESQ.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

Before the Court is the Report and Recommendation by Magistrate Judge Luke A. Evans ("R&R") (Doc. No. 102) recommending that the Court deny Robert Gordon's motions for injunctive relief (Doc. Nos. 59, 68, 70, 71, 74, and 79). The R&R also denies Gordon's nondispositive motions to appoint counsel (Doc. No. 76) and compel discovery (Doc. No. 78). Gordon timely filed objections. (Doc. No. 106).

Gordon's objections repeat the factual assertions and arguments he presented to the Magistrate Judge. He maintains that his placement in isolation was retaliatory and punitive, that it violated his due process and equal protection rights, and that Defendants have unlawfully interfered with his communications and legal mail. (Doc. No. 106 at 1–13). He also challenges the denial of his motions to appoint counsel and compel discovery. (Id. at 14).

Objections to reports and recommendations are not a vehicle for rehashing arguments a magistrate judge has already addressed. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). The Court has nevertheless conducted a de novo review of the portions

of the R&R addressing Gordon's requests for injunctive relief. 28 U.S.C. § 636(b)(1)(C). The Court agrees with the Magistrate Judge's reasoning. The parties dispute many of the facts underlying Gordon's claims, including the reasons for his placement in isolation and the nature and extent of the restrictions on his communications. See, e.g., (Doc. No. 102 at 8–9) (contrasting Gordon's assertion that Youker placed him in isolation in retaliation for protected activity with Defendants' evidence that Youker placed him there because Gordon repeatedly expressed concerns for his safety and because of his conduct in the jail). On this record, where conflicting evidence remains bearing on Gordon's ability to succeed on the merits of his claims, he has not established a likelihood of success on the merits. Gordon thus does not make the necessary showing that the preliminary-injunction factors, considered together, "clearly weigh" in favor the extraordinary relief he seeks. PCC Airfoils, LLC v. Daugherty, 176 F.4th 509, 514 (6th Cir. 2026) (Sutton, C.J.).

Accordingly, Gordon's objections (Doc. No. 106) are **OVERRULED**. The R&R (Doc. No. 102) is **ADOPTED**, and Gordon's motions for injunctive relief (Doc. Nos. 59, 68, 70, 71, 74, and 79) are **DENIED**. The Magistrate Judge's denial of Gordon's motions to appoint counsel (Doc. No. 76) and compel discovery (Doc. No. 78) is **AFFIRMED**.

IT IS SO ORDERED

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE