IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **ROBERT C. GORDON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24:CV-1121** |
| | ) | |
| **WILLIAMSON COUNTY SHERIFF'S OFFICE, CHAD YOUKER, ASHLEY LINDQUIST, f/n/u APER, CHRIS GRAY, JEFF HUGHES, and LISA CARSON,** | ) | **Judge Waverly D. Crenshaw, Jr.**<br>**Magistrate Judge Luke A. Evans**<br><br>**JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

**WILLIAMSON COUNTY DEFENDANTS' RESPONSE TO THE PLAINTIFF'S MOTION FOR SANCTIONS**

Comes now, pursuant to LR 7.01, Captain Chad Youker, Lieutenant Ashley Lindquist, Sergeant Chris Gray, and Sheriff Jeff Hughes (collectively, the "Williamson County Defendants" or "these Defendants"), by and through undersigned counsel, and submit this Response to the Plaintiff's Motion for Sanctions (DE 121).

## I. Relevant Factual and Procedural Posture

On August 12th, 2026, the Williamson County Defendants filed a Motion for Sanctions (DE 110) and a Memorandum of Law in Support of their Motion for Sanctions (DE 111). In support of that Motion and Memorandum, these Defendants filed or requested permission to file over 25 exhibits to support the positions advanced therein (DE 111-1 – 111-8; DE 112-1 – 112-10).[1] In response to these Defendants' Motion for Sanctions (DE 110), the Plaintiff filed an untimely Response (DE 124) after filing his own Motion for Sanctions (DE 121) against undersigned counsel.

[1] These Defendants also filed a Motion for Leave to Manually File Video Exhibits, which is currently pending before the Court (DE 113).

It is worthwhile to catalogue the contents of the Plaintiff's Motion for Sanctions. However, to avoid needless repetition of the contents of the Plaintiff's various filings related to these Defendants' recent Motion for Sanctions (DE 110), such contents are cited, to the extent applicable, in this Memorandum's Legal Argument.[2]

In his Motion for Sanctions (DE 121), the Plaintiff argues that undersigned counsel has engaged in an unreasonable and vexatious multiplication of filings pursuant to 28 U.S.C. § 1927 (Id. at Page ID 3062-65). The Plaintiff complains that undersigned counsel "copied" a motion for sanctions in another of his voluminous federal lawsuits, that these Defendants' Motion for Sanctions is frivolous and brought in bad faith, and that the purpose of the Motion was to harass the Plaintiff (DE 21). He alleges that undersigned counsel is in violation of the American Bar Association's Model Rules of Professional Conduct (Id. at Page ID 3066-67) and that the Plaintiff's deceit, attempts to defraud the Court and others, and false accusations in other lawsuits are unrelated to this action (Id., Page ID 3065). He avers that undersigned counsel failed to properly investigate the claims contained in these Defendants' Motion for Sanctions (Id., Page ID 3067). In doing so, the Plaintiff doubles down, so to speak, on the various falsehoods alleged and fraud perpetrated in this matter and others before the Court.

In particular, the Plaintiff avers that undersigned counsel is in possession of video evidence, and other unspecified evidence, that render the arguments and averments posited in these

[2] These Defendants' note that this Defendant filed two "Notice[s] of Filing Exhibits", the contents of which are not cited in the Plaintiff's Motion for Sanctions or his Response these Defendants' Motion for Sanctions. The Court, nor these Defendants, should be saddled with the obligation of scouring these exhibits for their potential applications to the instant Motion, if any. Therefore, these Defendants submit that such materials should not be considered by the Court in ruling on the Plaintiff's Motion.

Defendants' Motion for Sanctions knowing misrepresentations to the Court (DE 121, Page ID 3067; DE 124, Page ID 3079).

## II. Standard of Review

Rule 11(b)(1)-(4), F.R.C.P., in material part, requires that an attorney *or unrepresented party*[3] presenting a motion to the Court certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the motion (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) does not contain contentions unwarranted by existing law or a good-faith argument for modification of existing law; (3) does not provide factual contentions unsupported, and unlikely to become supported, by evidence; and (4) does not deny factual allegations without evidence supporting their denial or a lack of information necessary to respond.

28 U.S.C. § 1927 mandates that "any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct".

## III. Legal Argument

The Plaintiff's foremost complaint is that these Defendants' Motion for Sanctions is substantially similar to a motion for sanctions filed in another of the Plaintiff's lawsuits. That fact is conspicuously acknowledged at the onset of these Defendants' Motion for Sanctions (DE 111, Page ID 2136, FN 1). More importantly, such similarity between the filings does not violate Rule 11, F.R.C.P., or 28 U.S.C. § 1927. The Plaintiff alludes to other theories by which he supposes

[3] Emphasis added.

that the Court should sanction undersigned counsel, which, as described immediately *infra*, are not valid reasons for doing so.

Independently, and to the extent applicable, the arguments contained in the Plaintiff's Response to these Defendants' Motion for Sanctions, and other filings in the instant matter, are illustrative of why the Plaintiff, not undersigned counsel, should be sanctioned.[4]

**A. The Arguments Contained in the Plaintiff's Motion for Sanctions Do Not Warrant Sanctions.**

The Plaintiff's primary argument – that undersigned counsel should be sanctioned for filing a motion for sanctions that was substantially similar to a motion for sanctions filed in another lawsuit filed by the Plaintiff – is an argument for sanctions pursuant to Rule 11, F.R.C.P. As such, the Plaintiff would need to demonstrate that the motion was presented for an improper purpose, contained contentions unwarranted by law, provided factual contentions not supportable by evidence, or contained denials without or against known evidence.

The Plaintiff hardly attempts such a demonstration. He states, without evidence, that undersigned counsel has requested sanction based on a "false allegation in a divorce case six years ago", but does not state which allegation he argues is false. The Plaintiff asserts that "[undersigned counsel] is in possession of tangible video evidence and forensic reports that directly contradict the claims", without communicating which claims that he is talking about (DE 121, Page ID 3064). Again, the Plaintiff contends that "the TBI investigated [undersigned counsel's] claims in the 'bible ban' case and took no action", without referencing which of undersigned counsel's claims

[4] To the extent that the Court may interpret these arguments as an untimely Reply to the Plaintiff's Response to these Defendants' Motion for Sanctions, these Defendants move the Court to exercise its discretion to waive or extend the Reply deadline.

the Tennessee Bureau of Investigation ("TBI") supposedly investigated (Id., Page ID 3067).[5] As such, and to the extent that the Plaintiff purports that some false claim is made in these Defendants' Motion for Sanctions, it is not apparent from the Plaintiff's Motion for Sanctions what claims he is alleging are not, or are not likely become, supported by evidence.

To be sure, however, the dispositive inquiry in a Rule 11, F.R.C.P., motion for sanctions is not whether the language used in such a motion is similar to other motions that have been filed. Rather, the necessary inquiry is into the contents of that motion, namely whether the attorney signing the motion conducted a reasonable inquiry into the factual and legal contents of a given motion before filing it. Simply put, undersigned counsel conducted such a reasonable inquiry into the factual and legal contents of these Defendants' Motion for Sanctions before filing.

Here, undersigned counsel supported the factual contentions contained in their Motion for Sanctions with direct and specific citation to approximately twenty-five exhibits. Undersigned counsel reviewed each exhibit submitted, and that undersigned counsel requested permission to submit, to ensure that those exhibits support the factual and legal contentions contained in these Defendants' Motion for Sanctions. The Plaintiff does not challenge the validity of the law cited in these Defendants' Motion for Sanctions or allege that these Defendants made a denial against known evidence.

The Plaintiff does allege that these Defendants' Motion for Sanctions was brought for an improper purpose, but, again, does so without specificity or evidentiary support. This assertion is asinine. Undersigned counsel filed these Defendants' Motion for Sanctions for a bevy of legitimate reasons and pursuant to his professional and ethical obligations to their clients and the Court.

[5] To be transparent, undersigned counsel is aware at the time of writing that a TBI agent interviewed several inmates in relation to some of the lawsuits purportedly filed by inmates at the Williamson County Jail, but is unaware of the status or result of the investigation.

Despite the Plaintiff's reiteration of the argument that the stream-of-consciousness falsehoods and outright fraud contained in the dozens of lawsuits that he directly or indirectly filed are unrelated to his claims in the instant matter, they are.[6] There is no ostensible evidence of the sexual assault alleged in this suit aside from false statements made by the Plaintiff, faux affidavits fraudulently filed by the Plaintiff, and affidavits purportedly provided by other inmates at the jail that are, if not fraudulently filed themselves (DE 60-1; DE 61-1; see also DE 111, Page ID 2141-43), clearly written and provided at the direction of the Plaintiff. Therefore, the Plaintiff's consistent deceptive and fraudulent behavior in other matters before the Court is relevant to the dispositive issue in this matter of his total lack of credibility.

Indeed, undersigned counsel has a professional obligation to all their clients, and particularly Captain Youker, to present the Plaintiff's years-long pattern of continuing dishonesty to the Court's attention. That professional obligation exists independently of undersigned counsel's professional obligation to promptly report fraud upon a tribunal to that tribunal pursuant to Rule 3.3(h), T.R.P.C. Ironically, the Plaintiff attempts to cite this applicable rule of professional responsibility – contained in the Tennessee Rules of Professional Conduct – but fails, citing instead the American Bar Association's Model Rules of Professional Conduct.[7] In any event, undersigned counsel has an obligation to their clients to bring evidence of the Plaintiff's lack of credibility before the Court and a separate obligation to the Court to promptly disclose their knowledge of the Plaintiff's fraudulent filings in this matter.

---

[6] Note also that the Plaintiff filed Motions to Join and Consolidate this matter with other of his lawsuits (DE 95; DE 80; et al.), evidencing his belief that these cases are related.

[7] The Plaintiff also attempts to cite a provision of the ABA Model Rules' Preamble, stating that a lawyer should not use legal procedures to harass and intimidate others. As demonstrated in this Response, these Defendants' Motion for Sanctions was not filed for such purposes.

To be clear, it is the Plaintiff who has launched a now years-long legal campaign to harass and coerce Williamson County Jail personnel, particularly Captain Youker, into submitting to his demands regarding the conditions and nature of his housing at the jail. The fact that the Plaintiff is now claiming that the Motion for Sanctions cataloguing his long-standing pattern of fraud, forgery, and dishonesty is undue harassment is either textbook projection or, more likely, just another blatant and knowing misrepresentation that the Plaintiff mistakenly believes that the Court will be fooled by.

Finally, and somewhat self-servingly, undersigned counsel filed these Defendants' Motion for Sanctions to obtain some sort of relief for his clients, defendants in other of the Plaintiff's lawsuits, and defense counsel in the Plaintiff's lawsuits from the Plaintiff's relentless, incessant, and non-sensical filings. The fact is that it takes longer to study, investigate, and disprove the Plaintiff's claims than it does for the Plaintiff to manufacture them, fabricate them, and/or simply make them up. There is no way to prevent the Plaintiff from submitting deceptive, fraudulent, and dishonest filings. He cannot be reasoned with or incentivized to change his behavior, and he is undeterred when his claims are disproven. When such claims are disproven, he either conjures some sort of non-falsifiable faux-evidence – such as allegedly deleted video tape or a statement that was never made – or simply moves on to another lie to distract from the previous one. Only the Court can prevent this pattern from existing in perpetuity.

These Defendants and undersigned counsel submit that filing the Motion for Sanctions was the opposite of unreasonable and vexatious; it was necessary. The credibility issues raised in that Motion are clearly germane to this matter. The materials provided to support that Motion are likewise necessary to evidencing the claims therein, and are cited in a reasonable, if not optimal, manner.

**B. The Plaintiff's Response to These Defendants' Motion for Sanctions Does Not Provide Reason to Sanction Undersigned Counsel or Negate the Arguments for Sanctions Contained In These Defendants' Motion for Sanctions.**

The Plaintiff's Response to these Defendants' Motion for Sanctions is evidence of the Plaintiff's refusal to communicate honestly about not only this matter, but the dozens of others that he has filed directly or caused to be filed, whether fraudulently or otherwise.

As non-exhaustive examples, consider that in that Response the Plaintiff falsely and remorselessly states: (1) that these Defendants' do not identify one example of bad faith in their Motion for Sanctions (DE 124, Page ID 3077); (2) that undersigned counsel is in possession of a video of two ex-inmates signing affidavits that the Plaintiff forged and submitted fraudulently (Id., Page ID 3079; DE 111, Page ID 2141-43); (3) that Captain Youker assaulted him when there is video evidence of the incident proving that no reasonable person could interpret the interaction between the two as an assault (Id., Page ID 3081; Exhibit J to DE 112); (4) that a defendant in this action is a "raging homosexual who films other inmates nude" and who "watches gay porn while on duty", but that video evidence was deleted (Id., Page ID 3082-84); (5) demonstrably false accusations of sexual assault (Id., Page ID 3088; DE 111, Page ID 2155); (6) that an inmate who denounced a lawsuit fraudulently filed by the Plaintiff in his name did so because of an ambiguous "issue with gang members" and that he signed and mailed the filings himself after "stealing" another inmates filings; (Id., Page ID 3089; Id., Page ID 3098); and (7) continuing misrepresentations of the various circuit criminal court hearings relating to his abuse of communication privileges at the Williamson County Jail (Id., Page ID 3092-94; DE 111, Page ID 2137-40).

The Plaintiff's representation that Marquavious Gardner and Jeremiah Moore signed their affidavits on video that undersigned counsel is in possession of is particularly remarkable. The

exact opposite is true (DE 111, Page ID 2141-32). Neither individual signed the affidavits on camera, as neither individual signed the affidavits at all (Id.). Both stated on camera that they were not aware of these filings and had never seen them before (Id.). Aside from appearing to forget that he filed these fraudulent affidavits in this matter (DE 60-1; DE 61-1), the Plaintiff has the gall to state that undersigned counsel is in possession of these videos. Undersigned counsel is not in possession of these videos, as they do not exist.

All of this is to say nothing of the fact that the Plaintiff offered to dismiss all pending lawsuits against Youker and jail personnel for better housing conditions during his incarceration and now shamelessly claims that he did so for fear of sexual assault. Not only is this offer an admission that other inmates are not in control of the lawsuits they purportedly filed, but also strong evidence that the purpose of these lawsuits is to harass and coerce Williamson County Jail personnel into submitting to the Plaintiff's requests for changes in his housing conditions. The Plaintiff's concerning fixation with his ex-girlfriend (DE 124, Page ID 3090-94) provides his motivation for his actions: to return to a housing situation that enables him to target and harass her by whatever means available, even during incarceration.

**C. The Plaintiff's Consistent Lies and Fraudulent Behaviors Suggest That He, Not Undersigned Counsel, Should Be Sanctioned.**

The Plaintiff incorrectly argues that these Defendants' Motion for Sanctions does not offer evidence of deceit, fraud, and dishonesty in this matter. Therefore, it is useful to recount but a few of the examples of claims made by the Plaintiff in this matter that are demonstrably untrue or that are extremely unlikely to be true, particularly given the Plaintiff's evident lack of credibility.

Before doing so, and as evidence of the Plaintiff's obstinance and unwillingness to deal in truth and reason, consider the Plaintiff's "Caution to the Court" (DE 106, Page ID 2017). In cautioning the United States District Court for the Middle District of Tennessee, the Plaintiff states

that he "[does] not appreciate any inferences of manipulation or misrepresentation when this Court has little idea of the full scope of litigations" (Id.). The Plaintiff went further, stating, "I do not appreciate this Court slandering and misrepresenting my name and facts of cases or bigotry toward my Indian family or Choctaw culture just because this Court is unaware of the other cases" before requesting "an apology from this Court now that this Court has a better contexts into the multiple facets. My credibility should not be brought into question when all facts are unknown." (Id., Page 2109-10).

At the risk of ignoring the Plaintiff's admonishments to the Court, these Defendants submit that the Court should consider that the Plaintiff: (1) represented that he is high level executive at IBM with graduate degrees from Stanford, Yale, and MIT (DE 1, Page ID 6);[8] (2) made representations at various points that a defendant in this action is a "raging homosexual who films male inmates nude" (DE 124, Page ID 3082); (3) mischaracterized the state court criminal court proceedings wherein the circuit court has had no choice but to restrict the Plaintiff's access to communications and other privileges while incarcerated after being explicitly ordered by the Court not to do so (DE 102, Page ID 1484; DE 124, Page ID 3092-94); (4) fabricated statements, such as an allegation that Captain Youker stated at an April 17th, 2026, criminal court hearing "I wanted to retaliate without making it look like retaliation" or that he said "your faggot-ass can think about being butt-fucked in prison" (DE 70, Page ID 991; DE 97, Page ID 1432); (5) abused his right to access courts via legal mail while incarcerated by fraudulently claiming that non-legal mail is, in fact, legal mail (DE 111, Page ID 2138-39); (6) fraudulently filed purported affidavits of Marquavious Garnder and Jeremiah Moore that he forged; and (7) filed a notice of assault in this

---

[8] Unsurprisingly, a google search of "Robert Gordon IBM" reveals that there is an individual with the same name as the Plaintiff who was an executive at IBM at one time and possesses these credentials.

matter when there is video evidence proving that no assault occurred (DE 100; Exhibit J to DE 112). Astonishingly, the Plaintiff posits in his Motion for Sanctions that “Youker does not deny he is a raging homosexual and predator as these are undisputed facts” (DE 121, Page ID 3065).[9]

## IV. Conclusion

Justice Frankfurter once wrote that “it is a fair summary of history to say that the safeguards of liberty have frequently been forged in controversies involving not very nice people”.[10] By that logic, the Plaintiff may be considered something of a civil rights activist. However, while Justice Frankfurter’s summary is often apt, it is not so in this case, as the Plaintiff’s rights have not been violated.

Rather, the Plaintiff, perhaps having observed that the Court is not inclined to dismiss a case simply because it is evident that the individual filing the claim is not a very nice person, has learned to identify the civil and constitutional rights that our society holds sacrosanct and falsify accusations of violations of those rights. Likewise, he has learned that the Court cannot simply dismiss such serious allegations at the pleading stage, thereby allowing these lawsuits to persist.

The Plaintiff used this unsavory practice in dozens of lawsuits to attempt coerce jail personnel, including these Defendants, into restoring privileges removed by the binding order of a state criminal court. There is every indication that the Plaintiff’s objective is to return to a living situation where he can harass and abuse his ex-girlfriend. Thankfully, these Defendants have not capitulated to the Plaintiff’s tactics.

---

[9] See also these Defendants’ analysis demonstrating that the Plaintiff’s allegations in the instant matter are fabricated (DE 56, Page ID 870-86).

[10] United States v. Rabinowitz, 339 U.S. 56, 69, 70 S. Ct. 430, 436, 94 L. Ed. 653 (1950) (Frankfurter, J., dissenting).

The Plaintiff argues that the documented deceptions, falsehoods, and frauds that he has perpetrated across dozens of lawsuits, as documented in these Defendants' Motion for Sanctions, are unrelated to the instant action, and therefore frivolous. In realty, it was necessary to document the full scale of the Plaintiff's dishonest actions to understand why sanctions against him are necessary in this case and others. These actions, in their aggregate, show that there is little hope that the Plaintiff will deviate from his chosen course.

None of the filings submitted by the Plaintiff on the issue of sanctions contain reasonable arguments for sanctioning undersigned counsel, nor do they displace the valid arguments for sanctioning the Plaintiff communicated in these Defendants' Motion for Sanctions and supporting Memorandum. In fact, the Plaintiff's filings pertaining to the issue of sanctions contain additional misrepresentations and outright lies that further demonstrate the necessity of sanctioning the Plaintiff. Therefore, the Court should decline to sanction undersigned counsel, and, instead, should sanction the Plaintiff.

**/s/ *Emmerson Y. Marlatt***
Robert M. Burns, #15383
Emmerson Y. Marlatt, #42797
HOWELL & FISHER, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
rburns@howell-fisher.com
emarlatt@howell-fisher.com
(615) 244-3370
*Attorneys for Williamson Co. Defendants*

*Certificate of Service on Next Page.*

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed electronically on this the 11th day of September, 2026. Notice of this filing will be sent by USPS Mail, postage-prepaid to the plaintiff, and/or by operation of the Court's electronic filing system to:

| | |
|---|---|
| Robert C. Gordon<br>#65920<br>Williamson County Sheriff's Office<br>408 Century Court<br>Franklin, TN 37064 | Brian S. Spitler, #32649<br>April D. Romeo, #30966<br>COPELAND, STAIR, VALZ & LOVELL, LLP<br>735 Broad Street, Suite 1100<br>Chattanooga, TN 37402<br>Ph: (423) 777-4693<br>bspitler@csvl.law<br>aromeo@csvl.law<br>*Attorneys for Lisa Carson* |

**/s/ *Emmerson Y. Marlatt***
Emmerson Y. Marlatt