IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **ROBERT C. GORDON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WILLIAMSON COUNTY SHERIFF'S OFFICE, CHAD YOUKER, ASHLEY LINDQUIST, f/n/u APER, CHRIS GRAY, JEFF HUGHES, and LISA CARSON, ESQ.**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 3:24-CV-01121**<br><br>**Judge Waverly D. Crenshaw, Jr.**<br><br>**Magistrate Judge Luke Evans**<br><br>**JURY DEMAND** |

**COUNTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Come Defendants, Chad Youker, Chris Gray, Ashley Lindquist, and Jeff Hughes (the "County Defendants") by and through undersigned counsel and pursuant to R. 6(b)(1)(A), F.R.C.P., and R. 26(c), F.R.C.P., and submit this Memorandum of Law in Support of their Motion to Stay Proceedings Pending Resolution of the pending Motion for Judgment on the Pleadings. For cause, the County Defendants would show the Court that they have a currently pending Motion for Judgment on the Pleadings, and in that Motion they assert qualified immunity.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." Bradford v. Reed, No. 3:24-CV-01136, 2025 WL 627223, at *2 (M.D. Tenn. Feb. 26, 2025), Ferrell v. Wyeth-Ayerst Labs., Inc., No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing In re Airline Pilots Ass'n v. Miller, 523 U.S. 866, 880 (1998) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936))). "When a defendant files a motion to dismiss based on qualified immunity, the court must stay discovery until that issue is decided." Bradford v. Reed, No. 3:24-CV-01136, 2025 WL 627223, at *2 (M.D. Tenn.

Feb. 26, 2025)(internal quotation marks omitted) citing In re Flint Water Cases, 960 F.3d 820, 826 (6th Cir. 2020). The County Defendants' Motion for Judgment on the Pleadings asserts that all claims are barred by the defense of qualified immunity. Qualified immunity protects Defendants from participating in discovery while the claim of entitlement to immunity is pending. In re Flint Water Cases, 960 F.3d 820, 826 (6th Cir. 2020). The purpose of the qualified immunity defense is to protect potentially immune defendants not only from damages claims but "from the rigors of litigation itself, including the potential disruptiveness of discovery." Summers v. Leis, 368 F.3d 991, 996 (6th Cir. 2004). See also Kerchen v. Univ. Of Mich, 100 F.4th 751, 761 (6th Cir. 2024); Toms v. Taft, 338 F.3d 519, 523 (6th Cir. 2003), Criss v. City of Kent, 867 F.2d 259, 261 (6th Cir. 1988).

For these reasons, the County Defendants respectfully submit that their Motion to Stay Proceedings in this matter should be granted.

Respectfully submitted,

**/s/ *Emmerson Y. Marlatt***
Robert M. Burns, #15383
Emmerson Y. Marlatt, #42797
HOWELL & FISHER, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
rburns@howell-fisher.com
emarlatt@howell-fisher.com
*Attorneys for the Williamson County Defendants*

*(Certificate of Service on Next Page).*

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically on this the 18th day of September, 2026. Notice of this filing will be sent by USPS Mail, postage-prepaid to Plaintiff, to the following address:

Robert C. Gordon
#65920
Williamson County Sheriff's Office
408 Century Court
Franklin, TN 37064

/s/ ***Emmerson Y. Marlatt***
Emmerson Y. Marlatt