UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT C. GORDON,<br>Plaintiff,<br><br>v.<br><br>CHAD YOUKER et al,<br>Defendants. | Case No. 3:24-cv-01121<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Familiarity with the background of this case is presumed. In this order, the Court addresses numerous pending motions, most of which have been filed by plaintiff.

## I. Consolidation

Plaintiff has filed multiple motions (Doc. Nos. 80, 91, 95) to consolidate this case with Case Nos. 3:26-cv-46 and 3:26-cv-620. Plaintiff asserts that consolidation will promote judicial economy; defendants counter that the three cases have no common issues of law or fact and that plaintiff has undermined any judicial economy through the volume of his filings. (Doc. No. 94 at 4.)

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation and requires "a common question of law or fact." Fed. R. Civ. P. 42(a); *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (citation omitted). The party moving for consolidation bears the burden of demonstrating commonality. *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 571 (E.D. Mich. 2011) (citations omitted). Commonality is not present simply because the cases proposed for consolidation include a common question or have some common issues. *Banacki*, 276 F.R.D. at 572 (citations omitted). The presence of common defendants across cases also will not, by itself, support commonality. *See Enter. Bank v. Saettele*, 21 F.3d 233, 236 (8th Cir. 1994). Commonality, however, is only a threshold criterion, and a court retains discretion to decide whether to

consolidate. *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 866 (E.D. Mich. 2019) (citations omitted). "The Court must weigh four factors when deciding a motion to consolidate: 1) whether the risks of prejudice and possible confusion are overborn by the risk of inconsistent adjudications of common factual and legal issues; 2) the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits; 3) the length of time required to conclude multiple suits rather than a single one; and 4) the relative expense to all concerned." *Wayside Church v. Van Buren Cty.*, No. 1:14-cv-1274, 2020 U.S. Dist. LEXIS 260877, at *7 (W.D. Mich. Oct. 20, 2020) (citations omitted).

Consolidating plaintiff's proposed cases would be inappropriate for two reasons. First, plaintiff has not made enough of a showing of commonality. Despite passing references to the "Bible ban" and legal mail issues that plaintiff has raised in other cases, the first amended complaint in this case (Doc. No. 77) overwhelmingly focuses on allegations of sexual harassment and abuse. Second, even if the Court concluded that commonality existed, the sheer number of filings that plaintiff continues to submit in all of his cases—without waiting for any rulings on consolidation—means that consolidation will not reduce the time and the burden imposed on the Court and all parties when addressing those filings. Accordingly, the Court will not consolidate the cases that plaintiff has proposed.

**II. Intervention**

There are numerous motions to intervene currently pending in the docket. (Doc. Nos. 119, 122, 130, 131, 139, 140.) The motions all have in common attestations by the non-party movants that they personally witnessed events supporting the allegations by the plaintiff here; or that they personally experienced similar events themselves. The motions appear not to have specified whether the proposed intervenors are moving for intervention as of right under Rule 24(a) or for permissive intervention under Rule 24(b).

Under Rule 24(a), "proposed intervenors must establish four elements in order to be entitled to intervene as a matter of right: (1) that the motion to intervene was timely; (2) that they have a substantial legal interest in the subject matter of the case; (3) that their ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent their interest." *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999) (citation omitted). Applicants for intervention bear the burden of proving that they are inadequately represented by a named party, and they must "overcome the presumption of adequate representation that arises when they share the same ultimate objective as a party to the suit." *United States v. Michigan*, 424 F.3d 438, 443-44 (6th Cir. 2005) (citation omitted). "[A] proposed intervenor can rebut the presumption of adequate representation via reference to a particular argument or arguments, if it shows at least (1) that it possesses specific arguments within the scope of the case that it intends to make, and (2) that the existing party or parties may not or will not make those arguments because of a conflict of interest." *Lucas Cty. Bd. of Comm'rs v. United States EPA*, 169 F.4th 689, 701 (6th Cir. 2026). The proposed intervenors here have not shown that this case implicates any substantial legal interests of their own, including through the inability to maintain their own litigation.

Under Rule 24(b), the Court has discretion to allow anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). If commonality exists then "the district court then balances undue delay, prejudice to the original parties, and any other relevant factors, and its balancing is reviewed for an abuse of discretion." *Lucas Cty.*, 169 F.4th at 706 (6th Cir. 2026) (internal quotation marks and citation omitted). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Here,

the proposed intervenors have not sufficiently demonstrated commonality by showing that they seek redress for the same legal issues or for the same factual nexus, as opposed to alleged separate incidents occurring to different people at different times that can be addressed through individual litigation. *Cf. Pinson v. Fed. Bureau of Prisons*, No. CV-23-00442-TUC-RM, 2025 U.S. Dist. LEXIS 33307, at *21 (D. Ariz. Feb. 24, 2025) (permissive intervention denied, where prisoner's placement in restrictive housing created different claims for the prisoner and for a parent whose visitation was affected); *Allied World Assurance Co. v. Lee Mem'l Health Sys.*, No. 2:18-cv-158-FtM-38UAM, 2019 U.S. Dist. LEXIS 36677, at *4 (M.D. Fla. Mar. 7, 2019) (permissive intervention denied, where case involved an insurance coverage dispute between an insurer and a hospital, and intervenor was an insurer seeking to disclaim coverage under a different policy for the same incident). Alternatively, even if some commonality existed, intervention would cause undue delay because each intervenor has his own prison file that could become the subject of discovery disputes and could choose different strategies and motion practice that would not advance plaintiff's claims. *Cf. United Mexican States v. Lion Mex. Consol. L.P.*, 172 F.4th 1, 12 (D.C. Cir. 2026) (affirming denial of permissive intervention that would have diverted substantial time and resources to arguments unrelated to the existing petitions); *Arney v. Finney*, 967 F.2d 418, 422 (10th Cir. 1992) (affirming denial of a prisoner's intervention in a prison class action, where "intervention would not aid the class in its attempt to correct allegedly unconstitutional conditions"). Accordingly, the Court will not authorize permissive intervention either.

## III. Other Motions

Plaintiff has moved for a certification of a question of law to the Tennessee Supreme Court. (Doc. No. 96.) The motion is entirely conclusory in that plaintiff cites to no existing legal authority pertaining to the proposed question and makes no argument as to how that existing authority is unsettled. *See Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995)

("Resort to the certification procedure is most appropriate when the question is new and state law is unsettled.") (citations omitted); *Atuah v. Cap. Bank Corp.,* No. 3:16-CV-00869, 2016 WL 4001447, at *3 (M.D. Tenn. July 25, 2016) (denying certification where existing legal authority "leaves a reasonably clear and principled course for the resolution of this question"). The Court thus denies the motion.

Plaintiff has filed a motion for discovery conference. (Doc. No. 109.) Defendants have filed a motion to stay proceedings pending a ruling on their motion for judgment on the pleadings. (Doc. No. 137.) The pending motion for judgment on the pleadings rests on an assertion of qualified immunity for all defendants. Because qualified immunity, "if applicable, shields individuals not just against liability, but against the suit itself," *Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2012), courts regularly stay discovery pending the resolution of motions asserting that defendants. *See, e.g., Boyle v. Kramer*, No. 25-13857, 2026 WL 1493947, at *2 (E.D. Mich. May 28, 2026) (granting stay of discovery where "requiring Defendant to undergo discovery before resolution of his motion to dismiss could result in needless discovery costs and would be contrary to the purposes of the doctrine of qualified immunity if Defendant prevails") (citation omitted); *Lunsford v. Davidson Cnty. Sheriff's Off.*, No. 3:19-CV-00079, 2019 WL 6037003, at *3 (M.D. Tenn. Nov. 14, 2019) (granting stay and noting that courts regularly exercise discretion "to stay discovery pending resolution of a dispositive motion that asserts qualified immunity") (citations omitted). Accordingly, the Court will deny plaintiff's motion and grant defendants' motion.

Defendants have filed a motion for leave to file certain video exhibits manually in support of their pending motion for sanctions. (Doc. No. 113.) The Court grants the motion. *See Hawkins v. Interstate Blood Bank, Inc.*, No. 2:12-cv-02325, 2013 U.S. Dist. LEXIS 164428, at *3 n.1 (W.D.

Tenn. Oct. 25, 2013); *Nolen v. FedEx Servs.*, No. 11-cv-02832, 2013 U.S. Dist. LEXIS 71660, at *6 (W.D. Tenn. May 21, 2013). When working with the Clerk's Office to file the exhibits, defendants must follow Administrative Order 205, available on the Court's website. Among other requirements, Administrative Order 205 requires a cover letter that includes the name of the case; the case number; the party making the filing; and the specific docket entry number for which the audio exhibit relates. Administrative Order 205 also requires service of the exhibit and of the cover letter on plaintiff, which will address plaintiff's objection (Doc. No. 127) that he has not seen the exhibits yet. The granting of the motion in itself does not constitute any opinion about how the Court ultimately will consider the exhibit when adjudicating defendants' motion.

Plaintiff has filed a motion (Doc. No. 120) to seal the exhibits that he filed (Doc. Nos. 117, 118) in opposition to defendants' motion for sanctions. Contrary to Local Rule 5.03, plaintiff filed the motion after publicly filing the exhibits. Additionally, many of the exhibits look like documents that were publicly filed in previous state-court proceedings; and in any event, plaintiff has not demonstrated that sealing is narrowly tailored to serve compelling reasons by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016) (internal quotation marks and citations omitted). Accordingly, the Court will deny the motion.

Plaintiff has filed motions for sanctions (Doc. Nos. 121, 145). The core of the motions appears to be that defense counsel should be sanctioned for raising certain arguments more than once in opposition to plaintiff's voluminous filings. Plaintiff has not made nearly enough of a showing to warrant sanctions of any kind. The motions also contain inflammatory personal accusations against defendants (Doc. No. 121 at 3–4) that could lead to sanctions against plaintiff. The Court thus will deny the motions.

Finally, plaintiff has filed a motion for an extension of page limitations. (Doc. No. 143.) Given the volume of papers that plaintiff has filed in the docket already, he has not shown a good reason to add even more volume. Per Local Rule 7.01(b), the Court will deny this motion.

## IV. Conclusion

For all of the foregoing reasons, the Court orders as follows:

1) The Court DENIES plaintiff's motions for consolidation (Doc. Nos. 80, 91, 95).

2) The Court DENIES the pending motions for intervention (Doc. Nos. 119, 122, 130, 131, 139, 140).

3) The Court DENIES plaintiff's motion for certification of a question of law (Doc. No. 96).

4) The Court DENIES plaintiff's motion for a discovery conference (Doc. No. 109) and GRANTS defendants' motion to stay discovery (Doc. No. 137).

5) The Court GRANTS defendants' motion for manual filing (Doc. No. 113).

6) The Court DENIES plaintiff's motion to seal (Doc. No. 120).

7) The Court DENIES plaintiff's motions for sanctions (Doc. Nos. 121, 145).

8) The Court DENIES plaintiff's motion for an extension of page limitations (Doc. No. 143).

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge